FILED
JUL 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. FLOOD OF VIRGINIA, INC., )
)
   6430 General Green Way )
   Alexandria, VA 22312 )
)
   Plaintiff, )
) CASE NUMBER 1:06CV01311
v. )
) JUDGE: Richard J. Leon
JOHN C. FLOOD, INC., )
d/b/a JOHN C. FLOOD OF DC, INC., ) DECK TYPE: General Civil
)
   8543-A Edgeworth Drive ) DATE STAMP: 07/25/2006
   Capital Heights, MD 20743 )
)
   Defendant. )

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, John C. Flood of Virginia, Inc. ("Plaintiff"), files this complaint against Defendant, John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. ("Defendant"), seeking a permanent injunction and monetary damages. This is an action for: Trademark Infringement in violation of 15 U.S.C. § 1114(1) and Unfair Competition in violation of 15 U.S.C. § 1125(a).

### I. PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Virginia.

2. Plaintiff has its principal place of business at 6430 General Green Way Alexandria, Virginia 22312.

{00158697.1}

1

3. Defendant is a corporation organized and existing under the laws of the State of Maryland.

4. Defendant has its principal place of business at 8543-A Edgeworth Drive, Capital Heights, Maryland 20743.

## II. VENUE AND JURISDICTION

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court further has jurisdiction pursuant to 15 U.S.C. § 1121.

6. This Court has both general and specific personal jurisdiction over Defendant, which has had substantial, continuous and systematic contacts with the District of Columbia that approximate physical presence in this district.

7. Further, Defendant has minimum contacts with the District of Columbia, so as to justify specific jurisdiction, because: (1) Defendant has performed specific acts in this district and has purposefully availed itself of the privileges of conducting activities in this district; (2) Plaintiff's claims arise out of, and result from, those acts; and (3) the Court's exercise of jurisdiction over Defendant is reasonable.

8. Upon information and belief, Defendant has provided infringing products and services to residents of this district, in unfair competition with Plaintiff.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims have occurred in this district.

{00158697.1}

## III. FACTS

### A. Plaintiff "John C. Flood of Virginia, Inc." Established in 1989

10. In 1984, two gentlemen, named Mel Davis and Mark Crooks, incorporated a corporation known as "John C. Flood, Inc." (not Defendant) under the laws of Maryland (hereinafter "1984 John C. Flood, Inc."). At that time, 1984 John C. Flood, Inc. began using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

11. In 1989, Davis and Crooks incorporated Plaintiff – "John C. Flood of Virginia, Inc." -- under the laws of Virginia (referred to throughout, as referenced above, as "Plaintiff"). At that time, Plaintiff began using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

12. Davis and Crooks owned a controlling 51% interest in Plaintiff; two other gentlemen, Clinton Haislip and James Seltzer, owned a non-controlling 49% interest in Plaintiff.

13. Since its inception in 1989, Plaintiff has continuously used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

14. On or about June 21, 1991, Davis, Crooks, and their wives, as well as 1984 John C. Flood, Inc., filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, in a consolidated case styled In re John C. Flood, Inc., Case No. 91-43011-SD.

15. A Trustee was appointed on March 22, 1993. Since 1984 John C. Flood, Inc. was no longer a going concern, the case was converted to a proceeding under Chapter 7 on September 21, 1993.

### B. 1984 John C. Flood, Inc. Abandons Use of JOHN C. FLOOD and/or Similar Variations Thereof on March 29, 1995

16. Plaintiff, Haislip and Seltzer filed claims in the consolidated bankruptcy cases against 1984 John C. Flood, Inc., Davis and Crooks in the liquidated amount of approximately $100,000.00, in addition to other unspecified and unliquidated amounts.

17. On or about March 29, 1995, the bankruptcy Trustee reached an agreement with Plaintiff, Haislip and Seltzer whereby the Trustee sold Crooks' and Davis' controlling 51% interest along with the goodwill in Plaintiff to Haislip and Seltzer in exchange for their agreement to release and assign to the Trustee all claims, causes of action and disputes they had with respect to the consolidated bankruptcy cases.

18. From and after March 29, 1995, Haislip and Seltzer, not Davis and Crooks, owned and controlled 100% of Plaintiff, including all goodwill.

### C. Plaintiff's Continuous Use of JOHN C. FLOOD and/or Similar Variations Thereof

19. Since March 29, 1995, to and including the present date, Plaintiff has been controlled by Haislip and Seltzer, and, subject to their control, has used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

20. Since it has not been used in such manner as to deceive the public, Plaintiff's use of JOHN C. FLOOD and/or similar variations thereof and the goodwill symbolized thereby has inured exclusively to its benefit.

{00158697.1}

4

### D. Defendant "John C. Flood, Inc." Established On or After February 20, 1996

21. Upon information and belief, the Trustee and Receiver filed a motion authorizing the private sale of the stock and certain assets of 1984 John C. Flood, Inc. on approximately October 11, 1995. Specifically included among the assets to be sold were JOHN C. FLOOD, INC. and FLOOD, INC. and any goodwill that may have been symbolized thereby. The Trustee and Receiver's motion sought approval of the sale of the aforementioned assets to Robert and Joanna Smiley (the "Smileys"), the present owners of Defendant, John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. (referred to throughout as "Defendant").

22. At the time the Trustee and Receiver attempted to sell JOHN C. FLOOD, INC. and FLOOD, INC. to Defendant, 1984 John C. Flood, Inc. had no interest or control in the use of JOHN C. FLOOD and/or similar variations thereof.

23. At the time the Trustee and Receiver attempted to sell JOHN C. FLOOD, INC. and FLOOD, INC. to Defendant, 1984 John C. Flood, Inc. was no longer using JOHN C. FLOOD and/or similar variations thereof and, as a consequence, any goodwill that may have been symbolized thereby had been destroyed by 1984 John C. Flood, Inc.'s abandonment and nonuse of the same.

24. Despite the facts stated in the immediately preceding paragraphs, and despite the fact that Plaintiff, Haislip and Seltzer owned the exclusive right to use all tangible and intangible assets of Plaintiff including but not limited to the right to use JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others, Defendant and the

Smileys received a Bill of Sale for JOHN C. FLOOD, INC. and FLOOD, INC. and any goodwill symbolized thereby on February 20, 1996.

25.     Upon information and belief, the Smileys incorporated Defendant under the laws of Maryland in about February 1996, nearly one year after Haislip and Seltzer assumed 100% control over all the assets of Plaintiff.

### E. Plaintiff Alone Entitled to Use and Register JOHN C. FLOOD and/or Similar Variations Thereof

26.     After Davis and Crooks transferred their interest in Plaintiff to Haislip and Seltzer on March 29, 1995, neither David and Crooks nor 1984 John C. Flood, Inc. had any interest or control in the use of JOHN C. FLOOD and/or similar variations thereof in connection with plumbing, heating, and air conditioning services.

27.     Upon information and belief, 1984 John C. Flood, Inc. was no longer a going concern after March 29, 1995.

28.     Upon information and belief, 1984 John C. Flood, Inc. was no longer using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others after March 29, 1995.

29.     Believing no other person, firm, corporation or association other than Plaintiff had a superior right to use JOHN C. FLOOD and/or similar variations thereof in commerce, Plaintiff submitted an application to the U.S. Patent and Trademark Office on March 23, 1999, based on its use of the mark JOHN C. FLOOD, INC. (the "Word Mark") in connection with services in the nature of plumbing, installation, repair and maintenance of heating equipment, installation and repair of air conditioning apparatus and electrical

contracting since at least as early as 1989. The application was assigned Serial Number 75/665,434.

30. Believing no other person, firm, corporation or association other than Plaintiff had a superior right to use JOHN C. FLOOD and/or similar variations thereof in commerce, Plaintiff submitted an application to the U.S. Patent and Trademark Office on March 23, 1999, based on its use of the mark JOHN C. FLOOD & Design (the "Logo Mark") in connection with services in the nature of plumbing, installation, repair and maintenance of heating equipment, installation and repair of air conditioning apparatus and electrical contracting since at least as early as 1989. The application was assigned Serial Number 75/665,433.

31. The U.S. Patent and Trademark Office granted registration to both marks. On April 25, 2000, a registration for the Word Mark was issued. The registration was assigned Registration No. 2,345,161. On June 6, 2000, a registration for the Logo Mark was issued. The registration was assigned Registration No. 2,355,004.

32. When used to identify Plaintiff's plumbing, heating, and air conditioning business and distinguish it from those of others, JOHN C. FLOOD and/or similar variations thereof are inherently distinctive and not merely descriptive or generic.

33. JOHN C. FLOOD is not the name of a living person.

34. Plaintiff has developed substantial goodwill and commercial value in JOHN C. FLOOD and/or similar variations thereof.

35. Plaintiff and Defendant compete directly for the same customers in the same geographic region in the same lines of trade and business, and advertise and promote their businesses in the same channels of trade.

### G. Defendant's Unlawful Acts

36. Upon information and belief, Defendant commenced using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others on or after approximately February 20, 1996, which is well after Plaintiff commenced using JOHN C. FLOOD and/or similar variations thereof.

37. Plaintiff has not consented to Defendant's use of JOHN C. FLOOD and/or similar variations thereof.

38. Upon information and belief, Defendant has used JOHN C. FLOOD and/or similar variations thereof with full knowledge, actual or constructive notice, and willful disregard of Plaintiff's exclusive right to use JOHN C. FLOOD and/or similar variations thereof.

39. Upon information and belief, Defendant is attempting to pass off its services as if they were Plaintiff's services or as if they were provided under the authority or with the approval of Plaintiff.

40. As a result of Defendant's wrongful conduct, Plaintiff has sustained substantial injury, loss and damage to its rights in JOHN C. FLOOD and/or similar variations thereof.

41. The natural, probable and foreseeable result of Defendant's wrongful conduct has been, and will continue to be, to deprive Plaintiff of the benefits of the goodwill and commercial value associated with exclusively using JOHN C. FLOOD and/or similar variations thereof.

42. Despite commencing use of JOHN C. FLOOD and/or similar variations thereof after Plaintiff, in 2005 Defendant requested the cancellation of Registration No. 2,345,161 and Registration No. 2,355,004.

## IV. CAUSES OF ACTION

### A. Trademark Infringement in Violation of 15 U.S.C. § 1114(1)

43. Plaintiff incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

44. Defendant has used and continues to use JOHN C. FLOOD and/or similar variations thereof in connection with the sale, offering for sale, distribution, and advertising of Defendant's services, and such use is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin of Defendant's services, or as to sponsorship or approval by Plaintiff of Defendant's services or commercial activities, in violation of 15 U.S.C. § 1114(1).

45. Defendant has used and continues to use JOHN C. FLOOD and/or similar variations thereof with knowledge and intent that such use cause confusion, or cause mistake or deceive the public.

46. Because of Defendant's acts and threatened acts of trademark infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in JOHN C. FLOOD and/or similar variations thereof.

47. Because of Defendant's acts and threatened acts of trademark infringement, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which

{00158697.1}

9

it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

48.     Plaintiff will suffer irreparable harm because of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled, pursuant to 15 U.S.C. § 1116(a), to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of trademark infringement.

49.     Plaintiff is also entitled, pursuant to 15 U.S.C. § 1117(a), to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's trademark infringement, the gains, profits and advantages that Defendant has obtained as a result of its acts of trademark infringement, and full costs and reasonable attorneys' fees incurred by Plaintiff in this action.

50.     Plaintiff is further entitled, in light of the exceptional circumstances of this case, to a sum above the amount of actual damages, and gains, profits and advantages determined pursuant to 15 U.S.C. § 1117(a), not exceeding three times their amount.

### B. UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(A)

51.     Plaintiff incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

52.     Defendant's use of JOHN C. FLOOD and/or similar variations thereof is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin of Defendant's services, or as to sponsorship or approval by Plaintiff of Defendant's services or commercial activities, in violation of 15 U.S.C. § 1125(a)(1).

53. Because of Defendant's acts and threatened acts of unfair competition, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in JOHN C. FLOOD and/or similar variations thereof.

54. Because of Defendant's acts and threatened acts of unfair competition, Defendant has obtained, and will continue to obtain, gains, profits and advantages to which it is not in equity or in good conscience entitled, and which have unjustly enriched Defendant.

55. Plaintiff will suffer irreparable harm because of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of unfair competition.

56. Plaintiff is also entitled, pursuant to 15 U.S.C. § 1125(a)(1), to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's acts of unfair competition, and the gains, profits and advantages that Defendant has obtained as a result of such acts.

## V. PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays for the following relief:

1. That proper process issue and be served upon Defendant;

2. That at the conclusion of the trial in this matter, this Court issue a permanent injunction, enjoining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them, from using any simulation, reproduction, counterfeit, copy or colorable imitation of JOHN C. FLOOD and/or similar variations thereof.

3. That at the conclusion of the trial in this matter, this Court issue a permanent injunction, enjoining Defendant, its officers, directors, agents, employees, representatives and all persons acting in concert with them, to withdraw its petitions to cancel Registration No. 2,345,161 and Registration No. 2,355,004 with prejudice and to not in any way, directly or indirectly, do or cause to be done any act or thing contesting or in any way impairing or tending to impair Plaintiff's exclusive right, title and interest in and to JOHN C. FLOOD and/or similar variations thereof as well as any application or registration therefor.

4. That Defendant be ordered to pay Plaintiff such damages as the trier of fact determines Plaintiff has sustained as a result of Defendant's acts of trademark infringement and unfair competition and to account for all gains, profits and advantages derived by Defendant through these acts.

5. That Defendant be ordered to pay Plaintiff such treble damages as this Court finds proper.

6. That Defendant be ordered to pay the full costs and reasonable attorneys' fees that Plaintiff incurs in this action.

7. That this Court grant Plaintiff such other and additional relief as it deems just and equitable.

JOHN C. FLOOD OF VIRGINIA, INC.

By: _____
One of its Attorneys

Stephen J. Zralek, *pro hac* motion pending
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 -- facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com

*Counsel for Plaintiff John C. Flood of Virginia, Inc.*

{00158697.1}

13