**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JOHN C. FLOOD INC.,** )<br>)<br>Defendant. )<br>_____)<br>)<br>**JOHN C. FLOOD, INC.,** )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>**JOHN C. FLOOD OF VIRGINIA, INC.,** )<br>**JOHN C. FLOOD, INC. (a Virginia Corporation),** )<br>**JOHN C. FLOOD CONTRACTORS, INC.,** )<br>**CLINTON HAISLIP & JAMES L. SELTZER, JR.,** )<br>)<br>Counter-Defendant and )<br>Defendants. ) | **Judge Richard J. Leon**<br>**Case No.: 1:06CV01311**<br>**Deck Type: General Civil** |

---

**ANSWER BY COUNTER-DEFENDANT, JOHN C. FLOOD OF VIRGINIA, INC.,
AND DEFENDANTS, JOHN C. FLOOD, INC. (a Virginia Corporation), AND
JOHN C. FLOOD CONTRACTORS, INC.**

---

Plaintiff/Counter-Defendant, John C. Flood of Virginia, Inc., and Defendants, John C. Flood, Inc. (a Virginia Corporation), John C. Flood Contractors, Inc. (all three corporations collectively referred to as "Flood of Virginia" or the "Corporate Counter-defendants"), answer the Counterclaim filed by Defendant, John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. ("Flood of DC") as follows:

**First Affirmative Defense**

The Counterclaim fails to state a claim upon which relief can be granted.

{00167317.2}

**Second Affirmative Defense**

Flood of DC is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief by reason of estoppel by laches, and by acquiescence. With the full knowledge of Flood of DC, John C. Flood of Virginia, Inc. has openly and continuously used and traded under the John C. Flood name and marks, and various similar names and marks, never ceasing use since its inception in 1989. Flood of DC, on the other hand, is not the same entity as the corporation that Mel Davis and Mark Crooks incorporated under the laws of Maryland in 1984 ("1984 Flood"). On approximately June 21, 1991, Davis, Crooks and their wives, as well as 1984 Flood filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, in a consolidated case styled In re John C. Flood, Inc., Case No. 91-43011-SD. 1984 Flood was no longer a going concern. On approximately March 29, 1995, the bankruptcy Trustee reached an agreement with Flood of Virginia, Haislip and Seltzer (in their official capacities as officers of John C. Flood of Virginia, Inc.) whereby the Trustee sold Crooks' and Davis' controlling 51% interest in John C. Flood of Virginia, Inc. along with the goodwill of John C. Flood of Virginia, Inc. to Haislip and Seltzer, in their official capacities as officers and shareholders of John C. Flood of Virginia, Inc., in exchange for their agreement to release and assign to the Trustee all claims, causes of action and disputes they had with respect to the consolidated bankruptcy cases. From and after March 29, 1995, Haislip and Seltzer (in their official capacities as shareholders and officers) – not Davis and Crooks – owned and controlled 100% of John C. Flood of Virginia, Inc., including all goodwill.

**Third Affirmative Defense**

Flood of DC is barred by waiver and estoppel from asserting that Flood of DC and/or Robert and Joanna Smiley purchased or received any interest or control in the use of JOHN C. FLOOD and/or similar variations thereof, as (a) 1984 Flood had no interest or control in the use of JOHN C. FLOOD and/or similar variations thereof at the time the Smileys incorporated Flood of DC under the laws of Maryland in or about February 1996, nearly one year after Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.) assumed 100% control over all the assets of John C. Flood of Virginia, Inc., and (b) as the Smileys were active participants in various proceedings in the foregoing bankruptcy case.

**Fourth Affirmative Defense**

Flood of DC is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief by reason of its own unclean hands and illegal and inequitable conduct.

**Fifth Affirmative Defense**

Flood of DC is not entitled to maintain the claims or to receive the monetary and equitable relief sought herein because it is not the true owner of the name and mark JOHN C. FLOOD and similar variations thereof, and does not have priority of usage, or the exclusive rights to usage, over John C. Flood of Virginia, Inc.

**Sixth Affirmative Defense**

United States Trademark Registration Numbers 2,345,161 and 2,355,004 are valid, and were properly issued, and John C. Flood of Virginia, Inc. can rely on them in connection with its claims and the remedies it seeks herein, for the reasons stated in the foregoing Affirmative Defenses, and in its Answer set forth below.

### **Seventh Defense**

For their Answer, Flood of Virginia, John C. Flood, Inc. (a Virginia Corporation), John C. Flood Contractors, Inc., (collectively "Flood of Virginia" or "Counter-defendants") state as follows:

1. Flood of Virginia admits that in Paragraph 1 Counterclaimant asserts various claims, all of which Flood of Virginia denies; and that the Counterclaim seeks various forms of relief against Flood of Virginia, all of which Flood of Virginia denies Counterclaimant is entitled.

2. Flood of Virginia admits the averments of Paragraph 2.

3. Flood of Virginia denies that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, but admits the remaining averments of Paragraph 3.

4. Flood of Virginia denies that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, but admits the remaining averments of Paragraph 4.

5. Flood of Virginia denies that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, denies that the address averred is correct, but admits the remaining averments of Paragraph 5.

6. Flood of Virginia admits the averments of Paragraph 6, subject to the denials above in Paragraphs 3 through 6.

7. Flood of Virginia admits the averments of Paragraph 7, subject to the denials above in Paragraphs 3 through 6.

8. Flood of Virginia admits the averments of Paragraph 8.

9. Flood of Virginia denies that any of the Flood of Virginia corporations, or the Individual Counter-defendants, Clinton Haislip and James L. Seltzer, Jr., ("Individual Counter-defendants") caused tortious injury to Counterclaimant, and denies that the Court may exercise personal jurisdiction over the Individual Counter-defendants. Flood of Virginia admits the remaining averments of Paragraph 9 that the Court may exercise personal jurisdiction over Flood of Virginia.

10. Flood of Virginia admits the averments of Paragraph 10.

11. Flood of Virginia admits the averments of Paragraph 11.

12. Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averment that Mel Davis and Mark Crooks owned and/or controlled various entities other than John C. Flood, Inc. ("1984 Flood"). Flood of Virginia denies that Davis and Crooks owned and/or controlled 1984 Flood after they and their wives filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, on or about June 21, 1991, and denies that Counterclaimant or any other entity owned and/or controlled by Davis and Crooks continuously used JOHN C. FLOOD on or after March 29, 1995, when the Bankruptcy Trustee sold Crooks' and Davis' controlling 51% interest along with the goodwill of John C. Flood of Virginia, Inc. to Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.). Flood of Virginia

lacks knowledge or information as to the truth of the averment regarding "various entities owned and/or controlled by Davis and Crooks (and, later, under the administration of the U.S. Bankruptcy Court)," as none of them are identified in the Counterclaim except Flood of DC, and admits the remaining averments of Paragraph 12.

13. Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averment as to why Davis and Crooks formed John C. Flood of Virginia, Inc. in 1989, and admits the remaining averments of Paragraph 13.

14. Flood of Virginia admits the averments of Paragraph 14, but categorically denies that admission of these averments grants Counterclaimant superior trademark rights.

15. Flood of Virginia admits the averments of Paragraph 15.

16. Flood of Virginia admits the averments of Paragraph 16, except denies that the bankruptcy estate never abandoned use of the tradenames and service marks JOHN C. FLOOD, INC. and FLOOD, INC. with the intention to permanently discontinue their use, and categorically denies that admission of these averments grants Counterclaimant superior trademark rights.

17. Flood of Virginia admits the averments of Paragraph 17, and affirmatively states that from and after March 29, 1995, Haislip and Seltzer (in their official capacities as shareholders and officers of the corporation), not Davis and Crooks, owned and controlled John C. Flood of Virginia, Inc., _including all goodwill_. Flood of Virginia categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

18. Flood of Virginia admits the averments of Paragraph 18, but denies that the Trustee's actions (or the Bankruptcy Court's approval of such actions) were proper in selling the tradenames JOHN C. FLOOD, INC. and FLOOD, INC., and any goodwill and phone numbers

related thereto. Flood of Virginia categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

19. Flood of Virginia admits that John C. Flood of Virginia, Inc. used the name JOHN C. FLOOD, INC. sometime after its current officers and shareholders assumed control in March 1995, affirmatively stating that such use was proper and authorized, denying all remaining averments of Paragraph 19.

20. Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20, and therefore denies the same.

21. Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20, and therefore denies the same.

22. Flood of Virginia admits the averments of Paragraph 20, but lacks knowledge as to the specific dates contained therein. Flood of Virginia categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights, and affirmatively states that Haislip and Seltzer at all times were acting in their official capacities as officers of the corporation, John C. Flood of Virginia, Inc.

23. Flood of Virginia lacks knowledge as to the vague averments contained in Paragraph 23, and therefore denies the same.

24. Flood of Virginia denies the averments of Paragraph 24.

25. Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27.

26. Flood of Virginia admits that the Smileys received approval to purchase the stock and other assets of 1984 Flood; denies that any goodwill was appropriately conveyed to the Smileys at that time; denies the date of the approval to purchase; lacks knowledge as to the price

paid by the Smileys; and denies all other averments contained in Paragraph 26. Flood of Virginia categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights, and affirmatively states that Haislip and Seltzer at all times were acting in their official capacities as officers of the corporation, John C. Flood of Virginia, Inc.

27.   Flood of Virginia lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27.

28.   Flood of Virginia admits the averments of Paragraph 28.

29.   Flood of Virginia admits the averments contained in the first sentence of Paragraph 29, denies that the Smileys were properly authorized to purchase the goodwill associated with JOHN C. FLOOD, INC. and FLOOD, INC., and lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 29.

30.   Flood of Virginia admits that Flood of Virginia has advertised as JOHN C. FLOOD, INC., after receiving all goodwill associated with JOHN C. FLOOD on March 29, 1995 when the Trustee sold Crooks' and Davis' controlling 51% interest along with the goodwill in Flood of Virginia to Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.). Flood of Virginia lacks knowledge as to the averment concerning a letter between attorneys, and denies all remaining averments of Paragraph 30.

31.   Flood of Virginia admits the averments of Paragraph 31, lacks knowledge or information as to the truth of the averment concerning the specific date, and categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

32.     Flood of Virginia admits the averments of Paragraph 32, lacks knowledge or information as to the truth of the averment concerning the specific date, and categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

33.     Flood of Virginia admits the averments of Paragraph 33.

34.     Flood of Virginia admits the averments of Paragraph 34.

35.     Flood of Virginia admits the averments of Paragraph 35(a), but denies that the sale of goodwill by the Trustee was proper, as it was subsequent to Haislip and Seltzer (in their official capacity as officers of the corporation) receiving all goodwill of John C. Flood of Virginia, Inc. from and after March 29, 1995; denies the averments of Paragraph 35(b), specifically the averment that Flood of DC made continuous use of JOHN C. FLOOD, INC. and similar variations, and lacks knowledge or information as to the truth of the averment regarding "the Flood entities," none of which are identified in the Counterclaim except Flood of DC; admits the averments of Paragraphs 35(c) and 35(d), except lacks knowledge or information sufficient to form a belief as to the truth of the averments in those paragraphs regarding the specific dates averred; and categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

36.     Flood of Virginia admits the averments of Paragraph 36, and affirmatively states that John C. Flood of Virginia, Inc. was truthful when it filed its applications with the U.S. Patent and Trademark Office.  Flood of Virginia denies that John C. Flood of Virginia, Inc. had knowledge of anything that would prevent it from filing such applications, in light of the fact that Haislip and Seltzer, in their official capacities as officers of John C. Flood of Virginia, Inc., received all goodwill of that corporation from and after March 29, 1995.

37.     Flood of Virginia admits the averments of paragraph 37.

38. Flood of Virginia denies the averments of paragraph 38.

39. Flood of Virginia denies the averments of paragraph 39.

40. Flood of Virginia admits that the Patent and Trademark Office granted registration of both Applications to John C. Flood of Virginia, Inc., and denies the remaining averments of Paragraph 40.

41. Flood of Virginia admits the averments of Paragraph 41.

42. Flood of Virginia denies the averments of Paragraph 42.

43. Flood of Virginia admits the averments of Paragraph 43, lacks knowledge or information as to the truth of the averment concerning the specific date, denies that a demand letter was warranted, denies that the demand letter had any legal significance other than that it was a demand, denies characterization of the action as infringement, and categorically denies that admission of the foregoing averments grants Counterclaimant superior trademark rights.

44. Flood of Virginia admits the averments of Paragraph 44.

45. Flood of Virginia admits that Flood of DC served written discovery on John C. Flood of Virginia, Inc. on approximately August 11, 2005; that John C. Flood of Virginia, Inc. made no written response; and that Flood of DC filed a motion to compel. Flood of Virginia denies the remaining averments of Paragraph 45.

46. Flood of Virginia admits the averments of Paragraph 46.

47. Flood of Virginia admits the averments of Paragraph 47.

48. Flood of Virginia admits the averments of Paragraph 48.

49. Flood of Virginia denies the averments of Paragraph 49.

50. Flood of Virginia denies the averments of Paragraph 50.

51. Flood of Virginia denies the averments of Paragraph 51.

52. Flood of Virginia admits the averments of Paragraph 52.

53. Flood of Virginia admits the averments of Paragraph 53.

54. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

55. Flood of Virginia denies the averments of Paragraph 55.

56. Flood of Virginia denies the averments of Paragraph 56.

57. Flood of Virginia admits the averments of the first sentence of Paragraph 57, and denies the averments of the second sentence of Paragraph 57.

58. Flood of Virginia denies the averments of Paragraph 58.

59. Flood of Virginia denies the averments of Paragraph 59.

60. Flood of Virginia denies the averments of Paragraph 60.

61. Flood of Virginia denies the averments of Paragraph 61.

62. Flood of Virginia denies the averments of Paragraph 62.

63. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

64. Flood of Virginia denies the averments of Paragraph 64.

65. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

66. Flood of Virginia denies the averments of Paragraph 66.

67. Flood of Virginia denies the averments of Paragraph 67.

68. Flood of Virginia denies the averments of Paragraph 68.

69. Flood of Virginia denies the averments of Paragraph 69.

70. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

71. Flood of Virginia denies the averments of Paragraph 71.

72. Flood of Virginia denies the averments of Paragraph 72.

73. Flood of Virginia denies the averments of Paragraph 73.

74. Flood of Virginia denies the averments of Paragraph 74.

75. Flood of Virginia denies the averments of Paragraph 75.

76. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

77. Flood of Virginia denies the averments of Paragraph 77.

78. Flood of Virginia denies the averments of Paragraph 78.

79. Flood of Virginia hereby restates and incorporates by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

80. Flood of Virginia denies the averments of Paragraph 80.

81. Flood of Virginia denies the averments of Paragraph 81.

82. Flood of Virginia denies the averments of Paragraph 82.

83. Flood of Virginia denies the averments of Paragraph 78.

84. Flood of Virginia denies the averments of Paragraph 84.

85. Flood of Virginia denies the averments of Paragraph 85.

86. Flood of Virginia denies the averments of Paragraph 86.

87. All averments of the Counterclaim not specifically admitted, denied or otherwise addressed are hereby denied.

WHEREFORE, having set out its affirmative defenses and fully answered the averments of paragraphs 1 through 87 of the Counterclaim, Flood of Virginia demands that the three Corporate Counter-defendants be DISMISSED WITH PREJUDICE, and that the costs hereof be taxed to Counterclaimant.

_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN  37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com

*Counsel for John C. Flood of Virginia, Inc.,*
*John C. Flood, Inc. (a Virginia corporation) and*
*John C. Flood Contractors, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 20th day of September, 2006.

Benjamin J. Lambiotte, #421288
Garvey Schubert Barer
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com