# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN C. FLOOD INC., )<br>)<br>Defendant. )<br>_____ )<br>)<br>JOHN C. FLOOD, INC., )<br>)<br>Counter-Plaintiff, )<br>)<br>v. )<br>)<br>JOHN C. FLOOD OF VIRGINIA, INC., )<br>JOHN C. FLOOD, INC. (a Virginia Corporation), )<br>JOHN C. FLOOD CONTRACTORS, INC., )<br>CLINTON HAISLIP & JAMES L. SELTZER, JR., )<br>)<br>Counter-Defendant and )<br>Defendants. ) | **Judge Richard J. Leon**<br>**Case No.: 1:06CV01311**<br>Deck Type: General Civil |

---

### MEMORANDUM IN SUPPORT OF
### CLINTON HAISLIP'S AND JAMES L. SELTZER, JR.'S
### MOTION TO DISMISS COUNTERCLAIM

---

This is a case that, ultimately, seeks to have the Court declare the rights of the parties with regard to superiority of trademark rights concerning the same or similar marks. Defendants Clinton Haislip and James L. Seltzer, Jr., ("Haislip" and "Seltzer" or collectively "Individual Counter-defendants"), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Counterclaim filed against them in their individual capacities by Counter-plaintiff John C. Flood, Inc. ("Counterclaimant"). This Motion is based on two grounds: (1) under Federal Rule of Civil Procedure 12(b)(2), personal jurisdiction over Haislip and Seltzer would be

{00167589.1}

improper as the Counterclaim fails to make a *prima facie* showing of an alter ego relationship and fails to aver factors needed to pierce the corporate veil, and (2) under Rule 12(b)(6), the Complaint fails to state a claim upon which relief may be granted, for the same reason. On the face of the Counterclaim, at all relevant times, Haislip and Seltzer were acting in their official capacities as officers and shareholders of the corporations, John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia corporation), and John C. Flood Contractors, Inc. (collectively "Counter-defendant Corporations").

## I.  FACTUAL BACKGROUND

Counterclaimant filed the Counterclaim against Haislip and Seltzer in their individual capacities, as well as the three Corporate Counter-defendants, alleging various grounds of trademark infringement and related claims. The Counterclaim also seeks a declaration of Counterclaimant's priority over Haislip and Seltzer, as well as the three Corporate Counter-defendants, and their alleged lack of rights to registration.

The Counterclaim includes no averments that indicate the three Corporate Counter-defendants are merely the alter-egos of Haislip and Seltzer. To the contrary, the Counterclaim illustrates the Corporate Counter-defendants are entities that are distinct from Haislip and Seltzer. Paragraph 3 of the Counterclaim states that "Counterclaim Defendant John C. Flood of Virginia, Inc. is a corporation organized and existing under the laws of Virginia . . . ." Paragraph 4 of the Counterclaim states that "Counterclaim Defendant John C. Flood, Inc. is a corporation organized and existing under the laws of Virginia . . . ." Paragraph 5 of the Counterclaim states that "Counterclaim Defendant John C. Flood Contractors, Inc. [] is a Maryland corporation . . . ."

The Counterclaim then proceeds to aver in Paragraph 6 that:

Haislip[] is an individual citizen of the Commonwealth of Virginia . . . who, together with [] Seltzer, Jr., owns and/or controls a number of corporations and entities engaged in the plumbing, heating and air conditioning services business in Washington, D.C. metropolitan area, including the District of Columbia, under various names incorporating the terms JOHN C. FLOOD, including without limitation [the three Corporate Counter-defendants].

Paragraph 7 of the Counterclaim makes the same averments regarding Seltzer:

Seltzer [] is an individual citizen of the Commonwealth of Virginia . . . who, together with [] Haislip, owns and/or controls a number of corporations and entities engaged in the plumbing, heating and air conditioning services business in Washington, D.C. metropolitan area, including the District of Columbia, under various names incorporating the terms JOHN C. FLOOD, including without limitation [the three Corporate Counter-defendants].

Counterclaim at ¶¶ 6-7.

The only other factual averments involving these two Individual Counter-defendants are vague and lack any specificity whatsoever. Paragraph 9 asserts that they "caused tortious injury to [Counterclaimant] by acts and omissions in and outside the District of Columbia, and regularly do[] or solicit[] business, engage[] in a persistent course of conduct, and derive[] substantial revenues from goods used or services rendered, in the District of Columbia." Nowhere in the Counterclaim are Haislip and Seltzer alleged to have been acting in any capacity other than as officers of the Corporate Counter-defendants. See e.g., Counterclaim at ¶¶ 22-26, 30.

The Counterclaim asserts various causes of action against the Corporate Counter-defendants. See Counterclaim at Counts I-IV and VI. But it seeks only a declaratory judgment against Haislip and Seltzer. See id. at Count V. Paragraphs 77 and 78, which are the only portions of the Counterclaim that seek relief against the Individual Counter-defendants, merely reiterates the fact that the Counterclaim fails to aver any facts that would justify piercing the

corporate veil or treating Haislip and Seltzer as the alter ego of the Corporate Counter-defendants:

> "Each of [the Corporate Counter-defendants], on information and belief under the direction and control of . . . Haislip and Seltzer have established and control multiple entities incorporating in their names the terms JOHN C. FLOOD, which offer services identical or similar to those offered by [Counterclaimant].
>
> Declaration of the parties' rights in respect of priority and exclusivity of rights of usage, and rights to registration, will avoid continuing uncertainty and irreparable harm that would result to [Counterclaimant] from the Counterclaim Defendants' continuing use and registration of the disputed name and marks in competition with [Counterclaimant].

Counterclaim at ¶¶ 77-78. Paragraph 78 of the Counterclaim could not be any clearer – Counterclaimant seeks a declaration of the *corporate* parties' rights; not the individual parties' rights. Nowhere in the Counterclaim does Counterclaimant assert that Haislip and Seltzer have any individual ownership of the trademarks in question.

## II. LEGAL STANDARD

A motion to dismiss tests the legal sufficiency of the complaint, which should not be dismissed unless the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (affirming district court's dismissal of complaint, and holding that district court did not abuse its discretion in denying leave to amend complaint.). "[T]he complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. . . . However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Id.

## III.  LEGAL ARGUMENT

    A.    <u>Choice of Law Provisions Dictate that the District Court apply Federal Common Law in Analyzing Corporate-Veil Piercing Claims Here.</u>

District Courts within the D.C. Circuit have been instructed to apply federal common law to alter-ego and corporate veil piercing claims "when a federal interest is implicated by the decision of whether to pierce the corporate veil." <u>United States v. Pena</u>, 731 F.2d 8, 12 (D.C. Cir. 1984).  Generally, a corporation is considered to be an entity that is separate and distinct from its owners.  <u>Quinn v. Butz</u>, 510 F.2d 743, 757 (D.C. Cir. 1975).  "The common purpose of statutes providing limited shareholder liability is to offer a valuable incentive to business investment."  <u>Labadie Coal Co. v. Black</u>, 672 F.2d 92, 96 (D.C. Cir. 1982).  Although the corporate veil may be pierced where it is shown that a corporation is merely the alter ego of its owners, "penetration of the corporate veil is a step to be taken cautiously . . . ."  <u>Quinn</u>, 510 F.2d at 758-59.

Federal common law within the D.C. Circuit requires the party attempting to pierce the corporate veil to set forth affirmative evidence on "(1) unity of ownership and interest [of the corporation and the individual] and (2) use of the corporate form to perpetrate fraud or wrong."  <u>Smith v. Washington Sheraton Corp.</u>, 135 F.3d 779, 786 (D.C. Cir. 1998).  The <u>Labadie Coal</u> Court identified six factors that should be weighed in determining whether the first prong has been satisfied to show unity of ownership and interest: (a) nature of corporate ownership and control; (b) failure to maintain corporate records; (c) failure to maintain corporate formalities; (d) commingling of the corporation's funds or assets; (e) diversion of the corporation's funds or assets; and (f) use of the same office or business location by the corporation and the individual

shareholders. 672 F.2d at 97-99. To satisfy the second prong, a plaintiff need not demonstrate fraud, but rather "an element of injustice or fundamental unfairness." Id. at 99.

> B. The Complaint Should be Dismissed for Lack of Personal Jurisdiction over Haislip & Seltzer as it Does not Request, and Fails to Aver Any Facts that Would Justify, Piercing the Corporate Veil.

Where individuals who are corporate officers or shareholders are sued, but insufficient facts are pled to justify piercing the corporate veil, courts should dismiss the individuals for lack of personal jurisdiction. Flynn v. Greg Anthony Constr. Co., Inc., 95 Fed. Appx. 726 (6th Cir. 2003) (affirming decision of District Court for District of Columbia to dismiss individual defendants for lack of personal jurisdiction, prior to transfer to Ohio and appeal to Sixth Circuit) (unpublished, copy attached). In the present case, although subject matter jurisdiction in the Counterclaim is founded upon a federal question related to trademark infringement and the Federal Declaratory Judgment Act, no federal long-arm statute applies and personal jurisdiction over nonresident defendants must be established by applying the District of Columbia's long-arm statute. See Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 424 (D.C. Cir. 1991).

Here, personal jurisdiction over the Individual Counter-defendants would be improper because the only activities in which they are alleged to have engaged were in their capacities as officers of the Corporate Counter-defendants. See Factual Background, *supra*. Although D.C. Code Annotated Section 13-423(a)(3) allows a court to exercise personal jurisdiction over non-residents, it must be averred that they have some connection with activity in the District of Columbia. Id. Here, the only method to justify exercising personal jurisdiction over Haislip and Seltzer would be to pierce the corporate veil. But, as the Counterclaim fails to seek to have the corporate veil pierced, let alone aver any basis for doing so, personal jurisdiction over them

{00167589.1}

would be improper. As in <u>Flynn</u>, which held that "the D.C. District Court arrived at the proper conclusion when it dismissed [the individual defendants] for Plaintiffs' failure to make a prima facie showing of personal jurisdiction," 95 Fed. Appx. at 736, this Court should dismiss the Counterclaim against Haislip and Seltzer for lack of personal jurisdiction.

      C.    <u>The Complaint Should be Dismissed because it Fails to State a Claim: it Neither Requests, Nor Avers Any Facts that Would Justify, Piercing the Corporate Veil.</u>

Although a complaint must be construed liberally in the plaintiff's favor when faced with a motion to dismiss, courts need not accept factual inferences or legal conclusions drawn by plaintiffs if they are unsupported by the facts set out in the complaint. See <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (affirming district court's dismissal of complaint, and holding that district court did not abuse its discretion in denying leave to amend complaint.). Here, as stated above, the Counterclaim fails to set forth any facts that would justify piercing the corporate veil and holding Haislip and Seltzer personally liable. Moreover, the only cause of action asserted against the Individual Counter-defendants is a declaratory judgment action seeking to declare the rights of the parties regarding superiority of trademark rights. There is no assertion that Haislip or Seltzer individually owns any trademark rights.

Even a liberal construction of the Counterclaim in the present case would not entitle Counterclaimant to pierce the corporate veil. The Counterclaim does not allege that any of the above-referenced factors under Section III(A) are present in this case. In fact, a plain reading of the Counterclaim would seem to support Haislip's and Seltzer's argument that they should be dismissed. There are no allegations of any facts which could be used to attempt to show that the

corporate veil should be pierced and Haislip and Seltzer should be held individually liable for the acts of the three Corporate Counter-defendants.

Nowhere in the Counterclaim does Counterclaimant explicitly seek to pierce the corporate veil, nor does it contain any averments that, read in the light most favorable to Counterclaimant, could justify piercing the corporate veil. Rather, Paragraph 77 of the Counterclaim states:

> Each of [the three Corporate Counter-defendants], on information and belief under the direction and control of . . . Haislip and Seltzer, are continuing to promote and advertise goods and services under the disputed name and mark. Further, . . . Haislip and Seltzer have established and control multiple entities incorporating in their names the terms JOHN C. FLOOD, which offer services identical or similar to those offered by Flood.

See Counterclaim at ¶ 77. There are simply no allegations of any facts that could allow this Court to pierce the corporate veil of the three Corporate Counter-defendants and hold Haislip and Seltzer personally and individually liable for acts of the corporation.

## IV. CONCLUSION

"[P]enetration of the corporate veil is a step to be taken cautiously . . . ." <u>Quinn</u>, 510 F.2d at 758-59. For the above reasons, Counterclaimant has failed to meet its burden of presenting sufficient facts to show that it is entitled to pierce the corporate veil of the three Corporate Counter-defendants and, therefore, it both fails to state a claim and shows that personal jurisdiction over them is improper. Haislip and Seltzer respectfully request that the Court grant their Motion to Dismiss, dismissing with prejudice all claims against Haislip and Seltzer.

Respectfully submitted,

*[signature]*

_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com
*Counsel for Clinton Haislip & James L. Seltzer, Jr.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 20th day of September, 2006.

Benjamin J. Lambiotte, #421288
Garvey Schubert Barer
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com

*[signature]*

_____

{00167589.1}

9