IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *John C. Flood of Virginia, Inc.,* | }<br>} |
|       *Plaintiff,* | }<br>} |
| v. | }   Case No. 1:06CV01311<br>}   Judge: Richard J. Leon |
| *John C. Flood, Inc.,* | }   Deck: General Civil<br>} |
|       *Defendant.* | }<br>} |
| *John C. Flood, Inc.,* | }<br>} |
|       *Counterclaim Plaintiff,*<br>v. | }<br>}<br>} |
| *John C. Flood of Virginia, Inc.,* | }<br>} |
| *John C. Flood, Inc.* (*a Virginia Corporation*), | }<br>} |
| *John C. Flood Contractors, Inc.*<br>(*a Maryland corporation*), | }<br>}<br>} |
| *Clinton Haislip,* | }<br>} |
|   and | }<br>} |
| *James L. Seltzer, Jr.* | }<br>} |
|       *Counterclaim Defendants.* | }<br>} |

**JOHN C. FLOOD, INC.'s OPPOSITION
TO CLINTON HAISLIP AND JAMES L. SELTZER, JR.'s
<u>MOTION TO DISMISS COUNTERCLAIM</u>**

Defendant/Counterclaim Plaintiff John C. Flood, Inc. ("Flood"), by its counsel, files its Opposition to Counterclaim Defendants Clinton Haislip and James L. Seltzer, Jr.'s ("Haislip," "Seltzer," or collectively, "Individual Counterclaim Defendants") Motion to Dismiss Counterclaim. In further support thereof, Flood states as follows:

- 2 -

1.  This matter comes before the Court on the Individual Defendants' Motion to Dismiss Count 5 of Flood's Counterclaim, which seeks only the Court's "Declaration of the parties' rights in respect of priority and exclusivity of rights of usage, and rights to registration" of the trade name and service mark John C. Flood.  *See Counterclaim* at ¶ 78.  The Individual Counterclaim Defendants contend that Haislip and Seltzer were acting on behalf of the corporations, John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia Corporation), and John C. Flood Contractors, Inc. (collectively, "Counterclaim Corporate Defendants").  Therefore, according to Haislip and Selzter, to sustain an action against them, Flood must plead facts demonstrating an alter ego relationship between the Counterclaim Corporate Defendants and them, thus justifying a pierce of the corporate veil.

2.  Haislip and Seltzer's position misapprehends the nature and purpose of the Declaratory Judgment count, insofar as Haislip and Seltzer are concerned.  Essentially, the Declaratory Judgment Count alleges that Haislip and Seltzer, in their capacities as individuals, have knowingly, wrongfully and without authorization organized and incorporated various entities, including the other Counterclaim Defendants, and selected as the names and marks of such entities various forms of JOHN C. FLOOD.  Flood does not seek relief against Haislip and Seltzer arising from actions they have taken in their capacities as agents of the Counterclaim Corporate Defendants which constitute infringement of Flood's rights.  Rather, the Declaratory Judgment count seeks a declaration of Flood's priority, and a mandate, directed to Haislip and Seltzer, in their capacities as individuals, enjoining them from organizing and operating businesses which trade under variants of JOHN C. FLOOD and use those terms as a mark.  Therefore, Flood need not plead any facts supporting an "alter ego" relationship between Haislip and Seltzer and the Counterclaim Corporate Defendants.

- 3 -

WHEREFORE, for these reasons and the reasons expressed in Flood's Memorandum of Points and Authorities in Support of its Opposition to Haislip and Seltzer's Motion to Dismiss, which Flood incorporates herein by reference, Flood respectfully requests this Court deny Haislip and Seltzer's Motion to Dismiss. In the alternative, Flood respectfully requests the Court grant Flood leave to amend the Counterclaim for Declaratory Judgment, to clarify the bases of Haislip and Seltzer's joinder to that Count, and the relief sought against them.

Respectfully submitted,

**DEFENDANT AND COUNTERCLAIM PLAINTIFF JOHN C. FLOOD, INC.**

By its attorneys:    _____/s/_____
Benjamin J. Lambiotte
D.C. Bar 421288
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880
e-mail: blambiotte@gsblaw.com

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *John C. Flood of Virginia, Inc.,* | }<br>} |
|        *Plaintiff,* | } |
| v. | }   Case No. 1:06CV01311 |
| | }   Judge: Richard J. Leon |
| *John C. Flood, Inc.,* | }   Deck: General Civil |
|        *Defendant.* | } |
| *John C. Flood, Inc.,* | } |
|        *Counterclaim Plaintiff,* | } |
| v. | } |
| *John C. Flood of Virginia, Inc.,* | } |
| *John C. Flood, Inc. (a Virginia Corporation),* | } |
| *John C. Flood Contractors, Inc.*<br>*(a Maryland corporation),* | } |
| *Clinton Haislip,* | } |
|    and | } |
| *James L. Seltzer, Jr.* | } |
|        *Counterclaim Defendants.* | } |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOHN C. FLOOD, INC.'s OPPOSITION
TO CLINTON HAISLIP AND JAMES L. SELTZER, JR.'s
<u>MOTION TO DISMISS COUNTERCLAIM</u>**

Defendant/Counterclaim Plaintiff John C. Flood, Inc. ("Flood"), by its counsel, files its Memorandum of Points and Authorities In Support of its Opposition to Counterclaim Defendants Clinton Haislip and James L. Seltzer, Jr.'s ("Haislip," "Seltzer," or collectively, "Individual

Counterclaim Defendants") Motion to Dismiss Counterclaim. In further support thereof, Flood states as follows:

I. **INTRODUCTION**

This matter comes before the Court on the Individual Counterclaim Defendants' Motion to Dismiss Count 5 of Flood's Counterclaim. At the outset, it should be noted that that particular count seeks *only* the Court's "Declaration of the parties' rights in respect of priority and exclusivity of rights of usage, and rights to registration" of the trade name and service mark John C. Flood. *See Counterclaim* at ¶ 78. The Individual Counterclaim Defendants contend that "at all relevant times, Haislip and Seltzer were acting on behalf of the corporations, John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia Corporation), and John C. Flood Contractors, Inc. (collectively, "Counterclaim Corporate Defendants")." *See* Motion to Dismiss at 2. Therefore, according to Haislip and Selzter, to sustain an action against them, Flood must plead facts demonstrating an alter ego relationship between the Counterclaim Corporate Defendants and them, thus justifying a pierce of the corporate veil.

However, Haislip and Seltzer's position misapprehends the nature and purpose of the Declaratory Judgment count, insofar as Haislip and Seltzer are concerned. Essentially, that count alleges that Haislip and Seltzer, in their capacities as individuals, have knowingly, wrongfully and without authorization organized and incorporated various entities, including the other Counterclaim Defendants, and selected as the names and marks of such entities various forms of JOHN C. FLOOD. Flood does not seek relief against Haislip and Seltzer arising from actions they have taken in their capacities as agents of the Counterclaim Corporate Defendants which constitute infringement of Flood's rights. Rather, the Declaratory Judgment count seeks a declaration of Flood's priority, and a mandate, directed to Haislip and Seltzer, in their capacities

as individuals, enjoining them from organizing and operating businesses which trade under variants of JOHN C. FLOOD and use those terms as a mark. Flood believes that complete justice and a final determination of all issues among all parties related to this action cannot be accomplished unless Haislip and Seltzer are joined and brought before the Court for this purpose.

## II. ARGUMENT

### A. FED. R. CIV. PRO. 12(b)(6)

Under Rule12(b)(6) of the Federal Rules of Civil Procedure a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless "a plaintiff can prove no set of facts in support of their claim which would entitled them to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). When assessing a motion to dismiss, "the factual allegations of the complaint must be taken as true, and any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader." *Harbury v. Deutch*, 244 F.3d 956, 958 (D.C. Cir. 2001) (internal citations and quotations omitted). Accordingly, "the complaint is construed liberally in the plaintiffs' favor, and [courts] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Id.* To that end, dismissal for failure to state a claim is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citations omitted).

### B. FLOOD PLEAD FACTS THAT SUPPORT A CAUSE OF ACTION AGAINST HAISLIP AND SELTZER

Haislip and Seltzer maintain that "at all relevant times, [they] were acting on behalf of the corporations," John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia Corporation), and John C. Flood Contractors, Inc. (collectively, "Counterclaim Corporate Defendants"). *See* Motion to Dismiss at 2. Therefore, according to Haislip and Selzter, to sustain an action against

- 3 -

them, Flood must plead facts demonstrating an alter ego relationship between the Counterclaim Corporate Defendants and them, thus justifying a pierce of the corporate veil. *See, e.g., Flynn v. Greg Anthony Constr.*, 95 Fed.Appx. 726, 733-34 (D.C. Cir. 2003) (holding that, generally, "a corporation is considered an entity separate and distinct from its shareholders" and, therefore, corporate officers and shareholders "cannot be held personally liable for a corporation's...obligations").[1]

However, Haislip and Seltzer's position is does not justify their dismissal when viewed against Flood's allegations against them. Flood does not seek relief against Haislip and Seltzer because of any alleged actions they took on behalf of the Counterclaim Corporate Defendants. Rather, Flood's position in this matter is that Haislip and Seltzer, in their capacities as *individuals*, have knowingly, wrongfully and without proper authorization organized and incorporated the Counterclaim Corporate Defendants under various forms of the name JOHN C. FLOOD. Therefore, Flood seeks to prevent Haislip and Seltzer, in their capacities as individuals, from continuing to organize and operate businesses under their control which trade under and adopt marks using various forms of JOHN C. FLOOD.

The Counterclaim and Prayer for Relief contained therein are clear in this regard. In support of the Counterclaim, Flood alleged that Haislip and Seltzer "ow[n] and/or contro[l] a number of corporations and entities engaged in the plumbing, heating and air conditioning services business in the Washington, D.C. metropolitan area, including the District of Columbia, under various names incorporating the terms John C. Flood." *See* Counterclaim at ¶¶ 7 and 8. The Counterclaim further alleged that "Counterclaim Defendants Haislip and Seltzer *have established and control multiple entities incorporating in their names the terms JOHN C.*

---

[1] A plaintiff can pierce the corporate veil when she shows that the corporation is merely the alter ego of its owners, such that the corporation no longer has a separate personality apart from its owners. *Flynn, supra* at 733.

- 4 -

*FLOOD*, which offer services identical to those offered by Flood." *Id.* at ¶ 77 (emphasis added). Given that Haislip and Seltzer have "established" multiple entities, incorporating in their names the terms JOHN C. FLOOD, Flood requests the Court to declare, adjudge and decree that "Flood has priority of usage over each and every of the Counterclaim Defendants," which includes Seltzer and Haislip, who have actually organized and operate the Counterclaim Corporate Defendants, and that Flood has "the exclusive right to use and register in connection with plumbing, heating, electrical, air conditioning, or remodeling or construction services, the trade name and service mark of JOHN C. FLOOD….," among other injunctive relief. *Id.* at 33.

For these reasons, Flood respectfully requests that the Court deny Haislip and Seltzer's Motion to Dismiss.

### C. HAISLIP AND SELZTER ARE "PERSONS NEEDED FOR JUST ADJUDICATION" UNDER FED. R. CIV. PRO. 19

Generally, the Federal Rules of Civil Procedure favor efficient resolutions of disputes. For example, Rule 1 of the Federal Rules of Civil Procedure states that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Pro. 1.

Consistent with this mandate, Rule 19(a)(1) of the Federal Rules of Civil Procedure provides that a person "*shall* be joined as a party in the action if in the person's absence complete relief cannot be accorded among those already parties…." (Emphasis added). Underlying Rule 19 are "strong considerations of judicial economy and efficiency…that argue strongly against piecemeal adjudication" of related cases. *Hruby v. United States*, 885 F.Supp 8, 11 (D.D.C. 1995).

In the instant action, as noted above, Haislip and Seltzer continue to organize and operate a multiplicity of entities, and to cause them to trade under the JOHN C. FLOOD name and

marks. Absent their joinder to the Declaratory Judgment claim in this case, should the Court declare that Flood has priority of usage over the Counterclaim Corporate Defendants, and enters the injunctive relief Flood requests in its Prayer for Relief, Haislip and Flood may not be bound to desist from such conduct and to observe the prohibitory terms of the Court's injunction. Therefore, "complete relief cannot be accorded among" the parties should Haislip and Seltzer no longer be included as parties to this action.

Moreover, Federal Rule of Civil Procedure 8(f) requires that "[a]ll pleadings be construed as to do substantial justice." Fed. R. Civ. Pro. 8(f). *See also Stokes v. Cross*, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (holding that "Rule 8's liberal pleading standard requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and that "courts are charged with construing the complaint so as to do substantial justice"). While Flood believes its Counterclaim was properly plead against Haislip and Seltzer, should the Court be inclined to grant the Motion to Dismiss, as an alternative to dismissal, Flood respectfully requests that it grant Flood leave to amend its Counterclaim to clarify the bases of Flood's joinder of them as individual defendants. *See Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) (holding that "Rule 15 embodies a generally favorable policy toward amendments").

### III.   CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Haislip and Seltzer's Motion to Dismiss should be denied, or, in the alternative, Flood should be granted leave to amend the Counterclaim for Declaratory Judgment, to clarify the bases of Haislip and Seltzer's joinder to that Count, and the relief sought against them.

- 7 -

      Respectfully submitted,

      **DEFENDANT AND COUNTERCLAIM PLAINTIFF
JOHN C. FLOOD, INC.**

By its attorneys: _____/s/_____
Benjamin J. Lambiotte
D.C. Bar 421288
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880
e-mail: blambiotte@gsblaw.com