IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Judge Richard J. Leon** |
| ) | **Case No.: 1:06CV01311** |
| **JOHN C. FLOOD INC.,** ) | **Deck Type: General Civil** |
| ) | |
| **Defendant.** ) | |
| _____ ) | |
| ) | |
| **JOHN C. FLOOD, INC.,** ) | |
| ) | |
| **Counter-Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **JOHN C. FLOOD OF VIRGINIA, INC.,** ) | |
| **JOHN C. FLOOD, INC. (a Virginia Corporation),** ) | |
| **JOHN C. FLOOD CONTRACTORS, INC.,** ) | |
| **CLINTON HAISLIP & JAMES L. SELTZER, JR.,** ) | |
| ) | |
| **Counter-Defendant and** ) | |
| **Defendants.** ) | |

**REPLY TO OPPOSITION TO
CLINTON HAISLIP'S AND JAMES L. SELTZER, JR.'S
MOTION TO DISMISS COUNTERCLAIM**

This Court should grant Clinton Haislip's and James L. Seltzer, Jr.'s Motion to Dismiss the Counterclaim filed against them in their individual capacities. As set forth in the Motion and supporting memorandum that Mr. Haislip and Mr. Seltzer filed, Counterclaimant has failed to aver any grounds that would justify piercing the corporate veil. In fact, as Counterclaimant's own Opposition demonstrates, the counterclaim's only averments regarding Mr. Haislip and Mr. Seltzer focus on their role as owning and controlling corporate entities. See Opposition at 4-5.

Even when read in the light most favorable to Counterclaimant, the counterclaim fails to include a single averment that Mr. Haislip or Mr. Setlzer acted in any capacity other than as corporate officers or shareholders. Contrary to the Opposition, Mr. Haislip and Mr. Seltzer are not necessary parties for the just adjudication of this lawsuit, as they are merely corporate officers and shareholders. Any judgment against the corporations that they own and control will automatically apply to them in their official capacities.

Mr. Haislip and Mr. Seltzer also strongly oppose allowing Counterclaimant to amend its Counterclaim. The time for amending as of right has passed, as responsive pleadings have been filed. And courts are not required to allow parties to amend their complaints. <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (affirming district court's dismissal of complaint, and holding that district court did not abuse its discretion in denying leave to amend complaint.). This is a dispute between corporations, which is why Plaintiff did not name individual defendants in its original complaint.[1]

For the reasons set forth more fully in the Motion to Dismiss and supporting memorandum, Messrs. Haislip and Seltzer respectfully urge the Court to dismiss the Counterclaim filed against them in their individual capacities.

---

[1] In the event Mr. Haislip and Mr. Seltzer are not dismissed from this suit, however, Plaintiff reserves the right to evaluate whether any of the individuals who own and/or control Defendant corporation would need to be named as parties in their individual capacities, as well.

Respectfully submitted,

*[signature]*

_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com
*Counsel for Clinton Haislip & James L. Seltzer, Jr.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 4th day of October, 2006.

Benjamin J. Lambiotte, #421288
Garvey Schubert Barer
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com

*[signature]*

_____

{00170298.1}

3