# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Richard J. Leon |
| ) | Case No.: 1:06CV01311 |
| JOHN C. FLOOD INC., ) | Deck Type: General Civil |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| JOHN C. FLOOD, INC., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN C. FLOOD OF VIRGINIA, INC., ) | |
| JOHN C. FLOOD, INC. (a Virginia Corporation), ) | |
| JOHN C. FLOOD CONTRACTORS, INC., ) | |
| CLINTON HAISLIP & JAMES L. SELTZER, JR., ) | |
| ) | |
| Counter-Defendant and ) | |
| Defendants. ) | |

## ANSWER BY INDIVIDUAL THIRD-PARTY DEFENDANTS, CLINTON HAISLIP & JAMES L. SELTZER

Individual Third-Party Defendants Clinton Haislip ("Mr. Haislip") and James L. Seltzer, Jr. ("Mr. Seltzer") (collectively "Individual Defendants") answer the Third-Party Complaint filed by Defendant, John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. ("Flood of DC") as follows:

**First Affirmative Defense**

The Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Flood of DC is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief by reason of estoppel by laches, and by acquiescence. With the full knowledge of Flood of DC, John C. Flood of Virginia, Inc. has openly and continuously used and traded under the John C. Flood name and marks, and various similar names and marks, never ceasing use since its inception in 1989. Flood of DC, on the other hand, is not the same entity as the corporation that Mel Davis and Mark Crooks incorporated under the laws of Maryland in 1984 ("1984 Flood"). On approximately June 21, 1991, Davis, Crooks and their wives, as well as 1984 Flood filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, in a consolidated case styled In re John C. Flood, Inc., Case No. 91-43011-SD. 1984 Flood was no longer a going concern. On approximately March 29, 1995, the bankruptcy Trustee reached an agreement with Flood of Virginia, Mr. Haislip and Mr. Seltzer (in their official capacities as officers of John C. Flood of Virginia, Inc.) whereby the Trustee sold the remaining 50% interest in John C. Flood of Virginia, Inc. along with the goodwill of John C. Flood of Virginia, Inc. to Mr. Haislip and Mr. Seltzer, in their official capacities as officers and shareholders of John C. Flood of Virginia, Inc., in exchange for their agreement to release and assign to the Trustee all claims, causes of action and disputes they had with respect to the consolidated bankruptcy cases. From and after March 29, 1995, Mr. Haislip and Mr. Seltzer (in their official capacities as shareholders and officers) – not Davis and Crooks – owned and controlled 100% of John C. Flood of Virginia, Inc., including all goodwill.

### Third Affirmative Defense

Flood of DC is barred by waiver and estoppel from asserting that Flood of DC and/or Robert and Joanna Smiley purchased or received any interest or control in the use of JOHN C. FLOOD and/or similar variations thereof, as (a) 1984 Flood had no interest or control in the use of JOHN C. FLOOD and/or similar variations thereof at the time the Smileys incorporated Flood of DC under the laws of Maryland in or about February 1996, nearly one year after Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.) assumed 100% control over all the assets of John C. Flood of Virginia, Inc., and (b) as the Smileys were active participants in various proceedings in the foregoing bankruptcy case.

### Fourth Affirmative Defense

Flood of DC is not entitled to maintain this suit or to assert the claims herein for declaratory relief against the Individual Defendants by reason of its own unclean hands and illegal and inequitable conduct.

### Fifth Affirmative Defense

Flood of DC is not entitled to maintain the claims or to receive the declaratory relief against the Individual Defendants sought herein because it is not the true owner of the name and mark JOHN C. FLOOD and similar variations thereof, and does not have priority of usage, or the exclusive rights to usage, over John C. Flood of Virginia, Inc.

**Sixth Affirmative Defense**

United States Trademark Registration Numbers 2,345,161 and 2,355,004 are valid, and were properly issued, and Mr. Haislip and Mr. Seltzer can rely on them in their Answer set forth below.

**Seventh Defense**

For their Answer, the Individual Defendants state as follows:

1. The Individual Defendants admit that in Paragraph 1 Counterclaimant asserts various claims, all of which they deny; and that the Counterclaim seeks various forms of relief against the Individual Defendants, all of which they deny Counterclaimant is entitled.

2. The Individual Defendants admit the averments of Paragraph 2.

3. The Individual Defendants deny that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, but admit the remaining averments of Paragraph 3.

4. The Individual Defendants deny that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, but admit the remaining averments of Paragraph 4.

5. The Individual Defendants deny that any of the three Flood of Virginia corporations maintains business premises in the District of Columbia, deny that the address averred is correct, but admit the remaining averments of Paragraph 5.

6. The Individual Defendants admit the averments of Paragraph 6, subject to the denials above in Paragraphs 3 through 6.

7. The Individual Defendants admit the averments of Paragraph 7, subject to the denials above in Paragraphs 3 through 6.

8. The Individual Defendants admit the averments of Paragraph 8.

9. The Individual Defendants deny that any of the Flood of Virginia corporations, or the Individual Counter-defendants, Clinton Haislip and James L. Seltzer, Jr., ("Individual Counter-defendants") caused tortious injury to Counterclaimant, and deny that the Court may exercise personal jurisdiction over the Individual Counter-defendants. Flood of Virginia admits the remaining averments of Paragraph 9 that the Court may exercise personal jurisdiction over Flood of Virginia.

10. The Individual Defendants admit the averments of Paragraph 10.

11. The Individual Defendants admit the averments of Paragraph 11.

12. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that Mel Davis and Mark Crooks owned and/or controlled various entities other than John C. Flood, Inc. ("1984 Flood"). The Individual Defendants deny that Davis and Crooks owned and/or controlled 1984 Flood after they and their wives filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, on or about June 21, 1991, and deny that Counterclaimant or any other entity owned and/or controlled by Davis and Crooks continuously used JOHN C. FLOOD on or after March 29, 1995, when the Bankruptcy Trustee sold the remaining 50% interest along with the goodwill of John C. Flood of Virginia, Inc. to Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.). The Individual Defendants lack knowledge or information as to the truth of the averment regarding "various entities owned and/or controlled by Davis and Crooks (and, later, under the administration of the U.S. Bankruptcy Court)," as none of them are identified in the Counterclaim except Flood of DC, and admit the remaining averments of Paragraph 12.

13. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment as to why Davis and Crooks formed John C. Flood of Virginia, Inc. in 1989, and admit the remaining averments of Paragraph 13.

14. The Individual Defendants admit the averments of Paragraph 14, but categorically deny that admission of these averments grants Counterclaimant superior trademark rights.

15. The Individual Defendants admit the averments of Paragraph 15.

16. The Individual Defendants admit the averments of Paragraph 16, except deny that the bankruptcy estate never abandoned use of the tradenames and service marks JOHN C. FLOOD, INC. and FLOOD, INC. with the intention to permanently discontinue their use, and categorically deny that admission of these averments grants Counterclaimant superior trademark rights.

17. The Individual Defendants admit the averments of Paragraph 17, and affirmatively states that from and after March 29, 1995, Mr. Haislip and Mr. Seltzer (in their official capacities as shareholders and officers of the corporation), not Davis and Crooks, owned and controlled John C. Flood of Virginia, Inc., <u>including all goodwill</u>. The Individual Defendants categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

18. The Individual Defendants admit the averments of Paragraph 18, but deny that the Trustee's actions (or the Bankruptcy Court's approval of such actions) were proper in selling the tradenames JOHN C. FLOOD, INC. and FLOOD, INC., and any goodwill and phone numbers related thereto. The Individual Defendants categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

19. The Individual Defendants admit that John C. Flood of Virginia, Inc. used the name JOHN C. FLOOD, INC. sometime after its current officers and shareholders assumed control in March 1995, affirmatively stating that such use was proper and authorized, denying all remaining averments of Paragraph 19.

20. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20, and therefore deny the same.

21. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20, and therefore deny the same.

22. The Individual Defendants admit the averments of Paragraph 20, but lack knowledge as to the specific dates contained therein. The Individual Defendants categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights, and affirmatively state that Mr. Haislip and Mr. Seltzer at all times were acting in their official capacities as officers of the corporation, John C. Flood of Virginia, Inc.

23. The Individual Defendants lack knowledge as to the vague averments contained in Paragraph 23, and therefore deny the same.

24. The Individual Defendants deny the averments of Paragraph 24.

25. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27.

26. The Individual Defendants admit that the Smileys received approval to purchase the stock and other assets of 1984 Flood; deny that any goodwill was appropriately conveyed to the Smileys at that time; deny the date of the approval to purchase; lack knowledge as to the price paid by the Smileys; and deny all other averments contained in Paragraph 26. The Individual Defendants categorically deny that admission of the foregoing averments grants

Counterclaimant superior trademark rights, and affirmatively states that Mr. Haislip and Mr. Seltzer at all times were acting in their official capacities as officers of the corporation, John C. Flood of Virginia, Inc.

27. The Individual Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 27.

28. The Individual Defendants admit the averments of Paragraph 28.

29. The Individual Defendants admit the averments contained in the first sentence of Paragraph 29, deny that the Smileys were properly authorized to purchase the goodwill associated with JOHN C. FLOOD, INC. and FLOOD, INC., and lack knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of Paragraph 29.

30. The Individual Defendants admit that Flood of Virginia has advertised as JOHN C. FLOOD, INC., after receiving all goodwill associated with JOHN C. FLOOD on March 29, 1995 when the Trustee sold the remaining 50% interest along with the goodwill in Flood of Virginia to Haislip and Seltzer (in their official capacities as shareholders and officers of John C. Flood of Virginia, Inc.). The Individual Defendants lack knowledge as to the averment concerning a letter between attorneys, and deny all remaining averments of Paragraph 30.

31. The Individual Defendants admit the averments of Paragraph 31, lack knowledge or information as to the truth of the averment concerning the specific date, and categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

32. The Individual Defendants admit the averments of Paragraph 32, lack knowledge or information as to the truth of the averment concerning the specific date, and categorically

deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

33. The Individual Defendants admit the averments of Paragraph 33.

34. The Individual Defendants admit the averments of Paragraph 34.

35. The Individual Defendants admit the averments of Paragraph 35(a), but deny that the sale of goodwill by the Trustee was proper, as it was subsequent to Haislip and Seltzer (in their official capacity as officers of the corporation) receiving all goodwill of John C. Flood of Virginia, Inc. from and after March 29, 1995; deny the averments of Paragraph 35(b), specifically the averment that Flood of DC made continuous use of JOHN C. FLOOD, INC. and similar variations, and lack knowledge or information as to the truth of the averment regarding "the Flood entities," none of which are identified in the Counterclaim except Flood of DC; admit the averments of Paragraphs 35(c) and 35(d), except lack knowledge or information sufficient to form a belief as to the truth of the averments in those paragraphs regarding the specific dates averred; and categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

36. The Individual Defendants admit the averments of Paragraph 36, and affirmatively state that John C. Flood of Virginia, Inc. was truthful when it filed its applications with the U.S. Patent and Trademark Office. The Individual Defendants deny that John C. Flood of Virginia, Inc. had knowledge of anything that would prevent it from filing such applications, in light of the fact that Mr. Haislip and Mr. Seltzer, in their official capacities as officers of John C. Flood of Virginia, Inc., received all goodwill of that corporation from and after March 29, 1995.

37. The Individual Defendants admit the averments of paragraph 37.

38. The Individual Defendants deny the averments of paragraph 38.

39. The Individual Defendants deny the averments of paragraph 39.

40. The Individual Defendants admit that the Patent and Trademark Office granted registration of both Applications to John C. Flood of Virginia, Inc., and deny the remaining averments of Paragraph 40.

41. The Individual Defendants admit the averments of Paragraph 41.

42. The Individual Defendants deny the averments of Paragraph 42.

43. The Individual Defendants admit the averments of Paragraph 43, lack knowledge or information as to the truth of the averment concerning the specific date, deny that a demand letter was warranted, deny that the demand letter had any legal significance other than that it was a demand, deny characterization of the action as infringement, and categorically deny that admission of the foregoing averments grants Counterclaimant superior trademark rights.

44. The Individual Defendants admit the averments of Paragraph 44.

45. The Individual Defendants admit that Flood of DC served written discovery on John C. Flood of Virginia, Inc. on approximately August 11, 2005; that John C. Flood of Virginia, Inc. made no written response; and that Flood of DC filed a motion to compel. The Individual Defendants deny the remaining averments of Paragraph 45.

46. The Individual Defendants admit the averments of Paragraph 46.

47. The Individual Defendants admit the averments of Paragraph 47.

48. The Individual Defendants admit the averments of Paragraph 48.

49. The Individual Defendants deny the averments of Paragraph 49.

50. The Individual Defendants deny the averments of Paragraph 50.

51. The Individual Defendants deny the averments of Paragraph 51.

52. The Individual Defendants admit the averments of Paragraph 52.

53. The Individual Defendants admit the averments of Paragraph 53.

54. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

55. The Individual Defendants deny the averments of Paragraph 55.

56. The Individual Defendants deny the averments of Paragraph 56.

57. The Individual Defendants admit the averments of the first sentence of Paragraph 57, and deny the averments of the second sentence of Paragraph 57.

58. The Individual Defendants deny the averments of Paragraph 58.

59. The Individual Defendants deny the averments of Paragraph 59.

60. The Individual Defendants deny the averments of Paragraph 60.

61. The Individual Defendants deny the averments of Paragraph 61.

62. The Individual Defendants deny the averments of Paragraph 62.

63. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

64. The Individual Defendants deny the averments of Paragraph 64.

65. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

66. The Individual Defendants deny the averments of Paragraph 66.

67. The Individual Defendants deny the averments of Paragraph 67.

68. The Individual Defendants deny the averments of Paragraph 68.

69. The Individual Defendants deny the averments of Paragraph 69.

70. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

71. The Individual Defendants deny the averments of Paragraph 71.

72. The Individual Defendants deny the averments of Paragraph 72.

73. The Individual Defendants deny the averments of Paragraph 73.

74. The Individual Defendants deny the averments of Paragraph 74.

75. The Individual Defendants deny the averments of Paragraph 75.

76. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

77. The Individual Defendants deny the averments of Paragraph 77.

78. The Individual Defendants deny the averments of Paragraph 78.

79. The Individual Defendants hereby restate and incorporate by reference each of the preceding paragraphs as if the same were set forth herein in their entirety.

80. The Individual Defendants deny the averments of Paragraph 80.

81. The Individual Defendants deny the averments of Paragraph 81.

82. The Individual Defendants deny the averments of Paragraph 82.

83. The Individual Defendants deny the averments of Paragraph 78.

84. The Individual Defendants deny the averments of Paragraph 84.

85. The Individual Defendants deny the averments of Paragraph 85.

86. The Individual Defendants deny the averments of Paragraph 86.

87. All averments of the Counterclaim not specifically admitted, denied or otherwise addressed are hereby denied.

WHEREFORE, having set out their affirmative defenses and fully answered the averments of paragraphs 1 through 87 of the Counterclaim, Mr. Haislip and Mr. Seltzer demand that they be DISMISSED WITH PREJUDICE, and that the costs hereof be taxed to Counterclaimant.

_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com

*Counsel for John C. Flood of Virginia, Inc.,*
*John C. Flood, Inc. (a Virginia corporation),*
*John C. Flood Contractors, Inc., and the Individual*
*Defendants, Clinton Haislip & James L. Seltzer, Jr.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 2d day of November, 2006.

Benjamin J. Lambiotte, #421288
Garvey Schubert Barer
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com