IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN C. FLOOD INC., ) <br> ) <br> Defendant. ) <br>_____ ) <br> ) <br> JOHN C. FLOOD, INC., ) <br> ) <br> Counter-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN C. FLOOD OF VIRGINIA, INC., ) <br> JOHN C. FLOOD, INC. (a Virginia Corporation), ) <br> JOHN C. FLOOD CONTRACTORS, INC., ) <br> CLINTON HAISLIP & JAMES L. SELTZER, JR., ) <br> ) <br> Counter-Defendant and ) <br> Defendants. ) <br>_____ ) | Judge Richard J. Leon <br> Case No.: 1:06CV01311 <br> Deck Type: General Civil |

**SUPPLEMENTAL JOINT RULE 26(f) REPORT
AND PROPOSED CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and LCvR 16.3, the above-referenced parties submit this Supplemental Joint Report and Proposed Case Management Order. Undersigned counsel conferred telephonically on Wednesday, January 24, 2007, and the parties respectfully submit the following:

1.   Settlement.  The parties met for a Settlement Conference before Magistrate Judge Deborah A. Robinson on December 11, 2006. On that date, Magistrate Judge Robinson was not in a position to offer a neutral case evaluation, and reported that no other sitting Magistrate Judge was either, but explored the possibility of settling the case given business considerations

involved, including the time and expense of litigation the instant matter. Following that initial Settlement Conference, Magistrate Judge Robinson set a continued settlement conference for January 11, 2006.

Since the initial December Settlement Conference, the parties continued considering the business implications of this litigation and, given these considerations, continued settlement negotiations. However, the parties were unable to reach agreement, and share the view that further efforts at settlement strictly driven by business considerations would be fruitless at this time. Accordingly, on January 9, 2007, the parties filed a Joint Motion for Cancellation of the continued settlement conference. That same day, the parties received a Minute Order "resetting" a settlement conference before Magistrate Judge Robinson for February 23, 2007. Counsel believe the relief request in the Joint Motion to Cancel the continued settlement conference may have been misconstrued as a request for a further extension.

In any event, as noted previously, while counsel and the parties are very grateful to Magistrate Judge Robinson for her time, attention, and efforts to persuade the parties to settle out of business considerations, at the present time, undersigned counsel report to the Court our belief that the case cannot be settled at this time strictly along business lines, and that a further settlement conference before Magistrate Judge Robinson will likely not produce favorable results. Nevertheless, counsel continue to believe that a true neutral case evaluation may be helpful in resolving this case.

Magistrate Judge Robinson indicated that the Court maintained a list of mediators and case evaluation specialists with particular expertise in the subject matter of the core issues in this case, which involves trademark and bankruptcy law. As to settlement, counsel propose the following: (a) that the Continued Settlement Conference, now set before Magistrate Judge

Robinson for February 23, 2006, be cancelled and removed from the docket; and (b) we will explore the possibility of pursuing a neutral case evaluation, including the financial terms and conditions associated with selecting and engaging a qualified subject matter expert from the Court's list, and revisit very soon with our clients the prospect of a neutral case evaluation before such an expert. Providing our respective clients agree to such an evaluation (which has not yet been determined), counsel have agreed that such an evaluation could be set sometime during the last two weeks of March 2007, if convenient to the evaluator. Further, the parties agree that discovery and other proceedings shall not be stayed pending a neutral case evaluation at this time. In the event that, after we gather more information concerning the evaluator candidates and the terms and conditions under which they would agree to conduct such an evaluation, the parties agree to participate in a neutral case evaluation, we will report that fact, and the date of the evaluation, to the Court.

2. <u>Stipulations</u>. The parties believe they can stipulate to many facts in this case underlying their respective claims and defenses, which will serve to streamline the proceedings in this matter. Therefore, the parties will work together to in an effort to reach agreement on the form and substance of stipulations and will submit same at a later date.

3. <u>Assignment of the case to a Magistrate Judge</u>. The parties do not desire that this matter be assigned to a Magistrate Judge.

4. <u>Joinder of Additional Parties and Amendment of Pleadings</u>. The parties shall file and serve motions to join any additional parties and/or for leave to amend their pleadings not later than **March 15, 2007**.

5. <u>Discovery Schedule</u>. The following dates govern the taking of fact discovery[1], as well as the filing of motions related to discovery, in this matter:

- Discovery cutoff: **August 31, 2007**[2]
- Discovery motions: **October 31, 2007**

6. <u>Scope of Discovery</u>. The parties are limited to 30 interrogatories, including subparts, per side (i.e., those parties related to John C. Flood of Virginia, Inc. are, collectively, entitled to propound 30 interrogatories; likewise, in the event parties are added relating to John C. Flood, Inc., those parties are, collectively, entitled to propound 30 interrogatories). Additionally, the parties are limited to 10 depositions, including experts, per side (applying the same principle with respect to parties related to Flood of Virginia and John C. Flood, Inc., respectively).

7. <u>Dispositive Motions</u>. The parties share the belief that some or all of the claims and defenses at issue in this matter are susceptible of resolution on summary judgment. Dispositive motions, oppositions thereto, and replies in support thereof, should be filed in accordance with the following schedule:

- Dispositive Motions: **December 14, 2007**
- Oppositions: **January 14, 2008**
- Replies (if any): **January 21, 2008**
- Decision on Dispositive Motions: **March 6, 2008**

8. <u>Experts</u>. The parties shall identify and exchange expert reports pursuant to Rule 26(a)(2) 120 days prior to the date the Court sets for trial. Any rebuttal reports shall be exchanged 30 days thereafter. Depositions of expert witnesses should be set within 15 days of

---

[1] Expert discovery is governed by paragraph 8, *infra*.

[2] All depositions must be completed, and written discovery requests propounded, by this date.

service of each expert's rebuttal report, or, if no rebuttal report is filed, within 15 days of the date the rebuttal report was due. The date by which experts shall be deposed is excepted from the discovery schedule set in paragraph 5, above.

9. <u>Bifurcation</u>. It is not yet clear whether monetary relief will be an issue at trial. Therefore, the parties do not formally request bifurcation of the trial at this time. To the extent that any requests for monetary relief remain at issue as of the date of the Pre-Trial conference, the parties propose organizing the trial in phases, so that liability issues will be tried first, and, if, in light of the Court's judgment on liability issues, such proof is necessary, proof relating to and the amount(s) of any monetary relief shall be presented and established thereafter.

10. <u>Pretrial and Trial Dates</u>. The parties agree that the Court should schedule Pretrial and Trial dates as are consistent with the agreed schedule set forth above, and with the Court's own docket and convenience.

11. <u>Proposed Case Management Order</u>. The parties respectfully request that the Court enter a Case Management and Scheduling Order consistent with the foregoing.

Respectfully submitted, jointly, by

**DEFENDANT AND COUNTERCLAIM PLAINTIFF**

By its attorneys:   /s/ Benjamin J. Lambiotte
Benjamin J. Lambiotte
D.C. Bar No. 421288
blambiotte@gsblaw.com
Aaron Knights
D.C. Bar No. 489555
aknights@gsblaw.com
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880

and by

**PLAINTIFF AND COUNTERCLAIM DEFENDANTS**

By their attorneys:   /s/ Stephen J. Zralek
Stephen J. Zralek, Esquire
szralek@bonelaw.com
Bone, McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300

and

Lisa Dunner, Esquire
ldunner@dunnerlaw.com
Dunner Law
1010 Wisconsin Avenue, N.W.
Washington, D.C. 20007
(202) 298-6002