IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC.,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JOHN C. FLOOD, INC.,  )<br>d/b/a JOHN C. FLOOD OF DC, INC.,  )<br>)<br>Defendant.  )<br>_____)<br>)<br>JOHN C. FLOOD, INC.,  )<br>)<br>Counter-Plaintiff,  )<br>)<br>v.  )<br>)<br>JOHN C. FLOOD OF VIRGINIA, INC.,  )<br>JOHN C. FLOOD, INC. (a Virginia  )<br>corporation), JOHN C. FLOOD  )<br>CONTRACTORS, INC., CLINTON HAISLIP  )<br>& JAMES L. SELTZER, JR.,  )<br>)<br>Counter-Defendants and  )<br>Defendants.  )  | Judge Richard J. Leon<br>Case No.: 1:06CV01311<br>Deck Type: General Civil |

---

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**
---

Plaintiff John C. Flood of Virginia, Inc. ("Virginia Flood") respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), to allow amendment of its original Complaint for Trademark Infringement and Unfair Competition (the "Complaint") to add four individual defendants and

{00185799.3}

1

four corporate defendants, as well as two John Doe Company defendants.[1] As grounds for this Motion to Amend, Virginia Flood states as follows:

1. This is a business dispute between two plumbing companies that share the same name, "John C. Flood," and who both seek control over brand identity. The parties used to be business partners, until John C. Flood, Inc. in Maryland ("1984 Flood"), the predecessor company of Defendant John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. ("1996 Flood"), filed bankruptcy in 1991.

2. Virginia Flood's original Complaint states causes of action for trademark infringement in violation of 15 U.S.C. § 1114(1) and unfair competition in violation of 15 U.S.C. § 1125(A) against only one defendant -- 1996 Flood.

3. The Complaint alleges that, among other things, 1996 Flood has used, and is using, Virginia Flood's word mark, JOHN C. FLOOD, and logo mark, JOHN C. FLOOD & Design (together, the "Service Marks") with willful disregard of Virginia Flood's exclusive right to use the service marks and similar variations thereof. See Complaint at ¶ 38.

4. The Complaint also alleges that 1996 Flood "is attempting to pass off its services as if they were Plaintiff [Virginia Flood]'s services or as if they were provided under the authority or with the approval of Plaintiff [Virginia Flood]." See Complaint at ¶ 39.

5. Upon information and belief (and as indicated by the Complaint), certain individuals—Mark Crooks ("Crooks") and Mel Davis ("Davis"), the original incorporators of 1996 Flood's predecessor entity, 1984 Flood, as well as Crooks' daughter and son-in-law, Robert and Joanna Smiley (together, the "Smileys"), the incorporators of 1996 Flood —are acting in

---

[1] Such amendment is within the time agreed by the parties, as set forth in their Supplemental Joint Rule 26(F) Report and Proposed Case Management Order (doc. 23).

{00185799.3}

2

concert with 1996 Flood and other companies to commit the acts complained of in the Complaint.

6. Crooks and Davis have created and continue to operate, and act behind the scenes to create and operate, certain companies that improperly use Virginia Flood's Service Marks and attempt to pass off their services as those of Virginia Flood. The Smileys own and operate (with, upon information and belief, the hidden help of and input from Crooks and Davis) 1996 Flood.

7. More specifically, upon information and belief, Crooks and Davis attempted to hide assets from the bankruptcy court, which court and attendant bankruptcy case already are described in the Complaint. They created numerous additional entities, such as J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC, and JCF Inc., and possibly more, the identities of which Virginia Flood seeks to learn through discovery, all in an effort to evade authorities and keep assets for themselves.

8. In February 1996, Crooks' daughter and son-in-law, Joanna and Robert Smiley, incorporated 1996 Flood. Neither Crooks nor Davis is listed in any official capacity in the corporate records of 1996 Flood, but upon information and belief, they control it from behind the scenes, and continue to reap personal profit from it.

9. Because these four individuals have active roles in the activities that form the bases for Virginia Flood's causes of action, Virginia Flood seeks leave to amend the Complaint to name these four individuals as defendants in the amended Complaint.

10. Furthermore, because these four individuals use certain companies in addition to 1996 Flood — at least J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC and JCF Inc., and possibly others — to facilitate their roles in the activities about which Virginia Flood

complains, Virginia Flood seeks to name J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC and JCF Inc. as defendants in the amended Complaint.

11. Upon information and belief, Virginia Flood expects that discovery will reveal the individual defendants created additional shell companies, the identities of which are presently unknown, to hide assets. Therefore, Virginia Flood seeks to name John Doe Companies 1 and 2 as defendants, as well.

11. Virginia Flood seeks to sue each of the proposed new corporate defendants under the same two causes of action already articulated in the Complaint – Trademark Infringement pursuant to 15 U.S.C. § 1114(1) and Unfair Competition pursuant to 15 U.S.C. § 1125(A) – as well as an additional cause of action, Common Law Infringement and Unfair Competition.

12. Similar to the complaint filed by 1996 Flood, Virginia Flood also proposes that it be allowed to seek a Declaratory Judgment against all defendants, including the proposed new individual defendants, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). This proposed count avers that Crooks, Davis and the Smileys, in their capacities as individuals, have knowingly, wrongfully and without authorization organized and incorporated various entities, including the proposed corporate defendants, and selected as the names and marks of such entities various forms of JOHN C. FLOOD. The proposed Declaratory Judgment count seeks a declaration of Virginia Flood's priority, and a mandate, directed to Crooks, Davis and the Smileys, as individuals, enjoining them from organizing and operating businesses that trade under various forms of JOHN C. FLOOD and use those terms as a mark.

13. The amendment sought will require minimal changes to the Complaint, is within the time for amendments as agreed to by the parties, and will not unduly prejudice the opposing parties.

14. Virginia Flood attaches to this Motion as <u>Exhibit A</u> its proposed Amended Complaint.

**WHEREFORE**, Plaintiff Virginia Flood prays that this Court **GRANT** Virginia Flood's Motion, and allow amendment of the Complaint, pursuant to Fed. R. Civ. Pro. 15(a), to add as named defendants Mark Crooks, Mel Davis, Robert Smiley, Joanna Smiley, J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC, JCF Inc., and John Doe Companies 1 and 2, and to assert the additional causes of action of Common Law Infringement and Unfair Competition and Declaratory Judgment.

Respectfully submitted:

*/s/ Stephen J. Zralek*
_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN 37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com

*Counsel for John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia corporation), John C. Flood Contractors, Inc., and the Individual Defendants, Clinton Haislip & James L. Seltzer, Jr.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 15th day of March 2007.

Benjamin J. Lambiotte, Esq.
Aaron Knights, Esq.
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com