IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Richard J. Leon |
| ) | Case No.: 1:06CV01311 |
| JOHN C. FLOOD, INC., ) | Deck Type: General Civil |
| d/b/a JOHN C. FLOOD OF DC, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| ) | |
| JOHN C. FLOOD, INC., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN C. FLOOD OF VIRGINIA, INC., ) | |
| JOHN C. FLOOD, INC. (a Virginia ) | |
| corporation), JOHN C. FLOOD ) | |
| CONTRACTORS, INC., CLINTON HAISLIP ) | |
| & JAMES L. SELTZER, JR., ) | |
| ) | |
| Counter-Defendants and ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff John C. Flood of Virginia, Inc. ("Virginia Flood") files this memorandum of law in support of its Motion to Amend Complaint (the "Motion"). Virginia Flood moves this Court to allow amendment to the original Complaint (the "Complaint") to add four individual defendants and four corporate defendants, as well as two John Doe company defendants (such amendment to the Complaint constituting the

{00185801.3}

1

"Amended Complaint").  With this amendment, Virginia Flood also adds two new counts: Common Law Infringement and Unfair Competition, and a Declaratory Judgment request.  Virginia Flood's proposed Amended Complaint is attached to the Motion as Exhibit A.

## Operative Facts

In the Complaint, Virginia Flood alleges that among other things, Defendant John C. Flood, Inc., d/b/a John C. Flood of DC, Inc. ("1996 Flood") has used, and is using, Virginia Flood's word mark, JOHN C. FLOOD, and logo mark, JOHN C. FLOOD & Design (together, the "Service Marks") with willful disregard of Virginia Flood's exclusive right to use the marks and similar variations thereof.  See Complaint at ¶ 38.  The Complaint also alleges that 1996 Flood "is attempting to pass off its services as if they were Plaintiff [Virginia Flood]'s services or as if they were provided under the authority or with the approval of Plaintiff [Virginia Flood]."  See Complaint at ¶ 39.  In connection with these allegations, Virginia Flood submits that, upon information and belief, four individuals—Mark Crooks ("Crooks"), Mel Davis ("Davis"), and Crooks' daughter and son-in-law, Joanna and Robert Smiley (together, the "Smileys") — have acted in concert with 1996 Flood, each other, and at least four other companies — J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC and JCF Inc. — to improperly use the Service Marks and to pass off the services of their companies as those of Virginia Flood.

Upon information and belief, Virginia Flood expects that discovery will reveal the individual defendants created additional shell companies, the identities of which are

presently unknown to Virginia Flood, in an effort to hide assets. Therefore, Virginia Flood seeks to name John Doe Companies 1 and 2 as defendants, as well.

Virginia Flood seeks to sue each of the proposed new corporate defendants under the same two causes of action already articulated in the Complaint – Trademark Infringement pursuant to 15 U.S.C. § 1114(1) and Unfair Competition pursuant to 15 U.S.C. § 1125(A) – as well as Common Law Infringement and Unfair Competition.

Similar to the complaint filed by 1996 Flood, Virginia Flood also proposes that it be allowed to seek a Declaratory Judgment against all defendants, including the proposed new individual defendants, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). This proposed count avers that Crooks, Davis and the Smileys, in their capacities as individuals, have knowingly, wrongfully and without authorization organized and incorporated various entities, including the proposed corporate defendants, and selected as the names and marks of such entities various forms of JOHN C. FLOOD. The proposed Declaratory Judgment count seeks a declaration of Virginia Flood's priority, and a mandate, directed to Crooks, Davis and the Smileys, as individuals, enjoining them from organizing and operating businesses that trade under various forms of JOHN C. FLOOD and using those terms as a mark.

## Rule 15 Legal Standard and Argument

A party wishing to amend a pleading after a response has been filed must obtain agreement of the opposing party, or seek leave of court. Fed. R. Civ. P. 15(a). The rule explicitly states that "leave shall be freely given when justice so requires." Id.

The Supreme Court of the United States, commenting on this mandate, has stated "In the absence of any apparent or declared reason—such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). Within these bounds, courts generally favor allowing amendments under Fed. R. Civ. P. 15. See Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989). Further, "while the decision to grant or deny leave to amend is within the trial court's discretion, 'outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (*citing* Forman, 371 U.S. at 182).

No such undue delay, bad faith or dilatory motive can be demonstrated in relation to this request. Virginia Flood respectfully submits that the claims against the proposed new defendants would survive a motion to dismiss. The proposed new defendants already are intricately involved in the substance of this case. The two new causes of action merely mirror 1996 Flood's counterclaim; the Common Law Infringement and Unfair Competition Claim merely provides a non-statutory basis for liability already asserted in the Complaint; and the Declaratory Judgment count merely seeks to enjoin all potential new defendants from organizing and operating businesses that trade under variants of JOHN C. FLOOD and using those terms as a mark, just as 1996 Flood seeks in its counterclaim.

The parties have just begun the process of exchanging paper discovery, with opposing counsel serving its first set of written discovery requests only eight business

days ago. No depositions have yet been taken or even scheduled. The proposed new defendants thus will have sufficient notice of this first amended complaint and the applicable allegations therein, and will have ample time to participate in discovery. The omission of Crooks, Davis, the Smileys, J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC and JCF Inc. as defendants was neither intentional nor in bad faith. Rather, their initial omission merely is the result of Virginia Flood's careful pleading, and the requested amendment is the result of Virginia Flood's ongoing, pre-discovery investigation of the facts in connection with this case.

### **Crooks, Davis, and the Smileys as Individual Defendants**

The proposed amendment does not seek relief against Crooks, Davis, and the Smileys in their capacities as agents of 1996 Flood or the proposed additional corporate defendants. Instead, Virginia Flood asserts that Crooks, Davis, and the Smileys acted in their individual capacities, including organizing and incorporating 1996 Flood and the proposed additional corporate defendants, to infringe upon Virginia Flood's Service Marks and unfairly compete with Virginia Flood.

The proposed Amended Complaint alleges that Crooks, Davis, and the Smileys "acted and are acting in concert" with 1996 Flood and the additional proposed corporate defendants to infringe upon Virginia Flood's Service Marks and to unfairly compete with Virginia Flood. Amended Complaint at ¶ 53. More specifically, the Amended Complaint alleges that Crooks and Davis organized, formed, and/or operate the additional proposed corporate defendants to take advantage of Virginia Flood's Service Marks (and their accompanying recognition among the public) and that they have done so in their individual capacities. See Amended Complaint at ¶¶ 51-53. In addition, the Smileys

continue to operate 1996 Flood to take advantage of Virginia Flood's Service Marks and act in concert with Crooks and Davis—who Virginia Flood alleges operates 1996 Flood behind the scenes—to do so.  See Amended Complaint at ¶ 13.

In its Memorandum of Points and Authorities in Support of John C. Flood, Inc.'s Opposition to Clinton Haislip and James L. Seltzer, Jr.'s Motion to Dismiss Counterclaim, 1996 Flood cited Fed. R. Civ. P. 19(a)(1) and supporting authority for its argument that Counterclaim Defendants Haislip and Seltzer appropriately are included and should remain as parties in 1996 Flood's counterclaim.  Virginia Flood cites Fed. R. Civ. P. 19(a)(1) to the Court for the same reason now.  Further, although Counterclaim Defendants Haislip and Seltzer argued in their Reply to Opposition to Clinton Haislip and James L. Seltzer, Jr.'s Motion to Dismiss Counterclaim (the "Reply") this case is a "dispute between corporations," Virginia Flood reserved its right at that time to "evaluate whether any of the individuals who own and/or control Defendant [1996 Flood] would need to be named as parties in their individual capacities, as well."  Reply at p.2, n.1.  Not only has Virginia Flood's counsel learned of facts since the filing of the Reply that connect Crooks, Davis, and the Smileys to the infringement and unfair competition activities of 1996 Flood, but Virginia Flood's counsel also has learned of such activities and the concert of same in connection with other companies.  Virginia Flood respectfully submits that, given the additional information uncovered since the filing of the Complaint and since the filing of the Reply, the proposed Amended Complaint is appropriate and is urged by the Federal Rules of Civil Procedure, as well as the interests of judicial economy and efficiency.

**Conclusion**

Based upon the foregoing, Virginia Flood respectfully requests that the Court GRANT Virginia Flood's Motion, allowing amendment to the Complaint and ORDER entry of the proposed Amended Complaint.

Respectfully submitted:

/s/ Stephen J. Zralek
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN  37219
(615) 238-6300 – phone
szralek@bonelaw.com

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
ldunner@dunnerlaw.com

*Counsel for John C. Flood of Virginia, Inc., John C. Flood, Inc. (a Virginia corporation), John C. Flood Contractors, Inc., and the Individual Defendants, Clinton Haislip & James L. Seltzer, Jr.*

**CERTIFICATE OF SERVICE**

I certify that I served a copy of this document upon counsel for the Defendant/Counterclaim Plaintiff, via ECF, this 15th day of March 2007.

Benjamin J. Lambiotte, Esq.
Aaron Knights, Esq.
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com

/s/ Stephen J. Zralek

{00185801.3}