**EXHIBIT A—SPECIMEN SUBSTITUTE AMENDED COMPLAINT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC.,** ) | |
| ) | |
|     **6430 General Green Way** ) | |
|     **Alexandria, VA  22312** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Judge Richard J. Leon** |
| ) | **Case No.: 1:06CV01311** |
| **JOHN C. FLOOD, INC., d/b/a JOHN C.** ) | **Deck Type: General Civil** |
| **FLOOD OF DC, INC.,** ) | |
| ) | |
|     **8543-A Edgeworth Drive** ) | |
|     **Capital Heights, MD  20743** ) | |
| ) | |
| **J.C. FLOOD, INC.** ) | |
| ) | |
|     **#1 Azar Court** ) | |
|     **Baltimore, MD  21227** ) | |
| ) | |
| **J.C. FLOOD COMPANY** ) | |
| ) | |
|     **107 Meadow Road** ) | |
|     **P.O. Box 517** ) | |
|     **Riva, MD  21140** ) | |
| ) | |
| **JOHN C. FLOOD OF DC** ) | |
| ) | |
|     **711 Kennedy Street, NW** ) | |
|     **Washington, DC  20011** ) | |
| ) | |
| **JCF INC.** ) | |
| ) | |
|     **711 Kennedy Street, N.W.** ) | |
|     **Washington, DC  20011** ) | |
| ) | |
| **JOHN DOE COMPANIES 1 & 2, and** ) | |
| ) | |
| ) | |
| **MARK CROOKS** ) | |
| ) | |
|     **179 Dividing Court** ) | |
|     **Riva, MD  21012** ) | |
| ) | |

**MEL DAVIS**                                                    )
                                                                )
    **3501 Mobile Court**                   )
    **Davidson, MD  21035**                 )
                                                                )
**ROBERT SMILEY**                                               )
                                                                )
    **107 Meadow Road**                     )
    **P.O. Box 517**                        )
    **Riva, MD  21140**                     )
                                                                )
**JOANNA SMILEY,**                                              )
                                                                )
    **107 Meadow Road**                     )
    **P.O. Box 517**                        )
    **Riva, MD  21140**                     )
                                                                )
    **Defendants.**                         )
_____)
                                                                )
**JOHN C. FLOOD, INC.,**                                        )
                                                                )
    **Counter-Plaintiff,**                  )
                                                                )
**v.**                                                          )
                                                                )
**JOHN C. FLOOD OF VIRGINIA, INC.,**                            )
**JOHN C. FLOOD, INC. (a Virginia**                             )
**corporation), JOHN C. FLOOD**                                 )
**CONTRACTORS, INC., CLINTON HAISLIP**                          )
**& JAMES L. SELTZER, JR.,**                                    )
                                                                )
    **Counter-Defendants and**              )
    **Defendants.**                         )

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

Plaintiff, John C. Flood of Virginia, Inc. ("Virginia Flood"), files this First Amended

Complaint against corporate defendants John C. Flood, Inc., d/b/a John C. Flood of DC, Inc.

("1996 Flood"); J.C. Flood, Inc.; J.C. Flood Company; John C. Flood of DC; JCF Inc.; and John

Doe Companies 1 & 2 (collectively "Corporate Defendants"); individual defendants Mark Crooks; Mel Davis; Robert and Joanna Smiley, in their individual capacities (collectively "Individual Defendants") (Corporate Defendants and Individual Defendants collectively referred to as the "Defendants"), seeking a permanent injunction and monetary damages.  This is an action for: Trademark Infringement in violation of 15 U.S.C. § 1114(1); Unfair Competition in violation of 15 U.S.C. § 1125(a); Common Law Infringement and Unfair Competition; and Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

## I. PARTIES

1.      Plaintiff Virginia Flood is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 6430 General Green Way Alexandria, Virginia  22312.

2.      Defendant 1996 Flood is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business, upon information and belief, at 8543-A Edgeworth Drive, Capital Heights, Maryland  20743.

3.      Defendant J.C. Flood, Inc. is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business, upon information and belief, at #1 Azar Court, Baltimore, MD  21227.

4.      Defendant J.C. Flood Company is a business entity organized and existing under the laws of the State of Maryland, with its principal place of business, upon information and belief, at 107 Meadow Road, P.O. Box 517, Riva, MD  21140.

5.      Defendant John C. Flood of DC is a domestic business corporation organized and existing under the laws of the State of Washington, D.C., with its principal place of business, upon information and belief, at 711 Kennedy Street, NW, Washington, D.C.  20011.

6.      Defendant JCF Inc. is a corporation organized and existing under the laws of the State of Washington, D.C., with its principal place of business, upon information and belief, at 711 Kennedy Street, N.W., Washington, D.C.  20011.

7.      Defendant John Doe Company 1, upon information and belief, is a business offering services or goods and maintaining minimum contacts in the Washington, D.C. metropolitan area, including the District of Columbia.  Upon information and belief, Virginia Flood expects that discovery will reveal that the Individual Defendants created additional shell companies, including John Doe Company 1, the identity of which is presently unknown to Plaintiff/Counter-Defendants, to hide assets.

8.      Defendant John Doe Company 2, upon information and belief, is a business offering services or goods and maintaining minimum contacts in the Washington, D.C. metropolitan area, including the District of Columbia.  Upon information and belief, Virginia Flood expects that discovery will reveal that the Individual Defendants created additional shell companies, including John Doe Company 2, the identity of which is presently unknown to Plaintiff/Counter-Defendants, to hide assets.

9.      Defendant Mark Crooks is an individual resident of the State of Maryland who, upon information and belief, resides at 179 Dividing Court, Riva, MD 21012.

10.      Defendant Mel Davis is an individual resident of the State of Maryland who, upon information and belief, resides at 3501 Mobile Court, Davidson, MD 21035.

11.    Defendant Robert Smiley is an individual resident of the State of Maryland who, upon information and belief, resides at 107 Meadow Road, P.O. Box 517, Riva, MD 21140.

12.    Defendant Joanna Smiley is an individual resident of the State of Maryland who, upon information and belief, resides at 107 Meadow Road, P.O. Box 517, Riva, MD 21140.

13.    Upon information and belief, the Corporate Defendants are controlled by or under the ownership and/or management of Crooks or Davis or the Smileys; are engaged in or related to the plumbing, heating and air conditioning services business in the Washington, D.C. metropolitan area, including the District of Columbia, under various names incorporating the Word Mark and Service Mark, as defined below; use the Word Mark and Service Mark, as defined below; and maintain one or more telephone numbers and/or business premises and/or bank accounts and/or agents in the District of Columbia, and/or offer their goods or services within the District of Columbia via the Internet.

14.    Upon information and belief, the Individual Defendants own and/or control a number of corporations and entities engaged in or related to the plumbing, heating and air conditioning services business in the Washington, D.C. metropolitan area, including the District of Columbia, under various names incorporating the Word Mark and Service Mark, as defined below, including without limitation the Corporate Defendants; and use the Word Mark and Service Mark, as defined below.

## II. VENUE AND JURISDICTION

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 2201(a), and 15 U.S.C. § 1121.   This Court has

supplemental jurisdiction over the subject matter of the common law claims pursuant to 28 U.S.C. § 1367(a).

16.    This Court has both general and specific personal jurisdiction over Defendants, which have had substantial, continuous and systematic contacts with the District of Columbia that approximate physical presence in this district.

17.    Defendants have minimum contacts with the District of Columbia, so as to justify specific jurisdiction, because: (a) each of the Corporate Defendants: (i) is authorized to transact business in the District of Columbia, maintains a place of business in the District of Columbia, and/or is subject to service of process in the District of Columbia; (ii) regularly transacts business in the District of Columbia; (iii) regularly contracts to supply goods and services in the District of Columbia; or (iv) caused tortious injury to Virginia Flood by acts and omissions in and outside the District of Columbia, and regularly does or solicits business, engages in a persistent course of conduct, and derives substantial revenues from goods used or services rendered in the District of Columbia; and (b) each of the Individual Defendants caused tortious injury to Virginia Flood by acts and omissions in and outside the District of Columbia, and regularly does or solicits business, engages in a persistent course of conduct, and derives substantial revenues from goods used or services rendered in the District of Columbia.  Further, collectively Defendants have performed specific acts in this district and have purposefully availed themselves of the privileges of conducting activities in this district; (2) Virginia Flood's claims arise out of, and result from, those acts; and (3) the Court's exercise of jurisdiction over Defendants is reasonable.

18.    Upon information and belief, Defendants have acted to provide and have provided infringing products and services to residents of this district, in unfair competition with Virginia Flood.

19.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because some of the Defendants reside in this judicial district for purposes of the referenced venue statute, those Defendants who do not reside in this district are under common ownership and control with those Defendants who do reside in this district for purposes of venue, and because a substantial part of the events or omissions giving rise to the claims have occurred in this district.

### III. FACTS

### A.  Virginia Flood Established in 1989

20.    In 1984, two gentlemen, named Mel Davis and Mark Crooks, incorporated a corporation known as "John C. Flood, Inc." (not Defendant 1996 Flood) under the laws of Maryland (hereinafter "1984 Flood").  At that time, 1984 Flood began using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

21.    In 1989, Davis and Crooks incorporated Virginia Flood under the laws of Virginia.  At that time, Virginia Flood began using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

22.    As of November 8, 1989, Virginia Flood was owned evenly between Davis and Crooks, who collectively owned 50% interest, and two other gentlemen, Clinton Haislip and James Seltzer, who owned the other 50% interest.

23.    Since its inception in 1989, Virginia Flood has continuously used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

### B.  1984 Flood Abandons Use of JOHN C. FLOOD and/or Similar Variations Thereof

24.    On or about June 21, 1991, Davis, Crooks, and their wives, as well as 1984 Flood, filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, in a consolidated case styled In re John C. Flood, Inc., Case No. 91-43011-SD.

25.    A Trustee was appointed on March 22, 1993.  Since 1984 Flood was no longer a going concern, the case was converted to a proceeding under Chapter 7 on September 21, 1993.

### C.  Virginia Flood's Continuous Use of JOHN C. FLOOD and/or Similar Variations Thereof

26.    Upon information and belief, Virginia Flood, Haislip and Seltzer filed claims in the consolidated bankruptcy cases against 1984 Flood, Davis and Crooks in the liquidated amount of approximately $100,000.00, in addition to other unspecified and unliquidated amounts.

27.    On or about March 29, 1995, the bankruptcy Trustee reached an agreement with Virginia Flood, Haislip and Seltzer whereby the Trustee sold Crooks' and Davis' remaining 50% interest in Virginia Flood, including JOHN C. FLOOD and/or similar variations thereof and the goodwill symbolized thereby, to Haislip and Seltzer in exchange for their agreement to release and assign to the Trustee all claims, causes of action and disputes they had with respect to the consolidated bankruptcy cases.

28.    From and after March 29, 1995, Haislip and Seltzer, not Davis and Crooks, owned and controlled 100% of Virginia Flood, including JOHN C. FLOOD and/or similar variations thereof and the goodwill symbolized thereby.

29.    Since March 29, 1995, to and including the present date, Virginia Flood has been controlled by Haislip and Seltzer, and, subject to their control, has used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

30.    Virginia Flood's use of JOHN C. FLOOD and/or similar variations thereof and the goodwill symbolized thereby has inured exclusively to its benefit.

### D.  Defendant 1996 Flood Established On or After February 20, 1996

31.    Upon information and belief, the Trustee and Receiver filed a motion authorizing the private sale of the stock and certain assets of 1984 Flood on approximately October 11, 1995. Specifically included among the assets to be sold were JOHN C. FLOOD, INC. and FLOOD, INC. and any goodwill that may have been symbolized thereby.  The Trustee and Receiver's motion sought approval of the sale of the aforementioned assets to Robert and Joanna Smiley (the "Smileys"), the present owners of 1996 Flood.

32.    At the time the Trustee and Receiver attempted to sell JOHN C. FLOOD, INC. and FLOOD, INC. to 1996 Flood, 1984 Flood had no interest or control in the use of JOHN C. FLOOD and/or similar variations thereof.

33.    At the time the Trustee and Receiver attempted to sell JOHN C. FLOOD, INC. and FLOOD, INC. to 1996 Flood, 1984 Flood was no longer using JOHN C. FLOOD and/or similar variations thereof and, as a consequence, any goodwill that may have been symbolized thereby had been destroyed by 1984 Flood's abandonment and nonuse of the same.

34.    Despite the facts stated in the immediately preceding paragraphs, and despite the fact that Virginia Flood, Haislip and Seltzer owned the exclusive right to use all tangible and intangible assets of Virginia Flood, including but not limited to the right to use JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others, 1996 Flood and the Smileys received a Bill of Sale for JOHN C. FLOOD, INC. and FLOOD, INC. and any goodwill symbolized thereby on February 20, 1996.

35.    Upon information and belief, the Smileys incorporated 1996 Flood under the laws of Maryland in about February 1996, nearly one year after Haislip and Seltzer assumed 100% control over all the assets of Virginia Flood.

### E. Virginia Flood Alone Entitled to Use and Register JOHN C. FLOOD and/or Similar Variations Thereof

36.    After Davis and Crooks transferred their interest in Virginia Flood to Haislip and Seltzer on March 29, 1995, neither David and Crooks nor 1984 Flood had any interest or control in the use of JOHN C. FLOOD and/or similar variations thereof in connection with plumbing, heating, and air conditioning services.

37.    Upon information and belief, 1984 Flood was no longer a going concern after June 21, 1991.

38.    Upon information and belief, 1984 Flood was no longer using JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others after March 29, 1995.

39.    Believing no other person, firm, corporation or association other than Virginia Flood had a superior right to use JOHN C. FLOOD and/or similar variations thereof in commerce, Virginia Flood submitted an application to the U.S. Patent and Trademark Office on

March 23, 1999, based on its use of the mark JOHN C. FLOOD, INC. (the "Word Mark") in connection with services in the nature of plumbing, installation, repair and maintenance of heating equipment, installation and repair of air conditioning apparatus and electrical contracting since at least as early as 1989. The application was assigned Serial Number 75/665,434.

40.    Believing no other person, firm, corporation or association other than Virginia Flood had a superior right to use JOHN C. FLOOD and/or similar variations thereof in commerce, Virginia Flood submitted an application to the U.S. Patent and Trademark Office on March 23, 1999, based on its use of the mark JOHN C. FLOOD & Design (the "Logo Mark") in connection with services in the nature of plumbing, installation, repair and maintenance of heating equipment, installation and repair of air conditioning apparatus and electrical contracting since at least as early as 1989. The application was assigned Serial Number 75/665,433.

41.    The U.S. Patent and Trademark Office granted registration to both marks. On April 25, 2000, a registration for the Word Mark was issued. The registration was assigned Registration No. 2,345,161. On June 6, 2000, a registration for the Logo Mark was issued. The registration was assigned Registration No. 2,355,004.

42.    Pursuant to 15 U.S.C. § 1057(b), the certificates of registration that Virginia Flood obtained constitute *prima facie* evidence of the validity of the marks set forth thereon, of Virginia Flood's ownership of the marks set forth thereon, and of Virginia Flood's exclusive right to use the marks set forth thereon in commerce on or in connection with the goods or services specified in the certificates.

43.    When used to identify Virginia Flood's plumbing, heating, and air conditioning business and distinguish it from those of others, JOHN C. FLOOD and/or similar variations thereof are inherently distinctive and not merely descriptive or generic.

{00186274.6}

11

44.    Upon information and belief, JOHN C. FLOOD is not the name of a living person.

45.    Virginia Flood has developed substantial goodwill and commercial value in JOHN C. FLOOD and/or similar variations thereof.

46.    Virginia Flood and Defendants compete directly for the same customers in the same geographic region in the same lines of trade and business, and advertise and promote their businesses in the same channels of trade.

## G.  Defendants' Unlawful Acts

47.    Upon information and belief, Defendants commenced using JOHN C. FLOOD and/or similar variations thereof to identify their plumbing, heating, and air conditioning business on or after approximately February 20, 1996, which is well after Virginia Flood commenced using JOHN C. FLOOD and/or similar variations thereof.

48.    Virginia Flood has not consented to Defendants' use of JOHN C. FLOOD and/or similar variations thereof.

49.    Upon information and belief, Defendants have used JOHN C. FLOOD and/or similar variations thereof, despite actual and/or constructive notice, and in willful disregard of Virginia Flood's exclusive right to use JOHN C. FLOOD and/or similar variations thereof.

50.    Upon information and belief, Defendants are attempting to pass off its services as if they were Virginia Flood's services or as if they were provided under the authority or with the approval of Virginia Flood.

51.    As a result of Defendants' wrongful conduct, Virginia Flood has sustained substantial injury, loss and damage to its rights in JOHN C. FLOOD and/or similar variations thereof.

52.    The natural, probable and foreseeable result of Defendants' wrongful conduct has been, and will continue to be, to deprive Virginia Flood of the benefits of the goodwill and commercial value associated with the exclusive use of JOHN C. FLOOD and/or similar variations thereof.

53.    Despite Defendants' commencing use of JOHN C. FLOOD and/or similar variations thereof after Virginia Flood in 2005, 1996 Flood requested the cancellation of Registration No. 2,345,161 and Registration No. 2,355,004.


## IV. CAUSES OF ACTION

### A.  Trademark Infringement in Violation of 15 U.S.C. § 1114(1)
### (Against All Corporate Defendants)

54.    Virginia Flood incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

55.    Since its inception in 1989, Virginia Flood has continuously used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

56.    Virginia Flood's use of such names and marks predates and is senior to use of JOHN C. FLOOD, and similar names and marks by each of the Corporate Defendants.

57.    Since the incorporation of 1996 Flood in 1996, Corporate Defendants have used and continue to use JOHN C. FLOOD and/or similar variations thereof in connection with the sale, offering for sale, distribution, and advertising of Corporate Defendants' services, and such use is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection or association of Corporate Defendants with Virginia Flood, or as to the origin of

Corporate Defendants' services, or as to sponsorship or approval by Virginia Flood of Corporate Defendants' services or commercial activities, in violation of 15 U.S.C. § 1114(1).

58.    Corporate Defendants have used and continue to use JOHN C. FLOOD and/or similar variations thereof with knowledge and intent that such use cause confusion, or cause mistake or deceive the public.

59.    Because of Corporate Defendants' acts and threatened acts of trademark infringement, Virginia Flood has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in JOHN C. FLOOD and/or similar variations thereof.

60.    Because of Corporate Defendants' acts and threatened acts of trademark infringement, Corporate Defendants have obtained, and will continue to obtain, gains, profits and advantages to which they are not in equity or in good conscience entitled, and which have unjustly enriched Corporate Defendants.

61.    Virginia Flood will suffer irreparable harm because of Corporate Defendants' conduct, and Virginia Flood is without an adequate remedy at law.  Virginia Flood is entitled, pursuant to 15 U.S.C. § 1116(a), to an injunction restraining Corporate Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of trademark infringement.

62.    Virginia Flood is also entitled, pursuant to 15 U.S.C. § 1117(a), to recover from Corporate Defendants the damages sustained by Virginia Flood as a result of Corporate Defendants' trademark infringement, the gains, profits and advantages that Corporate Defendants have obtained as a result of its acts of trademark infringement, and full costs and reasonable attorneys' fees incurred by Virginia Flood in this action.

63.    Virginia Flood is further entitled, in light of the exceptional circumstances of this case, to a sum above the amount of actual damages, and gains, profits and advantages determined pursuant to 15 U.S.C. § 1117(a), not exceeding three times their amount.

### B. Unfair Competition in Violation of 15 U.S.C. § 1125(A)
### (Against All Corporate Defendants)

64.    Virginia Flood incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

65.    Corporate Defendants' use of JOHN C. FLOOD and/or similar variations thereof is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Corporate Defendants with Virginia Flood, or as to the origin of Corporate Defendants' services, or as to sponsorship or approval by Virginia Flood of Corporate Defendants' services or commercial activities, in violation of 15 U.S.C. § 1125(a)(1).

66.    Because of Corporate Defendants' acts and threatened acts of unfair competition, Virginia Flood has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in JOHN C. FLOOD and/or similar variations thereof.

67.    Because of Corporate Defendants' acts and threatened acts of unfair competition, Corporate Defendants have obtained, and will continue to obtain, gains, profits and advantages to which they are not in equity or in good conscience entitled, and which have unjustly enriched Corporate Defendants.

68.    Virginia Flood will suffer irreparable harm because of Corporate Defendants' conduct, and Virginia Flood is without an adequate remedy at law.  Virginia Flood is entitled to an injunction restraining Corporate Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of unfair competition.

**69.**    Virginia Flood is also entitled, pursuant to 15 U.S.C. § 1125(a)(1), to recover from Corporate Defendants the damages sustained by Virginia Flood as a result of Corporate Defendants' acts of unfair competition, and the gains, profits and advantages that Corporate Defendants have obtained as a result of such acts.

### C.  Common Law Service Mark Infringement and Unfair Competition (Against All Corporate Defendants)

70.    Virginia Flood incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

71.    Since its inception in 1989, Virginia Flood has continuously used JOHN C. FLOOD and/or similar variations thereof to identify its plumbing, heating, and air conditioning business and distinguish it from those of others.

72.    Virginia Flood's use of such names and marks predates and is senior to use of JOHN C. FLOOD, and similar names and marks of each of the Corporate Defendants.

73.    Since the incorporation of 1996 Flood in 1996, Corporate Defendants have used and continue to use JOHN C. FLOOD and/or similar variations thereof in connection with the sale, offering for sale, distribution, and advertising of Corporate Defendants' services, and such use is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection or association of Corporate Defendants with Virginia Flood, or as to the origin of Corporate Defendants' services, or as to sponsorship or approval by Virginia Flood of Corporate Defendants' services or commercial activities.

74.    Corporate Defendants have used and continue to use JOHN C. FLOOD and/or similar variations thereof with knowledge and intent that such use causes confusion, or causes mistake or deceives the public.  Such conduct constitutes an infringement of Virginia Flood's common law rights in its JOHN C. FLOOD Word Mark and Logo Mark, and unfair competition,

{00186274.6}

which infringement and unfair competition is, and was, willful, deliberate, intentional, and/or in bad faith.

75.    Because of Corporate Defendants' acts and threatened acts of trademark infringement, Virginia Flood has sustained and will continue to sustain substantial injury, loss and damage to its ownership interest in JOHN C. FLOOD and/or similar variations thereof.

76.    Because of Corporate Defendants' acts and threatened acts of trademark infringement, Corporate Defendants have obtained, and will continue to obtain, gains, profits and advantages to which they are not in equity or in good conscience entitled, and which have unjustly enriched Corporate Defendants.

77.    Virginia Flood will suffer irreparable harm because of Corporate Defendants' conduct, and Virginia Flood is without an adequate remedy at law.  Virginia Flood is entitled to an injunction restraining Corporate Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of trademark infringement.

### D.  Declaration of Virginia Flood's Priority Over All Defendants, And Its Rights to Registration (Against All Defendants)

78.    Virginia Flood incorporates the factual allegations set forth in the preceding paragraphs as if the same were fully written herein.

79.    Each of the Corporate Defendants, under the direction and control of the Individual Defendants are, upon information and belief, continuing to promote and advertise goods and services under the disputed name and marks.  Further, the Individual Defendants have established and control multiple entities incorporating in their name the terms JOHN C. FLOOD, and are believed to continue to establish new organizations, all of which offer services identical or similar to those offered by Virginia Flood.

{00186274.6}

80.    Declaration of the parties' rights in respect of priority and exclusivity of rights of usage, and rights to registration, will avoid continuing uncertainty and irreplaceable harm that would result to Virginia Flood from the Corporate Defendants' continuing use and registration of the disputed name and marks in competition with Virginia Flood.

81.    The Individual Defendants have knowingly, wrongfully and without authorization organized and incorporated various entities, including the Corporate Defendants, some of whose identities have not yet been discovered, and selected as the names and marks of such entities various forms of JOHN C. FLOOD.   Virginia Flood also seeks a declaration establishing Virginia Flood's priority, and a mandate, directed to the Individuals Defendants, as individuals, enjoining them from organizing and operating businesses and entities that trade under various forms of JOHN C. FLOOD and use those terms as a mark.


## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Virginia Flood hereby respectfully requests this Honorable Court to enter judgment in its favor, adjudging, decreeing, and ordering:

1.    That proper process issue and be served upon all Defendants;

2.    That at the conclusion of the trial in this matter, this Court issue a declaration establishing Virginia Flood's priority, and a mandate, directed to the Individuals Defendants, as individuals, enjoining them from organizing and operating businesses and entities that trade under various forms of JOHN C. FLOOD and using those terms as a mark;

3.    That at the conclusion of the trial in this matter, this Court issue a permanent injunction, enjoining 1996 Flood, its officers, directors, agents, employees, representatives and all persons acting in concert with it, to withdraw its petitions to cancel Registration No.

2,345,161 and Registration No. 2,355,004 with prejudice, and that no Defendant in any way, directly or indirectly, do or cause to be done any act or thing contesting or in any way impairing or tending to impair Virginia Flood's exclusive right, title and interest in and to JOHN C. FLOOD and/or similar variations thereof, as well as any application or registration therefor;

4.    That the Court declare, adjudge, and decree that Virginia Flood has priority of usage over each and every one of the Corporate Defendants, and the exclusive right to use and register in connection with plumbing, heating, electrical, air conditioning, or remodeling or construction services, the trade name and service mark JOHN C. FLOOD, and all other names and marks similar to JOHN C. FLOOD, which, by colorable imitation or otherwise, are likely to cause confusion, mistake, or to deceive, and that no Corporate Defendant has the right to use or register, and enjoining each of them from so using, registering, or attempting to register, any of the same, and from interfering with or obstructing Virginia Flood's use and registration of the same;

5.    That the Court further order, adjudge, and decree that each of the Corporate Defendants, and all of their subsidiaries, affiliates, licensees, successors, assigns, divisions, agents, servants, and employees, and all those in active concert or participation with the Corporate Defendants who receive actual notice of such judgment directly or otherwise, and each of them, be preliminarily and permanently enjoined and restrained from infringing Virginia Flood's tradenames and service marks JOHN C. FLOOD and other marks derived therefrom, whether registered or not, and specifically from:

(A)    Directly or indirectly using or displaying, throughout the United States and the world, the terms JOHN C. FLOOD, JOHN C. FLOOD CONTRACTORS, www.johncfloodinc.com, or any other mark, words, Uniform Resource Locator or

Internet address, name or device, similar to the JOHN C. FLOOD name and marks, which, by colorable imitation or otherwise, are likely to cause confusion, mistake, or to deceive, in connection with plumbing, heating, electrical, air conditioning, or remodeling or construction services in the Washington, D.C. metropolitan area, or in connection with any goods or services related to the goods and services now offered or to be offered by Virginia Flood;

(B)    Promoting, advertising, marketing, distributing, selling, or offering for sale, throughout the United States and the world, any plumbing, heating, electrical, air conditioning, or remodeling or construction services in the Washington, D.C. metropolitan area, using or displaying the terms JOHN C. FLOOD, FLOOD, www.johncfloodinc.com, or any other mark, words, Uniform Resource Locator or Internet address, name or device similar to Virginia Flood's name and mark, which, by colorable imitation or otherwise, is likely to cause confusion, mistake, or to deceive in any manner;

6.    That the Court further order, adjudge, and decree that the Corporate Defendants, at their expense, place advertisements in all publications in any and all media in which they have placed advertising promoting awareness of JOHN C. FLOOD, and post on all World Wide Web sites which any and all of the Corporate Defendants operate, control, or on which they advertise, a statement acknowledging Virginia Flood's rights in and to the JOHN C. FLOOD name and marks, disclaiming any affiliation, source or sponsorship by Virginia Flood of any goods or services offered or advertised by any of them, and announcing that the Corporate Defendants are changing their name; and that the Corporate Defendants, at their expense, conduct such remedial advertising, in such nature, form, frequency, and media outlets, as the Court may deem necessary

and sufficient to redress the harm caused to Virginia Flood by and as a result of the Corporate Defendants' illegal acts herein alleged;

7.      That the Court further order, adjudge, and decree that the Corporate Defendants, and all subsidiaries, affiliates, licensees, successors, assigns, divisions, agents, servants, and employees, and all those in active concert or participation with Corporate Defendants who receive actual notice of such judgment directly or otherwise, and each of them, account for and deliver up for destruction all materials which use or display the term JOHN C. FLOOD, or any other mark, words, name or device, similar to the JOHN C. FLOOD name and mark, which, by colorable imitation or otherwise, is likely to cause confusion, mistake, or to deceive, in any manner;

8.      That the Court further order, adjudge, and decree that the Corporate Defendants, jointly and severally, pay over to Virginia Flood a sum of money equal to:

(A)     A sum equal to all of the profits, gains, and advantages derived by the Corporate Defendants, and their subsidiaries, affiliates, licensees, successors, assigns, and divisions, by reason of their infringement of Virginia Flood's trade names and service marks, in an amount to be determined at trial, plus an additional amount, not to exceed three times such sum, as provided by Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)); and/or

(B)     Any and all damage and loss sustained by Virginia Flood as a result of their infringement of Virginia Flood's trade names and service marks, in an amount to be determined at trial, plus an additional amount, not to exceed three times such sum, as provided by Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)); and/or

(C)     The costs of remedial advertising;

(D)     Costs of this action, as allowed by law; and

(E)     Reasonable attorneys fees incurred by Virginia Flood; and

(F)     Prejudgment interest on all amounts awarded at the lawful rate from the date of the infringement use to the date of judgment; and

9.     That the Court further order, adjudge, and decree such other and further relief in favor of Virginia Flood as the Court may deem appropriate in the circumstances of this case.

Respectfully submitted:

_____
Stephen J. Zralek, *appearing pro hac vice*
**BONE McALLESTER NORTON PLLC**
511 Union Street, Suite 1600
Nashville, TN  37219
(615) 238-6300 – phone
(615) 238-6301 – facsimile
szralek@bonelaw.com

and

Lisa Dunner, DC Bar # 452004
**DUNNER LAW**
1010 Wisconsin Ave., N.W.
Washington, DC 20007
(202) 298-6002 – phone
(202) 403-3030 – facsimile
ldunner@dunnerlaw.com

*Counsel for John C. Flood of Virginia, Inc.,*
*John C. Flood, Inc. (a Virginia corporation),*
*John C. Flood Contractors, Inc., and the*
*Individual Defendants, Clinton Haislip &*
*James L. Seltzer, Jr.*

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon the following opposing counsel, via ECF, this 26th day of March 2007:

Benjamin J. Lambiotte, Esq.
Aaron Knights, Esq.
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D. C. 20007
(202) 965-7880
blambiotte@gsblaw.com

_____

{00186274.6}

23