IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. FLOOD OF VIRGINIA, INC., et al.    )
    )
    Plaintiffs and Counter-Defendants,    )
    )
v.    )    Judge Richard J. Leon
    )    Case No.: 1:06CV01311
JOHN C. FLOOD, INC., et al.    )    Deck Type:  General Civil
    )
    Defendants and Counter-Plaintiffs.    )

---

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT/COUNTERPLAINTIFF JOHN C. FLOOD, INC. AND OF ADDITIONAL DEFENDANTS TO FIRST AMENDED COMPLAINT OF PLAINTIFF/COUNTERDEFENDANT JOHN C. FLOOD OF VIRGINIA, INC.

---

Pursuant to Rules 8(b), 12, 17, 20, and 21 of the Federal Rules of Civil Procedure,

Corporate Defendant and Counterclaim Plaintiffs, John C. Flood, Inc. and John C. Flood of DC,

Inc. (collectively, "1996 Flood Corporations"), Individual Defendants Mark Crooks ("Crooks"),

Mel Davis ("Davis"), and Robert and Joanne Smiley[1] ("Smileys") (collectively, "1996 Flood

Individuals"), and J.C.F., Inc., J.C. Flood Company, J.C. Flood, Inc., and John Doe Companies

1 & 2 ("Additional Named Defendants") by their undersigned counsel, answers Plaintiff John C.

Flood of Virginia, Inc.'s ("Virginia Flood") First Amended Complaint ("FAC"), and asserts the

following affirmative defenses.

I.    **PARTIES**

    1.    Defendants admit the averments of Paragraph 1.

    2.    Defendants deny that businesses named "J.C. Flood, Inc.," "J.C. Flood

Company," "John C. Flood of DC," "JCF, Inc." and "John Doe Companies 1&2" exist and are

---

[1] Virginia Flood misidentified Ms. Smiley as "Joanna" Smiley. Her name is actually Joanne Smiley and she shall
be so identified in this Answer.

attributable to 1996 Flood Corporations or 1996 Flood Individuals, and admit the remaining averments of Paragraph 2.[2]

3.      Defendants deny the averments of Paragraph 3.

4.      Defendants deny the averments of Paragraph 4.

5.      Defendants deny that Washington, D.C. is a "State." Defendants admit the remaining averments in Paragraph 5.

6.      Defendants deny that a corporation named "JCF, Inc." is organized and existing, and is attributable to 1996 Flood Corporations or 1996 Flood Individuals. Defendants admit that J.C.F., Inc. was a Maryland corporation formed in 1992. On information and belief, J.C.F., Inc. last existed and was active during the bankruptcy case of the corporation denominated by the parties as 1984 Flood, and at that time, did business or traded under the names J.C. Flood Company and J.C. Flood. In 1995, J.C.F., Inc., JC Flood Company, J.C. Flood, and all assets used by it/them, were brought under the exclusive control and supervision of a receiver appointed by the U.S. Bankruptcy Judge in that case on the motion of the bankruptcy Trustee, and thereafter, such assets became part of the bankruptcy estate in that case. On information and belief, J.C.F., Inc., J.C. Flood Company, and J.C. Flood ceased operations at that time, and its/their assets were thereafter owned and controlled by the bankruptcy estate and receiver, and consolidated into entities, including, *inter alia,* John C. Flood of D.C., Inc., whose stock was purchased by Robert and Joanne Smiley. Defendants deny the remaining averments of paragraph 6.

7.      Defendants deny the averments of Paragraph 7.

8.      Defendants deny the averments of Paragraph 8.

---

[2] As set forth in Paragraph 6 hereof, several of the entities named in Virginia Flood's First Amended Complaint (other than the John C. Flood of DC, Inc.) are long defunct, inactive and have transacted no business anywhere for many years, including the District of Columbia, contrary to the allegations of the Plaintiff.

9.      Crooks admits the averments of Paragraph 9.

10.      Davis admits that he is an individual resident of the State of Maryland, but denies the remaining averments of Paragraph 10.

11.      Robert Smiley admits that he is an individual resident of the State of Maryland, but denies the remaining averments of Paragraph 11.

12.      Joanne Smiley admits that she is an individual resident of the State of Maryland, but denies the remaining averments of Paragraph 12.

13.      Defendants admit that 1996 Flood Corporations (but not the Additional Named Defendants) are controlled by or under the ownership and/or management of the Smileys; Defendants admit that 1996 Flood Corporations (but not the additional Named Defendants) are engaged in or related to the plumbing, heating and air conditioning services business in the Washington, D.C. metropolitan area, including the District of Columbia, that 1996 Flood Corporations (but not the Additional Named Defendants) maintain a "business premises," "one or more telephone numbers, one or more bank accounts and/or agents" within the District of Columbia, and/or offer goods or services in the District of Columbia via the Internet. Defendants deny the remaining averments of Paragraph 13.

14.      Defendants admit the Smileys own and/or control 1996 Flood Corporations; Defendants admit that 1996 Flood Corporations are engaged in or related to the plumbing, heating and air conditioning services in the Washington, D.C. metropolitan area, including in the District of Columbia. 1996 Flood Corporations denies the remaining averments of Paragraph 14.

## II.   VENUE AND JURISDICTION

15.      Defendants admit that this Court has subject matter jurisdiction of Plaintiff's action on the grounds averred in Paragraph 15.

16.    Defendants state that Paragraph 16 contains legal conclusions to which no response is required, but admit that:  this Court may lawfully exercise personal jurisdiction over 1996 Flood Corporations and on the declaratory relief claims set out in the FAC, over the 1996 Individual Defendants; and that 1996 Flood Corporations and the 1996 Individual Defendants, for purposes of the declaratory relief claims against them, have had substantial, continuous and systematic contacts with the District of Columbia.  Defendants deny the remaining averments of Paragraph 16.  To the extent that they have any capacity to appear, respond, and be joined to this action, which they do not admit or concede, the Additional Named Defendants deny all the averments of Paragraph 16 as to them.

17.    Defendants state that Paragraph 17 contains legal conclusions as to which no response is required, but admit that:  (i) the 1996 Flood Corporations are authorized to transact business in the District of Columbia; (ii) John C. Flood of D.C., Inc., maintains a place of business in the District of Columbia; (iii) the 1996 Flood Corporations and the 1996 Flood Individuals (acting on behalf and in their capacity as agents for the 1996 Flood Corporations), regularly transact business in the District of Columbia; regularly contract to supply goods and services in the District of Columbia, regularly do or solicit business, engage in a persistent course of conduct and derive substantial revenues from, goods used or services rendered, in the District of Columbia, have performed specific acts in, and have purposefully availed themselves of the privileges of conducting activities in the District of Columbia; and (iv) that the Court's exercise of jurisdiction over the 1996 Flood Corporations and, for purposes of the declaratory relief claims pleaded against them, the 1996 Flood Individuals, is reasonable.  The remaining averments of Paragraph 17 are denied.  To the extent that they may appear, respond, and be joined properly to this action, which they do not admit or concede, the Additional Named Defendants deny all the averments of Paragraph 17 as to them.

18.     Defendants deny the averments of Paragraph 18.

19.     Defendants admit that the district is a proper venue for this action, but otherwise deny the averments of Paragraph 19.

## III.    FACTS

20.     Defendants admit the averments of Paragraph 20.

21.     Defendants admit that Davis and Crooks incorporated Virginia Flood in 1989 in Virginia, and that Virginia Flood at that time began using a variation similar to JOHN C. FLOOD, to identify and distinguish from competitors (other than John C. Flood, Inc., the Maryland corporation then also controlled by Davis and Crooks), the plumbing, heating, and air conditioning business conducted by the then-related companies John C. Flood, Inc. and John C. Flood of Virginia, Inc., under the common ownership and control of Davis and Crooks. The remaining averments of Paragraph 21 are denied.

22.     Defendants admit that at some point Virginia Flood was owned evenly between Davis and Crooks, who collectively owned a 50% interest and Clinton Haislip ("Haislip") and James Seltzer ("Seltzer"), who collectively owned the other 50% interest, and deny the remaining averments of Paragraph 22.

23.     Defendants deny that Virginia Flood has continuously used JOHN C. FLOOD since its inception in 1989 to identify its plumbing, heating, and air conditioning business, and denies that it so used those terms to distinguish its business from the business of its then-affiliate, John C. Flood, Inc. Defendants admit that Virginia Flood in 1989 used a similar variation of that term to identify and distinguish Virginia Flood's business from businesses other than the affiliated John C. Flood, Inc., and related companies, then under Davis' and Crooks' common control.

24.     Defendants admit that Davis, Crooks, their wives, as well as 1984 Flood, filed petitions for relief under the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, and that those cases were consolidated into a case styled *In re John C. Flood*, Case No. 91-43011-SD, but deny the remaining averments of Paragraph 24. Although alleged in a subheading, and not a separately-numbered paragraph, Defendants further deny that John C. Flood, Inc. abandoned use of JOHN C. FLOOD at any time.

25.     Defendants admit that a Trustee was appointed on March 23, 1993, and that the case was converted to a Chapter 7 case, but deny the remainder of the averments of Paragraph 25.

26.     Defendants lack present knowledge and information as to the truth of the averments of Paragraph 26 and, accordingly, deny the same. Although alleged in a subheading, and not a separately-numbered paragraph, Defendants further deny Virginia Flood continuously used JOHN C. FLOOD or similar variations thereof.

27.     Defendants admit that on or about March 29, 1995, Haislip and Seltzer purchased Crooks' and Davis' outstanding interest in Virginia Flood, but deny the remaining averments of Paragraph 27.

28.     Defendants admit that from and after March 29, 1995, Haislip and Seltzer, not Crooks and Davis, owned the controlling interest in Virginia Flood, but deny the remaining averments of Paragraph 28.

29.     Defendants deny that Virginia Flood has continuously used JOHN C. FLOOD and similar variations since March 29, 1995, to and including the present to identify its plumbing, heating, and air conditioning business and to distinguish it from others, as averred in Paragraph 29.

30.     Defendants deny the averments of Paragraph 30.

- 6 -

31.     Defendants admit the averments of Paragraph 31. Although alleged in a subheading, and not a separately-numbered paragraph, Defendants admit that the Smileys incorporated John C. Flood, Inc. under the laws of Maryland in or about 1996, and that this was after Haislip and Seltzer obtained a controlling interest in Flood of Virginia, but deny that 1996 Flood Corporations were first established on or after February 20, 1996.

32.     Defendants deny the averments of Paragraph 32.

33.     Defendants deny the averments of Paragraph 33.

34.     Defendants admit that 1996 Flood Corporations and the Smileys obtained a Bill of Sale for JOHN C. FLOOD and FLOOD, INC. and any goodwill symbolized thereby on or about February 20, 1996, but deny the remaining averments of Paragraph 34.

35.     Defendants admit that the Smileys incorporated John C. Flood, Inc. under the laws of Maryland in or about 1996, and that this was after Haislip and Seltzer obtained a controlling interest in Virginia Flood, but denies the remaining averments of Paragraph 35.

36.     Defendants deny the averments of Paragraph 36. Although alleged in a subheading, and not a separately-numbered paragraph, Defendants further deny that Virginia Flood is entitled to use and register JOHN C. FLOOD and similar variations thereof.

37.     Defendants deny the averments of Paragraph 37.

38.     Defendants deny the averments of Paragraph 38.

39.     Defendants deny the averments of Paragraph 39 as to the belief of Virginia Flood at the time it submitted the referenced application.

40.     Defendants deny the averments of Paragraph 40 as to the belief of Virginia Flood at the time it submitted the referenced application.

41.     Defendants admit the averments of Paragraph 41.

42.     Defendants state that Paragraph 42 contains legal conclusions as to which no response is required, but this notwithstanding, denies the averments of Paragraph 42.

43.     Defendants admit that the term JOHN C. FLOOD is not merely descriptive or generic when used to identify and distinguish plumbing, heating, and air conditioning services. The remaining averments of Paragraph 43 are denied.

44.     Defendants lack knowledge or information as to the truth of the averments of Paragraph 44 and, accordingly, deny the same.

45.     Defendants deny the averments of Paragraph 45.

46.     Defendants admit the averments of Paragraph 46.

47.     Defendants deny the averments of Paragraph 47.  Although alleged in a subheading, and not in a separately-numbered paragraph, Defendants further deny that it has acted unlawfully.

48.     Defendants deny the averments of Paragraph 48.

49.     Defendants deny the averments of Paragraph 49.

50.     Defendants deny the averments of Paragraph 50.

51.     Defendants deny the averments of Paragraph 51.

52.     Defendants deny the averments of Paragraph 52.

53.     Defendants admit that, in 2005, it filed a Petition for Cancellation of the registrations referenced in Paragraph 53 before the United States Patent and Trademark Office Trademark Trial and Appeal Board.  Defendants deny the remaining averments of Paragraph 53.

IV.    **CAUSES OF ACTION**

    A.    **Trademark Infringement in Violation of 15 U.S.C. § 1114(1)**
         **(Against 1996 Flood Corporations)**

    54.    Defendants incorporate their responses to the averments of Paragraphs 1 through 53 as if set forth here in their entirety.

    55.    Defendants deny the averments of Paragraph 55.

    56.    Defendants deny the averments of Paragraph 56.

    57.    Defendants deny the averments of Paragraph 57.

    58.    Defendants deny the averments of Paragraph 58.

    59.    Defendants deny the averments of Paragraph 59.

    60.    Defendants deny the averments of Paragraph 60.

    61.    Defendants deny the averments of Paragraph 61.

    62.    Defendants deny the averments of Paragraph 62.

    63.    Defendants deny the averments of Paragraph 63.

    B.    **Unfair Competition in Violation of 15 U.S.C. § 1125(a)**
         **(Against 1996 Flood Corporations)**

    64.    Defendants incorporate their responses to the averments of Paragraphs 1 through 63 as if set forth here in their entirety.

    65.    Defendants deny the averments of Paragraph 65.

    66.    Defendants deny the averments of Paragraph 66.

    67.    Defendants deny the averments of Paragraph 67.

    68.    Defendants deny the averments of Paragraph 68.

    69.    Defendants deny the averments of Paragraph 69.

C.    **Common Law Service Mark Infringement and Unfair Competition**
      **(Against 1996 Flood Corporations)**

70.    Defendants incorporate their responses to the averments of Paragraphs 1 through 69 as if set forth here in their entirety.

71.    Defendants deny the averments of Paragraph 71.

72.    Defendants deny the averments of Paragraph 72.

73.    Defendants deny the averments of Paragraph 73.

74.    Defendants deny the averments of Paragraph 74.

75.    Defendants deny the averments of Paragraph 75.

76.    Defendants deny the averments of Paragraph 76.

77.    Defendants deny the averments of Paragraph 77.

D.    **Declaration of Virginia Flood's Priority Over All Defendants,**
      **And Its Rights to Registration (Against All Defendants)**

78.    Defendants incorporate their responses to the averments of Paragraphs 1 through 77 as if set forth here in their entirety.

79.    Defendants deny the averments of Paragraph 79.

80.    Defendants deny the averments of Paragraph 80.

81.    Defendants deny the averments of Paragraph 81.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses.

1.    Virginia Flood's First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Virginia Flood is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief by reason of estoppel by laches and acquiescence.  With the full

knowledge of Virginia Flood, 1996 Flood Corporations and its assignors and predecessors in interest have openly and continuously used and traded under the JOHN C. FLOOD name and marks, and various similar names and marks, never ceasing use with the intention to permanently discontinue such use, since 1984, five years before Virginia Flood was formed, more than 20 years before this suit was filed, and for more than 11 years after the March 1995 date Virginia Flood herein claims it had acquired priority, with no attempt until now to obtain any judicial determination of its alleged rights with respect to 1996 Flood Corporations or any predecessor in interest's use of the disputed names and marks. The Smileys outbid Virginia Flood in *In re John C. Flood, Inc.*, Case No. 91-43011-SD (Md. Bankr.), and purchased for value the names and marks JOHN C. FLOOD, INC. and FLOOD, INC., and have invested considerable sums in advertising and promoting of such names and marks, and have acquired substantial goodwill as a result. The Smileys and 1996 Flood Corporations have relied to their detriment on Virginia Flood's acquiescence and delay.

## THIRD AFFIRMATIVE DEFENSE

3.     Virginia Flood is barred by waiver and estoppel from:  (a) asserting that the Debtor, receiver, and/or Trustee in *In re John C. Flood, Inc.,* Case No. 91-43011-SD (MD Bankr.) abandoned the right to use of JOHN C. FLOOD and similar variations thereof; and (b) from denying that the bankrupt's estate in that bankruptcy case owned the valid and subsisting trade names and marks JOHN C. FLOOD, INC. and FLOOD, INC., together with all associated goodwill and exclusive rights to use such names and marks, that the Trustee in that case validly sold, and that 1996 Flood Corporations and the Smileys validly purchased, those names and marks, together with all goodwill associated therewith, and the exclusive rights to use such names and marks.

- 11 -

Virginia Flood was an active participant in various proceedings in the foregoing bankruptcy case, and a competing bidder for the rights to JOHN C. FLOOD, INC. and FLOOD, INC. and associated goodwill. At no time in such case prior to the purchase and sale of the JOHN C. FLOOD, INC. and FLOOD, INC., names, marks and goodwill in February 1996, did Virginia Flood assert, as it does here some ten years later, that the estate had abandoned its rights in those names and marks, and that Virginia Flood had exclusive rights to use and register JOHN C. FLOOD and similar marks. Instead of claiming exclusive ownership contesting the bankrupt's estate's ownership of and ability to sell those assets, Virginia Flood submitted an unsuccessful bid to acquire the rights to the names, marks and goodwill from the estate. The estate, the Smileys, and Virginia Flood all relied on the absence of such claims and assertions in effecting the sale and purchase of those assets.

### FOURTH AFFIRMATIVE DEFENSE

4.    Virginia Flood is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief by reason of its own unclean hands and illegal and inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

5.    Virginia Flood is not entitled to maintain the claims or to receive the monetary and equitable relief sought herein because it is not the true owner of the name and mark JOHN C. FLOOD and similar variations thereof, and does not have priority of usage, or the exclusive rights to usage, thereof over 1996 Flood Corporations.

### SIXTH AFFIRMATIVE DEFENSE

6.    United States Trademark Registration Numbers 2,345,161 and 2,355,004 are invalid, and were improperly issued, and Virginia Flood cannot rely on them in connection with

its claims or the remedies it seeks herein, for the reasons stated in the foregoing Affirmative Defenses and in the Counterclaims.

<strong><u>SEVENTH AFFIRMATIVE DEFENSE</u></strong>

7.     United States Trademark Registration Numbers 2,345,161 and 2,355,004 are invalid, null, void, and of no effect because they were granted by the United States Patent and Trademark Office on the basis of fraudulent representations and certifications by Virginia Flood, made with the intent to induce the Office to issue such registrations, as set forth in Counterclaim filed herewith.  Virginia Flood cannot rely on such Registrations in connection with its claims or the remedies it seeks herein, and its claims are barred by its own unclean hands and illegal and inequitable conduct before the Office.

<strong><u>EIGHTH AFFIRMATIVE DEFENSE</u></strong>

8.     United States Trademark Registration Numbers 2,345,161 and 2,355,004 are invalid, null, void, and of no effect because, on information and belief, Virginia Flood has been using its registered marks so as to systematically and deliberately engender confusion with 1996 Flood Corporations for the express purpose of eroding or arrogating unto itself the goodwill of 1996 Flood Corporations' business associated with 1996 Flood Corporations' names and marks, thereby deliberately injuring and competing unfairly with 1996 Flood Corporations, as set forth in Counterclaim filed herewith.  Virginia Flood cannot rely on such Registrations in connection with its claims or the remedies it seeks herein, and its claims are barred by its own unclean hands and illegal and inequitable conduct.

<strong><u>ADDITIONAL AFFIRMATIVE DEFENSES</u></strong>

Defendants hereby assert the following additional affirmative defenses pertaining to defendants J.C. Flood, Inc., J.C. Flood Company, John C. Flood of DC and/or Pre-Bankruptcy

- 13 -

John C. Flood of D.C., Inc., JCF, Inc. and John Doe Companies 1 & 2 (collectively, " Additional

Named Defendants").

## NINTH AFFIRMATIVE DEFENSE

9.    Virginia Flood is not entitled to maintain this suit or to assert the claims herein for

monetary and injunctive relief because the Additional Named Defendants do not exist and/or are

long defunct, inactive and have transacted no business anywhere for many years, including in the

District of Columbia, contrary to the allegations of the Plaintiff.  The Court lacks personal

jurisdiction over such defendants, including the unnamed John Doe defendants, and an exercise

of jurisdiction over such defendants would offend traditional notions of fair play and substantial

justice secured by the "due process" provisions of the U.S. Constitution.

## TENTH AFFIRMATIVE DEFENSE

10.    Virginia Flood is not entitled to maintain this suit or to assert the claims herein for

monetary and injunctive relief because they have released and assigned all claims against the

Additional Named Defendants, and lack interest to assert such claims.  On information and

belief, the Additional Named Defendants, were each formed during the 1984 Flood bankruptcy,

and were the subject of the Trustee's motion for an injunction, turnover of assets, and

appointment of a receiver.  Essentially, J.C.F., Inc. was a Maryland corporation formed in 1992,

and J.C. Flood Co. was a trade name of the same corporation.[3]  This corporation, according to

the bankruptcy trustee, was the alter ego of the debtors-in-bankruptcy, which included 1984

Flood and its principals, Crooks and Davis, and their wives, and three other corporations, John C.

Flood of MD, Inc., John C. Flood of DC, Inc., and MCMD, Inc., formed at or about the time the

bankruptcy case commenced.  These corporations, the trustee alleged, used the assets of bankrupt

---

[3]  Maryland corporation public records evidence the existence of a "J.C. Flood, Inc."  This entity, a Virginia
Corporation registered to do business in the State of Maryland in 2001, identifies Counter-defendant Clinton Haislip
as its Registered Agent, and appears to be the Maryland alias of Plaintiff, John C. Flood of Virginia, Inc.
Defendants believe that Plaintiff has misaligned this entity as a defendant.

debtors to conduct the same business as the bankrupt debtors, and improperly used, among other corporate assets, the trade name and goodwill of 1984 Flood, which belonged to the bankrupt estate, and were in effect, the alter egos of the debtor corporation or the individual debtors. The trustee moved for appointment of a receiver, to take possession and control, for the benefit of the bankruptcy estate, of those corporations and assets used by them, to bring them back within the estate and under the control of the bankruptcy trustee, for the benefit of the creditors. On March 28, 1995, Virginia Flood, Seltzer and Haislip entered into a binding settlement agreement with the bankruptcy trustee releasing and assigning to the bankruptcy trustee "any and all claims, causes of action and any dispute it may have" in connection with the consolidated bankruptcy case. Therefore, to the extent Virginia Flood had any claims for infringement against the Defendants, including the 1996 Flood Corporations, the 1996 Individual Defendants, the Additional Named Defendants, 1984 Flood, any other Flood entity identified in the receivership motion, or any successor thereof, which could have been raised in the consolidated bankruptcy case, it released them expressly, and assigned any such claims to the Trustee. Virginia Flood lacks the right and interest to assert such claims against such persons and entities now.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Virginia Flood is not entitled to maintain this suit or to assert the claims herein for monetary and injunctive relief because the Additional Defendants lack capacity to be joined and sued and their successors are already joined. J.C.F., Inc., in accordance with the order from the United States Bankruptcy Court, ceased operations, and the court appointed a receiver to take control of John C. Flood Company, John C. Flood of MD, Inc., John C. Flood of DC, Inc., and MCMD, Inc., and all the assets of all those corporations. During the bankruptcy, those companies were operated by and under the direction and control of the receiver appointed at the instance of the bankruptcy trustee for the benefit of the bankruptcy estate. As part of the order

approving the sale of stock of Additional Named Defendants and the "JOHN C. FLOOD, INC."

and "FLOOD, INC." trade names and good will to the Smileys, the Bankruptcy Court expressly

directed that a new entity – called John C. Flood, Inc. – be formed and used for future operations

of the Additional Named Defendants. "JCF, Inc., John C. Flood of MD, Inc., [Pre-Bankruptcy]

John C. Flood of DC [and] MCMD, Inc. will be immediately terminated and dissolved, and all

future operations will be consolidated into and operated under the name "John C. Flood, Inc."

*See In re John C. Flood, Inc.,* Case No. 91-43011-SD, Order Granting Motion for Entry of Order

Authorizing Private Sale of Stock and Other Assets Fee And Clear of Liens And Approving

Settlement, (October 26, 1995) (MD Bankr.)  Further, the Smileys were enjoined from operating

any business other than John C. Flood, Inc. under the FLOOD name until the purchase price was

paid in full. *Id.*  The Court's order consolidating all of the assets and operations of J.C.F., Inc.,

J.C. Flood Company, John C. Flood of MD, Inc., and Pre-Bankruptcy John C. Flood of DC, Inc.

into the new, post-bankruptcy John C. Flood, Inc., effectively merged the now defunct entities

and their remaining assets into the business that is now known as the 1996 Flood Corporations.

Therefore, those old entities lack the present capacity to be sued or joined in this proceeding.  To

the extent that Virginia Flood has any claims against those entities arising from operations prior

to the formation of 1996 Flood Corporations that were somehow not discharged, or released or

assigned to the Trustee, which we do not concede, then the 1996 Flood Corporations, as the

successor in interest by operation of the consolidation order by the bankruptcy court, is liable for

such claims.

### TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent that Flood of Virginia's claims accrued, arise from or relate to acts

or omissions by any of the Defendants or their predecessors in interest which occurred prior to or

- 16 -

during the pendency of the 1984 Flood bankruptcy and Court-ordered receivership, then all such

claims were discharged in bankruptcy and extinguished, and cannot be raised or prosecuted now.

Respectfully submitted,

**DEFENDANT AND COUNTERCLAIM
PLAINTIFF**


By its attorneys:      /s/ Benjamin J. Lambiotte
Benjamin J. Lambiotte
D.C. Bar No. 421288
blambiotte@gsblaw.com
Steve Varholik
D.C. Bar No. 497315
svarholik@gsblaw.com
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880


## CERTIFICATE OF SERVICE

I certify that I served a copy of this document upon counsel for the Plaintiff/Counterclaim

Defendant, via ECF, this 21st day of May, 2007.


Stephen J. Zralek, *appearing pro hac vice*
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Tel: (615) 238-6300
Fax: (615) 238-6391
szraleck@bonelaw.com

Lisa Dunner, DC Bar #452004
DUNNER LAW
1010 Wisconsin Avenue, N.W.
Washington, DC 20007
Tel: (202) 298-2002
Fax: (202) 403-3030
ldunner@dunnerlaw.com
Cousnel for Clinton Haislip &
James L. Seltzer, Jr.


/s/ Steve Varholik

- 17 -