## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC., et al.** | ) | |
| | ) | |
| **Plaintiffs and Counter-Defendants,** | ) | |
| | ) | |
| **v.** | ) | **Judge Richard J. Leon** |
| | ) | **Case No.: 1:06CV01311** |
| **JOHN C. FLOOD, INC., et al.** | ) | **Deck Type:  General Civil** |
| | ) | |
| **Defendants and Counter-Plaintiffs.** | ) | |

# EXHIBIT "A"

# TO MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN C. FLOOD OF VIRGINIA, INC., et al.    )
    )
    Plaintiffs and Counter-Defendants,    )
    )
v.    )    Judge Richard J. Leon
    )    Case No.: 1:06CV01311
JOHN C. FLOOD, INC., et al.    )    Deck Type:  General Civil
    )
    Defendants and Counter-Plaintiffs.    )

---

## RESPONSES TO VIRGINIA FLOOD PARTIES' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS BY DEFENDANT/COUNTERCLAIM-PLAINTIFF JOHN C. FLOOD, INC., AND DEFENDANTS JOHN C. FLOOD OF D.C., INC., ROBERT SMILEY, JOANNE SMILEY, MARK CROOKS AND MEL DAVIS

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Counterclaim-Plaintiff John C. Flood, Inc., and Defendants John C. Flood of D.C., Inc., Robert Smiley, Joanne Smiley (collectively, the "Smileys"), Mark Crooks ("Crooks"), Mel Davis ("Davis") (collectively, "Defendants") hereby respond to the First Set of Requests For the Production of Documents and Things of Plaintiff/Counterclaim-Defendant John C. Flood of Virginia, Inc., and Third Party Defendants John C. Flood, Inc., John C. Flood Contractors, Inc. (collectively "Virginia Flood Corporations") and Third Party Defendants Clinton Haislip ("Hailsip") and James Seltzer, Jr. ("Seltzer") (collectively, "Virginia Flood Parties").

### I.  GENERAL RESPONSES AND OBJECTIONS

1.     Defendants have not completed their search for documents and investigation of the facts relating to this action and reserve the right to amend, correct or supplement the responses contained herein as appropriate under the Federal Rules of Civil Procedure.

2.     Defendants object to Virginia Flood Parties' "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery

obligations imposed by the Federal Rules of Civil Procedure, and to the extent that they include

within the definitions parties, names, marks or factual premises which are inappropriate or

inaccurate in the context of a particular question or response.  Without limiting the generality of

the foregoing objection, Defendants object specifically to the definitions of "1996 Flood

Corporate Defendants," and "1996 Flood Defendants," to the extent that they purport to include,

and calls for answers to these Requests for Documents and Things by, corporations (or trade

names of such corporations) that no longer exist or lack the capacity to be sued or joined

(including, without limitation, J.C.F., Inc. and J.C. Flood Company), corporations unknown to

Defendants (including, without limitation, John Doe Companies 1 & 2), or existing corporations

affiliated with or owned and/or controlled by Counterclaim Defendants, which have been

misaligned in this action (including J.C. Flood, Inc.).  None of the following responses should be

deemed to answer on behalf of any such entities.

      3.    Defendants object to Virginia Flood Parties' First Set of Requests for Documents

and Things to the extent that they seek documents and information protected by the attorney-

client privilege, the trial preparation work-product doctrine, or any other privilege, protection or

immunity applicable under the governing law.

      4.    Defendants object to Virginia Flood Parties' First Set of Requests for Documents

and Things to the extent that they are overly broad, overly general, unduly burdensome,

oppressive, and/or seek documents and information that is not relevant to the issues in this

lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Without

limiting the generality of the foregoing, Defendants object to intrusive requests for documents

containing highly sensitive confidential commercial and private financial information, the

disclosure of which would cause severe prejudice and burden to Defendants, and which would be

relevant, if at all, only if and when the Plaintiff Virginia Flood establishes a right to monetary relief

5. By responding to any request, or by producing any document pursuant to any request, Defendants do not waive, but expressly reserve, any and all objections to competency, relevancy, materiality and admissibility of such response and/or document on the issues presently before the Court, and any other issue. Defendants object generally to any contrary interpretation as to the effect of any such response and/or production of any document.

6.    These General Responses and Objections are made, to the extent applicable, in response to each of Virginia Flood Parties' Requests as if the objections were fully set forth therein.

## II.  RESPONSES AND OBJECTONS TO REQUESTS FOR PRODUCTION

**PRODUCTION REQUEST 1:**  Any and all documents identified in your answers to Virginia Flood's First Set of Interrogatories to Flood, together with any and all documents that were consulted, referred to, relied upon, reviewed or otherwise used, in the course of preparing your answers to Virginia Flood's First Set of Interrogatories, or any part thereof, and any and all documents from which any of the information sought in such Interrogatories, any part thereof, may be ascertained.

**OBJECTIONS AND RESPONSE:**   Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general.  This request is also vague and ambiguous so as to be burdensome and oppressive.  Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request.  See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures.  Further, see documents produced by Virginia Flood Parties.

**PRODUCTION REQUEST 2:**  All documents that refer to, relate to, or concern the JOHN C. FLOOD Marks in or as any name or mark, including any and all documents that refer

to, relate to, or concern surveys, opinion polls, marketing studies, trademark searches, and/or

focus studies conducted by any of the 1996 Flood Corporate Defendants, or on their behalf.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties.

Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents relating to use of the JOHN C. FLOOD Marks produced in connection with Defendants' Rule 26(a) Initial Disclosures. As of the date hereof, Defendants have not conducted any surveys, opinion polls, marketing or focus studies. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 3:** Representative specimens showing the use of the JOHN

C. FLOOD Marks by the 1996 Flood Defendants, including but not limited to each actual or

intended advertisement, brochure, signage, flyer, promotional material, invoice, bid, contract,

call or service report, letterhead, business card, price list, solicitations, website, vehicular

display, and building signage in connection with the 1996 Flood Corporate Defendants' goods

and/or services.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

Subject to and without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See

Documents related to use of JOHN C. FLOOD Marks produced in connection with Defendants' Rule 26(a) Initial Disclosures.   Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 4:**  All documents that establish, on a state-by-state basis, the states (including Washington, D.C.) in which the 1996 Flood Corporate Defendants have marketed, or intend to market, their goods and/or services under the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:**   Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection: Defendants object on the grounds that this request is overly broad and overly general.  Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive.  Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection:  Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request.  See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures concerning use of the JOHN C. FLOOD Marks. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 5:**  All documents referring to, relating to, or concerning the date that 1996 Flood first selected and used the JOHN C. FLOOD Marks for use in connection with 1996 Flood's goods and/or services.

**OBJECTIONS AND RESPONSE:**   Subject to and without waiving the foregoing General Objections, Defendants state as follows:   Defendants have previously produced documents that are either fully or partially responsive to this request.  See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

- 5 -

**PRODUCTION REQUEST 6:** All documents evidencing income 1996 Flood has received for each of the past five years from the sale of 1996 Flood's goods and/or services under the JOHN C. FLOOD Marks, and 1996 Flood's projected annual income from the sale of 1996 Flood's goods and/or services under the JOHN C. FLOOD Marks for each of the next five years.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the basis that the request calls for documents which do not exist. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

**PRODUCTION REQUEST 7:** All documents setting forth the pricing or intended pricing of 1996 Flood's goods and/or services.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the basis that the request calls for documents which do not exist. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

**PRODUCTION REQUEST 8:** All documents referring or relating to every other mark that 1996 Flood considered for use instead of, or in conjunction with, the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSES:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is vague and ambiguous so as to be burdensome and oppressive. Objection: The request assumes the existence of facts which have not been established and documents that do not exist. Subject to the foregoing general and specific objections, Defendants further respond

that there are none, but that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 9:**  All documents that refer or relate to designs or logos used or intended to be used with the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general.  Objection:  Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Subject to and without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request.  See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures.  Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 10:**  All documents that are or refer to communications relating to 1996 Flood's consideration, selection, and/or adoption of the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general.  Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive.

Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request.  See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures.  Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 11:**    All documents evidencing, referring, relating, concerning or related to any incidents of actual confusion or mistake, potential confusion, or likelihood of confusion between the 1996 Flood Corporate Defendants and Virginia Flood, or

between any good or services sold or offered for sale by Virginia Flood under the JOHN C.

FLOOD Marks, on the one hand, and any goods or services sold or offered for sale by the 1996

Flood Corporate Defendants incorporating or including the terms JOHN C. FLOOD or FLOOD,

on the other, including among customers, potential customer, courts or tribunals, government

agencies, and/or vendors.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 12:** For each product or service for or in connection with

which the 1996 Flood Corporate Defendants have used or are using the "John C. Flood, Inc."

Word Mark, all documents that evidence, refer or pertain to each of the 1996 Flood Corporate

Defendants': (a) actual or intended use and first use in commerce, of the JOHN C. FLOOD

Marks with such product or service; (b) the manner and geographical locations of use; and (c) the

dates of use.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general, cumulative of other requests, vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden..

**PRODUCTION REQUEST 13:** All documents that refer to, relate to, or concern any

communications or documents received by 1996 Flood that were addressed to, or concern, either

Virginia Flood, and the goods and/or services provided by Virginia Flood.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing
General Objections, Defendants state as follows: Objection: Defendants object on the grounds
that this request is overly broad and overly general, cumulative of other requests, vague and
ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and
specific objections, Defendants respond that that they have previously produced documents
responsive to this request. See Documents produced in connection with Defendants' Rule 26(a)
Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further
respond that their investigation is continuing and to the extent that such documents exist and are
in the possession, custody or control of Defendants, that they will produce and/or make available
for inspection and copying additional responsive, relevant and material documents as Defendants
are able to locate without undue burden.

**PRODUCTION REQUEST 14:** All documents indicating identity, the dates of

employment, and job responsibilities of 1996 Flood's employees or agents who have had, or will

have, any responsibility for advertising the goods and/or services provided under the JOHN C.

FLOOD Marks.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections,
Defendants state as follows: Objection: Defendants object on the grounds that this request calls
for documents that are neither relevant nor material to these proceedings. Objection:
Defendants object on the grounds that this request is overly broad and overly general, and vague
and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the
basis that the request calls for documents that do not exist.

**PRODUCTION REQUEST 15:** All documents relating to or referring to the

advertising or promotion of the goods and/or services provided under the JOHN C. FLOOD

Marks by the 1996 Flood Corporate Defendants, including but not limited to invoices and

correspondence regarding same.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing
General Objections, Defendants state as follows: Objection: Defendants object on the grounds
that this request is overly broad and overly general, cumulative of other requests, vague and
ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the
grounds that this request calls for confidential proprietary commercial and trade secret

information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures relating to advertising. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 16:**  All contracts, consents to use, licenses, or other

agreements that 1996 Flood has entered into with any other person or organization involving the

JOHN C. FLOOD Marks, or any derivative thereof, in any way.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection:  Defendants object on the grounds that this request is overly broad and overly general, cumulative of other requests, vague and ambiguous so as to be burdensome and oppressive.  Objection:  Defendants object on the grounds that the request calls for documents that may not exist.  Subject to the foregoing general and specific objections, Defendants respond that they have previously produced documents responsive to this request in their 26(a) Initial Disclosures, and refer to the papers filed in, and orders of the bankruptcy Court relating to, the sale of the JOHN C. FLOOD Marks to the Smileys and the use of those marks by 1996 Flood. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 17:**  All documents that refer to, relate to,  concern, or are

given to or received by or from any expert whom any of the 1996 Flood Defendants has retained

to assist in presenting any claim and/or claims in this proceeding and/or whom they intend to call

as a witness at trial in this proceeding.

**OBJECTIONS AND RESPONSE:**  Objection:  Defendants object on the grounds that this request is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive Objection:  Defendants object to premature identification of testifying expert witnesses, before the time stipulated in the Joint Rule 26(f) Report and Case Management Order, and to production of materials required to be disclosed prior to the time required thereby and by Federal Rule of Civil Procedure 26(a)(2). Objection: Defendants object to the extent that the

Interrogatory calls for identification of non-testifying consultant experts, and production of trial preparation work product materials.

Subject to and without waiving the foregoing and specific objections, Defendants state that they will seasonably identify testifying expert witnesses, and seasonably make the disclosures required by Federal Rule of Civil Procedure 26(a)(2), and that they have not, at the present time, retained any experts.

**PRODUCTION REQUEST 18:** All news stories and other media coverage that have referred to the JOHN C. FLOOD Marks, including but not limited to newspapers and magazines.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the grounds that this request calls for documents outside the possession, custody or control of Defendants. Subject to the foregoing general and specific objections, Defendants further respond that they have no documents responsive to this request, but their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 19:** All documents concerning or pertaining to each of the 1996 Flood Defendants' efforts to seek registration of the JOHN C. FLOOD Marks or application thereof, including any actions from the Patent and Trademark Office, responses thereto and all communications relating thereto.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General objections, Defendants respond that as of the date hereof, they do not have any documents responsive to this request.

**PRODUCTION REQUEST 20:** All documents in you possession, custody or control, evidencing, referring, relating or pertaining to any offer, proposal, effort or attempt by or on behalf of Virginia Flood, or any shareholder, officer, or director thereof, including but not limited to Haislip or Seltzer to acquire any of the assets and/or properties of any of the debtors in *In re John C. Flood, Inc.*, Case No. 91-43011-SD (Bankr. Md.), including, without limitation, the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: they have previously produced documents responsive to this request. <u>See</u> Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures relating to Haislip and Seltzer's objection to the sale of the JOHN C. FLOOD names and goodwill and their competing bid therefore. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 21:** All documents in your possession, custody or control, evidencing, referring, relating or pertaining to any offer, proposal, effort or attempt by or on behalf of the Smileys, or any shareholder, officer, or director of the 1996 Flood Corporate Defendants, to acquire any of the assets and/or properties of any of the debtors in *In re John C. Flood, Inc.*, Case No. 91-43011-SD (Bankr. Md.), including, without limitation, the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:** Subject to the foregoing General objections, Defendants respond that they have previously produced documents responsive to this request in their 26(a) Initial Disclosures, and refer to the papers filed in, and orders of the bankruptcy Court relating to, the sale of the JOHN C. FLOOD Marks to the Smileys and the use of those marks by 1996 Flood. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 22:** All documents, including, without limitation, papers, pleadings, notices, correspondence (including that received from, addressed to, or copied to any officer, employee, agent, or attorney of Virginia Flood), and orders, in your possession, custody or control, referring, relating, or pertaining to, or received, sent, filed, served or exchanged, in relation to or in connection with In re John C. Flood, Inc., Case No. 91-43011-SD (Bankr. Md.), including, without limitation, in relation to the JOHN C. FLOOD Marks which were the subject of proceedings in that case.

- 12 -

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures relating to the bankruptcy case. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 23:** For each of the 1996 Flood Corporate Defendants: all documents sufficient to show each entity's corporate ownership and management structure, and relationship to other entities, including entities having shareholders, officers and directors in common with 1996 Flood and entities in which 1996 Flood has an ownership interest, identifying other entities' owners, officers, directors, and managers, are present and at any time in the past.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request calls for documents relating to non-existent, defunct corporations which are not now in the possession, custody or control of Defendants, nor relevant to any material issue in the case, and is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 24:** All documents sufficient to show each of the 1996 Flood Corporate Defendants' policies for retention and destruction of records, documents, or files.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds

- 13 -

that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have no documents responsive to this request.

**PRODUCTION REQUEST 25:** Records of or documents concerning telephone calls,

e-mails, faxes, notes, letters, or other communication from customers or potential customers that

refer to JOHN C. FLOOD Marks, or that refer or relate to any good or service sold or offered for

sale by the 1996 Flood Corporate Defendants under the JOHN C. FLOOD Marks.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection, to the extent that the Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 26:**  All documents relating or pertaining to any proposed

or actual agreement or concession, oral or written, between the 1996 Flood Corporate

Defendants and any other person, entity, or agency limiting, restricting or otherwise affecting

any of the 1996 Flood Corporate Defendants' right to use the JOHN C. FLOOD Marks,

including any agreement or concession involving the use of additional terms in conjunction with

those terms.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overbroad, vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that, insofar as they understand the request and are aware, they have no documents responsive to this request. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession,

custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 27:** Copies of any and all reports or surveys prepared by or

on behalf of any of the 1996 Flood Corporate Defendants concerning any matter relating to this

proceeding.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overbroad, unintelligible, vague and ambiguous so as to be burdensome and oppressive. Objection: The request is entirely cumulative of other requests, and burdensome and oppressive for that reason. Objection: Defendants further object to the request to the extent that it calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties. Objection: To the extent that the request purports to call for privileged attorney-client communications or trial preparation work product, Defendants further object. Without waiving the foregoing General and specific objections, Defendants respond that, insofar as they understand the request and are aware, they have no documents responsive to this request. As noted previously, Defendants have conducted no surveys.

**PRODUCTION REQUEST 28:** Copies of any and all correspondence or

communications received from, addressed to, or copied to any officer, employee, agent, or

attorney of Virginia Flood, its affiliates, officers, directors, agents, employees or contractors.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures comprising communications and correspondence, including letters between the Smileys/1996 Flood counsel and Virginia Flood's counsel relating to Virginia Flood's use of the JOHN C. FLOOD Marks. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 29:**  All documents that you contend evidence any and all harm, injury, or damages, whether monetary or otherwise, to which you allege you are entitled as a result of the allegations in your Counterclaim.

**OBJECTIONS AND RESPONSE:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection: Defendants object to the request to the extent that it calls for documents in the possession of Virginia Flood Parties relating to the benefits they derived from infringing use of the JOHN C. FLOOD name and Marks.  Objection: Defendants further object to the request to the extent that it calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 30:**  Provide copies of any and all documentation to support that Joanne L. and/or Robert Smiley paid into the bankruptcy court, in relation to or connection with In re John C. Flood, Inc. Case No. 91-43011-SD (Bankr. Md.), including but not limited to the putative payment for rights to use the JOHN C. FLOOD Marks, and any payment to the Bankruptcy Trustee, Crooks or Davis concerning the bankruptcy.

**OBJECTIONS:**  Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection: The request assumes and seeks support for propositions as to payments that are not established and are inaccurate. Objection: Defendants object on the grounds that this request is overly broad and overly general and unintelligible, vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information.

**PRODUCTION REQUEST 31:**  Provide copies of all documents showing all payments that Crooks and Davis paid into the bankruptcy court, in relation to or connection with In re John C. Flood, Inc., Case No. 91-43011-SD (Bankr. Md.), including but not limited to any payment to the Bankruptcy Trustee.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: The request is entirely cumulative of the previous request, and no less objectionable. Objection: The request assumes and seeks support for propositions that are not established and are inaccurate. Objection: Defendants object on the grounds that this request is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information.

**PRODUCTION REQUEST 32:** Copies of any documentation to support payment made by Mark Crooks and/or Mel Davis to the bankruptcy.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: The request is entirely cumulative of the previous request, and no less objectionable. Objection: The request assumes and seeks support for propositions that are not established and are inaccurate. Objection: Defendants object on the grounds that this request is overly broad and overly general, unintelligible, vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information.

**PRODUCTION REQUEST 33:** Payroll records of the 1984 Flood regarding Jim Seltzer and Moe Haislip beginning in 1989.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants no longer have possession, custody or control of payroll records of 1984 Flood.

**PRODUCTION REQUEST 34:** Copies of tax returns for the years in which the Defendants filed on behalf of their named companies and employees.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general, and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for confidential proprietary and commercial information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties, and invades the privacy of employees who are not parties to this case.

**PRODUCTION REQUEST 35:**  Copies of all the franchise returns that each of the

1996 Flood Corporate Defendants have filed in Washington D.C., Virginia, and Maryland.

**OBJECTIONS:**    Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection:  Defendants object on the grounds that this request is vague, ambiguous, and unintelligible so as to be burdensome and oppressive.  Defendants do not know what is meant by "franchise returns."  Objection: To the extent that the request calls for tax returns of some kind, the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information.  Objection: To the extent that the request calls for tax returns, Defendants further object to the request to the extent that it calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

**PRODUCTION REQUEST 36:**  If Mark Crooks, Mel Davis, and/or their entities paid

any money to Bobby Flood or any other decedent of the original John C. Flood for the name and

right to use the company, provide supporting documentation.

**OBJECTIONS:**    Subject to and without waiving the foregoing General Objections, Defendants state as follows:  Objection: Defendants object on the grounds that this request is vague, ambiguous, unlimited as to time and place, and unintelligible so as to be burdensome and oppressive.  Among other things, Defendants understand "decedent" to refer to a deceased natural person, and cannot fathom what a "decedent of the original John C. Flood" means. Objection:  Further, the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information.

**PRODUCTION REQUEST 37:**  Copies of any and all documents showing that Joanne

L. Smiley and/or Robert B. Smiley registered to do business [as] 1996 Flood or any other entity

in which they have an ownership interest.

**OBJECTIONS AND RESPONSE:**    Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is vague, ambiguous, unlimited as to time and place, and generally unintelligible so as to be burdensome and oppressive.  Generally, individuals do not register to transact business, corporations do.  To the extent that the request calls for documents showing that Smiley registered to transact business in their individual capacities under the fictitious name John C. Flood, Inc., Defendants have no such documents.

**PRODUCTION REQUEST 38:**   All documents that support your contention in

Paragraph 50 of the Counterclaim that "[c]ontinuously since 1984, ... the Smileys, through

[1996] Flood ... and, before them, their assignors and/or predecessors in interest, have, without abandonment, used and displayed the JOHN C. FLOOD, INC. name and mark, or similar variants thereof..."

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General objections, Defendants state as follows: Objection: This request is cumulative of other requests and burdensome and oppressive for that reason. Subject to and without waiving the foregoing General and specific Objections, Defendants state as follows: They have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures related to the receivership and activities of the debtors that led to it. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 39:** All documents that the 1996 Flood Corporate Defendants filed with, and all correspondence between or regarding, it and the IRS and governmental departments in Washington, D.C., Virginia and Maryland.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general, and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for confidential proprietary and commercial information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties. To the extent that the request calls for relevant corporate formation, maintenance and transaction of business filings of 1996 Flood and John C. Flood of D.C., Inc. and relevant correspondence with government corporation departments and authorities, Defendants have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures related thereto. To that extent, and subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 40:** All documents that 1984 Flood filed with, and all correspondence between or regarding, it and the IRS and governmental departments in Washington, D.C., Virginia and Maryland.

- 19 -

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for confidential proprietary and trade secret information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties. To the extent that the request calls for relevant corporate formation, maintenance and authority to transact business filings of 1984 Flood and relevant correspondence with government corporation departments and authorities, Defendants have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures related thereto. To that extent, and subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 41:** All documents that support your contention that

Virginia Flood has infringed on 1996 Flood's Marks.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 42:** All documents that support your contention that

Virginia Flood has competed unfairly with 1996 Flood.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: the request is cumulative of prior requests and burdensome and oppressive for that reason. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available

for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 43:** All documents that support your contention in paragraph 35(c) of the Counterclaim that "[Virginia Flood] agreed in 1993 with the State of Maryland and in 1996 Flood's counsel and the bankruptcy Trustee to cease use of JOHN C. FLOOD, INC., and to use the "of Virginia" distinguishing designator to avoid confusion and mistake with [1996] Flood."

**OBJECTIONS AND RESPONSE:** Without waiving the foregoing General objections, Defendants respond that that they have previously produced documents responsive to this request. See Bates Nos. 00407 and 00408, produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 44:** All documents that support your contention in paragraph 35(d) of the Counterclaim that prior to Virginia Flood applying for trademarks registration, "[t]here had occurred past incidents of actual confusion and mistake between [1996] Flood and [Virginia Flood] among vendors, customers and potential customers, in the Washington metropolitan region, resulting from [Virginia Flood]'s use of JOHN C. FLOOD, INC."

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 45:** Tax returns for all Individual Defendants: from 1989 for Crooks and Davis, and from 1994 for each of the Smileys.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general, and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for private and confidential financial and personal information the disclosure of which would confer an unfair advantage on the Virginia Flood Parties, and undue burden on the individuals whose returns are sought.

**PRODUCTION REQUEST 46:** Bylaws, minutes and corporate records for each of the 1996 Flood Corporate Defendants.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Subject to the foregoing general and specific objections, Defendants further state that they have previously produced responsive records in connection with their Rule 26(a) Initial Disclosures, and further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 47:** A copy of all licenses and business permit for every jurisdiction in which each Counterclaim Defendants is licensed to do business.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: The request calls for documents in the possession and control of Virginia Flood Parties and available to them from public agencies, and is unduly burdensome and oppressive for that reason. Objection: Defendants object on the grounds that this request is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Subject to the foregoing general and specific objections, Defendants further respond that their investigation is continuing and to the extent that such documents exist and are in the possession, custody or control of Defendants, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 48:** All documents that support your contentions that Davis and Crooks owned 51% and that Haislip and Seltzer owned only 49% of the interest of Virginia Flood from November 1989 to about March 1995.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Defendants respond that that they have previously produced documents responsive to this request. See Documents produced in connection with Defendants' Rule 26(a) Initial Disclosures, including Agreement of Sale dated November 8, 1989, between Davis and Crooks (as "Seller") and Seltzer and Haislip (as "Buyer"), whereby Davis and Crooks sold 49% of Virginia Flood to Haislip and Seltzer, and bankruptcy documents reflecting on or about March 28, 1995, the bankruptcy Trustee sold Davis and Crooks' remaining interests in Virginia Flood to Haislip and Seltzer. .

**PRODUCTION REQUEST 49:** All witness statements, including but not limited to affidavits or declarations, that you have obtained related to or regarding this case.

**OBJECTIONS:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: The request calls for production of trial preparation work product materials, in the absence of a proper showing or leave of Court to obtain such materials.

Respectfully submitted,

**COUNTERCLAIM PLAINTIFF/DEFENDANT JOHN C. FLOOD, INC., & DEFENDANTS JOHN C. FLOOD OF D.C., INC., ROBERT SMILEY, JOANNE SMILEY, MARK CROOKS AND MEL DAVIS**

By their attorneys:

Benjamin J. Lambiotte
D.C. Bar No. 421288
blambiotte@gsblaw.com
Steve Varholik
D.C. Bar No. 497315
svarholik@gsblaw.com
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880

- 23 -

## CERTIFICATE OF SERVICE

I certify that I served a copy of these **RESPONSES TO VIRGINIA FLOOD PARTIES' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS BY DEFENDANT/COUNTERCLAIM-PLAINTIFF JOHN C. FLOOD, INC., AND DEFENDANTS JOHN C. FLOOD OF D.C., INC., ROBERT SMILEY, JOANNE SMILEY, MARK CROOKS AND MEL DAVIS** upon counsel for the Plaintiff/Counterclaim Defendant, via electronic mail, and via first-class, postage prepaid mail, this 1st day of June, 2007.

Stephen J. Zralek, *appearing pro hac vice*
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Tel: (615) 238-6300
Fax: (615) 238-6391
szraleck@bonelaw.com

Lisa Dunner, DC Bar #452004
DUNNER LAW
1010 Wisconsin Avenue, N.W.
Washington, DC 20007
Tel: (202) 298-2002
Fax: (202) 403-3030
ldunner@dunnerlaw.com
Cousnel for Clinton Haislip &
James A. Seltzer, Jr.

- 24 -