IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., et al.  ) | |
| ) | |
| Plaintiffs and Counter-Defendants,  ) | |
| ) | |
| v.  ) | Judge Richard J. Leon |
| ) | Case No.: 1:06CV01311 |
| JOHN C. FLOOD, INC., et al.  ) | Deck Type:  General Civil |
| ) | |
| Defendants and Counter-Plaintiffs.  ) | |

EXHIBIT "B"

TO MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., et al. ) | |
| ) | |
| Plaintiffs and Counter-Defendants, ) | |
| ) | |
| v. ) | Judge Richard J. Leon |
| ) | Case No.: 1:06CV01311 |
| JOHN C. FLOOD, INC., et al. ) | Deck Type: General Civil |
| ) | |
| Defendants and Counter-Plaintiffs. ) | |

---

**RESPONSES TO VIRGINIA FLOOD PARTIES' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS BY DEFENDANT/COUNTERCLAIM-PLAINTIFF JOHN C. FLOOD, INC. AND DEFENDANTS JOHN C. FLOOD OF D.C., INC., ROBERT SMILEY, JOANNE SMILEY, MARK CROOKS AND MEL DAVIS**

---

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Counterclaim-Plaintiff John C. Flood, Inc. and Defendants John C. Flood of D.C., Inc. (collectively "1996 Flood Corporations), Robert Smiley, Joanne Smiley (collectively, the "Smileys"), Mark Crooks ("Crooks"), Mel Davis ("Davis") (collectively, "Defendants") hereby respond to the Second Set of Requests For the Production of Documents and Things of Plaintiff/Counterclaim-Defendant John C. Flood of Virginia, Inc., and Third Party Defendants John C. Flood, Inc., John C. Flood Contractors, Inc. (collectively "Virginia Flood Corporations") and Third Party Defendants Clinton Haislip ("Hailsip") and James Seltzer, Jr. ("Seltzer") (collectively, "Virginia Flood Parties").

### I. GENERAL RESPONSES AND OBJECTIONS

1.   Defendants have not completed their search for documents and investigation of the facts relating to this action and reserve the right to amend, correct or supplement the responses contained herein as appropriate under the Federal Rules of Civil Procedure.

2. Defendants object to Virginia Flood Parties' "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules of Civil Procedure, and to the extent that they include within the definitions parties, names, marks or factual premises which are inappropriate or inaccurate in the context of a particular question or response. Without limiting the generality of the foregoing objection, Defendants object specifically to the definitions of "1996 Flood," and "1996 Flood Corporations," to the extent that they purport to include, and calls for answers to these Requests for Documents and Things by, corporations (or trade names of such corporations) that no longer exist or lack the capacity to be sued or joined (including, without limitation, J.C.F., Inc. and J.C. Flood Company), corporations unknown to Defendants (including, without limitation, John Doe Companies 1 & 2), or existing corporations affiliated with or owned and/or controlled by Counterclaim Defendants, which have been misaligned in this action (including J.C. Flood, Inc.). None of the following responses should be deemed to answer on behalf of any such entities.

3. Defendants object to Virginia Flood Parties' Second Set of Requests for Documents and Things to the extent that they seek documents and information protected by the attorney-client privilege, the trial preparation work-product doctrine, or any other privilege, protection or immunity applicable under the governing law.

4. Defendants object to Virginia Flood Parties' Second Set of Requests for Documents and Things to the extent that they are overly broad, overly general, unduly burdensome, oppressive, and/or seek documents and information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Without limiting the generality of the foregoing, Defendants object to intrusive requests for documents containing highly sensitive confidential commercial and private financial information, the

disclosure of which would cause severe prejudice and burden to Defendants, and which would be relevant, if at all, only if and when the Plaintiff Virginia Flood establishes a right to monetary relief

5. By responding to any request, or by producing any document pursuant to any request, Defendants do not waive, but expressly reserve, any and all objections to competency, relevancy, materiality and admissibility of such response and/or document on the issues presently before the Court, and any other issue. Defendants object generally to any contrary interpretation as to the effect of any such response and/or production of any document.

6. These General Responses and Objections are made, to the extent applicable, in response to each of Virginia Flood Parties' Requests as if the objections were fully set forth therein.

## II. RESPONSES AND OBJECTONS TO REQUESTS FOR PRODUCTION

The following Requests seek information specifically pertaining to J.C. Flood Company, John C. Flood of DC, Inc. and John C. Flood Plumbing and Heating, Inc. d/b/a JCF, Inc.

**PRODUCTION REQUEST 1:** For each entity, please provide all documents sufficient to show: (a) each entity's corporate ownership and management structure, including any stock certificates; and (b) each entity's relationship to each other, including entities having shareholders, officers and directors in common with John C. Flood, Inc.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent, defunct corporations which are not now in the possession, custody or control of Defendants, nor relevant to any material issue in the case, and is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object to the extent that this Request is duplicative of Virginia Flood Parties' First Production Requests to which Defendants have already provided a response. Without waiving the foregoing General and specific objections, Defendants respond that they have previously produced documents responsive to this Request in connection with Defendants' Rule 26(a) Initial Disclosures and subsequent document productions dated June 15, 2007 and June 22, 2007, respectively. Subject to the foregoing General and specific objections,

Defendants further respond that their investigation is continuing and to the extent such documents are in the possession, custody or control of Defendants, and have not already been produced, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 2:** Bylaws, minutes, and corporate records for each entity.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent, defunct corporations which are not now in the possession, custody or control of Defendants, nor relevant to any material issue in the case, and is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that they have previously produced documents responsive to this Request in connection with Defendants' Rule 26(a) Initial Disclosures and subsequent document productions dated June 15, 2007 and June 22, 2007, respectively. Subject to the foregoing General and specific objections, Defendants further respond that their investigation is continuing and to the extent such documents are in the possession, custody or control of Defendants, and have not already been produced, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 3:** Any and all documents evidencing income generated by each entity, including balance sheets and other financial statements, up to and including dissolution, forfeiture, registration revocation, purging, and/or liquidation of each entity.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent defunct corporations which are not now in the possession, custody or control of Defendants. Objection: Defendants object on the grounds that this request is overly broad and overly general. Objection: Defendants object on the grounds that this request is also vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the basis that the request calls for documents which do not exist. Objection: Defendants object on the grounds that this request calls for documents that are neither relevant nor material to these proceedings. Objection: Defendants object on the grounds that this request calls for confidential proprietary commercial and trade secret information, the disclosure of which may compromise Defendants' proprietary rights and would confer an unfair competitive advantage on the Virginia Flood Parties.

**PRODUCTION REQUEST 4:** Copies of all tax returns for each year in which each entity filed on behalf of their named companies and employees.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent defunct corporations which are not now in the possession, custody or control of Defendants. Objection: Defendants object on the grounds that this request is overly broad and overly general, and vague and ambiguous so as to be burdensome and oppressive. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for confidential proprietary and commercial information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties, and invades the privacy of employees who are not parties to this case.

**PRODUCTION REQUEST 5:** Any and all documents sufficient to establish the corporate dissolution, forfeiture, registration revocation, purging, and/or liquidation of each entity.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent, defunct corporations which are not now in the possession, custody or control of Defendants, nor relevant to any material issue in the case, and is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that they have previously produced documents responsive to this Request in connection with Defendants' Rule 26(a) Initial Disclosures and subsequent document productions dated June 15, 2007 and June 22, 2007, respectively. Subject to the foregoing General and specific objections, Defendants further respond that their investigation is continuing and to the extent such documents are in the possession, custody or control of Defendants, and have not already been produced, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 6:** Any and all documents showing financial and/or stock distributions to each entity's creditors.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent, defunct corporations which are not now in the possession, custody or control of Defendants, nor relevant to any material issue in the case, and is overly broad and overly general and vague and ambiguous so as to be burdensome and oppressive. Without waiving the foregoing General and specific objections, Defendants respond that they have previously produced documents responsive to this Request in connection with Defendants' Rule 26(a) Initial Disclosures and a subsequent document production dated June 22, 2007. Subject to the foregoing General and specific objections, Defendants further respond that their investigation is continuing and to the extent such documents are in the

possession, custody or control of Defendants, and have not already been produced, that they will produce and/or make available for inspection and copying additional responsive, relevant and material documents as Defendants are able to locate without undue burden.

**PRODUCTION REQUEST 7:** Any and all documents showing financial and/or stock distributions to the shareholders of each entity.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the foregoing General Objections, Defendants state as follows: Objection: Defendants object on the grounds that this request is overly broad and overly general, and vague and ambiguous so as to be burdensome and oppressive. Objection: Defendants object on the grounds that this Request calls for documents relating to non-existent defunct corporations which are not now in the possession, custody or control of Defendants. Objection: the request calls for documents which are irrelevant and immaterial to any issue in the case, and not reasonably calculated to lead to the discovery of relevant information. Objection: Defendants object on the grounds that this request calls for confidential proprietary and commercial information the disclosure of which would confer an unfair competitive advantage on the Virginia Flood Parties, and invades the privacy of employees who are not parties to this case.

Respectfully submitted,

COUNTERCLAIM PLAINTIFF/DEFENDANT
JOHN C. FLOOD, INC., & DEFENDANTS
JOHN C. FLOOD OF D.C., INC., ROBERT
SMILEY, JOANNE SMILEY, MARK
CROOKS AND MEL DAVIS

By their attorneys:

Benjamin J. Lambiotte
D.C. Bar No. 421288
blambiotte@gsblaw.com
Steve Varholik
D.C. Bar No. 497315
svarholik@gsblaw.com
**GARVEY SCHUBERT BARER**
1000 Potomac Street, Fifth Floor
Washington, D.C. 20007
(202) 965-7880

## CERTIFICATE OF SERVICE

I certify that I served a copy of these RESPONSES TO VIRGINIA FLOOD PARTIES' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS upon counsel for the Plaintiff/Counterclaim Defendant, via electronic mail and first class, postage-prepaid mail, on this 9th day of July, 2007.

Stephen J. Zralek, *appearing pro hac vice*
BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Tel: (615) 238-6300
Fax: (615) 238-6391
szraleck@bonelaw.com

Lisa Dunner, DC Bar #452004
DUNNER LAW
1010 Wisconsin Avenue, N.W.
Washington, DC 20007
Tel: (202) 298-2002
Fax: (202) 403-3030
ldunner@dunnerlaw.com
Counsel for Clinton Haislip &
James L. Seltzer, Jr.