IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. FLOOD OF VIRGINIA, INC., et al.   )
                                  )
     Plaintiffs and Counter-Defendants,   )
                                  )
v.                                  )     Judge Richard J. Leon
                                  )     Case No.: 1:06CV01311
JOHN C. FLOOD, INC., et al.             )     Deck Type:  General Civil
                                  )
     Defendants and Counter-Plaintiffs.   )

# DECLARATION OF MICHAEL G. RINN

## EXHIBIT "B"

# TO STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC., et al.** ) | |
| ) | |
| **Plaintiffs and Counter-Defendants,** ) | |
| ) | |
| **v.** ) | **Judge Richard J. Leon** |
| ) | **Case No.: 1:06CV01311** |
| **JOHN C. FLOOD, INC., et al.** ) | **Deck Type: General Civil** |
| ) | |
| **Defendants and Counter-Plaintiffs.** ) | |

### <u>DECLARATION OF MICHAEL G. RINN, ESQUIRE</u>

1. My name is Michael G. Rinn, Esquire. I am over the age of twenty-one, and I make this Declaration on the basis of my personal knowledge and participation in the proceedings referenced herein, in support of the Defendants'/Counterclaim Plaintiff's Motion for Partial Summary Judgment in *John C. Flood of Virginia, Inc.* v. *John C. Flood, Inc., et alia*, Case No. 1:06CV01311 (D.D.C.)

2. I am an attorney at law, concentrating in bankruptcy. My business address is 111 Warren Road, Cockeysville, Maryland. Among other professional qualifications, I am admitted to the State Bar of Maryland, and to the United States Bankruptcy Courts for the District of Maryland. I am presently and have been for many years a Member of the Chapter 7 Panel of Trustees for that Court. I am frequently appointed as Chapter 7 Trustee. In that capacity, I am charged with the responsibility of administering Chapter 7 cases in accordance with the provisions of United States Bankruptcy Code and the Rules of the Court, subject to the supervision of the United States Trustee.

3. In about November 1993, I was elected by the creditors and duly appointed to serve as successor Chapter 7 Trustee in the consolidated Chapter 7 bankruptcy cases of John C. Flood,

Inc. ("1984 Flood"), Melville R. Davis, his wife, Florence Davis, Mark Crooks, and his wife,

Lydia Crooks, styled *John C. Flood, Inc., et alia,* 91-4-3011SD, then pending in the United

States Bankruptcy Court for the Southern District of Maryland, Judge Keir presiding.

4. On March 22, 1993, a Chapter 11 Trustee was appointed for 1984 Flood, and Davis

and Crooks then ceased to be debtors-in-possession, as they had been prior to that appointment.

On September 21, 1993, each of 1984 Flood's, Davis', Crooks' and their wives' cases were

converted to proceedings under Chapter 7, and all of the cases were consolidated and

administered under the 91-4-3011SD Chapter 7 case.

5. In my official capacity as Chapter 7 Trustee, I learned that, after the appointment of a

Chapter 11 trustee in late 1993, and continuing after my appointment and through the Spring of

1995, the individual debtors, Mel Davis and Mark Crooks, and members of their family, had

established several corporations using variations of the trade names JOHN C. FLOOD and

FLOOD, including, J.C.F., Inc. trading as J.C. Flood, John C. Flood of D.C, Inc., and John C.

Flood of MD, Inc., and were using assets of the estate to essentially continue the plumbing,

heating and air conditioning business of the debtor John C. Flood, Inc., in the metropolitan

Washington, D.C. area. Those assets included the debtor's JOHN C. FLOOD and FLOOD trade

names and the good will represented thereby.

5. Accordingly, on May 17, 1995, I commenced an adversary proceeding (the

"Adversary Proceeding"), naming as defendants those entities, namely, JCF, Inc. t/a J.C. Flood,

John C. Flood of MD, Inc., John C. Flood of DC, Inc., MDMC, Inc. a/k/a Mel Davis and Mark

Crooks, Inc. (collectively referred to here, as in our Adversary Proceeding papers, as "New

Flood") the persons I believed to be operating them, namely Mark Crooks, Inc., Mel Davis, Mark

Crooks, Joanne Smiley and Robert Smiley. The case was styled *Rinn, Trustee,* v. *J.C.F., Inc. t/a*

*J.C. Flood, et alia,* Adversary Proceeding No. 95A-215. Attached hereto as Attachment 1 is a true, correct and authentic copy of the *Verified Complaint to Avoid and Recover Fraudulent Conveyances, to Compel Turnover of Estate Assets, for the Appointment of a Receiver, and for Other Relief* ("Verified Complaint"), complete except for the exhibits referenced therein. I again hereby affirm and declare under penalty of perjury that the facts stated therein were true and correct.

6.    In the Adversary Proceeding, invoking my rights as Trustee to avoid fraudulent transfers and compel turnover of estate assets to the Trustee pursuant to Sections 544, 548, 549 and 550 of the Bankruptcy Code, I sought judgment and appropriate orders declaring the New Flood corporations to be the successors of the debtor, John C. Flood, compelling the defendants to deliver to the estate and account for the assets, enjoining further use of those assets by them, and for appointment of a receiver to take control of assets rightfully belonging to the estate, and to preserve them for the creditors of the estate.  As set forth in the complaint, I believed these New Flood corporations were successors to the bankrupt debtor John C. Flood, Inc., and that assets they were using, including the FLOOD trade names, were property of the estate, subject to my control as Trustee, and administration for the benefit of the creditors.  Verified Complaint, Attachment 1, *passim.*

7.    Also on May 17, 1995, I filed with the Adversary Proceeding verified complaint a Verified Motion for Ex Parte Appointment of a Receiver, or, in the Alternative, for an Attachment Before Judgment With Levy and Seizure Thereon and for a Preliminary Injunction, along with a Memorandum in Support thereof. I engaged Paul-Michael Sweeny, of the firm of Linowes & Blicher, as my special counsel to represent and assist me in the case. Attached herein

as Attachment 2 are true, correct and complete copies of my moving papers. I again hereby

affirm and declare under penalty of perjury that the facts stated therein were true and correct.

    8.   Exhibit A to the Memorandum, an advertisement placed in the January 1995 edition

of the *Merchandiser,* shows that the defendants were then advertising as "J.C. Flood," and

billing themselves as the "Original Flood," clearly indicated that they were operating essentially

the same business as the debtor Flood company, and trading on its name and good will. Attach.

2, Exhibit A.

    9.   An emergency hearing on the Motion was set for May 22, 2005.  On May 19, 1995, I

subpoened all the defendants, and other witnesses, including Clinton Haislip and James Seltzer,

principals of a company called John C. Flood of Virginia, Inc., who I believed had knowledge of

the defendants' use of the FLOOD name, and documentation of defendants' advertising under

those names.  I planned to elicit their testimony and introduce such documentation at the May 22,

1995, hearing.  Their counsel was a lawyer named Gary Weltmann, Esquire, who also

represented John C. Flood of Virginia, Inc., in the case.  Attached hereto as Attachment 3 are

true, correct and authentic copies of the May 19, 1995, Haislip and Seltzer subpoenas and the

return of service thereof.

    10.   Ultimately, the evidentiary hearing did not occur because, on or about June 5, 1995,

the defendants stipulated to a Stipulated and Consent Order for a preliminary injunction and

temporary appointment of a receiver.  Attached hereto as Attachment 4 is a true, correct,

authentic and complete copy of the Consent Order ("June 5, 1995, Temporary Receivership

Order").  Roman Fedirka of KMR Management, Inc. was appointed to serve as temporary

receiver.  The Court appointed Mr. Fedirka to operate, preserve and protect the New Flood

assets, including the JOHN C. FLOOD and FLOOD names and related goodwill during the

bankruptcy proceeding. Among the powers and duties the Court expressly conferred on the receiver were to: "take immediate possession and charge of the right title and interest of all tangible and intangible property of New Flood, wherever located . . . . and assets of every kind a nature (collectively the "Assets") and to manage, operate, secure, and control same so as to protect and preserve New Flood as ongoing business entities until further Order of the Court" Temporary Receivership Order, ¶ 1.

11. An evidentiary hearing on the merits of the Adversary Proceeding claims was reset for September 7, 1995. Once again, on August 15, 1995, I subpoenaed Haislip and Seltzer to testify and to bring with them documents to the September hearing, addressing the subpoena in care of their counsel. Mr.Weltmann. Attached hereto as Attachment 5 are true, correct and authentic copies of the August 15, 1995, Haislip and Seltzer subpoenas and the return of service thereof.

12. On August 17, 1995, the Court entered a Second Stipulated and Consent Order continuing the receivership under Mr. Fedirka, and charging him the identical powers and duties. Attached hereto as Attachment 6 is a true, correct, authentic and complete copy of this second Order ("August 17, 2995 Second Temporary Receivership Order").

13. By September 7, 1995, after lengthy negotiations, I and the Adversary Proceeding defendants had reached a settlement agreement in principal whereby the estate would, after due notice to all creditors, sell the stock in certain of the New Flood corporations and the JOHN C. FLOOD, INC. and FLOOD, INC. trade names and goodwill, to Davis, Crooks, and Joanne and Robert Smiley on certain terms, including a release of the claims against them. Pending resolution of the details, grant or denial of the motion approving the sale after an opportunity for creditors to object or to submit higher and better bids, and a sale of the assets, the parties

consented that Mr. Fedirka would be appointed permanent receiver, with powers similar to those

granted in the previous Temporary Receivership Orders.

14. A hearing on the consent motion for permanent appointment of a receiver before the

Bankruptcy Court was held on September 7, 1995, at which a court reporter was present.

Attached hereto as Attachment 7 is a true, authentic and complete copy of the transcript.

("Permanent Receiver Motion Hearing Transcript"). The transcript summarizes the details of the

contemplated settlement as proposed at the time. Mr. Weltmann, appearing for John C. Flood of

Virginia, Inc., attended the hearing. My counsel and representative, Paul-Michael Sweeny,

attended for me, as I was unable to attend due to the fact that I had 70 Section 341 examinations

to conduct that day.

15. The parties expressly contemplated that the ultimate asset sale would be pursuant to

15 U.S.C. § 363, which permits the Trustee to sell estate assets free and clear of all adverse liens,

claims, and encumbrances after due notice to all creditors and parties in interest and an

opportunity to object and submit higher and better bids. *See* Permanent Receiver Motion Hearing

Transcript, Attachment 7, at 5-17.

16. Attached hereto as Attachment 8 is a true, authentic and complete copy of the

September 7, 1995, Consent Order Appointing Permanent Receiver and Granting Permanent

Injunctive Relief, bearing Judge Keir's interlineation regarding notice of the sale ("Permanent

Receivership Order"). Among the powers and duties the Court expressly conferred on the

receiver were to: "take immediate possession and charge of the right title and interest of all

tangible and intangible property of New Flood, wherever located . . . . and assets of every kind a

nature (collectively the "Assets") and to manage, operate, secure, and control same so as to

protect and preserve New Flood as ongoing business entities until consummation of sale to a

purchaser, subject to further Order of this Court." Permanent Receivership Order, ¶ 1. He was also charged expressly "[t]o prohibit any confusingly similar or otherwise infringing uses of the common law tradename JOHN C. FLOOD, INC., by any individual or entity. . . ." *Id.* ¶ 3.

17. Attached hereto as Attachment 9 are true, authentic and complete copies of the Notice of the Permanent Receivership Order I caused to be filed on September 15, 1995, and the Clerk's Certification of No Objections thereto, which states the condition Judge Keir imposes "[h]owever, all creditors will receive additional notice prior to any sale and the notice of the sale will provide for a period of time for creditors and parties in interest to respond and also provide for a hearing to be held."

18. Early in October, 1995, I reached a settlement with the Adversary Proceeding parties, whereby the trade names and goodwill in and to JOHN C. FLOOD, INC. and FLOOD, INC., and the stock of John C. Flood of MD, Inc. and John C. Flood of DC, Inc. were to be sold, along with the operating assets and liabilities of those companies, pursuant to 15 U.S.C. § 363, free and clear of all adverse liens, claims and interests, to Davis, Crooks, and the Smileys, for $300,000 on terms. The proposed settlement is described in my October 5, 1995, Motion for Entry of Order Authorizing Private Sale of Stock and Other Assets Free and Clear of Liens and For Approval of Settlement, a true, authentic and complete copy of which, including Exhibits A and B, is attached hereto as Attachment 10 ("Motion for Approval of Sale Free and Clear of Liens").

19. On October 6, 1995, as contemplated by the parties, and as ordered by the Court, I caused to be served all creditors and parties in interest with a Notice of the Motion for Approval of Sale Free and Clear of Liens, to which was attached the motion. Gary Weltmann, counsel to Haislip, Seltzer and John C. Flood of Virginia, Inc., was served with a copy. Attached hereto as Attachment 11 is a true, authentic and complete copy of the Notice.

20. On October 20, 1995, Haislip and Seltzer, through their counsel, Mr. Weltmann, styling themselves creditors and parties-interest, filed an objection to the Motion to Approve Sale Free and Clear of Liens. Referring to the papers I had filed at the commencement of the case, they objected to the sale on the grounds that I should not settle the case or sell the assets to the proposed purchasers, Davis, Crooks and Joanne and Robert Smiley, because they had engaged in fraud, and diverted and concealed assets of the estate, creating a risk that they would "engage in these abhorrent acts again to the extreme detriment of creditors." They noted that the Motion for Approval of Sale Free and Clear of Liens, required that the Trustee monitor the Purchaser's operation of the business until the purchase price was paid, because of their past history, causing an expense that decreased the net recovery. Attached hereto as Attachment 12 is a true and authentic copy of Haislip's and Seltzer's October 20, 1995, Objection to Sale of Stock and Assets Free and Clear of Liens and to [sic] Objection to Settlement. ("Haislip/Seltzer Objection to Sale").

21. As part of their Objection to Sale, Haislip and Seltzer made an offer to purchase the only the tradenames JOHN C. FLOOD, INC. and FLOOD, INC. for $225,000, on terms, but not the stock of the New Flood entities. *See Id.,* ¶ 9.

22. In response to the issues raised in the objection, Davis and Crooks withdrew from the bid, and the Smileys alone offered $425,000, on terms. A hearing before Judge Keir was held on the Motion on October 26, 1995, which Mr. Weltmann attended, and at which I was present, along with my counsel, in person. Ultimately, on October 28, 1995, after considering Haislip and Seltzer's objections and counteroffer, the Court entered an Order approving the sale of the Flood stock and trade name assets, including the trade names JOHN C. FLOOD, INC and "Flood, Inc.," and associated goodwill to the Smileys and the corporations they were to operate,

8

for the sum of $425,000, on the terms set forth in the Order and the instruments recited therein. A true and authentic copy of the Order is attached hereto as Attachment 13.

23. At no time during or after the sale approval process did Mr. Weltmann, Haislip, Seltzer, or anyone else acting for or on behalf of John C. Flood of Virginia, Inc., ever claim or assert that the estate lacked the right to sell, or lacked title and interest in and to the JOHN C. FLOOD, INC. and FLOOD, INC., trade names and associated goodwill, despite ample notice and opportunity to do so. Nor did they ever claim or assert that the sale was invalid because, previously, in or about March 1995, I agreed to settle their claim against the estates of Davis and Crooks by selling to Haislip and Seltzer the 50% ownership interest Davis and Crooks had in John C. Flood of Virginia, Inc. for $55,000, which sum, incidentally, they were tardy in paying. Indeed, they acted in a manner completely contrary to such contentions in offering $225,000 for the very assets I now understand they claim in this litigation, twelve years later, I had no right to sell.

24. Indeed, the very idea is ludicrous, because, in fact, as part of the consideration for my sale of the Davis and Crooks estates' John C. Flood of Virginia, Inc., stock to them, some seven months prior to the Motion for Sale of Asset Free and Clear of Liens, Haislip and Seltzer expressly agreed to release any claims they or John C. Flood of Virginia, Inc., had against the Trustee and the estates of the bankrupt debtors. Attached hereto as Attachment 14 are true and authentic copies of correspondence between my counsel and representative, Mr. Sweeny, and Mr. Weltmann, reflecting discussions leading up to my 1995 stock sale to Haislip and Seltzer, including the ultimate culmination of those discussions -- a March 16, 1995, letter, prepared and sent by Mr. Weltmann to Mr. Sweeny memorializing the terms of the settlement, including Haislip, Seltzer, and John C. Flood of Virginia, Inc's assignment and release of claims

9

against me and estates, signed by both Mr. Sweeny, and each of Messrs. Weltmann, Haislip and Seltzer. Attached hereto as Exhibit 15 is the Notice of Settlement filed with the Court and served on parties in interest describing the stock sale and its terms, and the Clerk's Certificate indicating no objections.

25. I certainly did not, in that transaction, cede all the estates' rights in the JOHN C. FLOOD and FLOOD tradenames and goodwill to Haislip, Seltzer, and John C. Flood of Virginia, Inc. In fact, on October 5, 1995, the day before I filed the Motion for Approval of Sale Free and Clear of Liens of those very same assets, I wrote a letter to Mr. Weltmann demanding that his clients cease and desist using JOHN C. FLOOD in certain telephone directory advertising without the distinguishing designator "of Virginia." I wrote: "[w]ithout belaboring the point, I consider your client's use of the name without the clarification as John C. Flood of Virginia in the same category as the issues which led to litigation of the received entities." Attached hereto as Attachment 16 is a true and authentic copy of my October 5, 1995, letter.

I HEREBY DECLARE AND AFFIRM ON PERSONAL KNOWLEDGE UNDER PENALTIES OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Dated July 16, 2007

_____
MICHAEL G. RINN, ESQUIRE

10

**Attachment "B-1"**



621-001
51695pms
vercomp.02

 

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### (Southern Division)

In re:                                           *

JOHN C. FLOOD, INC.                              *
MELVILLE R. DAVIS                                *   Substantively Consolidated
FLORENCE DAVIS                                   *   under Case No. 91-4-3011SD
MARK CROOKS                                      *
LYDIA CROOKS                                     *   Chapter 7
                                                 *
*   *   *   *   *   *   *   *                     *
                                                 *
MICHAEL G. RINN, TRUSTEE FOR                     *
JOHN C. FLOOD, INC.,                             *
MELVILLE R. DAVIS                                *
FLORENCE DAVIS                                   *
MARK CROOKS and                                  *
LYDIA CROOKS                                     *
                                                 *
        Plaintiff                                *
                                                 *
v.                                               *   Adversary Proceeding No. _____
                                                 *
J.C.F. INC. t/a                                  *
J.C. FLOOD, CO.                                  *
Serve on:                                        *
        Robert B. Smiley                         *
        107 Meadow Road                          *
        Riva, MD  21140;                         *

JOHN C. FLOOD OF MD, INC.                        *
Serve on:                                        *
        Robert B. Smiley                         *
        107 Meadow Road                          *
        Riva, MD  21140;                         *

JOHN C. FLOOD OF D.C., INC.                      *
Serve on:                                        *
        Resident Agent                           *
        James Williams                           *
        236 Massachusetts Ave., NE               *
        Washington, D.C.  20002;                 *

MCMD, INC. a/k/a MARK CROOKS
AND MELVILLE DAVIS, INC.                          *
Serve on:                                        *
        Resident Agent                           *
        Joanne Smiley                            *
        107 Meadow Lane                          *
        Riva, Maryland  21140;                   *
                                                 *

FILED

MAY 1 7 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT



```
MELVILLE DAVIS                    *
3501 Mobile Court                 *
Davidsonville, MD  21035;         *
                                  *
FLORENCE DAVIS                    *
3501 Mobile Court                 *
Davidsonville, MD  21035;         *
                                  *
JOANNE L. SMILEY a/k/a            *
JOANNE L. DAVIS                   *
107 Meadow Road                   *
Riva, MD  21140;                  *
                                  *
ROBERT B. SMILEY                  *
107 Meadow Road                   *
Riva, MD  21140;                  *
                                  *
MARK CROOKS                       *
179 Dividing Court                *
Arnold, MD  21012;                *
                                  *
and                               *
                                  *
LYDIA CROOKS                      *
179 Dividing Court                *
Arnold, MD  21012;                *
                                  *
       Defendants.                *
```

## VERIFIED COMPLAINT TO AVOID AND RECOVER FRAUDULENT CONVEYANCES, TO COMPEL TURNOVER OF ESTATE ASSETS, FOR THE APPOINTMENT OF A RECEIVER AND FOR OTHER RELIEF

Michael G. Rinn, Trustee ("Trustee" or "Plaintiff"), by counsel files this Complaint to Avoid and Recover Fraudulent Conveyances, to Compel Turnover of Estate Assets, for the Appointment of a Receiver and for Other Relief and in support respectfully states as follows:

### JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and 11 U.S.C. §§ 105, 542, 544, 548, 549 and 550.



2.  The subject matter of this proceeding concerns core proceedings under 28 U.S.C. § 157.

### VENUE

3.  This Court is the proper forum in which to maintain this proceeding pursuant to 28 U.S.C. §1409.

### PARTIES

4.  The Plaintiff is the duly appointed successor Chapter 7 Trustee in the John C. Flood, Inc. bankruptcy case, which is substantively consolidated with the bankruptcy cases of Melville R. Davis, Florence Davis, Mark Crooks and Lydia Crooks under Case No. 91-4-3011SD.  The case is presently assigned to the Honorable Duncan Keir, United States Bankruptcy Judge for the District of Maryland, Southern Division.

5.  John C. Flood, Inc. filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 21, 1991.  The case was converted to a proceeding under Chapter 7 on September 21, 1993.

6.  Defendant Melville R. Davis filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 21, 1991.  His case was converted to a proceeding under Chapter 7 on September 21, 1993.

7.  Defendant Florence Davis filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 30, 1991.  Her case was converted to a Chapter 7 proceeding on September 21, 1993.

8.  Defendant Mark Crooks filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 21, 1991.  His case was converted to a Chapter 7 proceeding on September 21, 1993.

9. Defendant Lydia Crooks filed a petition for relief under Chapter 11 of the Bankruptcy Code on July 30, 1992. Her case was converted to a Chapter 7 proceeding on September 21, 1993.

10. On March 22, 1993, Francis L. Hunt, pursuant to an order of the Court, was appointed the Chapter 11 Trustee in each of the above-referenced cases.

11. On April 2, 1993, the above-referenced cases were all substantively consolidated and administered under Case No. 91-4-3011SD.

12. Plaintiff John C. Flood, Inc. (hereinafter referred to as "Old Flood"), is a corporation organized and existing under the laws of the State of Maryland. Its principal office is located at 3816 Bladensburg Rd., Cottage City, Maryland. It also had locations in Baltimore and Washington, D.C. and was engaged in providing plumbing, air conditioning and heating services in the Baltimore-Washington Metropolitan area.

13. Defendant J.C.F. Inc., t/a J.C. Flood, Co., is a corporation organized and existing under the laws of the State of Maryland. According to the State Department of Assessments and Taxation ("SDAT") maintains its principal office at 3818 Bladensburg Road, Cottage City, Maryland 20722.

14. J.C.F. Inc., t/a J.C. Flood, Co., also maintains business locations at 1 Azar Court, Arbutus, Maryland and 711 Kennedy St., N.W., Washington, D.C.

15. J.C.F. Inc., t/a J.C. Flood, Co., was incorporated by Robert and Joanne Smiley on February 13, 1992. The trade name J.C. Flood, Co. was filed at SDAT by Mr. and Mrs. Smiley on March 26,

1993, just days after the appointment of Hunt as Chapter 11 Trustee.

16.  The officers and directors of J.C.F., Inc., t/a J.C. Flood, Co., are Joanne L. Smiley and Robert B. Smiley, codefendants herein.

17.  Defendant John C. Flood of MD, Inc. is a corporation organized and existing under the laws of the State of Maryland which maintains its principal office at 107 Meadow Road, Riva, Maryland.  This defendant was incorporated by Mr. and Mrs. Smiley on December 12, 1993.

18.  Defendant John C. Flood of D.C., Inc. is a corporation organized and existing under the laws of the District of Columbia. Upon information and belief, Joanne Smiley and Robert Smiley are the officers, directors and incorporators of this corporation.

19.  Defendant MCMD, Inc., a/k/a Mark Crooks & Melville Davis, Inc., is a corporation organized and existing under the laws of the State of Maryland which maintains an office address, according to SDAT, at 3818 Bladensburg Road, Cottage City, MD.  The resident agent is Joanne Smiley.

20.  Defendants J.C.F. Inc., t/a J.C. Flood, Co., John C. Flood of MD, Inc., John C. Flood of D.C., Inc., MCMD, Inc. a/k/a Mark Crooks & Melville Davis, Inc. are hereinafter collectively referred to as "New Flood".

21.  Defendant Melville Davis is an individual residing at 3501 Mobile Court, Davidsonville, Maryland.  Mr. Davis served as the President of Old Flood.  He is the husband of Florence Davis, the father of Joanne Smiley, and the father-in-law of Robert



Smiley.  He is currently employed as a manager and a chief executive of New Flood.

22.  Defendant Florence Davis is an individual residing at 3501 Mobile Court, Davidsonville, Maryland.  She is the wife of Melville Davis and mother of Joanne Smiley.  She is employed by Old Flood as a bookkeeper.  She was also employed by New Flood as a bookkeeper.

23.  Defendant Joanne Smiley, a/k/a Joanne Davis, is an individual residing at 107 Meadow Road, Riva, Maryland 21140.  She is the daughter of Melville and Florence Davis, and the wife of Robert Smiley.  She previously worked as an employee of Old Flood. She is an officer and director of New Flood.

24.  Defendant Robert B. Smiley is an individual residing at 107 Meadow Road, Riva, Maryland  21140.  He is the son-in-law of Melville and Florence Davis and the husband of Joanne Smiley.  He previously worked at Old Flood.  He is now vice president of New Flood.

25.  Defendant Mark Crooks is an individual residing at 179 Dividing Court, Arnold, Maryland.  He served as the vice president of Old Flood.  As an employee, officer and director of Old Flood, his responsibilities included supervision of the Baltimore operations.  He is currently employed as a manager and a chief executive at New Flood.  His duties at New Flood include supervision of the Baltimore operations of New Flood.

26.  Defendant Lydia Crooks is an individual residing at 179 Dividing Court, Arnold, Maryland.

 

### Facts Common to All Counts

27.   The following relatives of Melville Davis were employed at Old Flood and are now employed at New Flood:

| | | |
|---|---|---|
| a) | Florence Davis | Wife |
| b) | Mr. Davis | Father |
| c) | Robert Davis | Brother |
| d) | Carter Davis | Brother |
| e) | Bucky Davis | Nephew |
| f) | Robbie Davis | Nephew |
| g) | Joanne Smiley | Daughter |
| h) | Robert Smiley | Son-in-law |

28.   Substantially all of the employees of Old Flood were told to quit, were released, or were fired by Mr. Crooks and Mr. Davis after Judge E. Stephen Derby announced his decision to appoint a trustee on March 2, 1993.

29.   Defendants informed substantially all of Old Flood's employees that they should quit Old Flood and go to work for New Flood.   New Flood immediately hired substantially all of Old Flood's employees.

30.   When the appointed trustee finally seized Old Flood's corporate bank accounts, paychecks to Old Flood's employees bounced.

31.   These employees, even though they were receiving paychecks from Old Flood, were already working for New Flood.

32.   Mr. Davis testified that he personally made good $30,000 worth of bounced payroll checks and that he did this by obtaining the money from his father as a gift.

33.   Defendants simultaneously served as officers, directors, executives and/or employees of New Flood while they were employed by Old Flood.

 

34. Florence Davis made a gift of $35,000 to Joanne Smiley and Robert Smiley, the president and vice president of New Flood. She got the money for this loan from a settlement received as a result of an automobile accident which occurred in October of 1990. This cause of action was not disclosed in her original set of schedules. Mrs. Davis later claimed this money as exempt.

35. Old Flood was engaged in the business of plumbing, heating and air conditioning.

36. New Flood is engaged in the business of plumbing, heating and air conditioning.

37. On March 3, 1993 the Court entered an order directing the appointment of a trustee in all the Debtors' cases. The factual bases for the appointment and the Court's reasoning for the appointment of a trustee are more fully set forth in the hearing transcript on the Motion for Appointment of Trustee, a copy of which is attached hereto and incorporated by reference as Exhibit "A".

38. The reasons cited by the Court for the appointment of a trustee included concern with the overall supervision of the financial transactions and the lack of compliance with the Bankruptcy Code.

39. At the conclusion of the hearing on the appointment of a trustee the Court also specifically warned Crooks and Davis and stated "I will caution the debtors that it is a bankruptcy crime to meddle with the assets of the estate and that's subject to criminal penalties". (Exhibit A at p. 170)



40. Despite the Court's warning, Crooks and Davis and the other Defendants proceeded to remove, transfer and use, and continue to use up to the present time, without Court authorization, estate assets. The removal of estate assets and property included, but was not limited to, removal of monies in bank accounts, cash, accounts receivable, Debtors' tradename, good will, trade secrets, corporate opportunities, corporate name, equipment, inventory, furniture, fixtures, customer lists, licenses, permits, certifications, and other tangible and intangible assets (hereinafter "Corporate Assets").

41. On March 22, 1993, the Court entered an order approving the appointment of Francis L. Hunt as Chapter 11 Trustee. On March 23, 1993, Hunt visited Old Flood's principal place of business and determined that the Debtor's business had been shut down, its employees terminated and the principals of Old Flood, Crooks and Davis, were working for a competing business doing business as J.C. Flood, Inc. Details concerning Hunt's visit and duties while trustee are more fully set forth in the deposition transcript of Hunt and his attorney, Roger Schlossburg, a copy of which is attached hereto and incorporated by reference herein as Exhibit "B". Further details are also set forth in the Affidavit of Chapter 11 Trustee, a copy of which is attached hereto and incorporated by reference herein as Exhibit "C".

42. One employee of Old Flood has stated that after the Court appointed a Trustee, he was directed by Defendants to remove inventory, equipment and supplies from Old Flood to a warehouse in Baltimore for the future use of New Flood.



43.  A  Case-580  Backhoe,  a  flatbed  trailer  and  an International dump truck, all owned by Old Flood, were transferred to New Flood.

44.  Numerous  trucks  in  possession  of  Old  Flood  were transferred to the possession of New Flood under the premise that the trucks were owned by members of Crooks and Davis' family members and New Flood was now leasing them.

45.  The stock in New Flood is owned by Robert B. and JoAnne Smiley, the son-in-law and daughter of Melville and Florence Davis.

46.  The Defendant's actions in shutting down Old Flood's operations and transferring the assets and property of the estate and in obtaining employment with New Flood constituted a breach of Crooks' and Davis' fiduciary duty to Old Flood and a fraud on Old Flood's creditors.

47.  The Defendants, as employees of Old Flood, breached their fiduciary duties to Old Flood, their creditors and the bankruptcy estates by transferring the Corporate Assets and property of the estate and in obtaining employment with New Flood.

48.  Included among the assets transferred by Mark J. Crooks, Lydia Crooks, Melville Davis and Florence Davis were various bank accounts maintained by them in their own names and in various joint or fiduciary capacities with and for the putative benefit of other persons (collectively referred to as the "Bank Accounts").

49.  Based upon representations made by Defendant Davis to Hunt and his counsel, the Bank Accounts were maintained at all pertinent times with Maryland National Bank, NationsBank and Annapolis Bank and Trust Company (collectively, the "Banks").

Defendants Crooks and Davis were the sole signatories on an account with Annapolis Bank and Trust Company.

50.    Despite the fact that Melville Davis and Mark Crooks knew or had reasonable cause to believe that the Annapolis Bank and Trust Company Account was the property of the bankruptcy estates or Old Flood, Melville Davis and Mark Crooks both individually, and as officers of Old Flood, concealed the existence of the Annapolis Bank and Trust Company Account by omitting the same from the schedules and statement of affairs filed in these proceedings. Crooks and Davis also failed to disclose the existence of the Annapolis Bank and Trust Account on the monthly operating reports filed with this Court.

51.    On March 23, 1993, as a follow-up to the warning issued by Judge Derby on March 2, 1993, Hunt specifically warned and directed Crooks and Davis to make no withdrawals of any sums from any of the Bank Accounts or otherwise exercise or attempt to exercise control of any other accounts, certificates of deposits, investment vehicles and any other accounts.    Notwithstanding the admonitions of the Court and the Trustee, Crooks and Davis with the cooperation and assistance of the other Defendants proceeded to remove property of the estate and Corporate Assets, including, but not limited to, funds on deposit with the Annapolis Bank and Trust Company.

52.    The Defendants failed to disclose the existence of the Annapolis Bank and Trust Bank Account, concealed the existence of said accounts through the submission of false monthly operating

 

reports, financial statements and other documents filed with this Court.

53. Mr. and Mrs. Davis transferred, without consideration to their daughter, JoAnne Smiley, a diamond ring of a value of approximately $10,000.00.

54. The Davis' monthly reports and Schedules and Statement of Financial Affairs failed to disclose said transfer and gift, and in specific response to Question 14(a) of their Schedules and Statement of Financial Affairs, they responded "NA".

55. The Defendants, both individually and as officers of Old Flood, caused the Corporate Assets of Old Flood to be transferred to or appropriated by New Flood.

56. All of the transfers by Defendants mentioned above were without the Court's authorization.

57. The acts of the Defendants in causing or allowing the assets of Old Flood to be transferred to New Flood were with the intent to hinder, delay or defraud creditors. As officers and Directors of Old Flood, Crooks and Davis were charged with custody of this Property under the provisions of Title 11.

## COUNT I

### UNAUTHORIZED POST-PETITION TRANSFERS OF CORPORATE ASSETS

58. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 57 hereof as if fully set forth herein.

59. The above-described transfers of Old Flood's Corporate Assets to Defendants constituted unauthorized post-petition

 

transfers that are avoidable pursuant to 11 U.S.C. § §542, 549 and applicable state law.

60. The Defendants are initial transferees, immediate transferees, or mediate transferees for whose benefit the transfers were made.

61. The above-described transfers of Corporate Assets may be avoided, recovered and preserved for the bankruptcy estate pursuant to 11 U.S.C. §§ 542, 544, 549, 550 and 551.

WHEREFORE, the Trustee prays for relief as requested herein below.

## COUNT II

### TURNOVER

62. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 61 above.

63. From the date of filing of their cases under Title 11 up until the present time, the Defendants have exercised dominion and control over estate assets in an unauthorized and wrongful manner, which has denied Old Flood its right to its Corporate Assets and the Plaintiff's rightful possession of property of the estate.

64. The Defendants took or obtained possession of the Debtor's property of the estate and Corporate Assets without authority.

65. The Defendants obtained possession of the Debtor's property of the estate and Corporate Assets by fraud or duress.

66. The Defendants wrongfully barred Plaintiff from access to Old Flood's property, property of the estate and Corporate Assets.

-001/5051695pms/vercomp.02                    13

67.   The Defendants have used Old Flood's Corporate Assets in a manner which constitutes infringement of Old Flood's right to control and have use of said assets.

68.   The Plaintiff is entitled to immediate possession of all of its Corporate Assets and property in accordance with Title 11 of the U.S. Code and applicable state law.

69.   The Defendants have failed and refused to surrender to the Plaintiff property of the estate and Corporate Assets.

70.   Plaintiff has suffered significant damages.   The financial condition of Old Flood has become hopelessly insolvent, its assets dissipated, its sources of income destroyed, and all its legitimate future activity and prospects and terms of corporate opportunity effectively terminated.

71.   The Trustee is entitled, pursuant to 11 U.S.C. § 542 and applicable state law, to a turnover of the assets or their value that were improperly obtained by Defendants.

WHEREFORE, the Trustee prays for relief as requested hereinbelow.

## COUNT III

## SUCCESSOR LIABILITY

72.   The Trustee realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 71 above as if fully set forth herein.

73.   Defendants Crooks and Davis, while officers and directors of Old Flood and Defendants, and while employees and insiders of Old Flood, transferred or caused to be transferred to or for the



benefit of the Defendants all or substantially all of the Corporate Assets of Old Flood and property of the estate.

74. Defendants Joanne Smiley and Robert Smiley, as officer or directors of New Flood, caused to be transferred to or for the benefit of, New Flood and the Defendants, the Corporate Assets and property of Old Flood and property of the estate.

75. New Flood is a "successor" of Old Flood, as defined by the provisions of the Maryland Annotated Code, Corporations and Associations Article, §101(u)(4).

76. New Flood is owned and operated on a day-to-day basis by Mark Crook, Melville Davis, Joanne Smiley and Robert Smiley.

77. New Flood operates in substantially the same places of business as those in which Old Flood previously operated.

78. New Flood is involved in exactly the same type of business as the Debtor, carries the same type of inventory, provides the same type of services, services the same customers and relies upon the good will, trade secrets and specialized knowledge of Old Flood. New Flood uses the same advertising, formats and media used by Old Flood.

79. The transfer of Old Flood's Corporate Assets to New Flood occurred while Old Flood was insolvent or rendered Old Flood insolvent and was made with the actual intent to delay, hinder or defraud creditors of Old Flood.

80. Old Flood received less than a substantially equivalent value for the transfer of its Corporate Assets.

81. Old Flood received no value for the transfer of its Corporate Assets.



82. The transfer of the Corporate Assets under the facts and circumstances set forth herein amount to a consolidation or merger rendering New Flood responsible for the debts and obligations of Old Flood.

83. New Flood is a mere continuation of Old Flood.

84. New Flood and the other Defendants fraudulently entered into a transaction whereby Old Flood transferred all of its Corporate Assets for the sole purpose of placing such assets out of reach of the creditors of Old Flood.

WHEREFORE, the Trustee prays for relief as requested hereinbelow.

## COUNT IV

### UNFAIR COMPETITION - HOSTILE EMPLOYMENT PRACTICES

85. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 84 above.

86. While Defendants were officers of and in the employ of Old Flood, they had an obligation to exert their best efforts on Old Flood's behalf and were required to refrain from actively and directly competing with Old Flood for customers and employees. They had an obligation to manage Old Flood honestly and fairly, without taint of fraud or deception.

87. While Defendants were officers of and in the employ of Old Flood, they established New Flood with Old Flood's Corporate Assets, and other tangible and intangible assets. Through these actions, Defendants employed fraud, deceit, trickery and other

 

unfair methods to give New Flood a competitive advantage, at Old Flood's expense.

88.   While Defendants were officers of and in the employ of Old Flood, they took Old Flood's Corporate Assets, accounts, customers and employees for New Flood's competitive advantage.

89.   Defendants have breached their duties of fairness and loyalty to Old Flood by exploiting their position of trust while they were officers and employees of Old Flood, unfairly disadvantaging Old Flood and competitively advantaging New Flood's operations.

WHEREFORE, the Trustee prays for relief as requested hereinbelow.

## COUNT V

### UNFAIR COMPETITION - APPROPRIATION OF CORPORATE NAMES

90.   The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 89 above.

91.   The Defendants have appropriated Plaintiff's common law tradename, JOHN C. FLOOD, INC., through their infringing use of the confusingly similar name, "John C. Flood, Inc." In so doing, they have unfairly and competitively disadvantaged Old Flood by stealing the well-recognized name JOHN C. FLOOD, INC, and by confusing Old Flood's customers into thinking that "J.C. Flood" is the same company as Old Flood.

92.   By virtue of the similarity in the names JOHN C. FLOOD, INC. and "J.C. Flood, Inc.," and the fact that both companies offer plumbing, heating and air conditioning services within the



Baltimore-Washington, D.C. metropolitan area, Defendant's use of "John C. Flood, Inc." is likely to provide consumer confusion to the competitive disadvantage of Debtor JOHN C. FLOOD, INC.

93. Plaintiff has been damaged by this unauthorized appropriation. The FLOOD name has been impugned by the Defendants' substandard business practices and the respective value of the sale of the Flood name by Debtor has been diminished.

WHEREFORE, the Trustee prays for the relief requested hereinbelow.

## COUNT VI

## CIVIL CONSPIRACY

94. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 93 above.

95. From prior to the filing of the petitions for relief under Title 11 through the present time, Defendants, during the course of their employment and tenure as employees, agents or officers of Old Flood, and in breach of their duty of utmost loyalty to Old Flood, planned, schemed and conspired with each other to waste, dissipate and improperly use the funds, property and Corporate Assets of Old Flood, and to improperly use and permit to be utilized the Corporate Assets of Old Flood for their own benefit and for the benefit of Defendants.

96. Defendants simultaneously served as officers, directors and/or employees of New Flood while they were employed by Old Flood.

1-001/5051695pms/vercomp.02

97.  In the course of, and in furtherance of, the conspiracy, Defendants transferred all or substantially all of the Corporate Assets of the Debtor to or for the benefit of Defendants for less than reasonably equivalent value at a time when the Debtor was insolvent.

98.  As a direct result of the foregoing acts and agreements, the Defendants gained individual profits and benefits to the detriment of Old Flood.  Profits and benefits by virtue of the unlawful use and transfer of the Corporate Assets of the Debtor have been ratified and authorized by the Defendants and by New Flood acting through its officers and directors.

99.  As a direct and proximate result of the conveyance and transfer of the Corporate Assets of the Debtor, and in furtherance of the agreements set forth herein, the Corporate Assets of the Debtor have been depleted and dissipated, sources of income destroyed, and their legitimate future activity and prospects for corporate opportunity effectively terminated.

100. Old Flood has suffered substantial damages as a result of this conspiracy.

101. Plaintiff is entitled to an award of damages against Defendants.

WHEREFORE, the Trustee prays for the relief requested hereinbelow.

## COUNT VII

### FRAUDULENT CONVEYANCE OF CORPORATE ASSETS (MARYLAND UNIFORM

### FRAUDULENT CONVEYANCE ACT)

102. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 101 hereof as if fully set forth herein.

103. The Plaintiff's Corporate Assets were transferred to or for the benefit of Defendants.

104. Transfers of Plaintiff's Corporate Assets to Defendants were made while Old Flood was insolvent, or rendered Old Flood insolvent as a result thereof.

105. The transfers of Plaintiff's Corporate Assets to Defendants were made for less than reasonably fair, equivalent value or for less than fair consideration as defined by the Annotated Code of Maryland, Commercial Law Article §15-203.

106. At the time the transfers of Plaintiff's Corporate Assets occurred, Old Flood and Defendants intended to, or believed they would, incur debts beyond their ability to pay as they matured.

107. The transfers of Old Flood's Corporate Assets were made with the actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud present or future creditors of Old Flood.

108. The transfers of Corporate Assets may be avoided, recovered and preserved for the Bankruptcy estate.

WHEREFORE, the Trustee prays for relief as requested hereinbelow.

0621-001/5051695pms/vercomp.02

## COUNT VIII

## RECOVERY OF FRAUDULENT CONVEYANCES

109. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 108 hereof as if fully set forth herein.

110. The transfers of Corporate Assets of Old Flood constitute transfers of property of the estate to or for the benefit of the Defendants as transferees or as immediate or mediate transferees, as defined by 11 U.S.C. §550.

WHEREFORE, the Trustee prays for relief as requested hereinbelow.

## COUNT IX

## BREACH OF FIDUCIARY DUTIES

111. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 110 above.

112. At all pertinent times, Defendants Crooks and Davis were employees, directors and officers of Old Flood. At all pertinent times, Defendants Florence Davis, Robert Smiley and Joanne Smiley were employees of Old Flood. Further, at all times subsequent to the filings under Title 11, Defendants owed a fiduciary duty to the Plaintiff, the bankruptcy estates and their creditors (collectively referred to as "Plaintiff/beneficiaries"). Defendants owed a fiduciary duty to the Plaintiff/beneficiaries including, but not limited to, the duty to be loyal and faithful to the Plaintiff/beneficiaries; to deal with the Plaintiff/beneficiaries in good faith and in a fair manner; to disclose to the

Plaintiff/beneficiaries and their shareholders, directors and their creditors all facts relating in any way to their ability to deal fairly and in good faith; to disclose all facts which reflect upon any personal interest or stake which they had in their dealings; to not hide nor conceal facts material or relevant to the interest of the Plaintiff/beneficiaries and their shareholders and directors; to not obtain or seek profit from the Plaintiff/beneficiaries or their shareholders or directors; to not obtain a personal benefit or advantage at the expense or to the detriment of the Plaintiff/beneficiaries or their shareholders and directors; to not place their personal interests before those of the Plaintiff/beneficiaries or their shareholders and directors; to not harm the Plaintiff/beneficiaries or their shareholders and directors; and to not subordinate the interest of the Plaintiff or their shareholders and directors to their own personal interest.

113. Defendants, as employees, directors and officers of Old Flood, breached the above-mentioned duties and responsibilities.

114. Up to and including the present date, Defendants have planned, schemed and formed the deliberate and unlawful design, scheme and conspiracy to waste, dissipate and improperly use and obtain the funds, Corporate Assets, property of the estate, assets and property of Old Flood, and to improperly utilize or permit to be utilized the assets of Old Flood in violation of the trust and duty owed to Old Flood by the Defendants including, but not limited to, the following particular transactions:

(a) Defendants diverted Old Flood's Corporate Assets to New Flood for the personal advantage of the Defendants;

(b)  Defendants Crooks and Davis caused to be paid or allowed to be paid excessive and unreasonable amounts of compensation to the Defendants and Defendant's family members during such periods when Old Flood was insolvent;

(c)  Defendants paid or caused to be paid, and allowed excessive and unreasonable amounts to be paid, to the Defendants and relatives of Defendants during such times when Old Flood was insolvent or rendered insolvent by such payments;

(d)  Defendants Crooks and Davis, while officers, directors and stockholders of Old Flood, permitted the Debtor's Corporate Assets to be sold, conveyed, transferred or pledged to the Defendant or persons in control of New Flood for less than a reasonably equivalent value at such time as the Debtor is insolvent or was rendered insolvent by such transfers.

(e)  Defendants, while officers, directors and employees of Old Flood, diverted corporate opportunities to New Flood.

115. As a direct and proximate result of the breach of Defendants' fiduciary duties, the financial condition of Old Flood became hopelessly insolvent, its assets dissipated, all its sources of income destroyed, and all of its legitimate future activity and prospects for further corporate activity for the sale of the Corporate Assets effectively terminated.

116. Plaintiff is entitled to an award of damages for the Defendants' breach as may be proved at trial.

WHEREFORE, the Trustee prays for the relief requested hereinbelow.

## COUNT X

### TURNOVER AGAINST LYDIA CROOKS AND MARK CROOKS

117. The Trustee realleges and incorporates herein by reference the allegations contained in paragraph 1 through 116 hereof as if fully set forth herein.

118. On or about March 24, 1993, Lydia and Mark Crooks transferred Bank Account funds in the amount of $11,000.00. The transfers occurred after this Court had appointed Hunt as Trustee in their then-pending Chapter 11 cases.

119. The transfers were not authorized under Title 11 or by this Court.

120. The $11,000.00 is property of the estate.

121. Lydia and Mark Crooks' transfers of approximately $11,000.00 constituted unauthorized transfers of property of the estate that must be turned over to the Plaintiff pursuant to 11 U.S.C. §542 and §549.

122. Lydia and Mark Crooks were the initial transferees for whose benefit the transfer was made.

123. The transfer of $11,000.00 may be avoided, recovered and preserved for the bankruptcy estate.

WHEREFORE, the Trustee prays for relief as requested herein below.

## COUNT XI

### FRAUDULENT CONVEYANCE BY MELVILLE DAVIS AND FLORENCE DAVIS

124. The Trustee realleges and incorporates herein by reference the allegations contained in paragraph 1 through 123 hereof as if fully set forth herein.

125. Melville Davis and Florence Davis transferred, without consideration, to their daughter JoAnne Smiley, a diamond ring with a value of approximately $10,000.00.

126. Defendant JoAnne Smiley was an initial transferee of the diamond ring.

127. The diamond ring was transferred by Melville Davis and Florence Davis with actual intent to hinder, delay, or defraud entities to which they were, or became on or after the date of the transfer, indebted.

128. The transfer of the diamond ring was made for less than reasonably equivalent value.

129. The transfer of the diamond ring was made while Melville Davis and Florence Davis were insolvent or they were rendered insolvent as a result of the transfer.

130. The transfer of the diamond ring was made for less than reasonably equivalent value, while Melville Davis and Florence Davis were engaged in a business during which the property remaining in their hands after the transfer of the diamond ring was of unreasonably small capital for their business.

131. The transfer of the diamond ring was made for less than reasonably equivalent value when Melville Davis and Florence Davis insisted or believed that they would incur debts beyond their ability to pay as they matured.

132. As a result of the foregoing, the transfer of the diamond ring to and for the benefit of JoAnne Smiley may be avoided, recovered and preserved for the bankruptcy estate pursuant to 11 U.S.C. §§ 548, 550, 551 and applicable state law.

133. As a result of the foregoing, the transfer of the diamond ring to and for the benefit of Joanne Smiley may be avoided, recovered and preserved for the Bankruptcy estate.

WHEREFORE, the Trustee prays for relief as requested herein below.

## COUNT XII

### APPOINTMENT OF RECEIVER

134. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 133 above.

135. The Debtor, as set forth above, has valid claims against the Defendants and New Flood in particular.

136. Given the Defendants' fraudulent conduct and course of dealing prior to and during the Debtor's proceedings under Title 11, there is a substantial probability that such fraudulent conduct will continue to occur and that the Debtor's entitlement to the Debtor's property and Corporate Assets will continue to be frustrated.

137. Given the Defendants' course of conduct and fraudulent activity, there is imminent danger that when the Defendants are informed of this proceeding the Plaintiff's property and Corporate Assets will again be concealed, destroyed, transferred or otherwise diminished in value.

138. There are no other adequate legal remedies available to the Debtor.

133. As a result of the foregoing, the transfer of the diamond ring to and for the benefit of Joanne Smiley may be avoided, recovered and preserved for the Bankruptcy estate.

WHEREFORE, the Trustee prays for relief as requested herein below.

## COUNT XII

### APPOINTMENT OF RECEIVER

134. The Trustee realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 133 above.

135. The Debtor, as set forth above, has valid claims against the Defendants and New Flood in particular.

136. Given the Defendants' fraudulent conduct and course of dealing prior to and during the Debtor's proceedings under Title 11, there is a substantial probability that such fraudulent conduct will continue to occur and that the Debtor's entitlement to the Debtor's property and Corporate Assets will continue to be frustrated.

137. Given the Defendants' course of conduct and fraudulent activity, there is imminent danger that when the Defendants are informed of this proceeding the Plaintiff's property and Corporate Assets will again be concealed, destroyed, transferred or otherwise diminished in value.

138. There are no other adequate legal remedies available to the Debtor.

139. The legal remedies under Title 11 have shown themselves to be inadequate given the Defendants' flagrant disregard of controlling state and federal law.

140. Given the claims of the Debtor and other creditors of New Flood there is a likelihood that the appointment of a receiver will do more good than harm.

141. If the Debtor is not granted relief in the form of the appointment of a receiver, there is a substantial probability that Debtor will experience irreparable injury and harm by the Defendants' further transfer, concealment and destruction of the Debtor's property and Corporate Assets.

142. The appointment of a receiver will provide the best protection for preserving not only the property and Corporate Assets of the Debtor but also those assets of New Flood for the benefit of all creditors of the Plaintiff and New Flood.

WHEREFORE, the Plaintiff prays that the Court enter an Order that:

## COUNT XIV

### INJUNCTIVE RELIEF

143. The Trustee realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 142 hereof, as if fully set forth herein.

144. The Defendants have flagrantly disregarded state and federal laws during the process of transferring Old Flood's corporate assets and property of the estate to New Flood. Under Title 11, Defendants have no right, title or interest in Old Flood's Corporate Assets and property of the estate.

051695pms/vercomp.02

27

139. The legal remedies under Title 11 have shown themselves to be inadequate given the Defendants' flagrant disregard of controlling state and federal law.

140. Given the claims of the Debtor and other creditors of New Flood there is a likelihood that the appointment of a receiver will do more good than harm.

141. If the Debtor is not granted relief in the form of the appointment of a receiver, there is a substantial probability that Debtor will experience irreparable injury and harm by the Defendants' further transfer, concealment and destruction of the Debtor's property and Corporate Assets.

142. The appointment of a receiver will provide the best protection for preserving not only the property and Corporate Assets of the Debtor but also those assets of New Flood for the benefit of all creditors of the Plaintiff and New Flood.

WHEREFORE, the Plaintiff prays that the Court enter an Order that:

## COUNT XIV

### INJUNCTIVE RELIEF

143. The Trustee realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 142 hereof, as if fully set forth herein.

144. The Defendants have flagrantly disregarded state and federal laws during the process of transferring Old Flood's corporate assets and property of the estate to New Flood. Under Title 11, Defendants have no right, title or interest in Old Flood's Corporate Assets and property of the estate.

145. Continued profiteering by Defendants to the exclusion and detriment of Old Flood's creditors should be permanently enjoined. Any further destruction, transfer, waste, use or enjoinment of Old Flood's Corporate Assets and property of the estate should be permanently enjoined.

146. Old Flood's creditors will suffer irreparable harm if Defendants are not permanently enjoined from any further use, possession, or enjoyment of Old Flood's Corporate Assets and property of the estate, because without Old Flood's Corporate Assets and property of the estate there will be little or no distribution to Old Flood's creditors in this Chapter 7 proceeding.

147. Given the Defendants' bad faith and flagrant disregard of controlling state and federal law, the likelihood of any recognizable harm being suffered by Defendants is minimal in comparison to the actual harm suffered by Old Flood's creditors.

148. Given the merits of causes of action set forth above, Plaintiff's likelihood of success justifies an injunction against the Defendants.

149. Plaintiff has no adequate remedy at law.

150. Injunctive relief in favor of Plaintiff is in the best interests of all parties. Additional grounds for injunctive relief are fully set forth in a Motion for Ex Parte Appointment of Receiver, or, in the alternative, for an Attachment Before Judgment with Levy and Seizure Thereon and for Temporary Restraining Order and for Preliminary Injunction.

0621-001/5051695pms/vercomp.02

WHEREFORE, the Trustee prays for relief as requested herein below.

(a)  As to Count I, orders the avoidance, recovery and preservation of the assets transferred to Defendants, or the value thereof;

(b)  As to Count II, orders the turnover of property of the estate or their value from the Defendants;

(c)  As to Count III, orders and declares the Defendants, all jointly and severally, liable for all of the debts of the Plaintiff;

(d)  As to Count IV, enter an order awarding damages to Plaintiff in an amount to be proved at trial and granting injunctive relief;

(e)  As to Count V, orders awarding damages against Defendants in an amount to be proven at trial and granting injunctive relief;

(f)  As to Count VI, enter orders awarding damages to Plaintiffs in an amount to be proven at trial;

(g)  As to Count VII, enter orders awarding damages in favor of Plaintiffs against Defendants in an amount to be proven at trial;

(h)  As to Count VIII, enter orders awarding damages in favor of Plaintiffs against Defendants in an amount to be proven at trial;

(i)  As to Count IX, enter orders awarding damages in favor of Plaintiffs against Defendants in an amount to be proven at trial;

(j)    As to Count X, enter an award of damages in an amount to be proven at trial and orders avoiding, recovering and preserving the $11,000.00 transferred;

(k)    As to Count XI, enter orders awarding damages in favor of Plaintiffs against Defendants in an amount to be proven at trial, and orders avoiding, recovering and preserving the property of the estate transferred;

(l)    As to Count XII, enter an order appointing a Receiver for J.C.F., Inc., trading as J.C. Flood, Inc., John C. Flood of Maryland, Inc., John C. Flood of D.C., Inc. and MCMD, Inc.;

(m)    As to Count XIII, enter orders granting injunctive relief against the Defendants in order to preserve and protect property of the bankruptcy estate and implementing the relief requested herein; and

(n)    Grants such other and further relief as the Court determines is appropriate and just.

Respectfully submitted,

Paul-Michael Sweeney
Duane J. Desiderio
Federal Bar No. 07072

Linowes and Blocher
1010 Wayne Avenue, 10th Fl.
Silver Spring, MD  20910
(301) 650-7122

Special Counsel to
Michael G. Rinn, Trustee

*Michael G. Rinn*

Michael G. Rinn, Trustee
Suite 4
111 Warren Road
Cockeysville, MD   21030
(410) 683-1040

General Counsel and Trustee
for John C. Flood Company, Inc.,
Melville Davis, Florence Davis,
Mark Crooks and Lydia Crooks

\* \* \*

## VERIFICATION OF COMPLAINT

    I DECLARE AND AFFIRM under the penalties of perjury that the contents of the foregoing Complaint are true and correct.

*Michael G. Rinn*

Michael G. Rinn, Trustee

104
Rev. 5/87)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| MICHAEL G. RINN, TRUSTEE for John C. Flood, Inc., Melville R. Davis, Florence Davis, Mark Crooks and Lydia Crooks | J.C.F. INC., t/a J.C. FLOOD, CO., ET AL. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Paul-Michael Sweeney, Esq.<br>Linowes and Blocher<br>1010 Wayne Ave., #1000<br>Silver Spring, MD 20910 (301) 650-7122 | **ATTORNEYS** (If Known)<br>Robert J. Morrissey, Esq.<br>Morrissey Brothers, P.C.<br>4201 North View Drive, #407<br>Bowie, MD 20716 |

PARTY  (Check one box only)  ☐ 1  U.S. PLAINTIFF   ☐ 2  U.S. DEFENDANT   ☐ 3  U.S. NOT A PARTY

**CAUSE OF ACTION**  (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Verified Complaint to Avoid and Recover Fraudulent Conveyances, to Compel Turnover of Estate Assets, for the Appointment of a Receiver and for Other Relief (pursuant to 28 U.S.C. §157 and §1334 and 11 U.S.C. §§ 105, 542, 548, 549 and 550).

~~FILED~~ FILED

MAY 1 7 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

### NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454  To Recover Money or Property | ☐ 455  To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426  To determine the dischargeability of a debt 11 U.S.C. § 523 | |
| ☐ 458  To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☒ 434  To obtain an injunction or other equitable relief | ☐ 459  To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424  To object to or revoke a discharge 11 U.S.C. § 727 | ☐ 457  To subordinate any allowed claim or interest except where such | ☐ 498  Other (specify) |

**ORIGIN OF PROCEEDINGS**
(Check one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Transferred to Another Bankruptcy Court   ☐ 5 Reinstated or Reopened

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>John C. Flood, Inc. | BANKRUPTCY CASE NO.<br>91-4-3011SD (substantively consolidated) |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Maryland | DIVISIONAL OFFICE<br>Southern Division | NAME OF JUDGE<br>D. Keir |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**FILING FEE**  (Check one box only.)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE<br>5/16/95 | PRINT NAME<br>Paul-Michael Sweeney | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

**<u>Attachment "B-2"</u>**

 

1-001
51595pms
.otion.exp

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (Southern Division)

In re:  *

JOHN C. FLOOD, INC.  *
MELVILLE R. DAVIS  *    Substantively Consolidated
FLORENCE DAVIS  *    under Case No. 91-4-3011SD
MARK CROOKS  *
LYDIA CROOKS  *    Chapter 7

*  *  *  *  *  *  *  *  *

MICHAEL G. RINN, TRUSTEE FOR  *
JOHN C. FLOOD, INC.,  *
MELVILLE R. DAVIS  *
FLORENCE DAVIS  *
MARK CROOKS and  *
LYDIA CROOKS  *

     Plaintiff  *

v.  *    Adversary Proceeding No. _____

J.C.F. INC. t/a  *
J.C. FLOOD, CO., et al.  *

     Defendants.  *

FILED

MAY 1 7 1995

CLERK'S O...
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

## VERIFIED MOTION FOR EX PARTE APPOINTMENT
## OF A RECEIVER, OR, IN THE ALTERNATIVE, FOR AN ATTACHMENT
## BEFORE JUDGMENT WITH LEVY AND SEIZURE THEREON AND FOR
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Michael G. Rinn, Trustee ("Movant"), by counsel, files this Verified Motion for Ex Parte Appointment of a Receiver, or in the alternative, for an Attachment Before Judgment With Levy and Seizure Thereon and for Temporary Restraining Order and for Preliminary Injunction, and in support thereof, respectfully states as follows:



 

1.    Filed contemporaneously herewith and incorporated by reference herein is Plaintiff's Verified Complaint to Avoid and Recover Fraudulent Conveyances, to Compel Turnover of Estate Assets, for the Appointment of a Receiver, and for Other Relief.

2.    Filed herewith and incorporated by reference herein is a Memorandum in Support of Verified Motion for Ex Parte Appointment of Receiver, or in the alternative, for an Attachment Before Judgment With Levy and Seizure Thereon and for Temporary Restraining Order and for Preliminary Injunction (the "Memorandum").

3.    Filed herewith and incorporated by reference herein as Exhibit "A" is the Certification of Plaintiff's Attorney Pursuant to Federal Rule of Bankruptcy Procedure 7065.

4.    Movant relies on all of the above as for the grounds justifying the relief requested herein.

WHEREFORE, Movant prays that the Court:

A.    Grant the appointment of a Receiver, or in the alternative, issue an attachment before judgment with levy and seizure thereon;

B.    Grant a temporary restraining order and a preliminary injunction against the Defendants herein; and

C.    Grant such other and further relief as the Court deems appropriate and just.

[SIGNATURE PAGE FOLLOWS]

-001/2051595pms/motion.exp                2



Respectfully submitted,

Paul-Michael Sweeney
Federal Bar No. 07072
Duane J. Desiderio

Linowes and Blocher
1010 Wayne Avenue, 10th Fl.
Silver Spring, MD  20910
(301) 650-7122

Special Counsel to
Michael G. Rinn, Trustee

Michael G. Rinn, Trustee
Suite 4
111 Warren Road
Cockeysville, MD  21030
(410) 683-1040

General Counsel and Trustee
for John C. Flood Company, Inc.,
Melville Davis, Florence Davis,
Mark Crooks and Lydia Crooks

* * *

## VERIFICATION

I declare and affirm under the penalties of perjury that the
contents of the foregoing are true and correct.

Michael G. Rinn, Trustee
for John C. Flood Company, Inc.,
Melville Davis, Florence Davis,
Mark Crooks and Lydia Crooks

**EXHIBIT "A"**

-001
595pms
c

 

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| In re: <br> JOHN C. FLOOD, INC., <br> MELVILLE R. DAVIS, <br> FLORENCE DAVIS, <br> MARK CROOKS and <br> LYDIA CROOKS, <br><br> * * * * * * * * * * * * * <br><br> MICHAEL G. RINN, TRUSTEE FOR <br> JOHN C. FLOOD, INC., <br> MELVILLE DAVIS, <br> FLORENCE DAVIS, <br> MARK CROOKS and <br> LYDIA CROOKS, <br><br> Plaintiff, <br><br> v. <br><br> J.C.F. INC. t/a <br> J.C. FLOOD, CO., et al., <br><br> Defendants. | Substantively Consolidated <br> under Case No. 91-4-3011SD <br><br> Chapter 7 <br><br><br><br><br><br><br><br><br> Adversary Proceeding No. ____ |

## CERTIFICATE PURSUANT TO FED. R. BANKR. P. 7065

I, Paul-Michael Sweeney, counsel to Michael G. Rinn, Trustee, pursuant to Federal Rule of Bankruptcy Procedure 7065, do hereby certify in accordance with Federal Rule of Civil Procedure 65, as made applicable by Federal Rule of Bankruptcy Procedure 7065, that:

1. It clearly appears from the specific facts set forth in the Verified Complaint filed herewith that immediate and irreparable injury, loss or damage will result to the applicant, Michael G. Rinn, Trustee, before the adverse parties' or their counsel can be heard in opposition. I further certify that there are specific reasons supporting Plaintiffs' position that notice

 

should not be given to the Defendants of the temporary restraining order requested herein.

2. As is more fully set forth in the verified complaint and the verified otion filed herewith, there is imminent danger that if and when the Defendants are informed of this proceeding, they will again conceal, destroy, transfer or otherwise diminish in value the property of the estate and the corporate assets which are being sought.

3. The Defendants have flagrantly disregarded state and federal laws during the process of the bankruptcy filings under Title 11.

4. The Defendants believe they are invincible against any order issued by this court because the delays in enforcement will allow them sufficient time to institute procedures which will defeat seizure of property of the estate.

WHEREFORE, I hereby certify that sufficient reason exists that such that notice should not be given to the Defendants of the entry of a temporary restraining order, the appointment of a trustee, and such other relief as is prayed for herein.

_____
Paul-Michael Sweeney
Federal Bar No. 07072

Linowes and Blocher
1010 Wayne Avenue, 10th Fl.
Silver Spring, MD  20910
(301) 650-7122

Special Counsel to
Michael G. Rinn, Trustee



 

621-001
51695pms
vercomp.02

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| In re: | * |
| | * |
| JOHN C. FLOOD, INC. | * |
| MELVILLE R. DAVIS | *   Substantively Consolidated |
| FLORENCE DAVIS | *   under Case No. 91-4-3011SD |
| MARK CROOKS | * |
| LYDIA CROOKS | *        Chapter 7 |
| | * |
| *  *  *  *  *  *  *  * | * |
| | * |
| MICHAEL G. RINN, TRUSTEE FOR | * |
| JOHN C. FLOOD, INC., | * |
| MELVILLE R. DAVIS | * |
| FLORENCE DAVIS | * |
| MARK CROOKS and | * |
| LYDIA CROOKS | * |
| | * |
|      Plaintiff | * |
| | * |
| v. | *   Adversary Proceeding No. _____ |
| | * |
| J.C.F. INC. t/a | * |
| J.C. FLOOD, CO. | * |
| Serve on: | * |
|      Robert B. Smiley | * |
|      107 Meadow Road | * |
|      Riva, MD 21140; | * |
| | * |
| JOHN C. FLOOD OF MD, INC. | * |
| Serve on: | * |
|      Robert B. Smiley | * |
|      107 Meadow Road | * |
|      Riva, MD 21140; | * |
| | * |
| JOHN C. FLOOD OF D.C., INC. | * |
| Serve on: | * |
|      Resident Agent | * |
|      James Williams | * |
|      236 Massachusetts Ave., NE | * |
|      Washington, D.C. 20002; | * |
| | * |
| MCMD, INC. a/k/a MARK CROOKS | * |
| AND MELVILLE DAVIS, INC. | * |
| Serve on: | * |
|      Resident Agent | * |
|      Joanne Smiley | * |
|      107 Meadow Lane | * |
|      Riva, Maryland 21140; | * |
| | * |

*FILED*

MAY 1 7 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT



-001
.1695pms
mo.03



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:                                          *
                                                *
JOHN C. FLOOD, INC.                             *
MELVILLE R. DAVIS                               *
FLORENCE DAVIS                                  *    Substantively Consolidated
MARK CROOKS                                     *    under Case No. 91-4-3011SD
LYDIA CROOKS                                    *
                                                *         Chapter 7
*   *   *   *   *   *   *   *                    *
                                                *
MICHAEL G. RINN, TRUSTEE FOR                    *
JOHN C. FLOOD, INC.,                            *
MELVILLE R. DAVIS                               *
FLORENCE DAVIS                                  *
MARK CROOKS and                                 *
LYDIA CROOKS                                    *
                                                *
      Plaintiff                                 *
                                                *
v.                                              *
                                                *    Adversary Proceeding No. _____
J.C.F. INC. t/a                                 *
J.C. FLOOD, CO., et al.                         *
                                                *
      Defendants.                               *
                                                *

## MEMORANDUM IN SUPPORT OF VERIFIED MOTION FOR EX PARTE APPOINTMENT OF A RECEIVER, OR, IN THE ALTERNATIVE, FOR AN ATTACHMENT BEFORE JUDGMENT WITH LEVY AND SEIZURE THEREON AND FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

FILED

MAY 17 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

Paul-Michael Sweeney
Federal Bar No. 07072
Duane J. Desiderio
LINOWES AND BLOCHER
1010 Wayne Avenue
Silver Spring, MD   20910
(301)  588-8580
Special Counsel for
Michael G. Rinn, Trustee

Michael G. Rinn, Trustee
Suite 4
111 Warren Road
Cockeysville, MD   21030
General Counsel and Trustee of
John C. Flood, Inc., Melville
Davis, Florence Davis, Mark
Crooks and Lydia Crooks



TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . .    1

FACTUAL BACKGROUND . . . . . . . . . . . . . . .    2

ARGUMENT . . . . . . . . . . . . . . . . . . . .    3

I.    THE APPOINTMENT OF A RECEIVER IS NECESSARY TO CONTROL THE
      MANAGEMENT OF NEW FLOOD AND TO INSURE THAT DEFENDANTS
      CEASE THEIR PATTERN OF DECEPTIVE CONDUCT, DESIGNED TO
      DEFRAUD OLD FLOOD AND IMPEDE THE PROPER DISPOSITION OF
      OLD FLOOD'S ESTATE IN BANKRUPTCY . . . . . . . . . . .    3

      A.    It is Within the Court's Authority to Appoint a
            Receiver Relative to the Allegations Raised by
            Plaintiff in This Adversary Proceeding . . . . . .    3

      B.    Application of the Relevant Factors Militate in
            Favor of Appointing a Receiver Here . . . . . . . .    5

            1.    Discussion of Receivership Factors . . . . . .    6

                  (a)    Plaintiff has valid claims . . . . . . .    7

                         (i)    Turnover of Property . . . . . . .    7
                         (ii)   Successor Liability . . . . . . . .    8
                         (iii)  Unfair Competition in Employment .    10
                         (iv)   Unfair Competition in Appropriating
                                and Infringing Trade Name . . . . .    11

                  (b)    Defendants Have Engaged in Fraudulent
                         Conduct . . . . . . . . . . . . . . . .    14

                  (c)    Defendants Have Concealed Old Flood's
                         Property and Have Caused it to Diminish
                         in Value . . . . . . . . . . . . . . .    16

                  (d)    No Legal Remedy is Available to
                         Plaintiff . . . . . . . . . . . . . . .    16

                  (e)    Plaintiff Cannot Avail Themselves to a
                         Less Drastic Legal Remedy . . . . . . . .    16

                  (f)    Appointment of a Receiver will do More
                         Good than Harm . . . . . . . . . . . . .    17

                  (g)    Plaintiff Will Likely Succeed on the
                         Merits of his Claims, and He Has
                         Sustained Irreparable Injury . . . . . .    17




      (h)    The Interests of the Plaintiff and Others
              Will Best be Served if a Receiver is
              Appointed . . . . . . . . . . . . . . . . . . . 19

II.   IN THE EVENT A RECEIVER IS NOT APPOINTED, THE COURT
     SHOULD GRANT WRITS OF ATTACHMENT TO SEIZE DEFENDANTS'
     ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . 20

III. THE COURT SHOULD GRANT A PRELIMINARY INJUNCTION, AND A
     TEMPORARY RESTRAINING ORDER SHOULD BE ENTERED PENDING THE
     PRELIMINARY INJUNCTION HEARING . . . . . . . . . . . . . 21

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . 23

0621-001/3051695pms/memo.03                    ii

## INTRODUCTION

Plaintiff, Michael G. Rinn, Trustee ("Trustee"), by counsel, submits this memorandum in support of the Verified Motion for Appointment of a Receiver or, in the alternative, for an Attachment Before Judgment With Levy and Seizure Thereon and for a Temporary Restraining Order and Preliminary Injunction.

Immediate injunctive relief is needed now to stop Defendants' conspiracy to pillage the assets of John C. Flood, Inc. ("Old Flood"), which is presently the subject of a liquidation proceeding before this Court under Chapter 7 of the United States Bankruptcy Code. As discussed below and more specifically set out in the verified complaint ("Complaint") which is filed herewith and incorporated by reference herein, Defendants have embarked on a pattern of fraud and deceit that is designed to plunder the tangible and intangible assets of Old Flood, for Defendants' own aggrandizement and for the pecuniary benefit of Defendants' new corporate entities (collectively referred to as "New Flood").

Defendants' unconscionable acts, in blatant disregard of warnings of this Court and of the Chapter 11 Trustee it appointed, is causing Old Flood, already in a financially torpid state, to suffer irreparable harm. Accordingly, Plaintiff respectfully requests this Court to appoint a receiver to control management of New Flood or, alternatively, for Writs of Attachment before Judgment to seize and garnish property obtained by Defendants under the guise of fraud. Finally, immediate injunctive relief if necessary to restrain Defendants from further fraudulent activity or cause Plaintiff any additional harm.

0621-001/3051695pms/memo.03

## FACTUAL BACKGROUND

Plaintiff Rinn is the duly appointed Chapter 7 Trustee in the John C. Flood, Inc. bankruptcy case, which is substantively consolidated with the bankruptcy cases of Melville R. Davis, Florence Davis, Mark Crooks and Lydia Crooks (the individual Defendants and Debtors herein) under Case No. 91-4-3011SD.  The other Defendants, J.C.F. Inc., t/a J.C. Flood, Co., MCMD, Inc., a/k/a Mark Crooks & Melville Davis, Inc., John C. Flood of MD, Inc. John C. Flood of D.C., Joanne L. Smiley and Robert B. Smiley are insiders and entities related to the Debtors.  Defendants' gross violations of the Federal bankruptcy laws necessitate the unusual relief requested herein.  Defendants, Mark Crooks, Melville Davis and their family members, have evidenced a wholesale disregard for the rights of Plaintiff Old Flood's creditors.  Their course of dealing includes knowing and fraudulent concealment of property of the estate and outright fraud.

To conserve this Court's resources and time, this Memorandum incorporates by reference the factual allegations set forth in the Complaint as if fully set forth herein.  Defendants' shocking and reckless behavior is detailed therein.  These particularized facts show that, since commencement of the bankruptcy cases regarding New Flood's affairs and their own simultaneous Chapter 11 filings, Crooks and Davis have ignored their obligations as officers and directors of the debtor in possession, as well as their own personal obligations as debtors and debtors in possession.  They ignored their duties and obligations under bankruptcy law by designing a complex, illegal

scheme through which they have reaped the benefits of Old Flood at New Flood's expense.  Furthermore, and despite their own insolvent status and involvement in Chapter 11 proceedings, Crooks and Davis have seen to it that their families and friends enjoy personal profit, to the direct detriment of creditors of Old Flood and their respective bankruptcy estates.

**ARGUMENT**

I.   **THE APPOINTMENT OF A RECEIVER IS NECESSARY TO CONTROL THE MANAGEMENT OF NEW FLOOD AND TO INSURE THAT DEFENDANTS CEASE THEIR PATTERN OF DECEPTIVE CONDUCT, DESIGNED TO DEFRAUD OLD FLOOD AND IMPEDE THE PROPER DISPOSITION OF OLD FLOOD'S ESTATE IN BANKRUPTCY.**

A.   **It is Within the Court's Authority to Appoint a Receiver Relative to the Allegations Raised by Plaintiff in This Adversary Proceeding.**

The Court should appoint a receiver in conjunction with this adversary proceeding.  Other bankruptcy courts have recognized the usefulness of receiverships where the preservation of the plaintiff's interest in the property is necessary.

Authority for such an appointment is based on 11 U.S.C. §105(a),  Federal Rules of Bankruptcy Procedure 7064, 7065 and 7069, and Federal Rule of Civil Procedure 66.  The Seventh and Eighth Circuits have both ruled that a receiver may be appointed where, as here, "the proceeding is not a case under Title 11 but is an adversary proceeding brought by the trustee" to recover assets of the debtor's estate.  *In re Cassidy Land and Cattle Co., Inc.*, 836 F.2d 1130, 1133 (8th Cir. 1988).  *Accord In re Memorial Estates*, 797 F.2d 516, 520 (7th Cir. 1986).  11 U.S.C. § 105(b)'s prohibition against appointment of a "receiver in a case *under* this title" is no bar to the relief requested herein.  (Emphasis added.)

*Memorial Estates* is persuasive.    There, the debtor's

principal asset was a mortgaged cemetery.    When it defaulted, the

bank instituted a foreclosure action and asked the court to appoint

a receiver to operate the cemetery.    Meanwhile, the debtor turned

over operation of the cemetery to another corporation, Cemco, which

sold cemetery plots and kept the proceeds.    The bankruptcy judge

decided appointment of a receiver pending the foreclosure action

was proper.

Cemco opposed appointment of the receiver arguing, *inter*

*alia*, that the court was powerless to make such an action under 11

U.S.C § 105(b).    The court found Cemco's contentions meritless.    It

ruled that "[t]he power cut off by section 105(b)...is the power to

appoint a receiver...in lieu of a trustee,"  and that section

105(b) "is not addressed to the power of the bankruptcy court to

appoint a receiver in a separate controversy...."  797 F.2d at 520.

Moreover,

> [t]he appointment was a proper exercise of the district
> court's equitable powers if there was a danger that Cemco
> would dissipate...assets out of the bank is entitled to
> collect the money that [the debtor] owes it.    There was
> such a danger....To prevent dissipation of a security
> interest is, as we noted earlier, a conventional function
> for a receiver.

*Id.* at 521.    The result in *Memorial Estates* (and in *Cassidy Land &*

*Cattle*)  was cited approvingly by Judge Teel in *In re 1301*

*Connecticut Ave. Assocs.*, 117 B.R. 2, 11 (Bankr. D.C. 1990).

The need for a receiver in the instant case is even more

compelling than the situation presented in *Memorial Estates*.    Here,

Plaintiff has instituted an adversary proceeding against a maverick

group of individuals who have pillaged the assets of the bankruptcy

estate of Old Flood.   The Plaintiff's Complaint concerns matters which are "core" bankruptcy matters in every respect of the word. The primary thrust of the causes of action concern activities which occurred *after* initiation of the bankruptcy proceedings and which continue to this day.   The allegations focus on the unconscionable and fraudulent post-petition conduct of Davis, Crooks, and their family members.

Defendants have repeatedly ignored the warnings of this Court and the Chapter 11 trustee, making clear what should have been obvious -- that they were prohibited from plundering the assets of Old Flood -- to its pecuniary detriment and to their shameless advantage.   If Plaintiff is not granted his request for a receiver now, Defendants will continue their scheme of transfer, concealment and destruction of Old Flood's corporate assets.   Any opportunity for Old Flood to ever recover its assets will be lost. Appointment of a receiver will also provide the best protection for preserving the assets for the benefit of all creditors.

**B.   Application of the Relevant Factors Militate in Favor of Appointing a Receiver Here.**

The appointment of a receiver by a federal court is governed by federal law and federal equitable principles.  Fed. R. Civ. P. 66; *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,* 999 F.2d 314, 316 (8th Cir. 1993).   Receivership appointment is appropriate where, as here, there is a "'clear necessity to protect plaintiff's interest in the property.'"  *Resolution Trust Corp. v. Fountain Circle Assoc. Ltd. Partnership,* 799 F. Supp. 48, 49 (N.D. Ohio 1992), quoting 12 Charles A. Wright and Arthur P. Miller, **Federal Practice and Procedure** § 2983, at 21 (1973).   Appointment

of a receiver is appropriate "to avert further loss of assets through waste and mismanagement." *Tanzer v. Huffiness,* 408 F.2d 42, 43 (3rd. Cir. 1969).

It is fundamental that motions for appointment of a receiver can be granted *ex parte* "when the receivership is required by some urgent necessity...." *Arkansas Louisiana Gas Co. v. Kroeger,* 303 F.2d 129, 132 (5th Cir.), *cert. denied,* 371 U.S. 887 (1962). *See also Tennessee Pub. Co. v. Carpenter,* 100 F.2d 728, 732 (6th Cir. 1938), *cert. denied,* 306 U.S. 659 (1939) (appointment of receiver without notice "is entirely a matter of judicial discretion"). Exigent circumstances presently exist. The integrity and muscle of the U.S. Bankruptcy Code has been challenged. Defendants have wilfully looted Old Flood, have stolen its assets and transferred them to New Flood. They believe they are impervious to sanction and untouchable. They believe that the Bankruptcy Code is impotent and that nothing can threaten their brazen progression to profit without any debt. A receiver must be appointed now to oversee operations at New Flood and check Defendants' heretofore unmitigated abuse.

## 1. Discussion of Receivership Factors

There is no precise formula to determine when appointment of a receiver is proper. However, courts have identified a queue of factors relevant to the appointment calculus, including:

(a) a valid claim by the party seeking the appointment;

(b) the probability that fraudulent conduct has occurred or will occur to frustrate the claim;

(c) imminent danger that property will be concealed, lost or diminished in value;

(d) inadequacy of legal remedies;

(e) lack of a less drastic legal remedy;

(f) likelihood that appointing the receiver will do more good than harm;

(g) the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property; and

(h) whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership.

*Aviation Supply,* 999 F.2d at 316-317; *Consolidated Rail Corp. v. Fore Ry. Co.,* 861 F.2d 322 (1st Cir. 1988); *New York Life Ins. Co. Watt West Inv. Corp.,* 755 F. Supp. 287, 292 (E.D. Cal. 1991). Application of these factors to the instant situation yields but one conclusion: a receiver is desperately needed to oversee New Flood's operations. The analysis of those factors follows.

(a) <u>Plaintiff has valid claims.</u> In the Complaint, Plaintiff asserts thirteen (13) counts against the Debtors, their family members and their corporate entities. The continuing and unconscionable wrongdoing by Defendants highlights the validity of these claims and points to the dire need for a receiver. Only a selection of the existing causes of action is necessary to prove this point.

(i) <u>Turnover of Property</u>: The essence of the Complaint primarily is a turnover petition under 11 U.S.C. §542. It is an action for recovery of property of the estate. The Defendants brazenly took property with no regard for their creditors, the financial catastrophe that they left behind, or federal bankruptcy law. One of the most significant assets belonging to Old Flood is its common law tradename. The Defendants



took it.  They paid nothing for it.  It belongs to the Plaintiff. It must be returned.

(ii) <u>Successor Liability</u>:  The Complaint avers a cause of action in successor liability.  Under Maryland law, a corporation that acquires the assets of its predecessor is generally not responsible for the debts and liabilities of its predecessor except where the transaction, *inter alia,* is: (a) fraudulently entered into to avoid liability; or (b) where the transferee is a "mere continuation" of the transferor.  *See Joel Rafael v. Hurst Performance, Inc.,* 793 F. Supp. 116, 118, 119 (D. Md. 1992); *Nissen Corp. v. Miller,* 323 Md. 613, 594 A.2d 564, 565-66 (1991); *Baltimore Luggage Co. v. Holtzman,* 80 Md. App. 282, 562 A.2d 1286, 1290, 1293 (1989), *cert. denied,* 318 Md. 323 (1990). Maryland has essentially codified the exception relating to fraud in its Uniform Fraudulent Conveyance Act, Md. Com. Law. Code. Ann. §§ 15-201 et seq., which recognizes that a successor corporation may be held liable for the obligations of its predecessors.  *See Nissen Corporation,* 594 A.2d at 566 (citing *Baltimore Luggage,* 562 A.2d at 1290)).

The Complaint specifies particular events that evince Defendants' pattern of fraudulent behavior in transferring Old Flood's corporate assets to New Flood.  A former employee of Old Flood stated that he and others were assigned the task of transporting all of the Debtor's supplies and equipment to a rented warehouse in Baltimore, presumably for New Flood's use.  Trucks that were originally titled and registered to Old Flood are now owned by New Flood; there is no record of a bill of sale for these

0621-001/3051695pms/memo.03                    8

vehicles. Similarly, a Case 580 Backhoe, a flatbed trailer, and an International dump truck originally owned by the Debtor are now in New Flood's possession. Again, no bill of sale exists for this equipment. These facts of fraud only skim the surface. When these facts are marshalled with the complete picture painted in the Complaint, it is evident that Plaintiff has a valid claim premised on common law successor liability (as well as a statutory cause under the Maryland Fraudulent Conveyance Act.)

The conduct at issue also satisfies the "mere continuation" exception for successor liability cases. The *Baltimore Luggage* court recognized:

> The exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors. In other words, the purchasing corporation maintains the same or similar management and ownership but wears a "new hat"....To allow the [successor] to escape liability by merely changing hats would amount to fraud.

562 A.2d at 1293. Indicia of "mere continuation" include common officers between the predecessor and the successor, continuation of businesses practices, and sufficiency of consideration to the predecessor corporation. *Id.* They exist here. Defendant New Flood is owned and controlled by Davis' daughter and son-in-law, and is in the same field (plumbing and heating) as Old Flood. Crooks and Davis raped Old Flood of its corporate assets and, without any consideration and no record of sales, transferred them to New Flood. They boldly seized the FLOOD name and proclaimed in their advertisements that they are the "Original Flood," (See **Merchandiser**, January 1995; attached hereto and incorporated by reference herein as Exhibit "A"). Defendants make clear to all the

world that they want to be considered the same Flood company that has been around for years.  Clearly, New Flood is the same entity as Old Flood; they did not even bother with a "new hat."  In light of Defendants' efforts to defraud Old Flood's creditors and derive substantial gain without any liability, Plaintiff possesses a valid claim in successor liability.

(iii) <u>Unfair Competition in Employment</u>:  Complaint Count IX avers that, while still employed by Old Flood, Crooks and Davis breached duties of fairness and loyalty by working for and establishing New Flood with Old Flood's corporate assets. Its allegations fall neatly within the rubric of unfair competition law in the State of Maryland.

The Fourth Circuit, opining on Maryland unfair competition law, recently recognized:

> [W]hile [the law] encourages fair trade in every way and aims to foster, and not to hamper, competition, no one...is justified in damaging or jeopardizing another's business by fraud, deceit, trickery or unfair methods of any....What constitutes unfair competition in a given case is governed by its own particular facts and circumstances.  Each case is law unto itself, subject, only, to the general principle that all dealings must be done on the basis of common honesty and fairness, without taint of fraud or deception.

*Trimed, Inc. v. Sherwood Medical Co.,* 977 F.2d 885, 891 (4th Cir. 1992) (citing *Baltimore Bedding Corp. v. Moses,* 182 Md. 229, 34 A.2d 338, 342 (1943).

Maryland courts recognize that unfair competition claims arise in the context of deceit worked by employees on their former employers.  The law is well established:  "Fairness dictates that an employee not be permitted to exploit the trust of his employer so as to obtain an unfair advantage in competing with the employer

in a matter concerning the latter's business." *Maryland Metals, Inc. v. Metzner,* 282 Md. 31, 382 A.2d 564, 568 (1978).  While Defendants were in Old Flood's employ, they had an obligation to "exert [their] best efforts" on Old Flood's behalf, and they were required to "refrain from actively and directly competing with [Old Flood] for customers and employees...." *See C-E-I-R, Inc. v. Computer Corp.,* 229 Md. 357, 183 A.2d 374, 379 (1962).  Obviously, Crooks and Davis did not have Old Flood's best interests in mind when, in the waning days that precipitated this action, they created the circumstances that would move this Court to consider appointment of a receiver over New Flood.

Moreover, an employee loses any privilege to prepare to compete with his former employer when he engages in "fraudulent, unfair or wrongful acts" such as misappropriation of trade secrets; misuse of confidential information; solicitation of employer's customers prior to dissolution; and usurpation of employer's business opportunities. *Maryland Metals,* 282 Md. 31, 382 A.2d at 569-570 (citations omitted).  In the case at bar, Crooks and Davis enjoyed a high degree of trust in managing Old Flood and serving as its principal officers.  They aggrandized their own economic interests and abused their positions, by capitalizing New Flood with Old Flood's assets -- while they were still receiving paychecks from Old Flood.  Their actions placed Old Flood at an unfair, competitive disadvantage relative to New Flood, and thus provided Plaintiff with the valid, actionable claim he presently avers.

(iv)  Unfair Competition in Appropriating and
Infringing Trade Name:  Complaint Count V is premised on the
misappropriation and infringing uses by Defendants of Debtor's
common law tradename, JOHN C. FLOOD, INC.  Defendants have afforded
New Flood the appellation "J.C. Flood, Inc."  In so doing, they
have unfairly and competitively disadvantaged Old Flood by stealing
the well-recognized JOHN C. FLOOD, INC. name.

Under Maryland common law, a trademark is a designation
"adopted by and used by a person to denominate...services he
renders...and through its association with such services...has
acquired a special significance."  *Edmondson Village Theatre v.
Einbinder*, 208 Md. 38, 116 A.2d 377, 380 (1955).  Greater
protections are afforded to arbitrary (as opposed to generic or
descriptive) trademarks like JOHN C. FLOOD, INC., which are named
after individuals and not geographic places.  *See Thompson Medical
Co. v. Pfizer, Inc.*, 753 F.2d 208, 213 (2d Cir. 1985).  Debtor,
under its common law tradename JOHN C. FLOOD, INC., has spent large
sums of money since 1984 in advertising (since the business'
inception), and has built up considerable good will over that time.
The public in the metropolitan Baltimore and Washington, D.C. area
has come to recognize that the heating and cooling services offered
by JOHN C. FLOOD, INC. emanate from a particular source, and that
the JOHN C. FLOOD, INC.'s name is synonymous with high quality work
by skilled technicians.  In other words, consumers could likely
turn to "J.C. Flood Inc." for its services while wrongfully
depriving the creditors of JOHN C. FLOOD, INC. much needed funds.

The *sine qua non* in any unfair competition claim is public deception. Unfair competition in the trademark arena arises where the infringing use "is identical with or *confusingly similar*" to the original mark. *Edmondson Village*, 116 A.2d at 380 (emphasis added). Similarity of sound, appearance, or meaning may alone be enough to warrant a finding that confusion is likely. *See Communications Satellite Corp. v. Comcet, Inc.*, 429 F.2d 1245, 1249 (4th Cir. 1970) ("Comcet" infringing upon "Comstat"); *American Cyanamid Co. v. Campagna Per La Farmacie in Italia S.P.A.*, 678 F. Supp. 1049, 1051 (S.D.N.Y. 1987), aff'd, 847 F.2d 53 (2d Cir. 1988) ("Maternita" infringing upon "Materna"). Accordingly, before it finds tradename misappropriation and infringement here, this Court must decide whether the similarity between JOHN C. FLOOD, INC. and "J.C. Flood, Inc." "is likely to provoke confusion." 3 R. Callman, **The Law of Unfair Competition, Trademarks and Monopolies** § 82.1(a) at 601-02 (3d ed. 1969). By merely asking the question, it appears to be answered. Reasonable consumers would foreseeably and understandably, but incorrectly, conclude that "J.C. Flood, Inc." is the same entity as JOHN C. FLOOD, INC. Such confusion will be compounded by the similarity in service lines offered by New Flood and Old Flood, and the fact that both entities serve the same geographic areas. *See Edmondson Village,* 116 A.2d at 380 (likeness in good or services, as well as geographic market areas, are appropriate factors in considering trademark infringement).

To conclude, New Flood's misappropriation and infringement on the JOHN C. FLOOD, INC. tradename is but another valid cause in Plaintiff's arsenal of claims. A receiver should be

appointed to cease Defendants' infringing uses of Debtor's name, and to otherwise insure that Defendants do nothing to disadvantage Debtor.

      (b) <u>Defendants Have Engaged in Fraudulent Conduct</u>: The second factor that militates in favor of receivership appointment is Defendants' fraudulent conduct in establishing New Flood, and the diversion of bankruptcy estate assets into their families' coffers.

      In *Aviation Supply, supra,* a judgment creditor success-fully petitioned a federal court for appointment of a receiver to protect its interests. Creditor submitted evidence that defendant purported to grant a superior interest in all his assets to a family business, which then intervened to quash creditor's garnishment efforts. In appointing the receiver, the court stated:

> [T]his transaction 'bears two-well-defined badges of fraud: transfer pending the writ of execution and transfer to a relative....' It is well settled that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver.

999 F.2d at 317 (citing, *inter alia, Citronelle-Mobile Gathering, Inc. v. Watkins,* 934 F.2d 1180, 1184 (11th Cir. 1991); *Chase Manhattan Bank v. Turabo Shopping Ctr, Inc.,* 683 F.2d 25, 26-27 (1st Cir. 1982)). Under the approach advocated by *Aviation Supply*, the incestuous nature of Defendants' business dealings, while simultaneously railroading Old Flood and its creditors, merits receivership appointment to manage New Flood.

      When the Court appointed a trustee after Defendants filed for reorganization under Bankruptcy Code Chapter 11, its warning could not have been clearer: "I will caution the debtors



that it is a bankruptcy crime to meddle with the assets of the estate" and it raised the specter of criminal penalties for any wrongdoing. (See Complaint Exhibit "A" at p. 170.) Defendants blatantly and systematically ignored these plain instructions. They raided bank accounts, stole inventory, and hid assets. After the Chapter 11 Trustee visited Old Flood's place of business it was soon determined it had been shut down, its employees terminated, and that Defendants Crooks and Davis, the principals of Old Flood, were now working for New Flood. Defendants Robert B. and JoAnne Smiley, the son-in-law and daughter of Davis, own all of the stock in New Flood.

To establish New Flood's operations, Defendants pillaged Old Flood's estate in bankruptcy. They took with them and misappropriated Old Flood's equipment, inventory and fixtures. Defendants' stole Old Flood's intangible assets including its trade name, good will, trade secrets, corporate opportunities, contracts and customer lists -- all for the benefit of the new company they formed.

Defendants also took estate funds from accounts they held at Maryland National Bank, NationsBank, and Annapolis Bank and Trust Company ("Bank Accounts") -- despite a specific warning from the Chapter 11 Trustee that the Bank Accounts and other investment vehicles were off-limits and no funds could be drawn from them. Moreover, Crooks and Davis entirely concealed the existence of the Annapolis Bank and Trust account. They omitted evidence of the Annapolis account from the Schedules and Statement of Affairs filed in the Chapter 11 proceedings, and never listed it on the monthly



operating reports filed with this Court. Defendants' act of concealing the Annapolis account speaks volumes. As if involvement in Chapter 11 proceeding was not enough, the warnings they received reasonably signalled to Crooks and Davis that their financial conduct should have been beyond reproach, and that the Annapolis Bank and Trust Account was the rightful property of Old Flood's estate.

To conclude, the pervasive and diabolical stratagem designed by Defendants warrants a receivership to bring Defendants to justice and oversee New Flood's management.

(c)  <u>Defendants Have Concealed Old Flood Property and Have Caused it to Diminish in Value</u>:  The Debtors' property concealment in these bankruptcy cases is well-documented.  For example, Crooks' and Davis' maintenance of a secret account at Annapolis Bank and Trust Company outside the scrutiny of the Office of the United States Trustee, the unsecured creditors committee and other interested creditors, shows the lengths to which these debtors will go to line their own pockets at their creditors' expense.  Title 18 gives them no pause.

(d)  <u>No Legal Remedy is Available to Plaintiff</u>:  The inadequacy of legal remedies is evident here.  The Defendant debtors have no concern for traditional remedies such as discharge-ability of debt, denial of discharge, and the penalties which are available under Title 18.  They have rejected the warnings of this Court and its appointed Trustee that Old Flood's and their own personal assets were off-limits.  Only by seizing New Flood will

this Court ever get their attention and compliance.  Only through
an *ex parte* proceeding can their criminal ingenuity be defeated.

(e)  <u>Plaintiff Cannot Avail Themselves to a Less Drastic</u>
<u>Legal Remedy</u>:  Unfortunately, Defendant could continue to prosper
by simply behaving lawlessly with concessions to no one.  The
integrity of the entire bankruptcy system requires the imposition
of the full power and authority available to this court.

(f)  <u>Appointment of a Receiver will do More Good than</u>
<u>Harm</u>:  Given the Defendants' unscrupulous conduct, it is inconceiv-
able that any good would come from allowing them to maintain
illegal possession of property of the Old Flood estate.  Creditors
of Old Flood will never be satisfied unless a receiver steps in to
orderly manage the corporate assets at issue.

(g)  <u>Plaintiff Will Likely Succeed on the Merits of his</u>
<u>Claims, and He Has Sustained Irreparable Injury</u>:  As shown under
the first factor analyzed above, "Plaintiff's Valid Claims", the
Complaint asserts numerous causes of action primarily premised on
the core facts of Defendants' fraudulent conduct.  Success on the
merits of these claims is highly likely.

The facts also evidence that Plaintiff will be, and is
being, irreparably injured and that a receiver should be
expediently appointed to repair past injuries and check future
abuses.  With regard to the tradename misappropriation claim
alleged herein, Defendants' infringing use of "J.C. Flood, Inc." --
a confusingly similar name compared to Plaintiff's JOHN C. FLOOD,
INC. common law trademark -- is evidence alone of irreparable
injury.  *See Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609,

612 n. 3 (9th Cir. 1989) (irreparable injury is presumed in trademark infringement or unfair competition actions once likelihood of consumer confusion is established); *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 79 (2d Cir. 1985) (same).

Moreover, Debtor's irreparable injury is evidenced by the Court's decision, directly precipitated by Defendants' actions to defraud Old Flood and plunder its corporate assets, to convert the Chapter 11 petition to a Chapter 7 proceeding.  Crooks, Davis and their family members are rapidly depleting Old Flood's assets with impunity, to the point where there is almost nothing left. The Chapter 11 Trustee affirmed that he found Old Flood's premises "in general disarray," and that "no tools or equipment related to a plumbing-heating-air conditioning business" remained on site.  He also testified that Davis stated he and Crooks closed down Old Flood's business, and they unilaterally decided that course of action "was preferable to having the company run by the Creditors Committee, which appeared to be his interpretation of an operating trusteeship."  Indeed, a more compelling showing of irreparable injury would be difficult to adduce.

Appointment of a receiver is required "to preserve the immediate status quo and protect the interests of all the parties that may be involved." *Bookout v. Atlas Fin. Corp.*, 395 F. Supp. 1338, 1341 (N.D. Ga. 1974), *aff'd,* 514 F.2d 757 (5th Cir. 1975). The *Bookout* court continued:

> It is the purpose of a receivership to prevent injury to the thing in controversy and to preserve it . . . for the security of all parties in interest . . . .  [T]he purpose of a receivership is preservation and proper disposition of the subject of the litigation.  The appointment of a receiver certainly is not made for the purpose of destroying the rights

of persons, but rather, that their rights may be made more secure.

*Id.* at 1341-42, quoting 65 **Am. Jur.**, Receivers § 3 at 841 (1972).

These tenets call for receivership appointment in the instant case. There will be nothing left in Old Flood's estate for the Trustee to preserve if Defendants, unabated, carry out their scheme. Plaintiff simply seeks maintenance of the status quo in his request for a receiver, who would restore Old Flood's rightful assets and allow the Trustee to satisfy the creditors' claims. A receivership to manage New Flood is necessary to preserve the Flood name, attenuate the devastating injuries sustained by Plaintiff, freeze Defendants' pattern of activity, and otherwise permit the Trustee to properly execute his functions.

(h) <u>The Interests of the Plaintiff and Others Will Best be Served if a Receiver is Appointed</u>: The last factor for receivership appointment is whether the interests of Plaintiff and others will be furthered upon appointment of a receiver. Surely this is the case. Defendants have exhibited no allegiance to Old Flood. Moreover, they have no concern for their creditors. Creditors of Old Flood cannot realistically expect satisfaction of their claims as long as Crooks and Davis channel Old Flood's assets into New Flood's coffers. The Trustee can not satisfy his obligations to properly manage Old Flood's bankruptcy estate when, in fact, there would be nothing left to manage.

To conclude, application of the factors militate in favor of receivership appointment to curb the egregious conduct of the Defendants. It is wholly appropriate for the Court to exercise



its discretion accordingly and appoint a receiver to control New Flood.

## II.    IN THE EVENT A RECEIVER IS NOT APPOINTED, THE COURT SHOULD GRANT WRITS OF ATTACHMENT TO SEIZE DEFENDANTS' ASSETS.

Plaintiff firmly believes that the best course of action this Court can take is to appoint a receiver to oversee New Flood, and provide Old Flood with the opportunity to generate funds with which it may pay creditors. However, should the Court decide that receivership appointment is not in the best interests of the parties, it should order an attachment before judgment so that Defendants' assets are preserved to satisfy their individual, and Old Flood's, creditors.

This court must apply the law of Maryland when providing remedies for the purpose of securing satisfaction of a judgment. Fed. R. Civ. P. 64, as made applicable by Fed. R. Bankr. P. 7064. Maryland law provides this court with authority to issue an attachment at the commencement of an action against any property or credits of a debtor upon the plaintiff's application. Md. Code Ann. Cts. & Jud. Proc. Code § 3-302. Plaintiff can file an *ex parte* request for an order directing the issuance of a writ of attachment for levy or garnishment of the defendant's property or credits. Maryland R. Civ. P. 2-115. Additionally, this court has the power to order an attachment before judgment where a debtor fraudulently contracts the debt or incurs the obligation that is the subject of the pending action. (Id, § 3-303(e)(2)). *See FDIC v. Rodenburg*, 622 F. Supp. 286, 288 (1985). Where evidence shows a

substantial likelihood that fraud was committed, assets were fraudulently obtained, and a probability that the defendant would dispose of the assets before judgment, a plaintiff may seek attachment based on a fraud action. *See Levitt v. State Deposit Ins. Fund Corp.*, 66 Md. App. 524, 505 A.2d 140 (1986); *Teferi v. DuPont Plaza Assocs.*, 77 Md. App. 566, 551 A.2d 477 (1989).

A more flagrant scheme of fraud than the one executed by the Defendants here is hard to conceive. Repeatedly, and in the face of this Court's and its appointed Trustee's admonitions, Defendants have conspired to dispose of, conceal and remove assets from the bankruptcy estate of Old Flood. Old Flood's assets are dissipated, its sources of income terminated, and its future prospects nearly destroyed. Granting the writs here will undoubt-edly further the spirit of Maryland's attachment laws -- that property within its borders serve the purpose to insure the just payment of debts. *See Belcher v. Government Employees Ins. Co.*, 282 Md. 718, 387 A.2d 770 (1978). The writs of attachment should be granted if a receiver is not appointed.

III. **THE COURT SHOULD GRANT A PRELIMINARY INJUNCTION, AND TEMPORARY RESTRAINING ORDER SHOULD BE ENTERED PENDING THE PRELIMINARY INJUNCTION HEARING.**

Pending a hearing on Plaintiff's motion for a preliminary injunction, a temporary restraining order should issue to prevent additional injury caused by Defendants's fraudulent conduct.

Under the settled principles for issuing a preliminary injunction in this Circuit, "'considerable weight is given to the need of protection to the plaintiff as contrasted with the probable

injury to the defendant.'" *Blackwelder Furniture Company v. Selig Mfg. Co.*, 550 F.2d 189, 193 (4th Cir. 1977) (quoting *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42, 45 (4th Cir. 1932)). The Court must first balance the likelihood of irreparable harm to Plaintiff against the likelihood of harm to Crooks, Davis and the other Defendants. *Id.* at 195. "[I]f a decided imbalance of hardship should appear" in Plaintiff's favor, that is the end of the matter; the injunction should issue. *Id.* The probability of Plaintiff's success on the merits is "merely one 'strong factor' to be weighed alongside both the likely harm to the defendant and the public interest," and its importance diminishes in the face of a strong showing of irreparable injury. *Id. Accord Marrow Furniture Galleries, Inc. v. Thomasville Furniture Indus.*, 889 F.2d 524, 526-27 (4th Cir. 1988).

Plaintiff has made a strong showing that his injuries outweigh any hardship that would accrue to Defendants. Immediate injunctive relief will require Defendants to cease siphoning equipment and inventory from Old Flood to New Flood, stop stealing funds that belong to the estate, and place Old Flood back on the road to paying its debts. In other words, Defendants' own deceitfulness will have created any conceivable harm they will endure. Additionally, the public interest will be served upon this Court's grant of interim injunctive relief. Defendants have wilfully contravened the elaborate processes and protections conferred by the federal bankruptcy laws. Only an injunction will champion the spirit of the bankruptcy code and assure sound management of Old Flood's estate. In any event, Plaintiff has also



exhibited the likelihood of success on the merits of his Complaint. The elements for a preliminary injunction have been met.  The Court should issue the injunction.

The same reasons that argue in favor of preliminary injunction issuance apply to Plaintiff's request for a temporary restraining order.  Defendants' have exhibited utter disregard for this Court's rulings and pronouncements in the past.  A temporary restraining order against the Defendants is needed to make sure they conduct no further illegal activity and cause no additional harm to Plaintiff or creditors, pending the preliminary injunction hearing.

CONCLUSION

For the reasons set forth above and in the supporting papers submitted herewith, Plaintiff respectfully requests that the Court grant its Motion for Appointment of a Receiver, or, in the alternative, its Motion for Attachment Before Judgment, and its Motion for a Temporary Restraining Order and Preliminary Injunction.

Respectfully Submitted,

LINOWES AND BLOCHER

Paul-Michael Sweeney
Federal Bar No. 07072
Duane J. Desiderio
1010 Wayne Avenue
Silver Spring, MD   20910
(301)   588-8580

Special Counsel to Plaintiff
Michael G. Rinn, Trustee



_____
Michael G. Rinn, Trustee
Suite 4
111 Warren Road
Cockeysville, MD   21030

General Counsel and Trustee for
John C. Flood, Inc.
Melville Davis
Florence Davis
Mark Crooks
Lydia Crooks




**<u>EXHIBIT "A"</u>**



The NorthWinder

A MONTHLY PUBLICATION SERVING 640,000 HOMES IN THE METRO AREA SINCE 1982

(301) 258-1166

Zone 4
Springfield
Burke
Fairfax Station

JANUARY
1995

THE ORIGINAL FLOOD

J. C. Flood Co.
WINTER HEATING SALE!

OIL TO GAS CONVERSION

PAY ON YOUR GAS BILL

OIL TO GAS CONVERSIONS

FURNACES
$650.00
65,000 BTU
Installation

BOILERS
$950.00
75,000 BTU
Installation

HEAT PUMPS
$985.00
24,000 BTU
Installation

Free Second Opinion! If you think any heating or cooling estimate is too high, call us.

Heating System "CHECK-UP" At Great Prices Call For Details

• RESIDENTIAL & COMMERCIAL SERVICE • SALES & SERVICE & INSTALLATION ALL BRANDS

24 Hour Emergency Service

All Major Credit Cards • Bank Financing • Senior Citizens Discount • Licensed • Bonded • Insured

For Your FREE Estimate Call

Springfield Or    No. VA
913-4242          799-7200

MHIC #47683  WSSC #01313  VA #767

SAVE $10.00
OFF ANY
SERVICE/REPAIR
Not Valid With Any Other Coupon or Negotiated Price. Present At Time Of Estimate.
Expires Feb. 18, 1995
J. C. Flood Co.    913-4242

$100.00 OFF
ANY NEW OR
REPLACEMENT HEAT PUMP
Not Valid With Any Other Coupon or Negotiated Price. Present At Time Of Estimate.
Expires Feb. 18, 1995
J. C. Flood Co.    913-4242

**<u>Attachment "B-3"</u>**



# UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF MARYLAND (Southern Division)

In re:                                              *
                                                    *    **SUBPOENA IN AN**
MICHAEL G. RINN, TRUSTEE,                            *    **ADVERSARY PROCEEDING**
                                                    *
         Plaintiff                                  *
                                                    *
    v.                                              *
                                                    *    Case No.  91-4-3011SD
J.C.F. INC. t/a J.C. FLOOD, CO., et al.             *    (Chapter 7)
                                                    *
         Defendants.                                *    Adv. Proc. No. 95A-215
                                                    *

To:  Clinton D. Haislip
     c/o Gary Weltmann, Esquire
     600 E. Jefferson Street, #202
     Rockville, MD  20852

---

[X]   **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case and bring documentation relating to advertising published under the Flood name.

| PLACE:  U.S. Bankruptcy Court for the District of Maryland 6500 Cherrywood Lane Greenbelt, Maryland  20770 | COURTROOM<br><br>Hon. Duncan Keir, Judge |
|---|---|
| | DATE AND TIME<br>       May 22, 1995, 10:00 a.m. |

[ ]   **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]   **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

    Any subpoenaed organization not a party to this proceeding case shall desigate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Paul-Michael Sweeney<br>Federal Bar No. 07072<br>Attorney for Plaintiff | DATE<br><br>     May 19, 1995 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linowes and Blocher
1010 Wayne Avenue, Tenth Floor
Silver Spring, Maryland  20910    Tele: (301) 650-7122

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MARYLAND (Southern Division)

| | | |
|---|---|---|
| In re:<br><br>MICHAEL G. RINN, TRUSTEE,<br><br>         Plaintiff<br><br>     v.<br><br>J.C.F. INC. t/a J.C. FLOOD, CO., et al.<br><br>          Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **SUBPOENA IN AN<br>ADVERSARY PROCEEDING**<br><br>Case No.  91-4-3011SD<br>(Chapter 7)<br><br>Adv. Proc. No. 95A-215 |

To:  James Seltzer, Jr.
     c/o Gary Weltmann, Esquire
     600 E. Jefferson Street, #202
     Rockville, MD  20852

---

[X]  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case and bring documentation relating to advertising published under the Flood name.

| PLACE:  U.S. Bankruptcy Court for the<br>         District of Maryland<br>         6500 Cherrywood Lane<br>         Greenbelt, Maryland  20770 | COURTROOM<br><br>Hon. Duncan Keir, Judge |
|---|---|
| | DATE AND TIME<br>      May 22, 1995, 10:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

Any subpoenaed organization not a party to this proceeding case shall desigate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P.  See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Paul-Michael Sweeney<br>Federal Bar No. 07072<br>Attorney for Plaintiff | DATE<br><br>      May 19, 1995 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linowes and Blocher
1010 Wayne Avenue, Tenth Floor
Silver Spring, Maryland  20910   Tele: (301) 650-7122



```
021
.995pms
sos.01
```

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:

JOHN C. FLOOD, INC.
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS
LYDIA CROOKS

    \*   \*   \*   \*   \*   \*   \*   \*

MICHAEL G. RINN, TRUSTEE FOR
JOHN C. FLOOD, INC.,
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS and
LYDIA CROOKS

     Plaintiff

v.

J.C.F. INC. t/a
J.C. FLOOD, CO., et al.,

     Defendants.

Substantively Consolidated
under Case No. 91-4-3011SD

Chapter 7

**FILED**

MAY 22 1995

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

Adversary Pro. No. 95A-215

## CERTIFICATE OF SERVICE OF SUBPOENA

I, LINDA CROWLEY, being over 18 years of age and not a party to this proceeding, hereby certify that on May 19, 1995, a Subpoena of Witness for testimony at the trial of this case (copies of which are attached hereto), were served on the following

by hand-delivery to:

     J.C.F., Inc. t/a J.C. Flood, Co.
     711 Kennedy Street, N.W.
     Washington, D.C.

     Melville Davis
     711 Kennedy Street
     Washington, D.C.

     Robert B. Smiley
     711 Kennedy Street
     Washington, D.C.





Joanne Smiley
711 Kennedy Street
Washington, D.C.

Shell Carter Davis, Sr.
711 Kennedy Street
Washington, D.C.

-and-

Mark Crooks
1 Azar Court
Arbutus, Maryland

by overnight delivery (UPS receipts attached hereto) to:

Melville Davis
3501 Mobile Court
Davidsonville, MD 21035

Robert B. Smiley
107 Meadow Road
Riva, MD  21140

Mark Crooks
179 Dividing Court
Arnold, MD  21012

-and-

Joanne Smiley
107 Meadow Lane
Riva, MD  21140

and by facsimile and first class mail to:

The Washington Gas Light Company
c/o Louis Winarsky, Esquire and
c/o John R. Esworthy
1100 H Street, N.W.
Washington, D.C.  20080

and by facsimile to:

Clinton D. Haislip, individually and
c/o Gary Weltmann, Esq.
600 E. Jefferson Street, #202
Rockville, MD 20852




Joanne Smiley
711 Kennedy Street
Washington, D.C.

Shell Carter Davis, Sr.
711 Kennedy Street
Washington, D.C.

-and-

Mark Crooks
1 Azar Court
Arbutus, Maryland

by overnight delivery (UPS receipts attached hereto) to:

Melville Davis
3501 Mobile Court
Davidsonville, MD 21035

Robert B. Smiley
107 Meadow Road
Riva, MD  21140

Mark Crooks
179 Dividing Court
Arnold, MD  21012

-and-

Joanne Smiley
107 Meadow Lane
Riva, MD  21140

and by facsimile and first class mail to:

The Washington Gas Light Company
c/o Louis Winarsky, Esquire and
c/o John R. Esworthy
1100 H Street, N.W.
Washington, D.C.  20080

and by facsimile to:

Clinton D. Haislip, individually and
c/o Gary Weltmann, Esq.
600 E. Jefferson Street, #202
Rockville, MD  20852

621-001\1051995pms\cosos.01




James Seltzer, Jr., individually and
c/o Gary Weltmann, Esq.
600 E. Jefferson St., #202
Rockville, MD 20852

for their appearance at the trial of this matter on May 22, 1995 at
10:00 a.m.

_Linda Crowley_
Linda Crowley

\* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 19th day of May, 1995 that a copy of
the foregoing was mailed first class, postage prepaid, to counsel
for the Plaintiffs, John Morrissey, Esquire, Morrissey Brothers,
P.C., 4201 Northview Drive, Suite 407, Bowie, MD 20716.

_Paul-Michael Sweeney_
Paul-Michael Sweeney

1\1051995pms\cosos.01

**Attachment "B-4"**



0621-001
60195pms
ord.r6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

In re:                              *
                                    *
JOHN C. FLOOD, INC.                 *
MELVILLE R. DAVIS                   *    Substantively Consolidated
FLORENCE DAVIS                      *    under Case No. 91-4-3011SD
MARK CROOKS                         *
LYDIA CROOKS                        *       Chapter 7
                                    *
*   *   *   *   *   *   *   *        *
                                    *
MICHAEL G. RINN, TRUSTEE FOR        *
JOHN C. FLOOD, INC.,                *
MELVILLE R. DAVIS                   *
FLORENCE DAVIS                      *
MARK CROOKS and                     *
LYDIA CROOKS                        *
                                    *
     Plaintiff                      *
                                    *
                                    *
v.                                  *    Adversary Proceeding No. 95A-215
                                    *
J.C.F. INC. t/a                     *
J.C. FLOOD, CO.                     *
Serve on:                           *
     Robert B. Smiley               *
     107 Meadow Road                *
     Riva, MD  21140;               *
                                    *
JOHN C. FLOOD OF MD, INC.           *
Serve on:                           *
     Robert B. Smiley               *
     107 Meadow Road                *
     Riva, MD  21140;               *
                                    *
JOHN C. FLOOD OF D.C., INC.         *
Serve on:                           *
     Resident Agent                 *
     James Williams                 *
     236 Massachusetts Ave., NE     *
     Washington, D.C.  20002;       *
                                    *
MCMD, INC. a/k/a MARK CROOKS        *
AND MELVILLE DAVIS, INC.            *
Serve on:                           *
     Resident Agent                 *
     Joanne Smiley                  *
     107 Meadow Lane                *
     Riva, Maryland  21140;         *
                                    *

ENTERED:

JUN 0 5 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT



```
MELVILLE DAVIS                          *
3501 Mobile Court                       *
Davidsonville, MD  21035;               *
                                        *
FLORENCE DAVIS                          *
3501 Mobile Court                       *
Davidsonville, MD  21035;               *
                                        *
JOANNE L. SMILEY a/k/a                  *
JOANNE L. DAVIS                         *
107 Meadow Road                         *
Riva, MD  21140;                        *
                                        *
ROBERT B. SMILEY                        *
107 Meadow Road                         *
Riva, MD  21140;                        *
                                        *
MARK CROOKS                             *
179 Dividing Court                      *
Arnold, MD  21012;                      *
                                        *
and                                     *
                                        *
LYDIA CROOKS                            *
179 Dividing Court                      *
Arnold, MD  21012;                      *
                                        *
       Defendants.                      *
```

## STIPULATED AND CONSENT ORDER
## GRANTING PRELIMINARY INJUNCTION
## AND THE TEMPORARY APPOINTMENT OF A RECEIVER

Upon consideration of the Verified Motion for Ex Parte Appointment of Receiver or, in the Alternative, for Writs of Attachment Before Judgment and Levy and Seizure Thereon (the "Motion") filed by Plaintiff, Michael G. Rinn, Trustee ("Plaintiff"), against the above-captioned Defendants ("Defendants"), AND UPON THE CONSENT OF ALL PARTIES, as reflected by their respective signatures, with the understanding that the Defendants expressly deny any and all of the allegations claimed by the Plaintiff in this matter as well as any related litigation

621-001/2060195pms/ord.r6                    2

presently pending before this Court, and the Defendants believing that it is in their best interests to enter into this Order, a hearing on notice to all Defendants having been held, good cause appears for the appointment of a temporary receiver for J.C.F., Inc., t/a J.C. Flood Co.; John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.; and MCMD, Inc. (collectively "New Flood"), and for the entry of this preliminary injunction against all the Defendants and any person acting for the Defendants and as to the Defendants' assets.   Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. §105a, it is,

ORDERED AND DECREED that:

1.    The Defendants, and any person acting for the Defendants and as to the Defendants' assets, including, their employees, associates, family members, related parties or affiliated entities including, but not limited to, Shell Carter Davis, Sr., Robert Davis, Carter Davis, Bucky Davis and Robbie Davis (collectively, the "Restrained Parties") be and are hereby restrained and prohibited from transferring, concealing, destroying, moving or otherwise affecting or meddling with the Assets or any of the Defendants' tangible and intangible property and assets of every kind and nature, wherever located, including, but not limited to, books and records, accounts receivable, collections, cash, checks, contracts, commercial paper, inventory, tools, equipment, vehicles, work in progress, licenses, permits and certificates of every kind and nature, subject to further order of the Court;

2.    The Restrained Parties are restrained from spending, transferring, paying or crediting any funds, monies or accounts of

every type and kind belonging to, ⌐New Flood⌐ or which is subject to any claims of, New Flood or Plaintiff, no matter where it is located without approval of the receiver, or further order of the Court;

3.    *Notwithstanding any Voluntary or involuntary sessation of employment* The Defendants be and are hereby directed to cooperate with the receiver appointed hereunder and provide any knowledge or information they possess in connection with the operation, management, accounting and preservation of New Flood and the Assets;

IT IS FURTHER ORDERED AND DECREED that Roman P. Fedirka of KMR Management, Inc. be, and he hereby is, appointed as temporary receiver ("Receiver") of J.C.F., Inc., t/a J.C. Flood Co.; John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.; and MCMD, Inc. and that the Receiver shall also monitor and investigate the Defendants compliance with the terms of this Order; and

IT IS FURTHER ORDERED AND DECREED that the Receiver be, and he hereby is, authorized and empowered to take all such action as shall be proper including, but without limitation the following:

1.    To take and retain immediate possession and charge of all the right, title and interest in and to all tangible and intangible property, both real and personal, wherever located, including, but not limited to, inventory, equipment, supplies, accounts, bank accounts, accounts receivable, cash collections, work in progress, checks, promissory notes, commercial paper, vehicles, licenses, permits, certificates and assets of every kind and nature (collectively the "Assets") of New Flood, wherever located, and to manage, operate, maintain, secure and control same so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

001/2060195pms/ord.r6

4

2.    To take and retain immediate possession of all original books, records, bank accounts, ledgers, computerized data files, leases, security deposits, deposits and all other materials and all monies, cash and checks, relating to the operation of the business of New Flood including, but not limited to, any and all bank accounts legally or equitably owned by New Flood, wherever located. The Receiver shall also have the authority and power to perform all financial transactions necessary or desirable for the operation of New Flood so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

3.    To conduct his activities as Receiver and retain and pay such managing agents and consultants in accordance with this Order; to retain present employees and management; ~~may~~ discharge present employees and management, ~~subject to~~ *without an* order of the Court, for any *or by consent of the parties* violation of this Order or for good cause shown; and to fix the compensation and conditions of employment or engagement for such consultants, managers, agents, contractors and employees as are necessary to assist him in operating, managing, improving, maintaining, and performing his duties as Receiver;

*the Receiver shall not*

4.    To enter into such contracts as are necessary for the operation, management, improvement, repair, maintenance, security, insuring, and preservation of the Assets and New Flood so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

5.    To defend all actions at law or in equity which may be brought against him *as Receiver* or against the Assets or New Flood;

6.    To bring in his name as Receiver or intervene in, all actions at law or in equity which may be necessary or desirable and

which New Flood could bring in their own name, or has brought in its own name including, but not limited to, replevin, collection actions and any other actions necessary and desirable for the protection and preservation of the Assets.

7.    To retain and pay counsel to advise him on legal matters that arise during the receivership and to represent him in any litigation to which he may become a party and to compensate his legal counsel at its customary hourly rates for attorneys and legal assistants who render services on the Receiver's behalf, plus expenses;

8.    To carry out all of his duties under the powers granted hereunder and pursuant to such further orders as may be sought from this Court; and

9.    To pay any taxes assessed against him as Receiver or against the Assets or New Flood, in his discretion, and to pay all other bills and charges, all in the exercise of his duties during the receivership

10.    To collect and receive all income, deposits, profits, issues and proceeds accrued or accruing from the Assets or generated from New Flood's operations, and to apply any income received against expenses incurred by the Receiver including, but not limited to, all expenses arising from or related to operations of New Flood and the expenses, fees and costs of this receivership as and when the Receiver determines that funds on hand are sufficient, subject to order of the Court; and

IT IS FURTHER ORDERED AND DECREED that:

(1)   the Receiver is appointed for a thirty day term commencing upon the date of entry of this Order with reappointment for an additional term subject to further order of this Court or by agreement of the parties. Said reappointment to occur prior to the expiration of the thirty day appointment authorized hereunder;

(2)   any violation of this order or failure to abide by any of its terms may be penalized as a criminal or civil contempt pursuant to Bankruptcy Rule 9020; and

(3)   a further hearing on the continued appointment of a receiver and the continuation of this injunction will be held on the __6th__ day of __July__, 1995 at __2:00__ o'clock in Courtroom No. __3C__.

SO ORDERED, this __5__ day of June, 1995.

_____
United States Bankruptcy Judge

Entered: _____, 1995

CONSENTED TO BY:

_____
Paul-Michael Sweeney
Linowes and Blocher
Suite 1000
1010 Wayne Avenue
Silver Spring, MD 20910
Counsel for Plaintiff

John Morrissey
Morrissey Brothers, P.C.
Suite 407
4201 Northview Drive
Bowie, MD 20716
Counsel for Melville Davis, Florence Davis, Mark Crooks, Lydia Crooks
and M'cmD, Inc.

Ronald B. Greene
Suite B-5
9500 Annapolis Road
Lanham, MD 20706
Atty for J.C.F Inc t/a J.C.Flood, Co + John C. Flood of Md Th
+ John C. Flood of D.C., Inc.

[ADDITIONAL SIGNATURES FOLLOW]

J.C. F. INC. t/a
J.C. FLOOD, CO.

By: _Joanne H. Siley - Pres_____

JOHN C. FLOOD OF MD, INC.

By: _Joanne H. Siley Pres._____

JOHN C. FLOOD OF DC, INC.

By: _Joanne H. Siley Pres._____

MCMD, INC. a/k/a MARK CROOKS
AND MELVILLE DAVIS, INC.

By: _Joanne H. Siley - Pres._____

_Melville Davis_____
Melville Davis
3501 Mobile Court
Davidsonville, MD 21035

Florence Davis [ Signature to be obtained after entry
3501 Mobile Court    of this Order].
Davidsonville, MD 21035

[ADDITIONAL SIGNATURES FOLLOW]

Joanne L. Smiley
107 Meadow Road
Riva, MD  21140

Robert B. Smiley
107 Meadow Road
Riva, MD  21140

Mark Crooks
179 Dividing Court
Arnold, MD  21012

Lydia Crooks [ Signature to be obtained after entry
179 Dividing Court of this Order.] J.D.
Arnold, MD  21012

cc:  Paul-Michael Sweeney, Esq.
     Michael G. Rinn, Esq.
     Clifford White, Esq.
     Counsel to serve all Defendants

**<u>Attachment "B-5"</u>**

# UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF MARYLAND (Southern Division)

.n re:                                    * **SUBPOENA IN AN**
                                          * **ADVERSARY PROCEEDING**
MICHAEL G. RINN, TRUSTEE,                 *
                                          *
     Plaintiff             *
                                          *    Case No.   91-4-3011SD
   v.                                 *    (Chapter 7)
                                          *
J.C.F. INC. t/a J.C. FLOOD, CO., et al.   *    Adv. Proc. No. 95A-215
                                          *
     Defendants.           *

To:  Clinton D. Haislip
     c/o Gary Weltmann, Esquire
     600 E. Jefferson Street, #202
     Rockville, MD  20852

---

[X]  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case and bring documentation relating to advertising published under the Flood name.

| PLACE:  U.S. Bankruptcy Court for the District of Maryland 6500 Cherrywood Lane Greenbelt, Maryland  20770 | COURTROOM<br><br>Hon. Duncan Keir, Judge |
|---|---|
| | DATE AND TIME<br>September 7, 1995, 10:00 a.m. |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|

[ ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

| PLACE | DATE AND TIME |
|---|---|

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

---

    Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Paul-Michael Sweeney<br>Federal Bar No. 07072<br>Attorney for Plaintiff | DATE<br><br>August 15, 1995 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linowes and Blocher
1010 Wayne Avenue, Tenth Floor
Silver Spring, Maryland  20910    Tele: (301) 650-7122

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MARYLAND (Southern Division)

| | |
|---|---|
| In re: | **SUBPOENA IN AN**<br>**ADVERSARY PROCEEDING** |
| MICHAEL G. RINN, TRUSTEE, | |
| Plaintiff | |
| v. | Case No.  91-4-3011SD<br>(Chapter 7) |
| J.C.F. INC. t/a J.C. FLOOD, CO., et al. | Adv. Proc. No. 95A-215 |
| Defendants. | |

To:  James Seltzer, Jr.
     c/o Gary Weltmann, Esquire
     600 E. Jefferson Street, #202
     Rockville, MD  20852

---

[X]    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case and bring documentation relating to advertising published under the Flood name.

| PLACE:  U.S. Bankruptcy Court for the<br>District of Maryland<br>6500 Cherrywood Lane<br>Greenbelt, Maryland  20770 | COURTROOM<br>Hon. Duncan Keir, Judge |
|---|---|
| | DATE AND TIME<br>September 7, 1995, 10:00 a.m. |

[ ]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ]    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| | |

     Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P. 30(b)(6) made applicable to this proceeding by Rule 7030, Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R.Bankr.P.

---

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Paul-Michael Sweeney<br>Federal Bar No. 07072<br>Attorney for Plaintiff | DATE<br><br>August 15, 1995 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Linowes and Blocher
1010 Wayne Avenue, Tenth Floor
Silver Spring, Maryland  20910   Tele: (301) 650-7122



UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

In re:                                    *
                                          *
JOHN C. FLOOD, INC.                       *
MELVILLE R. DAVIS                         *        Substantively Consolidated
FLORENCE DAVIS                            *        under Case No. 91-4-3011SD
MARK CROOKS                               *
LYDIA CROOKS                              *             Chapter 7
                                          *
*   *   *   *   *   *   *   *             *
                                          *
MICHAEL G. RINN, TRUSTEE FOR              *
JOHN C. FLOOD, INC.,                      *
MELVILLE R. DAVIS                         *
FLORENCE DAVIS                            *
MARK CROOKS and                           *
LYDIA CROOKS                              *
                                          *
      Plaintiff                           *
                                          *
                                          *
v.                                        *        Adversary Pro. No. 95A-215
                                          *
J.C.F. INC. t/a                           *
J.C. FLOOD, CO., et al.,                  *
                                          *
      Defendants.                         *


## CERTIFICATE OF SERVICE OF SUBPOENA

I, KIMBERLY MOODY, being over 18 years of age and not a party

to this proceeding, hereby certify that on August 16, 1995, a

Subpoena of Witness for testimony at the trial of this case (copies

of which are attached hereto), was served by regular mail postage

prepaid on the following:

              J.C.F., Inc. t/a J.C. Flood, Co.
              c/o Robert Smiley
              107 Meadow Road
              Riva, MD  21012

              John C. Flood of MD, Inc.
              c/o Robert B. Smiley
              107 Meadow Road
              Riva, MD  21012



001472



MCMD, Inc. a/k/a Mark Crooks &
 Melville Davis, Inc.
c/o Joanne Smiley, Resident Agent
107 Meadow Road
Riva, MD  21012

John C. Flood of DC, Inc.
c/o James Williams, Resident Agent
236 Massachusetts Ave., N.W.
Washington, D.C.  20002

John C. Flood of D.C., Inc.
c/o Joanne L. Smiley
107 Meadow Road
Riva, MD  21012

Robert B. Smiley
711 Kennedy Street
Washington, D.C. 20011

Joanne L. Smiley a/k/a
Joanne L. Davis
711 Kennedy Street
Washington, D.C. 20011

Robert B. Smiley
107 Meadow Road
Riva, MD  21012

Joanne L. Smiley a/k/a
Joanne L. Davis
107 Meadow Road
Riva, MD  21012

Shell Carter Davis, Sr.
711 Kennedy Street
Washington, D.C. 20011

Mark Crooks
179 Dividing Court
Riva, MD  21012

Lydia Crooks
179 Dividing Court
Riva, MD  21012

Francis L. Hunt
Charles Towson Bldg., Suite 309
1104 Kenilworth Drive
Towson, MD  21204




The Washington Gas Light Company
c/o Louis Winarsky, Esq. and
   John R. Esworthy
1100 H Street, N.W.
Washington, D.C.  20080

Melville R. Davis
3501 Mobile Court
Davidsonville, MD  21035

Florence Davis
3501 Mobile Court
Davidsonville, MD  21035

Clinton D. Haislip
c/o Gary Weltmann, Esq.
600 E. Jefferson Street, #202
Rockville, MD  20852

James Seltzer, Jr.
c/o Gary Weltmann, Esq.
600 E. Jefferson St., #202
Rockville, MD  20852

Roger Schlossberg, Esq.
Schlossberg & Associates
134 W. Washington Street
Hagerstown, MD  21740

        -and-

Custodian of Records
Annapolis Banking and Trust Company
236 Main Street
Annapolis, MD  21404

for their appearance at the hearing to be held on September 7, 1995
at 10:00 a.m.

Kimberly A. Moody

* * *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this _____ day of August, 1995 that a copy of the foregoing was sent via overnight delivery to counsel for the Plaintiffs, John Morrissey, Esquire, Morrissey Brothers, P.C., 4201 Northview Drive, Suite 407, Bowie, Maryland 20716 and Ronald Greene, Esquire, 9500 Annapolis Road, Suite B5, Lanham, Maryland 20706.

Paul-Michael Sweeney

21-001\1081695pms\cosos.816

**Attachment "B-6"**



-001
1295pms
..r7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:                                   *
                                         *
JOHN C. FLOOD, INC.                      *
MELVILLE R. DAVIS                        *    Substantively Consolidated
FLORENCE DAVIS                           *    under Case No. 91-4-3011SD
MARK CROOKS                              *
LYDIA CROOKS                             *         Chapter 7
                                         *
*   *   *   *   *   *   *   *             *
                                         *
MICHAEL G. RINN, TRUSTEE FOR             *
JOHN C. FLOOD, INC.,                     *
MELVILLE R. DAVIS                        *
FLORENCE DAVIS                           *
MARK CROOKS and                          *
LYDIA CROOKS                             *
                                         *
        Plaintiff                        *
                                         *
v.                                       *    Adversary Proceeding No. 95A-215
                                         *
J.C.F. INC. t/a                          *
J.C. FLOOD, CO.                          *
Serve on:                                *
        Robert B. Smiley                 *
        107 Meadow Road                  *
        Riva, MD  21140;                 *
                                         *
JOHN C. FLOOD OF MD, INC.                *
Serve on:                                *
        Robert B. Smiley                 *
        107 Meadow Road                  *         **ENTERED**
        Riva, MD  21140;                 *
                                         *         AUG 1 ? 1995
JOHN C. FLOOD OF D.C., INC.              *
Serve on:                                *
        Resident Agent                   *         CLERK'S OFFICE
        James Williams                   *      U.S. BANKRUPTCY COURT
        236 Massachusetts Ave., NE       *       DISTRICT OF MARYLAND
        Washington, D.C.  20002;         *            GREENBELT

MCMD, INC. a/k/a MARK CROOKS             *
AND MELVILLE DAVIS, INC.                 *
Serve on:                                *
        Resident Agent                   *
        Joanne Smiley                    *
        107 Meadow Lane                  *
        Riva, Maryland  21140;           *
                                         *



20-1

MELVILLE DAVIS                    *
3501 Mobile Court                *
Davidsonville, MD  21035;        *
                                 *
FLORENCE DAVIS                   *
3501 Mobile Court                *
Davidsonville, MD  21035;        *
                                 *
JOANNE L. SMILEY a/k/a           *
JOANNE L. DAVIS                  *
107 Meadow Road                  *
Riva, MD  21140;                 *
                                 *
ROBERT B. SMILEY                 *
107 Meadow Road                  *
Riva, MD  21140;                 *
                                 *
MARK CROOKS                      *
179 Dividing Court               *
Arnold, MD  21012;               *
                                 *
and                              *
                                 *
LYDIA CROOKS                     *
179 Dividing Court               *
Arnold, MD  21012;               *
                                 *
    Defendants.                  *

## SECOND STIPULATED AND CONSENT ORDER GRANTING PRELIMINARY INJUNCTION AND THE TEMPORARY APPOINTMENT OF A RECEIVER

Upon consideration of the Verified Motion for Ex Parte Appointment of Receiver or, in the Alternative, for Writs of Attachment Before Judgment and Levy and Seizure Thereon (the "Motion") filed by Plaintiff, Michael G. Rinn, Trustee ("Plaintiff"), against the above-captioned Defendants ("Defendants"), AND UPON THE CONSENT OF ALL PARTIES, as reflected by their respective signatures, with the understanding that the Defendants expressly deny any and all of the allegations claimed by the Plaintiff in this matter as well as any related litigation

!1-001/3071295pms/ord.r7              2

presently pending before this Court, and the Defendants believing that it is in their best interests to enter into this Order, a hearing on notice to all Defendants having been held, good cause appears for the appointment of a temporary receiver for J.C.F., Inc., t/a J.C. Flood Co.; John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.; and MCMD, Inc. (collectively "New Flood"), and for continuation of the preliminary injunction against all the Defendants and any person acting for the Defendants and as to the Defendants' assets.    Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. §105a, it is,

ORDERED AND DECREED that:

1.    The Defendants, and any person acting for the Defendants and as to the Defendants' assets, including, their employees, associates, family members, related parties or affiliated entities including, but not limited to, Shell Carter Davis, Sr., Robert Davis, Carter Davis, Bucky Davis and Robbie Davis (collectively, the "Restrained Parties") be and are hereby restrained and prohibited from transferring, concealing, destroying, moving or otherwise affecting or meddling with the Assets or any of the Defendants' tangible and intangible property and assets of every kind and nature, wherever located, including, but not limited to, books and records, accounts receivable, collections, cash, checks, contracts, commercial paper, inventory, tools, equipment, vehicles, work in progress, licenses, permits and certificates of every kind and nature, subject to further order of the Court;

2.    The Restrained Parties are restrained from spending, transferring, paying or crediting any funds, monies or accounts of

-001/3071295pms/ord.r7

3

001498

every type and kind belonging to New Flood, or which is subject to any claims of, New Flood of Plaintiff, no matter where it is located without approval of the receiver or further order of the Court;

3.    The  Defendants  notwithstanding  any  voluntary  or involuntary cessation of employment be and are hereby directed to cooperate with the receiver appointed hereunder and provide any knowledge or information they possess in connection with the operation, management, accounting and preservation of New Flood and the Assets;

IT IS FURTHER ORDERED AND DECREED that Roman P. Fedirka of KMR Management, Inc. be, and he hereby is, reappointed as temporary receiver ("Receiver") of J.C.F., Inc., t/a J.C. Flood Co.; John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.; and MCMD, Inc. effective as of July 6, 1995, and shall continue to have and possess all those powers and duties set forth in this Court's Order dated June 5, 1995, and that the Receiver shall also continue to monitor and investigate the Defendants compliance with the terms of this Order; and

IT IS FURTHER ORDERED AND DECREED that the Receiver be, and he hereby is, authorized and empowered to take all such action as shall be proper including, but without limitation the following:

1.    To take and retain immediate possession and charge of all the right, title and interest in and to all tangible and intangible property, both real and personal, wherever located, including, but not limited to, inventory, equipment, supplies, accounts, bank accounts, accounts receivable, cash collections, work in progress, checks, promissory notes, commercial paper, vehicles, licenses,

001499

permits, certificates and assets of every kind and nature (collectively the "Assets") of New Flood, wherever located, and to manage, operate, maintain, secure and control same so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

2.    To take and retain immediate possession of all original books, records, bank accounts, ledgers, computerized data files, leases, security deposits, deposits and all other materials and all monies, cash and checks, relating to the operation of the business of New Flood including, but not limited to, any and all bank accounts legally or equitably owned by New Flood, wherever located. The Receiver shall also have the authority and power to perform all financial transactions necessary or desirable for the operation of New Flood so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

3.    To conduct his activities as Receiver and retain and pay such managing agents and consultants in accordance with this Order; to retain present employees and management; the receiver shall not discharge present employees and management, without an order of the Court, for any violation of this Order or for good cause shown or by consent of the parties; and to fix the compensation and conditions of employment or engagement for such consultants, managers, agents, contractors and employees as are necessary to assist him in operating, managing, improving, maintaining, and performing his duties as Receiver;

4.    To enter into such contracts as are necessary for the operation, management, improvement, repair, maintenance, security, insuring, and preservation of the Assets and New Flood so as to

protect and preserve New Flood as ongoing business entities until further Order of this Court;

5.   To defend all actions at law or in equity which may be brought against him as receiver or against the Assets or New Flood;

6.   To bring in his name as Receiver or intervene in, all actions at law or in equity which may be necessary or desirable and which New Flood could bring in their own name, or has brought in its own name including, but not limited to, replevin, collection actions and any other actions necessary and desirable for the protection and preservation of the Assets.

7.   To retain and pay counsel to advise him on legal matters that arise during the receivership and to represent him in any litigation to which he may become a party and to compensate his legal counsel at its customary hourly rates for attorneys and legal assistants who render services on the Receiver's behalf, plus expenses;

8.   To carry out all of his duties under the powers granted hereunder and pursuant to such further orders as may be sought from this Court; and

9.   To pay any taxes assessed against him as Receiver or against the Assets or New Flood, in his discretion, and to pay all other bills and charges, all in the exercise of his duties during the receivership

10.  To collect and receive all income, deposits, profits, issues and proceeds accrued or accruing from the Assets or generated from New Flood's operations, and to apply any income received against expenses incurred by the Receiver including, but not limited to, all expenses arising from or related to operations

-001/3071295pms/ord.r7                    6



of New Flood and the expenses, fees and costs of this receivership as and when the Receiver determines that funds on hand are sufficient, subject to order of the Court; and

IT IS FURTHER ORDERED AND DECREED that:

(1)   the Receiver is appointed for a term commencing on July 6, 1995 and ending September 7, 1995, with reappointment for an additional term subject to further order of this Court or by agreement of the parties.  Said reappointment to occur prior to the expiration of the appointment authorized hereunder;

(2)   any violation of this order or failure to abide by any of its terms may be penalized as a criminal or civil contempt pursuant to Bankruptcy Rule 9020; and

(3)   a further hearing on the continued appointment of a receiver and the continuation of this injunction will be held on the 7th day of September, 1995 at  10:00 a.m. in Courtroom No.  3C.


SO ORDERED, this 6th day of July, 1995.

August 17, 1995

_____
United States Bankruptcy Judge

Entered: _____, 1995


CONSENTED TO BY:

Paul-Michael Sweeney
Linowes and Blocher
Suite 1000
1010 Wayne Avenue
Silver Spring, MD 20910


[ADDITIONAL SIGNATURES FOLLOW]

001502



John Morrissey
Morrissey Brothers, P.C.
Suite 407
4201 Northview Drive
Bowie, MD  20716

Counsel for Melville Davis,
  Florence Davis, Mark Crooks,
  and Lydia Crooks

Ronald B. Greene
Suite B-5
9500 Annapolis Road
Lanham, MD  20706

Attorney for J.C.F., Inc., t/a
  J.C. Flood Co., John C.
  Flood of MD, Inc. & John
  C. Flood of D.C. Inc. and MCMD, Inc.

J.C. F. INC. t/a
J.C. FLOOD, CO.

By:

JOHN C. FLOOD OF MD,. INC.

By:

JOHN C. FLOOD OF DC, INC.

By:

[ADDITIONAL SIGNATURES FOLLOW]

621-001/3071295pms/ord.r7

8

001501

MCMD, INC. a/k/a MARK CROOKS
AND MELVILLE DAVIS, INC.

By: _____

_____
Melville Davis
3501 Mobile Court
Davidsonville, MD 21035

_____
Florence Davis
3501 Mobile Court
Davidsonville, MD 21035

_____
Joanne L. Smiley
107 Meadow Road
Riva, MD 21140

_____
Robert B. Smiley
107 Meadow Road
Riva, MD 21140

_____
Mark Crooks
179 Dividing Court
Arnold, MD 21012

[ADDITIONAL SIGNATURES FOLLOW]

001504



Lydia Crooks
179 Dividing Court
Arnold, MD  21012

cc:  Paul-Michael Sweeney, Esq.
     Linowes and Blocher
     Suite 1000
     1010 Wayne Avenue
     Silver Spring, MD 20910

     John Morrissey
     Morrissey Brothers, P.C.
     Suite 407
     4201 Northview Drive
     Bowie, MD  20716

     Ronald B. Green
     Suite B-5
     9500 Annapolis Road
     Lanham, MD  20706

     Clifford J. White III
     Assistant U.S. Trustee
     Office of the U.S. Trustee
     6350 Ivy Lane, #600
     Greenbelt, MD  20770

1-001/3071295pms/ord.r7

001505

**Attachment "B-7"**



# ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - x
                            :
In Re:                      :
                            :
JOHN C. FLOOD, INC.         :
                            :    Case No. 91-4-3011DK
            Debtor          :              95-1-A215DK
                            :    (Chapter 7)
- - - - - - - - - - - - - - x

Thursday, September 7, 1995

Greenbelt, Maryland

H E A R I N G

Motion for appointment of receiver.

BEFORE:          HONORABLE DUNCAN W. KEIR, Judge

APPEARANCES:     PAUL MICHAEL SWEENEY, ESQUIRE
                     On behalf of the Movant and the
                     Chapter 7 trustee, Michael G. Rinn

                 DAVID BARCLAY, ESQUIRE
                     On behalf of Citizens Bank

                 GARY WELTMANN, ESQUIRE
                     On behalf of John C. Flood of
                     Virginia, Inc.

                 JAMES MORRISEY, ESQUIRE
                     On behalf of Old Flood and Mel and
                     Florence Davis and Mark and Lydia
                     Crooks

---

SUBURBAN REPORTING SERVICE
POST OFFICE BOX 1415
WEST BETHESDA, MARYLAND 20827
(301) 229-2223



2

1    E X C E R P T   O F   P R O C E E D I N G S

2         MR. SWEENEY:  Your Honor, if I may approach the

3    bench, we have a consent order that has been executed by

4    all the parties.

5         THE COURT:  Very well.  Now let me ask the

6    parties a preliminary question on this consent.  This is of

7    course an adversary proceeding in which a motion is before

8    the Court today, not a trial upon the complaint.  Is it the

9    intent of the parties that the order just presented to the

10   Court for review and signature will be a settlement of the

11   complaint as well as the motion for appointment of

12   receiver, or will the complaint remain on any other issues?

13        MR. SWEENEY:  If I might be heard, Your Honor,

14   the settlement today and the structure is as follows.

15   Today we have agreed to the appointment of a permanent

16   receiver of the received entities.  The order sets forth

17   who the received corporate entities will be.  It grants the

18   receiver the authority to sell in a sale subject to further

19   order of the Court structured as an 11 USC Section 363 sale

20   of all assets.  The sale will be noticed to all creditors.

21   However, today we are agreeing to the appointment of a

22   permanent receiver with the authority to sell all assets.

3

1       The sale offer that we have received from the

2   defendants and their representatives is as follows.  They

3   have placed an offer which will be noted to creditors and

4   an opportunity for objections and higher and better bids

5   will be made available on 20 days' notice.  The offer is a

6   $300,000 offer for the acquisition of the stock and assets

7   of the received entities.  The $300,000 is payable over a

8   five year period in monthly installments of $5,000 without

9   interest.  There is a flexibility provision in that three

10  of the months can allow for reduced payments provided that

11  those payments are immediately made up in the next

12  succeeding months.

13      The dischargeability complaints as part of the

14  offer would be dismissed without prejudice and a tolling

15  agreement would be put in place with respect to the statute

16  of limitations on rebringing the dischargeability actions.

17      The $300,000 purchase price will be evidenced

18  by a note the signatories of which would be Mel Davis, Mark

19  Crooks, Joanne Davis and Robert Smiley.  There is an

20  alternative that Joanne Smiley and Robert Smiley can

21  execute a confessed judgment note for the $300,000.

22      Furthermore, with respect to the

4

1   dischargeability complaints there is a provision which

2   provides for the holding in escrow of a confessed judgment

3   note in the approximate amount of $2.3 million against Mel

4   Davis and Mark Crooks with the proviso that if all payments

5   are made under the offer to purchase the assets, that will

6   be retired.  The exact amount of the confessed judgment

7   notes as to Mel Davis and Mark Crooks would be determined

8   by all of the scheduled debt with the exception of Adams

9   Bank and Citizens Bank.  The wives of Mel Davis and Mark

10  Crooks have also agreed to execute with their husbands a

11  $600,000 confessed judgment note as part of that settlement

12  as well.

13          Furthermore, with respect to the offer to

14  purchase there will be a voting trust put on the stock of

15  the new entity which purchases the received entities for

16  the $300,000 and there will be a blanket lien on all of the

17  assets of the received entities as security, as further

18  security for the repayment of the $300,000.  The blanket

19  security interest will contain all the bells and whistles

20  for default provisions so as to allow us upon the

21  declaration of default to recover the assets and agree to

22  reput it back into the receivership proceeding.  That could

5

1    either be done in this court or in state court.

2            The trustee reserves the right to continue to

3    monitor operations at the trustee's cost during the five

4    year period.  The monitoring activities will not be any

5    more extensive than presently being done by Roman Fiderka

6    as the temporary receiver.  That cost will be absorbed by

7    the trustee.  There will be no prepayment penalty and the

8    Chapter 7 trustee reserves the right to liquidate all other

9    assets of the Chapter 7's estate -- real property and there

10   are also some businesses and some other assets which are in

11   process and still need to be administered.

12           THE COURT:  Now the terms of the order that you

13   have presented, Mr. Sweeney, deal exclusively with the

14   appointment of a permanent receiver and the granting of a

15   permanent injunction concerning a receiver.  The terms of

16   the offer that you have just recited on the record I take

17   it will be separately put in writing as a part of a 363

18   motion by the trustee?

19           MR. SWEENEY:  That's correct, Your Honor.  That

20   will be joined by the receiver and would be put out on

21   notice.

22           THE COURT:  Is the plaintiff's settlement of

6

1   adversary 215 contingent upon that offer?

2           MR. SWEENEY:  Yes, it is.  Should the offer not

3   be the highest and best bid, the offer would be dissolved,

4   there would be no confessed judgments, and the litigation

5   would continue.  We would have to start from scratch again

6   and set it in on a hearing date.

7           THE COURT:  Then for the purposes of today's

8   hearing, what I believe I am learning is that the motion

9   for appointment of receiver has been settled.

10          MR. SWEENEY:  Yes, Your Honor.

11          THE COURT:  But there is no present settlement

12  order to be entered today or to be considered by the Court

13  today to settle the complaint in 215.  That will remain an

14  active adversary proceeding although it is the expectation

15  of the parties that it will be settled in conjunction with

16  the offer to purchase assets.  Is that correct?

17          MR. MORRISEY:  That's correct, Your Honor.

18          THE COURT:  That has not yet been set for

19  pretrial, more or less a trial schedule and date.  It would

20  appear that it would be unnecessary at this time to do

21  that.  Does everyone agree with that?

22          MR. MORRISEY:  Yes, Your Honor.

7

1          MR. SWEENEY:  Yes, Your Honor.  On behalf of

2    Michael Rinn, the trustee, he would agree to that and he

3    apologizes to the Court that he was called away.  He's got

4    70 341 meetings to conduct in Salisbury otherwise he would

5    be here.

6          MR. MORRISEY:  Your Honor, I'd also like to

7    follow up on what Mr. Sweeney said regarding the settlement

8    just to make sure that the record is clear that the offer

9    is expressly contingent upon the sale of the new Flood to

10   our respective clients and that in the event that all those

11   settlement terms that he just mentioned in the event that a

12   subsequent bidder was to outbid us in any offer to the

13   property, that this settlement would be null and void at

14   that point.

15         THE COURT:  Let me stop you.  The settlement of

16   the motion for appointment of receiver will be null and

17   void?

18         MR. SWEENEY:  I would take exception to that;

19   no.  The confessed judgment provisions and the settlement

20   of the dischargeability.

21         THE COURT:  All of that is going to be

22   contained -- it is my concept, and I'm asking if the

8

1   parties agree with it or disagree, and hopefully agree

2   among themselves, is as follows.  The pending motion for

3   hearing today was a motion within the adversary proceeding

4   to appoint a receiver.  There are other prayers for relief

5   in the complaint of the adversary proceeding which were not

6   the subject of today's motion.  I have before me a consent

7   order which appears to settle that motion.  It does not

8   address and does not appear to settle the remaining

9   averments and addendum clauses of the complaint.

10          I am also hearing that it is the contemplation

11  of the parties that they will -- there is an offer which

12  will be reduced to writing and the subject of a 363 motion

13  within the main case to sell assets to various defendants.

14  Included in those terms are notes to be given with

15  confessed judgment clauses, security agreements to be

16  entered into to secure those notes, at least in part, and

17  so forth, and included in that would also be the offer

18  would be contingent upon disposition of the other adversary

19  proceedings concerning discharge and dischargeability and

20  vice versa; settlement of those proceedings would be

21  contingent upon the offer becoming approved as a sale.

22  That's what I think I have heard.

9

1           So that if, for example, the offer is not

2    approved by this Court, this adversary proceeding, 215,

3    would not be settled as to the remaining averments and

4    prayers for relief.  The other adversary proceedings

5    objecting to discharge or dischargeability would not be

6    settled and the parties -- we would have to schedule trials

7    for all of those remaining matters.  But even with the

8    failure of such sale, the disposition of the motion for

9    appointment of receiver set forth in the consent order

10   which has been presented would still be a final order of

11   this Court on that issue.  That's what I think I heard but

12   that's what I need to find out.

13          I see Mr. Sweeney nodding his head up and down

14   as yes and I see some uncertainty on the opposite side of

15   the aisle.

16          MR. MORRISEY:  I would suggest to Mr. Sweeney

17   and the Court that we would take that subject to further

18   order of this Court in the event that a sale wasn't

19   accomplished by our parties.

20          THE COURT:  I'm not sure what you're asking.

21          MR. SWEENEY:  If I might be heard, Your Honor.

22          THE COURT:  Just a moment.  Let's find out

10

1    exactly what the question is before we talk about what the

2    answer should be.

3            MR. MORRISEY:  That we would have the ability

4    to use the Court to dissolve the receivership in the event

5    that the asset sale was not successful for our clients'

6    purposes -- I'm sorry, the stock sale, both assets and

7    liabilities.

8            THE COURT:  Mr. Sweeney?

9            MR. SWEENEY:  The answer is no, Your Honor,

10    that is not our settlement.  The settlement is set forth

11    and the Court's summation of that is correct.

12            THE COURT:  I think you all need to talk.

13            MR. SWEENEY:  Your Honor, the provisions that

14    set forth provisions that are subject to further order of

15    the Court do exist and there are some matters that would be

16    subject to further order of the Court.

17            THE COURT:  Let me suggest something to you,

18    Mr. Sweeney.  Generally -- there may be exceptions that I'm

19    unaware of but I can't think of any right off the top of my

20    head -- any even purported final order in a lawsuit is not

21    a final order until all parties and all matters in the suit

22    have been adjudicated, so I do not know how procedurally

11

1   you intend to make this consent order final beyond any

2   consideration of this Court when it is not a final

3   disposition of all matters in the lawsuit.

4           MR. SWEENEY:  Yes, Your Honor, and that point

5   is well taken.  I think the point --

6           THE COURT:  Therefore I think by law your

7   opponent's position is probably meritorious.

8           MR. SWEENEY:  That may be so, Your Honor.  The

9   point that perhaps I have inartfully raised would be it is

10  our intention to go forward on this basis and I have not

11  heard until this particular moment that undoing the

12  receivership would be a potential thing that the Court

13  would have to address, but I do understand and I recognize

14  and I agree with the Court's analysis that any order

15  entered that is not a final disposition of this matter, and

16  it is necessary that we have further proceedings on the

17  sale, is going to be subject to further order of the Court.

18          That being said --

19          THE COURT:  Does that satisfy the defendants?

20          MR. MORRISEY:  I'm satisfied, Your Honor.

21          MR. SWEENEY:  Thank you, Your Honor.

22          THE COURT:  Very well.  With that

12

1  understanding, what the Court will do is the Court has read

2  quickly the consent order.  It does appear that notice

3  under Rule 9019 is appropriate given the scope of it.  How

4  quickly is it anticipated that the parties will be in a

5  position to file the motion under 363 and further

6  settlement papers as to this adversary complaint and the

7  other adversary proceedings because it might make more

8  sense to have one mailing of a notice concerning all of

9  these related dispositions than doing it seriatim.

10         MR. SWEENEY:  Yes, Your Honor.  I would propose

11  if I might that a copy of the order along with the motion

12  for the 363 sale be conveyed to all of the creditors that

13  are entitled to notice in the Chapter 7 proceeding in

14  accordance with Rule 9019 and also in accordance with 4001

15  and whatever other governing rule governs the 363 sale.

16  That would probably be easier done in one mailing.

17         The timing of a hearing on objections to the

18  sale, the drafting and the finalization of the motion for

19  the 363 sale if the Court wishes an estimate, I think the

20  hearing can be scheduled between 35 to 45 days.

21         THE COURT:  My question is how fast can counsel

22  move.  It is my unfortunate responsibility to figure out

13

1    how fast the Court can offer a hearing.

2                    MR. MORRISEY:  I would be willing to say, Your

3    Honor, that we would be able to put everything together in

4    terms of a notice within two weeks from today's date.

5                    MR. SWEENEY: . Agreed.

6                    THE COURT:  All right.  I don't quickly see in

7    the order any reference to Rule 9019 and the need for and

8    contingency of a notice and objection in this order.

9                    MR. SWEENEY:  That notice, Your Honor, I don't

10   think would be required in this particular order.  That

11   notice would be required as part of the 363 motion that

12   would contain the offer and the other provisions that

13   settle the dischargeability complaint.  I would represent

14   that such a notice would be provided as part of the 363

15   notice along with a copy of the order.

16                   THE COURT:  My point, Mr. Sweeney, is that I

17   think that there is sufficient in this consent order which

18   is disposing of the contest between the parties concerning

19   the receiver that it needs to be part of the noticing

20   procedure under Rule 9019.  I think the order needs to

21   reflect that so that -- I can't come up right now with a

22   logical party who will, but if there is a party out there

14

1   in interest who objects to what is in this order as a

2   disposition of this contest, they have the right and the

3   Court recognizes in its order that right to come forward in

4   response to the notice and file that.  It would be my

5   intent to make this order effectively immediately subject

6   to the right of notice and a hearing and objection.  This

7   is common practice as you are aware in cash collateral

8   orders, for example, where you've got to allow the company

9   to start running immediately.  It would appear that that

10  same practice would be well followed here.

11        I do think that the order ought to reflect that

12  you are going to notice this out, that there is going to be

13  a right to object, and that -- simply saying subject to

14  notice under 9019 is what I'm suggesting.

15        MR. SWEENEY:  I recognize the Court's comments.

16  However as far as the settlement of the receivership, I am

17  certainly glad to provide notice of the order, that it be

18  subject to 9019 given that it is granting an agreeing to

19  the relief sought in the motion would not --

20        THE COURT:  The motion wasn't served on all

21  parties in interest in the case, nor should it have been

22  since it was a motion within an adversary proceeding.

15

1        MR. SWEENEY:  Right.

2        THE COURT:  It is an anomaly, perhaps, but

3   nonetheless it is a rule laid down by the Supreme Court and

4   agreed to by Congress that however you settle a dispute as

5   opposed to get a court order after trial, that other

6   parties in interest in the case shall be apprised and given

7   an opportunity to object to that settlement in settling

8   this part of this dispute.

9        MR. SWEENEY:  And Your Honor, I would have no

10  opposition.  I can't see that notice would be of any

11  benefit to the creditors because of the relief being

12  ordered here.  However if Your Honor believes that it

13  should be going out, I would agree to do so.

14       MR. MORRISEY:  Your Honor, if I may, if the

15  timing would be the same as the motion under 363, could we

16  do it all at the same time?

17       THE COURT:  That's what I started with.  I'm

18  not departing from that.  I am simply suggesting that the

19  order -- this is a consent order.  I am not going to

20  unilaterally change the terms of the order and consider

21  your consent somehow having been given to it even though

22  you didn't see what I did to it.  I can enter it without

16

1   your consent in that fashion but not with your consent.

2        I am suggesting that since it is a consent

3   order, the order should include language which will provide

4   for the notice that we've just discussed; that is within 15

5   days, if that is the time period that you all can do it, a

6   notice under Rule 9019 of this consent order shall be

7   provided to all parties in interest to provide for an

8   opportunity to object and a hearing.  It is my practical

9   suggestion to the parties that that notice shall be

10  incorporated in and be part of a larger notice of the sale

11  and the disposition of the remaining prayers for relief in

12  the complaint and the disposition of the discharge

13  adversary proceedings.

14       MR. SWEENEY:  No opposition, Your Honor.

15       THE COURT:  All right.  So that language I

16  think simply however should be in this order that notice

17  will be given.  If you want, I will simply pen it in if you

18  all agree to that.

19       MR. SWEENEY:  Yes, Your Honor, I agree.

20       MR. MORRISEY:  I agree, Your Honor.

21       THE COURT:  All right.  I will draft that by

22  interlineation and with that change I will then sign the

17

1   order.

2          MR. SWEENEY:  Thank you, Your Honor.

3          THE COURT:  All right.  Now do you wish the

4   Court to look for a time now on any of these matters?

5   Normally we would await the filing of a motion under

6   Section 363.

7          MR. SWEENEY:  Yes, Your Honor.

8          MR. MORRISEY:  Your Honor, I would like to set

9   a date also.  Part of this deal involves the business

10  interests of my client and it is imperative that we get

11  this matter resolved as soon as possible.

12         THE COURT:  Let me tell you my procedure for

13  these kinds of things.  I'll set a date, either now or in

14  chambers, but if there is no objection that is received,

15  we're not going to have to have counsel come down here

16  simply to walk up and hand me an order.  Is it anticipated

17  -- you all know this case better than I do.  Do you

18  anticipate at this time a likelihood of a third party in

19  interest objecting to what you've all agreed to or giving a

20  higher offer under 363?

21         MR. SWEENEY:  There is the likelihood that that

22  might occur, yes.

18

1    THE COURT:  If that occurs, give me a time

2  estimate of how long you think a hearing may take to

3  resolve any issues raised.

4    MR. SWEENEY:  I believe that we should be able

5  to structure and get whatever higher and better bids or

6  objections resolved within two hours.

7    MR. MORRISEY:  I would believe so, Your Honor.

8    THE COURT:  All right.  So we're looking for a

9  two hour time slot and we're looking for it approximately

10  35 days or shortly thereafter, giving 15 for you all to get

11  the notice out and 20 days to object.

12    MR. SWEENEY:  Yes, Your Honor.

13    THE COURT:  We'll take a look.

14    MR. SWEENEY:  Thank you.

15    THE COURT:  You can have October 26th.  That's

16  the only available time in October.

17    MR. SWEENEY:  I'm available, Your Honor.

18    MR. MORRISEY:  That's fine, Your Honor.

19    THE COURT:  All right.  Put that date and time

20  in the notice.

21    MR. SWEENEY:  Yes, Your Honor.

22    THE COURT:  Is there anything else I can do for

19

1  you all this morning?

2          MR. MORRISEY:  Your Honor, I just want to make

3  sure that the record was clear in the settlement agreement.

4  There were two points that I didn't want to be

5  misconstrued, one of which is that this is an asset and

6  liability sale, it's not just an asset sale, so that the

7  record is clear on that.  It is a stock sale rather than

8  just an asset sale.

9          MR. SWEENEY:  That's correct, Your Honor.

10          THE COURT:  Very well.

11          MR. MORRISEY:  My other disagreement with what

12  Mr. Sweeney said was on the three month flexible payment it

13  is my understanding that as long as the deficiency on any

14  lower payment over that three month period would be made up

15  any time within the following 12 month period.  That was my

16  understanding of that particular clause in the offer.

17          MR. SWEENEY:  I would have to regroup with the

18  trustee in that particular element but I believe that we

19  can negotiate and discuss that and reach agreement on that

20  point.

21          THE COURT:  All right.  Anything further?

22          MR. SWEENEY:  No, Your Honor.

20

1          THE COURT:  Very well.  You all have a good

2     day.  I'm glad you were able to work that out.

3                    (End of excerpt.)

21

CERTIFICATE OF REPORTER

I, David J. Scheinberg, do hereby certify that
the foregoing proceedings were taken down by me by
Stenomask, and thereafter reduced to typewriting by me, or
under my direction; that the transcript is a true and
accurate record of said proceedings.


David J. Scheinberg
Official Court Reporter

**<u>Attachment "B-8"</u>**




21-001
71295pms
rd.r8

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:

JOHN C. FLOOD, INC.
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS
LYDIA CROOKS

\*   \*   \*   \*   \*   \*   \*   \*

MICHAEL G. RINN, TRUSTEE FOR
JOHN C. FLOOD, INC.,
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS and
LYDIA CROOKS

    Plaintiff

v.

J.C.F. INC. t/a
J.C. FLOOD, CO.
Serve on:
    Robert B. Smiley
    107 Meadow Road
    Riva, MD  21140;

JOHN C. FLOOD OF MD, INC.
Serve on:
    Robert B. Smiley
    107 Meadow Road
    Riva, MD  21140;

JOHN C. FLOOD OF D.C., INC.
Serve on:
    Resident Agent
    James Williams
    236 Massachusetts Ave., NE
    Washington, D.C.  20002;

MCMD, INC. a/k/a MARK CROOKS
AND MELVILLE DAVIS, INC.
Serve on:
    Resident Agent
    Joanne Smiley
    107 Meadow Lane
    Riva, Maryland  21140;

Substantively Consolidated
under Case No. 91-4-3011SD

Chapter 7

Adversary Proceeding No. 95A-215

ENTERED

SEP 0 7 1995

CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

MELVILLE DAVIS                    *
3501 Mobile Court                 *
Davidsonville, MD  21035;         *
                                  *
FLORENCE DAVIS                    *
3501 Mobile Court                 *
Davidsonville, MD  21035;         *
                                  *
JOANNE L. SMILEY a/k/a            *
JOANNE L. DAVIS                   *
107 Meadow Road                   *
Riva, MD  21140;                  *
                                  *
ROBERT B. SMILEY                  *
107 Meadow Road                   *
Riva, MD  21140;                  *
                                  *
MARK CROOKS                       *
179 Dividing Court                *
Arnold, MD  21012;                *
                                  *
and                               *
                                  *
LYDIA CROOKS                      *
179 Dividing Court                *
Arnold, MD  21012;                *
                                  *
     Defendants.                  *

CONSENT

ORDER APPOINTING PERMANENT RECEIVER
AND GRANTING PERMANENT INJUNCTIVE RELIEF

Upon consideration of the Verified Motion for Ex Parte
Appointment of Receiver or, in the Alternative, for Writs of
Attachment Before Judgment and Levy and Seizure Thereon (the
"Motion") filed by Plaintiff, Michael G. Rinn, Trustee
("Plaintiff"), against the above-captioned Defendants
("Defendants"), a hearing on notice to all Defendants having been
held, and the consent of all parties, good cause appears for the appointment of a permanent
receiver for John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.;
and MCMD, Inc. (collectively "New Flood"), and for an injunction
against all the Defendants and any person acting for the Defendants

0621-001/3071295pms/ord.r8                    2

R.001460

and as to the Defendants' assets and/or leasehold interests. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. §105a, it is,

ORDERED AND DECREED that:

1.    The Defendants, and any person acting for the Defendants as to the Defendants' assets and/or leasehold interests, including, their employees, associates, family members, related parties or affiliated entities including, but not limited to, Shell Carter Davis, Sr., Robert Davis, Carter Davis, Bucky Davis and Robbie Davis (collectively, the "Restrained Parties"), be and are hereby restrained and prohibited from transferring, concealing, destroying, moving or otherwise affecting or meddling with the assets or any of ~~the Defendants'~~ *New Floods'* tangible and intangible property and assets of every kind and nature, wherever located, including, but not limited to, books and records, accounts receivable, collections, cash, checks, contracts, commercial paper, inventory, tools, equipment, vehicles, work in progress, licenses, permits and certificates of every kind and nature, subject to further order of the Court;

2.    The Restrained Parties are restrained from spending, transferring, paying or crediting any funds, monies or accounts of every type and kind belonging to New Flood, or which is subject to any claims of New Flood ~~of~~ *or* Plaintiff, no matter where it is located, without approval of the receiver or further order of the Court;

3.    The Defendants notwithstanding any voluntary or involuntary cessation of employment be and are hereby directed to

R-C001461

cooperate with the receiver appointed hereunder and provide any knowledge or information they possess in connection with the operation, management, accounting and preservation of New Flood and the Assets;

4.    Joanne Smiley, acting in her capacity as agent or otherwise, her principals, their assigns, heirs or successors, are hereby enjoined from exercising any actual or disputed rights under the lease for the property located at 711 Kennedy Street, NW, Washington, D.C., until further order of this Court; and

IT IS FURTHER ORDERED AND DECREED that Roman P. Fedirka of KMR Management, Inc. be, and he hereby is, appointed as permanent receiver ("Receiver") of John C. Flood of MD, Inc.; John C. Flood of D.C. Inc.; and MCMD, Inc. effective as of September 7, 1995, and shall continue to have and possess all those powers and duties set forth herein and under applicable law, that any obligation to post a bond is hereby waived, and that the Receiver shall also continue to monitor and investigate the Defendants' compliance with the terms of this Order; and

IT IS FURTHER ORDERED AND DECREED that the Receiver be, and he hereby is, authorized and empowered to take all such action as shall be proper including, but without limitation, the following:

1.    To take and retain immediate possession and charge of all the right, title and interest in and to all tangible and intangible property, both real and personal, wherever located, including, but not limited to, stocks, bonds, inventory, equipment, supplies, accounts, bank accounts, accounts receivable, cash collections, work in progress, checks, promissory notes, commercial paper, vehicles, licenses, permits, certificates and assets of every kind and nature

(collectively the "Assets") of New Flood, wherever located, and to manage, operate, maintain, secure and control same so as to protect and preserve New Flood as ongoing business entities until consummation of sale to a purchaser, subject to further Order of this Court;

2. To take and retain immediate possession of all original books, records, bank accounts, ledgers, computerized data files, leases, security deposits, deposits and all other materials and all monies, cash and checks, relating to the operation of the business of New Flood including, but not limited to, any and all bank accounts legally or equitably owned by New Flood, wherever located. The Receiver shall also have the authority and power to perform all financial transactions necessary or desirable for the operation of New Flood so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

3. To prohibit any confusingly similar or otherwise infringing uses of the common law tradename JOHN C. FLOOD, INC., by any individual or entity, including but not limited to individuals or entities associated with New Flood, and to seek any appropriate remedy, including monetary and/or equitable relief to prohibit such infringing uses;

4. To take and retain immediate possession of all keys, combinations, passwords or any and all other devices or information that provide access and entry to all premises, buildings, and structures where New Flood conducts or has conducted business activities;

5. To change all locks, combinations, passwords or any and all other devices or information that provide access and entry to

all premises, buildings and structures where New Flood conducts or has conducted business activities;

6.   To conduct his activities as Receiver and retain and pay such managing agents and consultants in accordance with this Order; to retain present employees and management; the receiver shall not discharge present employees and management, without an order of the Court, for any violation of this Order or for good cause shown or by consent of the parties; and to fix the compensation and conditions of employment or engagement for such consultants, managers, agents, contractors and employees as are necessary to assist him in operating, managing, improving, maintaining, and performing his duties as Receiver;

7.   To enter into such contracts as are necessary for the operation, management, improvement, repair, maintenance, security, insuring, and preservation of the Assets and New Flood so as to protect and preserve New Flood as ongoing business entities until further Order of this Court;

8.   To defend all actions at law or in equity which may be brought against him as receiver or against the Assets or New Flood;

9.   To bring in his name as Receiver or intervene in, all actions at law or in equity which may be necessary or desirable and which New Flood could bring in their own name, or has brought in its own name including, but not limited to, replevin, collection actions and any other actions necessary and desirable for the protection and preservation of the Assets;

10.   To retain and pay counsel to advise him on legal matters that arise during the receivership and to represent him in any litigation to which he may become a party and to compensate his

001464

legal counsel at its customary hourly rates for attorneys and legal assistants who render services on the Receiver's behalf, plus expenses;

11.  To carry out all of his duties under the powers granted hereunder and pursuant to such further orders as may be sought from this Court; and ~~e~~

12.  To pay any taxes assessed against him as Receiver or against the Assets or New Flood, in his discretion, and to pay all other bills and charges, all in the exercise of his duties during the receivership;

13.  To collect and receive all income, deposits, profits, issues and proceeds accrued or accruing from the Assets or generated from New Flood's operations, and to apply any income received against expenses incurred by the Receiver including, but not limited to, all expenses arising from or related to operations of New Flood and the expenses, fees and costs of this receivership as and when the Receiver determines that funds on hand are sufficient, subject to order of the Court; ( and

14.]  All bank, checking, cash, investment, collection, receivable or other accounts that provide or have provided income to New Flood pending further written direction of the Receiver; and

IT IS FURTHER ORDERED AND DECREED that:

(1)  The Receiver is appointed for a term commencing from September 7, 1995, until the consummation of sale of the assets by a purchaser; and

(2)  Any violation of this order or failure to abide by any of its terms may be penalized as a criminal or civil contempt pursuant to Bankruptcy Rule 9020.

*3.

SO ORDERED, this 7*th* day of *Sept*, 1995.

United States Bankruptcy Judge

Entered: _____, 1995

* The trustee shall give notice to all creditors
and parties in interest within 15 days, which notice
may be in conjunction with notices of additional
settlements under Rules 9019 and of motions to
sell assets.

 

Entered: _____, 1995

<del>Time Entered: o'clock></del>

**CONSENTED TO BY:**

Paul-Michael Sweeney
Linowes and Blocher
Suite 1000
1010 Wayne Avenue
Silver Spring, MD 20910

John Morrissey
Morrissey Brothers, P.C.
Suite 407
4201 Northview Drive
Bowie, MD 20716

Ronald B. Greene
Suite B-5
9500 Annapolis Road
Lanham, MD 20706

[ADDITIONAL SIGNATURES FOLLOW]

 

J.C. F. INC. t/a
J.C. FLOOD, CO.

By: _____


JOHN C. FLOOD OF MD, INC.

By: _____


JOHN C. FLOOD OF DC, INC.

By: _____


MCMD, INC. a/k/a MARK CROOKS
AND MELVILLE DAVIS, INC.

By: _____

_____
Melville Davis
3501 Mobile Court
Davidsonville, MD 21035


_____
Florence Davis
3501 Mobile Court
Davidsonville, MD 21035


[ADDITIONAL SIGNATURES FOLLOW]

Joanne L. Smiley
107 Meadow Road
Riva, MD  21140

Robert B. Smiley
107 Meadow Road
Riva, MD  21140

Mark Crooks
179 Dividing Court
Arnold, MD  21012

Lydia Crooks
179 Dividing Court
Arnold, MD  21012

cc:   ~~Paul Michael Sweeney, Esq.~~
      ~~Michael G. Rinn, Esq.~~
      ~~Clifford White, Esq.~~
      ~~Counsel to serve all Defendants~~

cc:  Paul-Michael Sweeney, Esq.
     Linowes and Blocher
     Suite 1000
     1010 Wayne Avenue
     Silver Spring, MD 20910

     John Morrissey
     Morrissey Brothers, P.C.
     Suite 407
     4201 Northview Drive
     Bowie, MD  20716

     Ronald B. Green
     Suite B-5
     9500 Annapolis Road
     Lanham, MD  20706

     Clifford J. White III
     Assistant U.S. Trustee
     Office of the U.S. Trustee
     6350 Ivy Lane, #600
     Greenbelt, MD  20770

**Attachment "B-9"**

-001
ᴸ495pms
ᴸ-co

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| In re: | * |
| | * |
| JOHN C. FLOOD, INC. | * |
| MELVILLE R. DAVIS | *    **Substantively Consolidated** |
| FLORENCE DAVIS | *    **under Case No. 91-4-3011SD** |
| MARK CROOKS | * |
| LYDIA CROOKS | *    **Chapter 7** |
| | * |
| *  *  *  *  *  *  *  * | *· |
| | * |
| MICHAEL G. RINN, TRUSTEE FOR | * |
| JOHN C. FLOOD, INC., | * |
| MELVILLE R. DAVIS | * |
| FLORENCE DAVIS | * |
| MARK CROOKS and | * |
| LYDIA CROOKS | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *    **Adversary Proceeding No. 95A-215** |
| | * |
| JOHN C. FLOOD OF MD, INC. | * |
| et al. | * |
| | * |
| Defendants. | * |

## NOTICE OF CONSENT ORDER APPOINTING PERMANENT RECEIVER
## AND GRANTING PERMANENT INJUNCTIVE RELIEF

NOTICE TO ALL CREDITORS:

Notice is hereby given by Michael G. Rinn, Trustee ("Trustee") for the bankruptcy estates of John C. Flood, Inc., Melville R. Davis, Florence Davis, Mark Crooks and Lydia Crooks, by counsel, Paul-Michael Sweeney of Linowes and Blocher, that the Trustee has sued John C. Flood of Maryland, Inc.; John C. Flood of D.C., Inc.; MCMD, Inc. (a/k/a Mark Crooks and Melville Davis, Inc.) (collectively, "New Flood"); Melville Davis, Florence Davis, Joanne L. Smiley, Robert B. Smiley, Mark Crooks and Lydia Crooks (collectively, the "Defendants") under a Verified Complaint to Avoid and Recover Fraudulent Conveyances, to Compel Turnover of Estate Assets, for the Appointment of a Receiver and for Other relief which was filed on May 16, 1995 (the "Complaint").  In connection with the Complaint, the Trustee also filed a Verified Motion for the Appointment of a Receiver.  The Trustee sought to obtain a receivership over New Flood as successors to John C. Flood, Inc.



The Complaint contained counts against the Defendants for the unauthorized post-petition transfer of corporate assets, turnover of assets of the bankruptcy estates, successor liability, unfair competition, hostile employment practices, unfair competition, appropriation of corporate names, civil conspiracy, fraudulent conveyance of corporate assets, breach of fiduciary duties, the appointment of a receiver and other injunctive relief. Prior to going to trial, the Defendants agreed to the entry of a Stipulated Consent Order Granting Preliminary Injunctions and the Temporary Appointment of a Receiver. After lengthy negotiations, the Trustee and the Defendants agreed to enter into a Consent Order Appointing a Permanent Receiver and Granting Permanent Injunctive Relief. It was considered and signed by the Court on September 7, 1995, subject to further notice to creditors and timely filing of objections provided herein. The Order provides for a resolution of a majority of these causes of actions by the appointment of a permanent receiver over John C. Flood of Maryland, Inc.; John C. Flood of D.C., Inc. and MCMD, Inc. The Order grants the receiver the authority to take immediate possession and charge over all right, title and interest in and to all tangible and intangible property, both real and personal, wherever located, including, but not limited to stocks, bonds, inventory equipment, supplies, accounts, bank accounts, accounts receivable, cash collections, work-in-progress, checks, promissory notes, commercial paper, vehicles, licenses, permits, certificates and assets of every kind and nature (collectively, the "Assets") of New Flood wherever located and to manage, operate, maintain, secure and control same so as to protect and preserve New Flood as a ongoing business entity until the consummation of the sale to a purchaser subject to further order of the bankruptcy court.

The Order appointed Roman P. Fedirka of KMR Management, Inc. as the permanent receiver for New Flood (the "Receiver").

The Order also provided for the injunction against all of the Defendants and any person acting for the Defendants from transferring, concealing, destroying, moving or otherwise affecting or meddling with the Assets or any of New Flood's tangible or intangible property and assets of every kind and nature, wherever located.

The Order allows the Receiver to convey the Assets, subject to further order of the Court. However, all creditors will receive additional notice prior to any sale by the Receiver and the notice of the sale will provide for a period of time for creditors and parties in interest to respond and shall also provide for a hearing to be held.

Any party in interest with questions concerning this matter may contact counsel for the Trustee at the address listed below.

If any parties in interest wish to file an objection to the Consent Order Appointing Permanent Receiver and Granting Permanent Injunctive Relief they must do so within 20 days of the date of

this notice, and serve a copy upon the Office of the United States Trustee at 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, and upon Paul-Michael Sweeney, counsel for the Trustee, c/o Linowes and Blocher, 1010 Wayne Avenue, Suite 1000, Silver Spring, MD 20910. Any party in interest filing an objection must set forth in its objection a complete specification of the factual and legal grounds upon which they are based. If objections are filed, a hearing will be held in the U.S. Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD on Thursday, October 26, 1995 at 10:30 a.m. If no objections are filed to the Consent Order Appointing Permanent Receiver and Granting Permanent Injunctive Relief, the Order will become final without any need for any further hearing by the Court.

Paul-Michael Sweeney
Federal Bar No. 07072
Linowes and Blocher
1010 Wayne Avenue
Silver Spring, MD 20910
(301) 650-7122

Dated:   September 15, 1995



01
/5pms
3.lst



**SERVICE LIST**

A&A Hardware
6250 Chillum Place NW
Washington, D.C.  20011

A&P Water & Sewer
P.O. Box 60939
Charlotte, NC  28260

Adams National Bank
1627 K. Street NW
Washington, D.C.  20006

Aireco, Inc.
800 S. Eads Street
Arlington, VA  22202

AJ Stationers
1327 Ashton Road
Baltimore, MD  21076

Alside Supply
8729 Ritchie Drive
Capitol Heights, MD  20791

American Olean Tile Co.
P.O. Box 271
Lansdale, PA  19446

Arbutus Hardware
5414 E. Drive
Baltimore, MD  21227

Arrow Communications
7407 Flower Avenue
Takoma Park, MD  20912

AT&T
1809 Hansen Court
Wooddale, IL  60191

Atlantic Plumbing
807 V Street, N.W.
Washington, D.C.  20001-3090

Automatic Equipment Sales
12201 Conway Road
Beltsville, MD  20705

Ayers Sales, Inc.
2 Industrial Parkway
Woburn, MA  07801

Baltimore Refrigeration
1133 Wilson Drive
Baltimore, MD  21223

Baltimore Sun
P.O. Box 1013
Baltimore, MD  21303

Blyde's Lock
23335 18th Street, N.E.
Washington, D.C.  20018

Branch Electric
1000 E. Lexington St.
Baltimore, MD  21236

Branch Group, Inc.
1049 Prince George's Blvd.
Upper Marlboro, MD  20772

Brock Tools
1200 66th St.
Baltimore, MD  21237

C&P Telephone Yellow Pages
1801 Robert Fulton Dr. #500
Reston, VA  22091

Cameron Drilling
12500 Washington Ave.
Rockville, MD  20852

Capitol Broadcasting Co.
8750 Brookville Rd.
Silver Spring, MD  20910

Carl B. Seeds, Inc.
P.O. Box 614
Prince Frederick, MD  20678

Chesapeake Rim & Wheel
7601 Pulaski Highway
Baltimore, MD  21237



Citizens Bank
Attention:  Alan Lancaster
14401 Sweitzer Lane
Laurel, MD  20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD  21401

Discover
P.O. Box 32911
Columbus, OH  32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave., #910N
Bethesda, MD  20814

Eastern Properties
5828 Magic Moutain Road
Rockville, MD  20852

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD  20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C.  20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD  20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD  20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD  20770

GMAC
6303 Ivy Lane
Greenbelt, MD  20770

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ  08054

ITT/Bowest
P.O. Box 85843
San Diego, CA  92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD  20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD  20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C.  20036

Leif Hansen
2613 Fontaine Street
Potomac, MD  20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD  20743

Margretten Company
P.O. Box 760
Iselin, NJ  08830

Maryland National Bank
P.O. Box 74019
Baltimore, MD  21274

MBNA America
P.O. Box 15027
Wilmington, DE  19850

NCNB
P.O. Box 7029
Dover, DE  19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD  21237

521-001/2091595pms/serv-3.1st



91-001
1495pms
:om-nco

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### (Southern Division)

In re:

JOHN C. FLOOD, INC.
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS
LYDIA CROOKS

\*  \*  \*  \*  \*  \*  \*  \*

MICHAEL G. RINN, TRUSTEE FOR
JOHN C. FLOOD, INC.,
MELVILLE R. DAVIS
FLORENCE DAVIS
MARK CROOKS and
LYDIA CROOKS

    Plaintiff

v.

JOHN C. FLOOD OF MD, INC.
et al.

    Defendants.

Substantively Consolidated
under Case No. 91-4-3011SD

Chapter 7

FILED
SEP 1 9 1995
CLERK'S OFFICE
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

Adversary Proceeding No. PSA-215

## CERTIFICATE OF MAILING OF NOTICE OF CONSENT ORDER APPOINTING PERMANENT RECEIVER AND GRANTING PERMANENT INJUNCTIVE RELIEF

I HEREBY CERTIFY this _15th_ day of September, 1995 a copy of the foregoing Notice of Consent Order Appointing Permanent Receiver and Granting Permanent Injunctive Relief was mailed, first-class mail, postage prepaid, to all creditors and those parties requesting notices as shown on the attached service list.

LINOWES AND BLOCHER

Date: _9/15/95_

Paul-Michael Sweeney
Suite 1000
1010 Wayne Avenue
Silver Spring, MD 20910
(301) 650-7122

001458



Citizens Bank
Attention: Alan Lancaster
14401 Sweitzer Lane
Laurel, MD 20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD 21401

Discover
P.O. Box 32911
Columbus, OH 32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave., #910N
Bethesda, MD 20814

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD 20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C. 20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD 20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD 20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD 20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054

ITT/Bowest
P.O. Box 85843
San Diego, CA 92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD 20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD 20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C. 20036

Leif Hansen
2613 Fontaine Street
Potomac, MD 20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD 20743

Margretten Company
P.O. Box 760
Iselin, NJ 08830

Maryland National Bank
P.O. Box 74019
Baltimore, MD 21274

MBNA America
P.O. Box 15027
Wilmington, DE 19850

NCNB
P.O. Box 7029
Dover, DE 19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD 21237

0621-001/2091595pms/serv-3.1st





Norwest Financial
24 Defense Street, B
Annapolis, MD  21401

Optima
P.O. Box 45200
Jacksonville, FL  32232

Peoples Supply
c/o N. American Consultants
411 N. Stonestreet Ave.
Rockville, MD  20850

Prince George's County
c/o Meyers, Billingsly et al.
6801 Kenilworth Ave. #40
Riverdale, MD  20737

Prudential Homes
P.O. Box 105381
Atlanta, GA  30348

Ram Nathan
9601 Casper Court
Ellicott City, MD  21042

RE Michel
c/o A. Caruso, Esq.
110 N. Washington St.
Rockville, MD  20850

Riggs National Bank
P.O. Box 96212
Washington, D.C.  20090

Roger Schlossberg, Esq.
Schlossberg & Assoc.
134 W. Washington St.
Hagerstown, MD  21740

SEARS
7023 Albert Pick Road
Greensboro, NC  27409

Second Natl. Fed. Sav. Bank
P.O. Box 2558
Salisbury, MD  21802-2558

Steven & Linda Feldman
c/o Richard Gins, Esq.
2021 L Street, NW
Rockville, MD  20850

Super Concrete
1450 Research Blvd. Suite 200
Rockville, MD  20850

Terry Fisher
12506 Hemm Place
Bowie, MD  20716

The Walter Campbell Co.
10721 Tucker Street
Beltsville, MD  20705

Theresa M. Hall, Esquire
4800 Montgomery Lane, #800
Bethesda, MD  20814

Thomas Sommerville Co.
c/o Robert Shuster, Esq.
8485 Fenton St. Suite 300
Silver Spring, MD  20910

Thomas W. Perry, Inc.
8513 Connecticut Avenue
Chevy Chase, MD  20815

United Bank
P.O. Box 6611
Falls Church, VA  22040

The Washington Post
1150 15th Street, N.W.
Washington, D.C.  20017

William Schulte
1532 Old Frederick Rd.
Woodbine, MD  21797

Internal Revenue Service
Special Procedures Branch
P.O. Box 1076
Baltimore, MD  21203

0621-001/2091595pms/serv-3.lst



MD Comptroller of the
  Treasury
Treasury Building
Annapolis, MD  21401-1991

Office of the U.S. Trustee
Fallon Federal Bldg., Rm G-1
31 Hopkins Plaza
Baltimore, MD  21201

Babak Movahedi, Esq.
2115 Wisconsin Ave. N.W. #600
Washington, D.C.  20007

Carlton M. Green
7309 Baltimore Ave. #117
P.O. Box 2736
College Park, MD  20741-2736

David P. Lloyd
9525 W. Bryn Mawr, #500
Rosemont, IL  60018

Josef E. Rosenblatt
Breitbart & Associates
110 St. Paul St. #510
Baltimore, MD  21202

Matthew A. Egeli, Esq.
Hartman and Parrott
116 Defense Highway #300
Annapolis, MD  21401-8962

Paul R. Webber, IV
Thompson, Hine & Flory
1920 N Street, NW #800
Washington, D.C.  20036-1601

Robert G. Troll, Jr.
Nylen & Gilmore, PA
4061 Powder Mill Road, #300
Calverton, MD  20705

William D. White, Esq.
Lepon McCarthy White &
  Holzworth
1225 19th St. NW, #600
Washington, D.C.  20036

Office of the U.S. Trustee
Marsh & McLennan Building
300 W. Pratt St. Suite 350
Baltimore, MD  21201

Michael G. Rinn, Esquire
Suite 4
111 Warren Road
Cockeysville, MD  21030

Mr. Francis Hunt
8635 Loch Raven Blvd., #4
Baltimore, MD  21286

Ronald E. Deedrick, Esq.
13220 Belview Street
Silver Spring, MD 20904

Office of U.S. Trustee
6305 Ivy Lane, #600
Greenbelt, MD  20770

0621-001/2091595pms/serv-3.1st

**Attachment "B-10"**

-001
195pms
5n.ord



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## (Southern Division)

| | | |
|---|---|---|
| In re:<br>JOHN C. FLOOD, INC.,<br>MELVILLE R. DAVIS,<br>FLORENCE DAVIS,<br>MARK CROOKS and<br>LYDIA CROOKS | * * * * * * | Substantively Consolidated<br>under Case No. 91-4-3011SD<br><br>Chapter 7 |

* * * * * * * * * * * * * *

MICHAEL G. RINN, TRUSTEE FOR
JOHN C. FLOOD, INC.,
MELVILLE DAVIS,
FLORENCE DAVIS,
MARK CROOKS and
LYDIA CROOKS

          Plaintiff,

v.                          Adversary Proceeding No. 95A-215

JOHN C. FLOOD OF MD., INC.
et al.,

          Defendants.

## MOTION FOR ENTRY OF ORDER AUTHORIZING PRIVATE
## SALE OF STOCK AND OTHER ASSETS FREE AND
## CLEAR OF LIENS AND FOR APPROVAL OF SETTLEMENT

Michael G. Rinn, Trustee ("Trustee"), and Roman P. Fedirka,
Receiver (the "Receiver") for John C. Flood of Maryland, Inc.;
John C. Flood of D.C., Inc. and MCMD, Inc. ("New Flood"), by
counsel, file this Motion for Entry of Order Authorizing Private
Sale of Stock and Other Assets Free and Clear of Liens and for
Approval of Settlement (the "Motion") and state as follows:

    1.   On November 29, 1993, Michael G. Rinn's election as the
Chapter 7 Trustee for the bankruptcy estates of John C. Flood,



Inc., Melville R. Davis, Florence Davis, Mark Crooks and Lydia Crooks (the "Debtors") was approved by this Court.

2.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 363 and pursuant to Federal Rules of Bankruptcy Procedure 4001(d), 9019 and 2002.

**Proposed Sale of New Flood**

3.    On September 7, 1995 the Court entered an Order Appointing Permanent Receiver and Granting Permanent Injunctive Relief (the "Order"). Notice of that Order was duly given pursuant to Federal Rules of Bankruptcy Procedure and this Court's Order. No objections to that Order were received. The Order authorized the Receiver to take immediate possession and charge over all right, title and interest in and to all tangible and intangible property, both real and personal, wherever located, including, but not limited to stocks, bonds, investory equipment, supplies, accounts, bank accounts, accounts receivable, cash collections, work-in-progress, checks, promissory notes, commercial paper, vehicles, licenses, permits, certificates and assets of every kind and nature of New Flood, wherever located, and to manage, operate, maintain, secure and control same so as to protect and preserve New Flood as an ongoing business entity until the consummation of the sale to a purchaser subject to further order of the bankruptcy court.    This Motion, _inter alia_, now seeks that court order authorizing the sale of New Flood.

4.    The assets of the Receivership include those assets set forth in the letter which is attached hereto and incorporated by reference herein as Exhibit "A". Also set forth in Exhibit "A" is

2

a listing of the liabilities of New Flood as represented and warranted by an officer of New Flood. The Receiver has obtained an offer to purchase all of the Stock of New Flood (the "Stock") and other additional assets from the Trustee as is more fully set forth below.

5.    This proposed sale will effectuate a termination of the Receivership and will result in a complete liquidation of the Receivership. New Flood will continue under the ownership and operation of the purchaser free and clear of all liens, encumbrances, claims and debts owing not otherwise assumed by the purchaser by virtue of the purchaser's acquisition of the Stock in New Flood or by virtue of the Purchaser's specific assumption of any particular debt or claim as part of the acquisition. The sale of the Stock under the offer to purchase described below, provides that the debts and claims owed by New Flood will be assumed by the purchaser.

**Sale by Trustee of John C. Flood,
Inc. and Flood, Inc. Tradenames**

6.    The Trustee also proposes to include in the sale the tradenames of John C. Flood, Inc. and Flood, Inc. and any good will and phone numbers related thereto collectively (the "Tradenames").

**The Offer to Purchase**

7.    Mel Davis, Mark Crooks, Joanne Smiley and Robert B. Smiley ("Purchasers") have offered to purchase the Stock of New Flood and the Tradenames from the Trustee for $300,000 and for a release by the Trustee of all pending litigation that has been initiated against them and related entities. The terms of this offer and the security for payment of the $300,000, which is in the

3

001404

nature of a leveraged buyout, are more fully set forth in the letter dated October 5, 1995, which is attached hereto and incorporated by reference herein as Exhibit "B". The Purchasers have also agreed, as part of the purchase, to assume all of the obligations and debts of New Flood by virtue of their acquisition of the Stock. If the Defendant's offer to purchase is not approved by the Court, the offer and the settlement will be null and void.

8.    There are no known creditors claiming security interests in or liens on the Stock or the Tradenames.

9.    Based on the fact that the Purchaser's offer is for the acquisition of the Stock of New Flood and that all existing liabilities will be assumed by Purchasers, the creditors of New Flood as reflected in the liabilities section of Exhibit "A" have not been given Notice of this proposed sale.

10.   The Trustee believes that the approval of the sale of the Stock and Tradenames and the settlement of the litigation is in the best interest of the estate and is based on the following sound business reasons:

(a)   The Tradenames owned by the Trustee must be sold to realize any value for creditors of the estate.

(b)   As a result of the Trustee's successful litigation, the Trustee has recovered the assets of New Flood. The Trustee can not operate New Flood and the operation of New Flood under the Receivership is costly and cumbersome. To realize the highest return for creditors, the Trustee believes that New Flood should be immediately sold to the highest bidder.

4

001405

(c)   The Purchasers are presently the only bidders for New Flood and the Tradenames.

(d)   Based on the reports[1]/ by New Flood during the June 1, 1995 to September 30, 1995 period of the receivership, which period constitutes the yearly peak of New Flood's operations, the financial information supplied shows average monthly gross income of $313,918.25, and average monthly expenses of $303,570.50.  The Receiver and the Trustee believe that the purchase price of $300,000[2]/, given the absence of any other interested purchasers, is in the best interests of creditors.

(e)   The Trustee and the Receiver believe that the proposed purchase price for the Stock and Tradenames is fair and reasonable. The purchase price exceeds the Receiver's and Trustee's estimated liquidation value of the Assets and Tradenames.  There has been no appraisal of the Stock and Tradenames.  The liquidation value is the Receiver's and Trustee's best estimate of the value of the Stock and Tradenames.

(f)   The Trustee's release of litigation against the Purchasers and related entities has not been liquidated to a precise dollar value.  Nonetheless, the release and settlement will end years of litigation.  There are issues of collectibility as to any judgments against the Debtors.

WHEREFORE, the Receiver and Trustee pray that this Court enter the Order submitted herewith authorizing the sale of the Stock and

---

1/   Neither the Receiver nor the Trustee can represent that the income and expenses reported by New Flood during the Receivership are not without inaccuracies.

2/   The $300,000 offer also provides for the Trustee's release of all claims against the Purchasers and other related entities.

5

001406

Tradenames, free and clear of liens, claims and encumbrances, and the approval of the settlement proposal contained in the Purchaser's offer should the Purchaser's offer be approved by the Court and for such other relief as is appropriate and just.

LINOWES AND BLOCHER

Paul-Michael Sweeney
Federal Bar No. 07072

1010 Wayne Avenue
Tenth Floor
Silver Spring, Maryland 20910
(301) 650-7126

Attorneys for the Trustee and
for the Receiver

\* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 6th day of October, 1995, a copy of the foregoing Motion was mailed first-class, postage prepaid, to those parties shown on the attached Service List.

Paul-Michael Sweeney

6


0621-001
100695pms
serv-3.lst

 

## SERVICE LIST

A&A Hardware
6250 Chillum Place NW
Washington, D.C.   20011

A&P Water & Sewer
P.O. Box 60939
Charlotte, NC 28260(FOE)

Adams National Bank
1627 K. Street NW
Washington, D.C.   20006

Aireco, Inc.
800 S. Eads Street
Arlington, VA  22202

AJ Stationers
1327 Ashton Road
Baltimore, MD  21076

Alside Supply
8729 Ritchie Drive
Capitol Heights, MD   20791

American Olean Tile Co.
P.O. Box 271
Lansdale, PA  19446

Arbutus Hardware
5414 E. Drive
Baltimore, MD  21227(FOE)

Arrow Communications
7407 Flower Avenue
Takoma Park, MD  20912

AT&T
1809 Hansen Court
Wooddale, IL  60191(FOE)

Atlantic Plumbing
807 V Street, N.W.
Washington, D.C.   20001-3090

Automatic Equipment Sales
12201 Conway Road
Beltsville, MD  20705

Ayers Sales, Inc.
2 Industrial Parkway
Woburn, MA  07801

Baltimore Refrigeration
1133 Wilson Drive
Baltimore, MD  21223

Baltimore Sun
P.O. Box 1013
Baltimore, MD  21303

Blyde's Lock
23335 18th Street, N.E.
Washington, D.C.   20018

Branch Electric
1000 E. Lexington St.
Baltimore, MD  21236

Branch Group, Inc.
1049 Prince George's Blvd.
Upper Marlboro, MD  20772

Brock Tools
1200 66th St.
Baltimore, MD  21237

C&P Telephone Yellow Pages
1801 Robert Fulton Dr. #500
Reston, VA  22091

Cameron Drilling
12500 Washington Ave.
Rockville, MD  20852

Capitol Broadcasting Co.
8750 Brookville Rd.
Silver Spring, MD  20910

Carl B. Seeds, Inc.
P.O. Box 614
Prince Frederick, MD  20678

Chesapeake Rim & Wheel
7601 Pulaski Highway
Baltimore, MD  21237



Citizens Bank
Attention:  Alan Lancaster
14401 Sweitzer Lane
Laurel, MD  20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD  21401

Discover
P.O. Box 32911
Columbus, OH  32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave. #910N
Bethesda, MD 20814(FOE)

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852(FOE)

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD  20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C.  20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD  20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD  20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD  20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770(FOE)

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054(FOE)

ITT/Bowest
P.O. Box 85843
San Diego, CA  92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD  20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD  20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C.  20036

Leif Hansen
7613 Fontaine Street
Potomac, MD  20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD  20743

Margretten Company
P.O. Box 760
Iselin, NJ  08830(FOE)

Maryland National Bank
P.O. Box 74019
Baltimore, MD  21274

MBNA America
P.O. Box 15027
Wilmington, DE  19850

NCNB
P.O. Box 7029
Dover, DE  19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD  21237

0621-001/3100695pms/serv-3.1st




Norwest Financial
24 Defense Street, B
Annapolis, MD  21401

Optima
P.O. Box 45200
Jacksonville, FL  32232

Peoples Supply
c/o N. American Consultants
411 N. Stonestreet Ave.
Rockville, MD  20850

Prince George's County
c/o Meyers, Billingsly et al.
6801 Kenilworth Ave. #40
Riverdale, MD  20737

Prudential Homes
P.O. Box 105381
Atlanta, GA  30348

Ram Nathan
9601 Casper Court
Ellicott City, MD  21042

RE Michel
c/o A. Caruso, Esq.
110 N. Washington St.
Rockville, MD  20850

Riggs National Bank
P.O. Box 96212
Washington, D.C.  20090

Roger Schlossberg, Esq.
Schlossberg & Assoc.
134 W. Washington St.
Hagerstown, MD  21740

SEARS
7023 Albert Pick Road
Greensboro, NC  27409

Second Natl. Fed. Sav. Bank
P.O. Box 2558
Salisbury, MD  21802-2558

Steven & Linda Feldman
c/o Richard Gins, Esq.
2021 L Street, NW
Washington, DC  20036

Super Concrete
1450 Research Blvd. Suite 200
Rockville, MD  20850(FOE)

Terry Fisher
12506 Hemm Place
Bowie, MD  20716

The Walter Campbell Co.
10721 Tucker Street
Beltsville, MD  20705(FOE)

Theresa M. Hall, Esquire
4800 Montgomery Lane, #800
Bethesda, MD  20814

Thomas Sommerville Co.
c/o Robert Shuster, Esq.
8485 Fenton St. Suite 300
Silver Spring, MD  20910

Thomas W. Perry, Inc.
8513 Connecticut Avenue
Chevy Chase, MD  20815

United Bank
P.O. Box 6611
Falls Church, VA  22040

The Washington Post
1150 15th Street, N.W.
Washington, D.C.  20017

William Schulte
1532 Old Frederick Rd.
Woodbine, MD  21797

Internal Revenue Service
Special Procedures Branch
P.O. Box 1076
Baltimore, MD  21203

0621-001/3100695pms/serv-3.1st




MD Comptroller of the
 Treasury
Treasury Building
Annapolis, MD  21401-1991

Office of the U.S. Trustee
Marsh & McLennan Bldg. #350
300 W. Pratt Street
Baltimore, MD  21201

Babak Movahedi, Esq.
2115 Wisconsin Ave. NW #600
Washington, D.C. 20007(FOE)

Carlton M. Green
7309 Baltimore Ave. #117
P.O. Box 2736
College Park, MD  20741-2736

David P. Lloyd
9525 W. Bryn Mawr, #500
Rosemont, IL 60018(FOE)

Josef E. Rosenblatt
Breitbart & Associates
110 St. Paul St. #510
Baltimore, MD  21202(FOE)

Matthew A. Egeli, Esq.
Hartman and Parrott
116 Defense Highway #300
Annapolis, MD  21401-8962

Paul R. Webber, IV
Thompson, Hine & Flory
1920 N Street, NW #800
Washington, D.C.  20036-1601

Robert G. Troll, Jr.
Nylen & Gilmore, PA
4061 Powder Mill Road, #300
Calverton, MD  20705

William D. White, Esq.
Lepon McCarthy White &
 Holzworth
1225 19th St. NW, #600
Washington, D.C.  20036

Office of the U.S. Trustee
Marsh & McLennan Building
300 W. Pratt St. Suite 350
Baltimore, MD  21201

Michael G. Rinn, Esquire
Suite 4
111 Warren Road
Cockeysville, MD  21030

Mr. Francis Hunt
8635 Loch Raven Blvd., #4
Baltimore, MD  21286

Ronald E. Deedrick, Esq.
13220 Belview Street
Silver Spring, MD 20904

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland  20852

Office of U.S. Trustee
6305 Ivy Lane, #600
Greenbelt, MD  20770

Ronald B. Green, Esq.
Suite B5
9500 Annapolis Road
Lanham, MD  20706

1-001/3100695pms/serv-3.lst



**MORRISSEY BROTHERS, P.C.**
ATTORNEYS AT LAW
4201 NORTHVIEW DRIVE
SUITE 407
BOWIE, MD. 20716

TEL: 301-390-6400
FAX-301-262-1150

JAMES M. MORRISSEY, MD.
PAUL D. MORRISSEY, D.C.
ROBERT J. MORRISSEY, MD.
JOHN P. MORRISSEY, MD.

3003 M ST. N.W.
SUITE 2
WASH., D.C. 20007

September 16, 1995

Via Telecopy and U.S. Mail

Paul Sweeney, Esquire
Linowes & Blocker, P.A.
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907

Re:    Michael G. Rinn v. JCF, Inc. et al. Case No. 95A-215

Dear Mr. Sweeney:

I have gathered the following information pursuant to the universal settlement agreement reached between all parties in this litigation.

I.    Assets of the received entities (John C. Flood of D.C., Inc. and John C. Flood of Maryland, Inc.):

A.    Vehicles owned or leased by the received entities (John C. Flood of D.C., Inc. and John C. Flood of Maryland, Inc.).

1.    1988 Dodge Van - Vin# (Last four digits) 5638 - Titled - John C. Flood of D.C. - Owned outright.
2.    1989 Dodge Van - Vin# 5860 - Titled - John C. Flood of D.C. - Owned outright.
3.    1995 Ford Taurus - Vin# 8242 - Titled - John C. Flood of D.C. - Purchase vehicle with note held by Ford Motor Credit Company - Monthly payments of $526.25 with final payment due on 6/98.
4.    1981 Ford Pickup - Vin# 3549 - Titled - John C. Flood of D.C. - owned outright.
5.    1993 Dodge Truck - Vin# 4569 - Titled John C. Flood of D.C. - Financed through Ford Motor Credit - Monthly payments of $349.86 with final payment due on 4/98.
6.    1993 Chevy Truck - Vin# 2541 - Titled Carter Davis - Leased to John C. Flood of D.C. - Lease payments of $512.81 per month through 4/96.

001412



# MORRISSEY BROTHERS, P.C.

ATTORNEYS AT LAW
4201 NORTHVIEW DRIVE
SUITE 407
BOWIE, MD. 20716

TEL: 301-390-6400
FAX-301-262-1150

JAMES M. MORRISSEY, MD.
PAUL D. MORRISSEY, D.C.
ROBERT J. MORRISSEY, MD.
JOHN P. MORRISSEY, MD.

3003 M ST. N.W.
SUITE 2
WASH., D.C. 20007

September 16, 1995

Via Telecopy and U.S. Mail

Paul Sweeney, Esquire
Linowes & Blocker, P.A.
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907

Re:    Michael G. Rinn v. JCF, Inc. et al. Case No. 95A-215

Dear Mr. Sweeney:

I have gathered the following information pursuant to the universal settlement agreement reached between all parties in this litigation.

I.    Assets of the received entities (John C. Flood of D.C., Inc. and John C. Flood of Maryland, Inc.):

A.    Vehicles owned or leased by the received entities (John C. Flood of D.C., Inc. and John C. Flood of Maryland, Inc.).

1.    1988 Dodge Van - Vin# (Last four digits) 5638 - Titled - John C. Flood of D.C. - Owned outright.

2.    1989 Dodge Van - Vin# 5860 - Titled - John C. Flood of D.C. - Owned outright.

3.    1995 Ford Taurus - Vin# 8242 - Titled - John C. Flood of D.C. - Purchase vehicle with note held by Ford Motor Credit Company - Monthly payments of $526.25 with final payment due on 6/98.

4.    1981 Ford Pickup - Vin# 3549 - Titled - John C. Flood of D.C. - owned outright.

5.    1993 Dodge Truck - Vin# 4569 - Titled John C. Flood of D.C. - Financed through Ford Motor Credit - Monthly payments of $349.86 with final payment due on 4/98.

6.    1993 Chevy Truck - Vin# 2541 - Titled Carter Davis - Leased to John C. Flood of D.C. - Lease payments of $512.81 per month through 4/96.

001413

 

Paul Sweeney, Esquire
September 16, 1995
Page -2-

       7.    1993 Chevy Van - Vin# 1426 - Titled Carter Davis - Leased to John C. Flood of D.C. - Lease payments of $546.89 per month through 3/96.

       8.    1993 Chevy Van - Vin# 9386 - Titled Joanne and Robert Smiley - Leased to John C. Flood of D.C. - Lease payments of $546.89 per month through 3/96.

       9.    1993 Chevy Van - Vin# 0815 - Titled Shell Carter Davis - Leased to John C. Flood of D.C. - Lease payments of $545.14 per month through 3/96.

      10.    1993 Chevy Van - Vin# 0704 - Titled Joanne and Robert Smiley - Leased to John C. Flood of D.C. - Lease payments of $520.89 per month through 3/96.

    B.    Inventory owned by received entities (John C. Flood of D.C. and John C. Flood of Maryland, Inc.)

    1.    As indicated by Mr. Fidorka, inventory is not maintained by any of the received entities. Equipment is purchased on a per job basis at the time of sale. Tools are owned individually by each employee. The entire inventory consists of materials that were not used on prior jobs or scrap materials from other projects. Estimated value is less than $5,000.00 for all locations.

    C.    Office equipment owned by received entities (John C. Flood of D.C. and John C. Flood of Maryland, Inc.)

    1. John C. Flood of D.C. - All office equipment is owned by Shell Davis and leased to Robert and Joanne Smiley. Terms are $1.00 per year terminable on thirty days notice by either party. You have already received a copy of this Lease.

    2.    John C. Flood of Maryland - All office equipment is identified in a Sheriff's report dated May 19, 1995. You have a copy of this report. The office equipment is valued at $4,070.00.

    3.    Virginia Office - Consists of three desks with chairs, telephone, fax machine and copier (Copier recently purchased from Lainer for $653.00 - Payment not yet made). The office equipment is valued at less than $2,500.00.

    D. Accounts receivable owned by received entities (John C. Flood of D.C. and John C. Flood of Maryland, Inc.)

    1.    Accounts receivable vary on a daily basis and run approximately $50,000.00 at any one time.



Paul Sweeney, Esquire
September 16, 1995
Page -3-

II. Assets owned by other entities and not part of the settlement agreement.

    A.   Vehicles.

        *1.   1973 Chevy Van - Vin# 6080 - Titled - JCF, Inc. - owned outright.

        2.   1979 Chevy Truck - Vin# 6133 - Titled - JCF, Inc. - owned outright.

        3.   1979 Ford Truck - Vin# 0027 - Titled - JCF, Inc. - owned outright.

        4.   1982 Chevy Van - Vin# 5146 - Titled - JCF, Inc. - owned outright.

        5.   1982 Chevy Truck - Vin# 1015 - Titled - JCF, Inc. - owned outright.

        6.   1982 Ford Truck - Vin# 0745 - Titled - JCF, Inc. - owned outright.

        7.   1988 Chevy Pickup - Vin# 0851 - Titled - Shell Davis 3rd.

        8.   1992 Chevy Pickup - Vin# 2317 - Titled - Robert and Joanne Smiley - with note to First Virginia. Monthly payments of $400.48 through 12/95.

        9.   1994 Chevy Pickup - Vin# 1060 - Titled - Robert William Davis with note to GMAC. Payments are $338.95 per month through 4/98.

        10.   1994 Ford Pickup - Vin# 1163 - Titled JCF, Inc. with note to Ford Motor Credit in the amount of $363.46 per month through 4/98.

        11.   1994 Ford Explorer - Vin# 9876 - Titled - JCF, Inc. with note to Ford Motor Credit in the amount of $493.75 per month through 6/98.

        12.   1994 Chevy Pickup - Vin# 3271 - Titled - JCF, Inc. with note to GMAC in the amount of $559.92 through 8/98.

        13.   1995 Chevy Truck - Vin# 8862 - Titled - JCF, Inc. with note to GMAC in the amount of $477.71 through 12/98.

        14.   1995 Chevy Truck - Vin# 7053 - Titled - JCF, Inc. with note to GMAC in the amount of $482.42 per month through 12/98.

        15.   1995 Chevy Monte Carlo - Vin# 3289 - Titled - Joanne Smiley with note to First Virginia in the amount of $668.96 through 6/97.

        16.   1993 Ford Explorer - Vin# 8632 - Titled - Ford Motor Credit/JCF, Inc. - Vehicle is leased with monthly payments of $493.29 through 9/96.

        17.   1982 Chevy Pickup - Vin# 2528 - Titled - JCF, Inc. - owned outright.

        18.   1973 International Truck - Vin# 2456 - Titled - JCF, Inc. - owned outright.

        19.   1975 Jeep Truck - Vin# 4729 - Titled - JCF, Inc. - owned outright.

        20.   1979 Ford Truck - Vin# 1060 - Titled - JCF, Inc. - owned outright.

        21.   1986 Chevy Truck - Vin# 3319 - Titled - JCF, Inc. - owned outright.

        22.   1990 Chevy Truck - Vin# 9811 - Titled - Shell Carter Davis - owned outright.



Paul Sweeney, Esquire
September 16, 1995
Page -4-

23.    1993 Chevy Truck - Vin# 6146 - Titled Shell Carter Davis.
24.    1993 Ford Van - Vin# 4440 - Titled - Ford Motor Credit - Leased vehicle to JCF, Inc. - Lease runs 6/93 through 6/96 with option to purchase. Lease amount per month - $496.70.
25.    1993 Ford Explorer - Vin# 8631 - Titled - Ford Motor Credit - Leased vehicle to JCF, Inc. - Lease runs 9/93 through 9/96 with option to purchase. Lease amount per month - $493.29.
26.    1994 Dodge Van - Vin# 8886 - Titled - World Omni Financial - Leased vehicle to JCF, Inc. - Lease runs 4/93 through 4/96 with option to purchase. Lease amount per month 480.62.
27.    1994 Dodge Truck - Vin# 4929 - Titled - U.B. Leasing - Leased vehicle to JCF, Inc. - Lease runs 3/93 through 3/96 with option to purchase. Lease amount per month $$481.01.
28.    1993 Ford truck - Vin# 8142 - Titled - Ford Motor Credit - Leased vehicle to JCF, Inc. - Lease runs 6/93 through 6/96 with option to purchase. Lease amount per month $496.24.

*    The vehicles owned by JCF, Inc., as JCF, Inc. is no longer one of the received entities, are not part of the transfer and accordingly have not been included as either an asset or a liability. The same also holds true for vehicles owned by other individuals.

III.    Liabilities of received entities (John C. Flood of D.C. and John C. Flood of Maryland, Inc.)

A.    Vehicles
1.    1995 Ford Taurus - Vin# 8242 - Monthly payments of $526.25 with final payment due on 6/98.
2.    1993 Dodge Truck - Vin# 4569 - Monthly payments of $349.86 with final payment due on 4/98.
3.    1993 Chevy Truck - Vin# 2541 - Lease payments of $512.81 per month through 4/96.
4.    1993 Chevy Van - Vin# 1426 - Lease payments of $546.89 per month through 3/96.
5.    1993 Chevy Van - Vin# 9386 - Lease payments of $546.89 per month through 3/96.
6.    1993 Chevy Van - Vin# 0815 - Lease payments of $545.14 per month through 3/96.
7.    1993 Chevy Van - Vin# 0704 - Lease payments of $520.89 per month through 3/96.

Paul Sweeney, Esquire
September 16, 1995
Page -5-

B.    Loans

1.    Loan from Joanne Smiley to John C. Flood of D.C., Inc. on March 31, 1995. On April 4, 1995, $60,010.00 was repaid on the loan from John C. Flood of D.C., Inc. The remaining outstanding balance owed by John C. Flood of D.C., Inc. to Joanne Smiley is $54,791.00.

C.    Office Leases

1.    D.C. Office (711 Kennedy Street) - Month to Month Lease in the amount of $3,000.00 per month. Lessee - John C. Flood of D.C., Inc.

2.    VA Office (8120 Richmond Highway) - Year to Year lease through September 1, 1996 with monthly rent of $1,800.00. Lessee - John C. Flood of D.C., Inc.

3.    Baltimore Office (#1 Azar Court) - Year to Year lease through January 1, 1996 with a monthly rent of $1,310.00. Lessee - John C. Flood of Maryland, Inc.

4.    Capitol Heights Office (8543-A Edgeworth Drive) - 5 year lease ending March 30, 2000. Lessee - John C. Flood of D.C.  Rent in year one of $850.00 per month, with rent increases each year of $50.00 per month (rent in year 5 is $1,050.00).  Total liability of $54,450.00

D.    Trade Debt.

1.    Hechingers - Revolving credit agreement - Balance of $2,000.00.
2.    Tribbles Supply Company - Revolving credit agreement - Balance of $3,000.00.
3.    Aireco Supply - Revolving Credit agreement - Balance of $3,000.00.
4.    BFI - (Trash removal) - D.C. - $1,200.00 per month.
5.    BGE - $458.00 (averages over $400.00 per month)
6.    PEPCO - $367.84 (averages over $300.00 per month)
7.    Exxon - Private Credit agreement - Balance of $4,500.00
8.    Texaco - Private Credit agreement - Balance of $2,500.00
9.    Uniforms - $367.50 per month
10.   Nextel (Radios) -  $448.10  per month
11.   Pagenet (Pagers - DC/VA) - $265.00 per month
12.   American Paging (Pagers - Baltimore) - $95.93 per month
13.   Bell Atlantic
      a.    DC - $2591.40 (averages $2,500.00 per month)
      b.    VA - $410.72 (averages $400.00 per month)
      c.    Baltimore - $860.00 (averages over $800.00 per month)
14.   ATT
      a.    DC - $450.32 (averages over $400.00 per month)
      b.    VA - $31.50 (averages $50.00 per month)



Paul Sweeney, Esquire
September 16, 1995
Page -6-

       15.    MCI (800 #) DC - $359.26  (averages over $300.00 per month)
       16.    MCI Baltimore (Long Distance) - $64.63 (averages over $50.00 per month)

E.    Advertising

    1.    Bell Atlantic -
        a.    D.C. Office - Remaining balance of $6,752.25  - Book distributed May, 1995 - Payments end 12/95
        b.    Virginia Office - Remaining balance of $23,476.50 - Book distributed January, 1996 - Payments end 1/97
        c.    Baltimore Office
            i.    City - Remaining balance of $16,897.00 - Book distributed November, 1995 - Payments end 12/96
            ii.    East - Remaining balance of $5,418.00 - Book distributed November, 1995 - Payments end 12/96
            iii.    West - Remaining balance of $9,547.00 - Book distributed November, 1995 - Payments end 12/96
        d.    Maryland Suburban - Remaining balance of $21,744.00 - Book distributed October, 1995 - Payments end 10/96.

    2.    One Book
        a.    DC/VA - Remaining balance of $2,164.28 - Payments end 11/95
        b.    DC - Remaining balance of $12,984.00 - Book distributed 12/95 - Payments end 1/97

    3.    Merchandiser - Remaining balance of $7,155.00 - Contract expires 1/96.
    4.    Gay Pages - Balance of $1,340.00 - Two remaining payments of $670.00 each.
    5.    Sentinel - $825.00 per month
    6.    Hispanic Yellow Pages - Remaining balance of $1,200.00 - Payment due 8/96.
    7.    Multivision - $1,300.00 per month
    8.    Baltimore Sun - $1,200.00 per month - Contract expires 2/96.
    9.    Radio Station (Heaven) - $800.00 per month contract expires 2/96.
    10.    Radio Station (WRUV) - $570.00 per month - Contract expires 2/96.
    11.    Data National - $1,300.00 per month - Contract expires 3/96.
    12.    Comcast Cable - $2,000.00 per month
    13.    Buyers Guide - $880.00 per month
    14.    Bay Sox - $5,100.00 - Payment due 12/31/95



Paul Sweeney, Esquire
September 16, 1995
Page -7-

F.   Insurance
   1.   Automobile
       a.   DC/VA - $3911.00 per month (Fleet insurance through 3/15/96)
       b.   Baltimore - $854.00 per month (Fleet insurance through 3/8/96)
   2.   Health Insurance - $28,626.72 per year
   3.   Dental Insurance - $166.00 per month
   3.   Building Insurance - $1,011.00 per year

G.   Legal
   1.   Morrissey Brothers, P.C. - $36,000.00

Please note that where only monthly figures are shown, that is the amount owing as the date of this letter. Where a contract is for more than one month, the remaining balance has been shown and the payment end date has been shown.

If any additional information is needed, please feel free to call.

Very truly yours,
Morrissey Brothers, P.C.

John P. Morrissey

001419

Office of the
### SHERIFF OF BALTIMORE COUNTY
*NORMAN M. PEPERSACK JR.*
401 Bosley Avenue
Towson, Maryland  21204
(301) 887-3151

### SCHEDULE

Of the property executed and levied upon by Norman M. Pepersack Jr., Sheriff of Baltimore County this _____ day of _____ nineteen hundred and _____ by virtue of a Writ of _____ issued out of the Circuit Court for Baltimore County and directed to the Sheriff thereof against the Goods and Chattels, Lands and Tenements of _____

at the suit of _____

and appraised by us, the subscribers, who were first duly summoned and sworn for the purpose:

| | |
|---|---|
| One _____ PVC Water Pipe (warehouse) | 3200.00 |
| | 100.00 |
| | 100.00 |
| | 500.00 |
| | 200.00 |
| | 200.00 |
| | 150.00 |
| | 100.00 |
| | EQUIP 100.00 |
| | 100.00 |
| | 100.00 |

Given under our hands and seals this _____ day of _____ 19 ____

Copies:

| | | Return Day _____ |
|---|---|---|
| Sheriff's Dept. | (white) | File No. _____ |
| Mailing Copy | (green) | Docket _____ Folio _____ |
| Clerk's Office | (yellow) | |
| Rest on Property | (pink) | |
| Defendant's Copy | (gold) | |

001420

OFFICE OF THE
**SHERIFF OF BALTIMORE COUNT**
NORMAN M. PEPERSACK, JR.
401 BOSLEY AVENUE
TOWSON, MARYLAND 21204
(301) 887-3151

SCHEDULE (PAGE #    )

_Assurance Co. of America_ VS _J.C.F Inc. Tradinges J.C. Fl. Co._

CASE NUMBER _107/320/05CV03165_ DEPUTY _Palmer_

| Item | Value |
|---|---|
| 26" TV VCR (RCA) | 200 |
| VCR (Sharp) | 100 |
| Filing Cabinets (4) | 400 |
| Desk (3) | 300 |
| Window Air Condition (Comfort) | 50 |
| 5 chairs | 100 |
| 1 leather desk chair | 50 |
| 1 leather sofa | 100 |
| 1 Fax Machine (Sharp) | 300 |
| 1 Verifone Printer 250 (bone cream) | 50 |
| 1 GE microwave | 100 |
| 1 Toaster | 10 |
| 1 Aqua Cool Water dispenser | 100 |
| 1 Cabinet | 50 |
| 1 Citizen CX 100 Adding Machine | 50 |
| 1 Toshiba disk phone | 100 |
| 1 Electric Pencil Sharpner | 10 |
| 3 Desk | 300 |
| 3 Calculators (75 each) | 300 |
| 2 desk chairs | 100 |
| 2 Field Radio cinder | 200 |
| 2 desk | 300 |

GIVEN UNDER OUR HANDS AND SEALS THIS _19_ DAY OF _May_ 19_95_

FORM #64A

001421

SHERIFF OF BALTIMORE COUNT
NORMAN M. PEPERSACK, JR.
401 BOSLEY AVENUE
TOWSON, MARYLAND 21204
(301) 887-3151

⑤

SCHEDULE (PAGE #      )

_Assurance Co of America_ VS _JCF Inc. Trading AS J.C. Flood Co._

CASE NUMBER _147/320/95CV03165_ DEPUTY _Fulmer_

| | |
|---|---|
| Calculator | 50 |
| Smith Corona typewriter | 200 |
| Toshiba telephones | 100 |
| 3 chairs | 50 |
| | 400 |



LAW OFFICES

# LINOWES AND BLOCHER

SUITE 1000

1010 WAYNE AVENUE

## SILVER SPRING, MARYLAND 20910-5600

(301) 588-8580

SUITE 302
1150 17TH STREET, N.W.
WASHINGTON, D.C. 20036
(202) 293-8510
TELECOPIER (202) 293-8513

SUITE 402
641 IVY LANE
GREENBELT, MARYLAND 20770
(301) 982-3382
TELECOPIER (301) 982-0595

TELECOPIER (301) 495-9044
TTY/TDD (301) 588-3380

145 MAIN STREET
ANNAPOLIS, MARYLAND 21404
(410) 268-0881
TELECOPIER (410) 261-2603

SUITE 102
228 W. PATRICK STREET
FREDERICK, MARYLAND 21701
(301) 695-0244
TELECOPIER (301) 663-6656

SUITE 8215
10015 OLD COLUMBIA ROAD
COLUMBIA, MARYLAND 21046
(410) 312-5457
TELECOPIER (410) 290-5285

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122

October 5, 1995

VIA FACSIMILE AND REGULAR MAIL

John Morrissey, Esq.
Morrissey Brothers P.C.
4201 Northview Drive
Suite 407
Bowie, MD  20716

Ronald Greene, Esq.
9500 Annapolis Rd.
Suite B5
Lanham, MD  20706

Re:  Michael G. Rinn, Trustee v. JCF, Inc. et al.
     Adversary Case No. 95A-215;
     Bankruptcy Case No. 91-4-3011SD

Dear Mr. Morrissey and Mr. Greene:

This letter serves to set forth the terms of the settlement in the above-referenced case which was reached on September 7, 1995 and which was set forth in the record in open court on that date. Your clients John C. Flood of Maryland, Inc.; John C. Flood of D.C., Inc.; MCMD, Inc. (collectively, "New Flood"); Melville Davis, Florence Davis, Joanne Smiley, Robert B. Smiley, Mark Crooks and Lydia Crooks (collectively, the "Defendants") and Michael G. Rinn, Trustee ("Plaintiff" or "Trustee") agreed as follows:

1.  To the immediate entry of the Consent Order Appointing a Permanent Receiver and Granting Permanent Injunctive Relief (the "Receivership Order").  The Receivership Order is incorporated by reference as if fully set forth herein.

2.  That the Trustee would provide notice to creditors of our settlement and the offer to purchase the stock of New Flood ("the "Stock"), along with the tradenames and good will of John C. Flood, Inc. and Flood, Inc. (the "Assets"), which are owned by the Trustee.

3.  More specifically, we agreed to notice creditors of a sale of the Stock and Assets pursuant to 11 U.S.C. §363 with a 20-day notice period which would be subject to higher and better bids.

001423



LINOWES AND BLOCHER

John Morrissey, Esq.
Ronald Greene, Esq.
October 5, 1995
Page 2

The Defendant's offer to purchase the Stock and Assets included a
payment of $300,000 over a 60-month period in monthly installments
of $5,000 per month. However, the monthly payments could be
reduced to $2,000 per month in any three months during each of the
five years provided that the unpaid portion is immediately repaid,
at a minimum, in equal installments over the remaining nine months
of that year. Should your clients avail themselves of the right to
pay $2,000 per month in any three months during each of the five
years, the minimum monthly payment for the other nine months of
that year would be $6,000 so that the total paid in each year of
the five year term totals $60,000.

   4.   The payment of the $300,000 acquisition price for the
Stock and the Assets would be evidenced by a promissory note and
security agreement, personal guarantees by Melville Davis, Mark
Crooks, JoAnne Smiley and her husband Robert Smiley, and the
corporate entity. The promissory note and security agreement would
further provide for a confession of judgment provision against all
of the above-named obligors. The security agreement would further
provide for the consent to the appointment of an immediate receiver
upon any default, a blanket lien on all assets and the imposition
of a voting trust in favor of the Trustee on all stock in the
corporate entity, said stock not to be transferred by the Trustee
until payment in full is received from the Purchasers. The
promissory note would be further secured by a confessed judgment in
favor of the Trustee by Melville Davis and Mark Davis in the amount
of all unsecured debts owing under the bankruptcy cases less the
obligations owing to Adams Bank and Citizens Bank of Maryland. The
promissory note would be further secured by a confessed judgment by
Melville Davis and his wife Florence Davis and Mark Crooks and his
wife Lydia Crooks, all jointly and severally, in the amount of
$600,000.

   5.   The promissory note would be further secured and
protected by a covenant by the Defendants that no new operating
entities will be created and all other corporate entities owned by
Defendants, other than the new corporate entity owning the stock
and assets, will be immediately terminated and dissolved. There
will be no pre-payment penalty for the promissory note.

   6.   Until completion of all payments due on the $300,000
acquisition price, the statute of limitations on the complaints
pending against all of the named defendants in the adversary
proceedings Case No. 95A-215 will be tolled. The adversary



LINOWES AND BLOCHER

John Morrissey, Esq.
Ronald Greene, Esq.
October 5, 1995
Page 3

proceedings filed by the Trustee against the Defendants who are Debtors, to determine their discharge pursuant to 11 U.S.C. §727, will also be tolled until the completion of all payments due and owing under this purchase agreement.

7.    It is further understood that the Defendants' offer to purchase also includes the requirement that the Trustee, upon successful payment of all amounts due and owing under the purchase agreement, without any default thereunder, will dismiss all suits pending against the Defendants with prejudice.

8.    The Trustee, at his cost, retains the right to have oversight over the operations of New Flood after the purchase, said oversight to be no more onerous than that presently being performed by the Receiver.

9.    In the event that the Defendant's purchase offer and settlement is not approved by the Court it will be null and void.

If this letter accurately sets forth the substance of our agreement, please execute the letter in the signature blocks below and return same to me via facsimile for attachment to the motion that will be filed pursuant to 11 U.S.C. §363.

Very truly yours,

LINOWES AND BLOCHER

Paul-Michael Sweeney

cc:  Michael G. Rinn, Trustee
     Roman Fedirka

0621\001\morr10-4.ltr

001425

LINOWES AND BLOCHER

John Morrissey, Esq.
Ronald Greene, Esq.
October 5, 1995
Page 4


SEEN AND AGREED:


_____          _____
John Morrissey                    Ronald Greene

**Attachment "B-11"**



01-001,
40595pms
tice.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

In re:                              *
                                    *
JOHN C. FLOOD, INC.                 *
MELVILLE R. DAVIS                   *     Substantively Consolidated
FLORENCE DAVIS                      *     under Case No. 91-4-3011SD
MARK CROOKS                         *
LYDIA CROOKS                        *         Chapter 7
                                    *
*   *   *   *   *   *   *   *       *
                                    *
MICHAEL G. RINN, TRUSTEE FOR        *
JOHN C. FLOOD, INC.,                *
MELVILLE R. DAVIS                   *
FLORENCE DAVIS                      *
MARK CROOKS and                     *
LYDIA CROOKS                        *
                                    *
     Plaintiff                      *
                                    *     Adversary Proceeding No. 95A-215
v.                                  *
                                    *
JOHN C. FLOOD OF MD, INC.           *
et al.                              *
                                    *
     Defendants.                    *

NOTICE OF MOTION FOR ENTRY OF ORDER
AUTHORIZING SALE OF STOCK AND OTHER ASSETS
FREE AND CLEAR OF LIENS AND FOR APPROVAL OF SETTLEMENT

NOTICE TO ALL CREDITORS:

     Notice is hereby given by Michael G. Rinn, Trustee ("Trustee")
for the bankruptcy estates of John C. Flood, Inc., Melville R.
Davis, Florence Davis, Mark Crooks and Lydia Crooks and Roman P.
Fedirka, Receiver ("Receiver") for John C. Flood of Maryland, Inc.,
John C. Flood of D.C., Inc. and MCMD, Inc. ("New Flood"), by
counsel, Paul-Michael Sweeney of Linowes and Blocher, that the
Trustee and the Receiver propose to sell the stock ownership in New
Flood and the tradenames of John C. Flood, Inc. and Flood, Inc.
along with the good will and phone numbers associated therewith
(collectively the "Tradenames") to Melville Davis, Mark Crooks,
JoAnne Smiley and Robert Smiley (the "Purchasers"). Messrs. Davis
and Crooks are ex-officers of the Debtor, John C. Flood, Inc. and
Mr. and Mrs. Smiley are officers and/or shareholders of New Flood.



The Purchasers offered $300,000 paid over five years, without interest, for the Stock and Tradenames. The Purchasers also require a release from the Trustee of all of the Trustee's litigation pending against them and related parties as part of the acquisition. The purchase price will be secured by a blanket lien, confessed judgments, a voting trust on the stock and the right to obtain a receivership should the Purchasers default. Other material terms of the settlement and the offer to purchase are more fully set forth in the Motion for Entry of Order Authorizing Private Sale of Stock and Other Assets Free and Clear of Liens, and for Approval of Settlement (the "Motion") which is attached hereto and incorporated herein by reference. Also attached is a letter dated September 16, 1995 which sets forth the listing of the assets and liabilities of New Flood, a sheriff's Inventory of the Baltimore location of New Flood, and a letter agreement dated October 5, 1995 which sets forth the terms of the settlement between the Trustee and the Purchasers.

Any party in interest with questions concerning this matter may contact counsel for the Trustee at the address listed below.

Any party in interest who wishes to file an objection to the Motion and/or wishes to make a higher or better bid than that of the Purchaser, must do so within 20 days of the date of this notice, and serve a copy upon the Office of the United States Trustee at 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770, and upon Paul-Michael Sweeney, counsel for the Trustee, c/o Linowes and Blocher, 1010 Wayne Avenue, Suite 1000, Silver Spring, MD 20910. Any party in interest filing an objection must set forth in its objection a complete specification of the factual and legal grounds upon which they are based. **If objections are filed, a hearing will be held in the U.S. Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD on Thursday, October 26, 1995 at 10:30 a.m.** If no objections are filed the sale and settlement may be approved without any further hearing by the Court.

Dated:  October 6, 1995

Paul-Michael Sweeney
Federal Bar No. 07072
Linowes and Blocher
1010 Wayne Avenue
Silver Spring, MD 20910
(301) 650-7122

001395



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

In re:                              *
                                    *
JOHN C. FLOOD, INC.                 *
MELVILLE R. DAVIS                   *   Substantively Consolidated
FLORENCE DAVIS                      *   under Case No. 91-4-3011SD
MARK CROOKS                         *
LYDIA CROOKS                        *       Chapter 7
                                    *
*   *   *   *   *   *   *   *   *    *
                                    *
MICHAEL G. RINN, TRUSTEE FOR        *
JOHN C. FLOOD, INC.,                *
MELVILLE R. DAVIS                   *
FLORENCE DAVIS                      *
MARK CROOKS and                     *
LYDIA CROOKS                        *
                                    *
     Plaintiff                      *
                                    *
v.                                  *   Adversary Proceeding No. 95A-215
                                    *
JOHN C. FLOOD OF MD, INC.           *
et al.                              *
                                    *
     Defendants.                    *

CERTIFICATE OF MAILING OF NOTICE OF MOTION FOR ENTRY
OF ORDER AUTHORIZING SALE OF STOCK AND OTHER ASSETS
FREE AND CLEAR OF LIENS AND FOR APPROVAL OF SETTLEMENT

   I HEREBY CERTIFY this 6th day of October, 1995 that a copy of
the foregoing Notice of Motion for Entry of Order Authorizing Sale
of Stock and Other Assets Free and Clear of Liens and for Approval
of Settlement was mailed, first-class, postage prepaid, to all
creditors and those parties requesting notices as shown on the
attached service list.

                              LINOWES AND BLOCHER

                              Paul-Michael Sweeney
                              Suite 1000
                              1010 Wayne Avenue
                              Silver Spring, MD 20910
                              (301) 650-7122

00139



0621-001
000695pms
serv-3.lst



## SERVICE LIST

A&A Hardware
6250 Chillum Place NW
Washington, D.C.  20011

A&P Water & Sewer
P.O. Box 60939
Charlotte, NC 28260(FOE)

Adams National Bank
1627 K. Street NW
Washington, D.C.  20006

Aireco, Inc.
800 S. Eads Street
Arlington, VA  22202

AJ Stationers
1327 Ashton Road
Baltimore, MD  21076

Alside Supply
8729 Ritchie Drive
Capitol Heights, MD  20791

American Olean Tile Co.
P.O. Box 271
Lansdale, PA  19446

Arbutus Hardware
5414 E. Drive
Baltimore, MD  21227(FOE)

Arrow Communications
7407 Flower Avenue
Takoma Park, MD  20912

AT&T
1809 Hansen Court
Wooddale, IL  60191(FOE)

Atlantic Plumbing
807 V Street, N.W.
Washington, D.C.  20001-3090

Automatic Equipment Sales
12201 Conway Road
Beltsville, MD  20705

Ayers Sales, Inc.
2 Industrial Parkway
Woburn, MA  07801

Baltimore Refrigeration
1133 Wilson Drive
Baltimore, MD  21223

Baltimore Sun
P.O. Box 1013
Baltimore, MD  21303

Blyde's Lock
23335 18th Street, N.E.
Washington, D.C.  20018

Branch Electric
1000 E. Lexington St.
Baltimore, MD  21236

Branch Group, Inc.
1049 Prince George's Blvd.
Upper Marlboro, MD  20772

Brock Tools
1200 66th St.
Baltimore, MD  21237

C&P Telephone Yellow Pages
1801 Robert Fulton Dr. #500
Reston, VA  22091

Cameron Drilling
12500 Washington Ave.
Rockville, MD  20852

Capitol Broadcasting Co.
8750 Brookville Rd.
Silver Spring, MD  20910

Carl B. Seeds, Inc.
P.O. Box 614
Prince Frederick, MD  20678

Chesapeake Rim & Wheel
7601 Pulaski Highway
Baltimore, MD  21237



Citizens Bank
Attention:  Alan Lancaster
14401 Switzer Lane
Laurel, MD  20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD  21401

Discover
P.O. Box 32911
Columbus, OH  32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave. #910N
Bethesda, MD 20814(FOE)

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852(FOE)

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD  20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C.  20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD  20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD  20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD  20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770(FOE)

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054(FOE)

ITT/Bowest
P.O. Box 85843
San Diego, CA  92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD  20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD  20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C.  20036

Leif Hansen
7613 Fontaine Street
Potomac, MD  20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD  20743

Margretten Company
P.O. Box 760
Iselin, NJ  08830(FOE)

Maryland National Bank
P.O. Box 74019
Baltimore, MD  21274

MBNA America
P.O. Box 15027
Wilmington, DE  19850

NCNB
P.O. Box 7029
Dover, DE  19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD  21237

0621-001/3100695pms/serv-3.1st

Citizens Bank
Attention:  Alan Lancaster
14401 Sweitzer Lane
Laurel, MD  20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD  21401

Discover
P.O. Box 32911
Columbus, OH  32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave. #910N
Bethesda, MD 20814(FOE)

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852(FOE)

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD  20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C.  20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD  20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD  20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD  20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770(FOE)

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054(FOE)

ITT/Bowest
P.O. Box 85843
San Diego, CA  92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD  20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD  20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C.  20036

Leif Hansen
7613 Fontaine Street
Potomac, MD  20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD  20743

Margretten Company
P.O. Box 760
Iselin, NJ  08830(FOE)

Maryland National Bank
P.O. Box 74019
Baltimore, MD  21274

MBNA America
P.O. Box 15027
Wilmington, DE  19850

NCNB
P.O. Box 7029
Dover, DE  19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD  21237



0621-0
2
m

Norwest Financial
24 Defense Street, B
Annapolis, MD  21401

Optima
P.O. Box 45200
Jacksonville, FL  32232

Peoples Supply
c/o N. American Consultants
411 N. Stonestreet Ave.
Rockville, MD  20850

Prince George's County
c/o Meyers, Billingsly et al.
6801 Kenilworth Ave. #40
Riverdale, MD  20737

Prudential Homes
P.O. Box 105381
Atlanta, GA  30348

Ram Nathan
9601 Casper Court
Ellicott City, MD  21042

RE Michel
c/o A. Caruso, Esq.
110 N. Washington St.
Rockville, MD  20850

Riggs National Bank
P.O. Box 96212
Washington, D.C.  20090

Roger Schlossberg, Esq.
Schlossberg & Assoc.
134 W. Washington St.
Hagerstown, MD  21740

SEARS
7023 Albert Pick Road
Greensboro, NC  27409

Second Natl. Fed. Sav. Bank
P.O. Box 2558
Salisbury, MD  21802-2558

Steven & Linda Feldman
c/o Richard Gins, Esq.
2021 L Street, NW
Washington, DC 20036

Super Concrete
1450 Research Blvd. Suite 200
Rockville, MD  20850(FOE)

Terry Fisher
12506 Hemm Place
Bowie, MD  20716

The Walter Campbell Co.
10721 Tucker Street
Beltsville, MD  20705(FOE)

Theresa M. Hall, Esquire
4800 Montgomery Lane, #800
Bethesda, MD  20814

Thomas Sommerville Co.
c/o Robert Shuster, Esq.
8485 Fenton St. Suite 300
Silver Spring, MD  20910

Thomas W. Perry, Inc.
8513 Connecticut Avenue
Chevy Chase, MD  20815

United Bank
P.O. Box 6611
Falls Church, VA  22040

The Washington Post
1150 15th Street, N.W.
Washington, D.C.  20017

William Schulte
1532 Old Frederick Rd.
Woodbine, MD  21797

Internal Revenue Service
Special Procedures Branch
P.O. Box 1076
Baltimore, MD  21203

0621-001/3100695pms/serv-3.lst

001400



MD Comptroller of the
 Treasury
Treasury Building
Annapolis, MD 21401-1991

Office of the U.S. Trustee
Marsh & McLennan Bldg. #350
300 W. Pratt Street
Baltimore, MD 21201

Babak Movahedi, Esq.
2115 Wisconsin Ave. NW #600
Washington, D.C. 20007(FOE)

Carlton M. Green
7309 Baltimore Ave. #117
P.O. Box 2736
College Park, MD 20741-2736

David P. Lloyd
9525 W. Bryn Mawr, #500
Rosemont, IL 60018(FOE)

Josef E. Rosenblatt
Breitbart & Associates
110 St. Paul St. #510
Baltimore, MD 21202(FOE)

Matthew A. Egeli, Esq.
Hartman and Parrott
116 Defense Highway #300
Annapolis, MD 21401-8962

Paul R. Webber, IV
Thompson, Hine & Flory
1920 N Street, NW #800
Washington, D.C. 20036-1601

Robert G. Troll, Jr.
Nylen & Gilmore, PA
4061 Powder Mill Road, #300
Calverton, MD 20705

William D. White, Esq.
Lepon McCarthy White &
 Holzworth
1225 19th St. NW, #600
Washington, D.C. 20036

Office of the U.S. Trustee
Marsh & McLennan Building
300 W. Pratt St. Suite 350
Baltimore, MD 21201

Michael G. Rinn, Esquire
Suite 4
111 Warren Road
Cockeysville, MD 21030

Mr. Francis Hunt
8635 Loch Raven Blvd., #4
Baltimore, MD 21286

Ronald E. Deedrick, Esq.
13220 Belview Street
Silver Spring, MD 20904

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland 20852

Office of U.S. Trustee
6305 Ivy Lane, #600
Greenbelt, MD 20770

Ronald B. Green, Esq.
Suite B5
9500 Annapolis Road
Lanham, MD 20706

0621-001/3100695pms/serv-3.1st

001401

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

In re:                                    *
                                          *
JOHN C. FLOOD, INC.                       *
MELVILLE R. DAVIS                         *    Substantively Consolidated
FLORENCE DAVIS                            *    under Case No. 91-4-3011SD
MARK CROOKS                               *
LYDIA CROOKS                              *         Chapter 7
                                          *
  *   *   *   *   *   *   *   *   *.       *
                                          *
MICHAEL G. RINN, TRUSTEE FOR              *
JOHN C. FLOOD, INC.,                      *
MELVILLE R. DAVIS                         *
FLORENCE DAVIS                            *
MARK CROOKS and                          *
LYDIA CROOKS                              *
                                          *
      Plaintiff                           *
                                          *
v.                                        *    Adversary Proceeding No. 95A-215
                                          *
JOHN C. FLOOD OF MD, INC.                 *
et al.                                    *
                                          *
  Defendants.                             *

## CERTIFICATE OF MAILING OF NOTICE OF MOTION FOR ENTRY OF ORDER AUTHORIZING SALE OF STOCK AND OTHER ASSETS FREE AND CLEAR OF LIENS AND FOR APPROVAL OF SETTLEMENT

I HEREBY CERTIFY this 6th day of October, 1995 that a copy of the foregoing Notice of Motion for Entry of Order Authorizing Sale of Stock and Other Assets Free and Clear of Liens and for Approval of Settlement was mailed, first-class, postage prepaid, to all creditors and those parties requesting notices as shown on the attached service list.

LINOWES AND BLOCHER

Paul-Michael Sweeney
Suite 1000
1010 Wayne Avenue
Silver Spring, MD 20910
(301) 650-7122

00139



0621-001
200695pms
serv-3.lst



## SERVICE LIST

A&A Hardware
6250 Chillum Place NW
Washington, D.C.  20011

A&P Water & Sewer
P.O. Box 60939
Charlotte, NC 28260**(FOE)**

Adams National Bank
1627 K. Street NW
Washington, D.C.  20006

Aireco, Inc.
800 S. Eads Street
Arlington, VA 22202

AJ Stationers
1327 Ashton Road
Baltimore, MD 21076

Alside Supply
8729 Ritchie Drive
Capitol Heights, MD  20791

American Olean Tile Co.
P.O. Box 271
Lansdale, PA  19446

Arbutus Hardware
5414 E. Drive
Baltimore, MD 21227**(FOE)**

Arrow Communications
7407 Flower Avenue
Takoma Park, MD  20912

AT&T
1809 Hansen Court
Wooddale, IL  60191**(FOE)**

Atlantic Plumbing
807 V Street, N.W.
Washington, D.C.  20001-3090

Automatic Equipment Sales
12201 Conway Road
Beltsville, MD 20705

Ayers Sales, Inc.
2 Industrial Parkway
Woburn, MA  07801

Baltimore Refrigeration
1133 Wilson Drive
Baltimore, MD  21223

Baltimore Sun
P.O. Box 1013
Baltimore, MD  21303

Blyde's Lock
23335 18th Street, N.E.
Washington, D.C.  20018

Branch Electric
1000 E. Lexington St.
Baltimore, MD  21236

Branch Group, Inc.
1049 Prince George's Blvd.
Upper Marlboro, MD  20772

Brock Tools
1200 66th St.
Baltimore, MD  21237

C&P Telephone Yellow Pages
1801 Robert Fulton Dr. #500
Reston, VA  22091

Cameron Drilling
12500 Washington Ave.
Rockville, MD  20852

Capitol Broadcasting Co.
8750 Brookville Rd.
Silver Spring, MD  20910

Carl B. Seeds, Inc.
P.O. Box 614
Prince Frederick, MD  20678

Chesapeake Rim & Wheel
7601 Pulaski Highway
Baltimore, MD  21237

Citizens Bank
Attention: Alan Lancaster
14401 Sweitzer Lane
Laurel, MD 20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD 21401

Discover
P.O. Box 32911
Columbus, OH 32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave. #910N
Bethesda, MD 20814(FOE)

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852(FOE)

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD 20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C. 20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD 20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD 20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD 20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770(FOE)

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054(FOE)

ITT/Bowest
P.O. Box 85843
San Diego, CA 92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD 20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD 20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C. 20036

Leif Hansen
7613 Fontaine Street
Potomac, MD 20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD 20743

Margretten Company
P.O. Box 760
Iselin, NJ 08830(FOE)

Maryland National Bank
P.O. Box 74019
Baltimore, MD 21274

MBNA America
P.O. Box 15027
Wilmington, DE 19850

NCNB
P.O. Box 7029
Dover, DE 19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD 21237

J621-001/3100695pms/serv-3.1st



Citizens Bank
Attention:  Alan Lancaster
14401 Sweitzer Lane
Laurel, MD  20707

David M. Barclay
Simcox and Barclay
2661 Riva Road, #620
Annapolis, MD  21401

Discover
P.O. Box 32911
Columbus, OH  32911

Duron
c/o M. Rubenstein Esq.
7815 Wisconsin Ave. #910N
Bethesda, MD 20814(FOE)

Eastern Properties
5828 Magic Moutain Road
Rockville, MD 20852(FOE)

Ernest Maier, Inc.
2700 Annapolis Rd.
Bladensburg, MD  20710

FDIC
c/o P. Webber, Esq.
1920 N. St., NW, Suite 800
Washington, D.C.  20036-1601

Ferguson Enterprises
c/o Gordon Brumback, Esq.
7515 Annapolis Road, #206
Hyattsville, MD  20784

First Virginia Bank-Maryland
9420 Pennsylvania Avenue
Upper Marlboro, MD  20771

Franklin Investments
6411 Ivy Lane, Suite 504
Greenbelt, MD  20770

GMAC
6303 Ivy Lane
Greenbelt, MD 20770(FOE)

Greentree Mortgage
1700 Commerce Parkway
Mt. Laurel, NJ 08054(FOE)

ITT/Bowest
P.O. Box 85843
San Diego, CA  92186

Jeffrey M. Orenstein, Esq.
Coggins & Harman, PA
8905 Fairview Rd., #600
Silver Spring, MD  20910

John Morrissey, Esquire
Morrissey Brothers, P.C.
4201 North View Drive
Bowie, MD  20716

Laurance J. Ochs, Esq.
1748 N. Street, N.W.
Washington, D.C.  20036

Leif Hansen
7613 Fontaine Street
Potomac, MD  20857

Lyon Conklin, Co.
8800 Walker Mill Road
Capitol Heights, MD  20743

Margretten Company
P.O. Box 760
Iselin, NJ  08830(FOE)

Maryland National Bank
P.O. Box 74019
Baltimore, MD  21274

MBNA America
P.O. Box 15027
Wilmington, DE  19850

NCNB
P.O. Box 7029
Dover, DE  19903

Northeastern Plumbing
8323 Pulaski Highway
Baltimore, MD  21237

001399





Norwest Financial
24 Defense Street, B
Annapolis, MD  21401

Optima
P.O. Box 45200
Jacksonville, FL  32232

Peoples Supply
c/o N. American Consultants
411 N. Stonestreet Ave.
Rockville, MD  20850

Prince George's County
c/o Meyers, Billingsly et al.
6801 Kenilworth Ave. #40
Riverdale, MD  20737

Prudential Homes
P.O. Box 105381
Atlanta, GA  30348

Ram Nathan
9601 Casper Court
Ellicott City, MD  21042

RE Michel
c/o A. Caruso, Esq.
110 N. Washington St.
Rockville, MD  20850

Riggs National Bank
P.O. Box 96212
Washington, D.C.  20090

Roger Schlossberg, Esq.
Schlossberg & Assoc.
134 W. Washington St.
Hagerstown, MD  21740

SEARS
7023 Albert Pick Road
Greensboro, NC  27409

Second Natl. Fed. Sav. Bank
P.O. Box 2558
Salisbury, MD  21802-2558

Steven & Linda Feldman
c/o Richard Gins, Esq.
2021 L Street, NW
Washington, DC 20036

Super Concrete
1450 Research Blvd. Suite 200
Rockville, MD  20850(FOE)

Terry Fisher
12506 Hemm Place
Bowie, MD  20716

The Walter Campbell Co.
10721 Tucker Street
Beltsville, MD  20705(FOE)

Theresa M. Hall, Esquire
4800 Montgomery Lane, #800
Bethesda, MD  20814

Thomas Sommerville Co.
c/o Robert Shuster, Esq.
8485 Fenton St. Suite 300
Silver Spring, MD  20910

Thomas W. Perry, Inc.
8513 Connecticut Avenue
Chevy Chase, MD  20815

United Bank
P.O. Box 6611
Falls Church, VA  22040

The Washington Post
1150 15th Street, N.W.
Washington, D.C.  20017

William Schulte
1532 Old Frederick Rd.
Woodbine, MD  21797

Internal Revenue Service
Special Procedures Branch
P.O. Box 1076
Baltimore, MD  21203

0621-001/3100695pms/serv-3.1st



MD Comptroller of the
    Treasury
Treasury Building
Annapolis, MD 21401-1991

Office of the U.S. Trustee
Marsh & McLennan Bldg. #350
300 W. Pratt Street
Baltimore, MD 21201

Babak Movahedi, Esq.
2115 Wisconsin Ave. NW #600
Washington, D.C. 20007(FOE)

Carlton M. Green
7309 Baltimore Ave. #117
P.O. Box 2736
College Park, MD 20741-2736

David P. Lloyd
9525 W. Bryn Mawr, #500
Rosemont, IL 60018(FOE)

Josef E. Rosenblatt
Breitbart & Associates
110 St. Paul St. #510
Baltimore, MD 21202(FOE)

Matthew A. Egeli, Esq.
Hartman and Parrott
116 Defense Highway #300
Annapolis, MD 21401-8962

Paul R. Webber, IV
Thompson, Hine & Flory
1920 N Street, NW #800
Washington, D.C. 20036-1601

Robert G. Troll, Jr.
Nylen & Gilmore, PA
4061 Powder Mill Road, #300
Calverton, MD 20705

William D. White, Esq.
Lepon McCarthy White &
    Holzworth
1225 19th St. NW, #600
Washington, D.C. 20036

Office of the U.S. Trustee
Marsh & McLennan Building
300 W. Pratt St. Suite 350
Baltimore, MD 21201

Michael G. Rinn, Esquire
Suite 4
111 Warren Road
Cockeysville, MD 21030

Mr. Francis Hunt
8635 Loch Raven Blvd., #4
Baltimore, MD 21286

Ronald E. Deedrick, Esq.
13220 Belview Street
Silver Spring, MD 20904

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland 20852

Office of U.S. Trustee
6305 Ivy Lane, #600
Greenbelt, MD 20770

Ronald B. Green, Esq.
Suite B5
9500 Annapolis Road
Lanham, MD 20706

0621-001/3100695pms/serv-3.lst

001401

**Attachment "B-12"**

# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF MARYLAND
### (Southern Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN C. FLOOD, INC., | ) | Substantively Consolidated |
| MELVILLE R. DAVIS, | ) | Under Case No. 91-4-3011-SD |
| FLORENCE DAVIS | ) | Chapter 7 |
| MARK CROOKS | ) | |
| LYDIA CROOKS | ) | AP# 95-1215 |
| Debtors. | ) | |
| | ) | |

## OBJECTION TO SALE OF STOCK AND OTHER ASSETS
## FREE AND CLEAR OF LIENS AND TO OBJECTION TO SETTLEMENT

COMES NOW Creditors and Parties-in-Interest, Clinton D. Haislip and James Seltzer,

Jr., (hereinafter collectively referred to as "Haislip & Seltzer"), by and through counsel, Gary

F. Weltmann, P.C., and object to the sale of stock and other assets free and clear of liens and

to the proposed settlement.  In support hereof, Haislip & Seltzer state as follows:

1.    On or about October 6, 1995, the Chapter 7 Trustee, Michael Rinn, sent a Notice

to creditors which proposes the sale of the assets and stock of the Debtor and "New Flood"

companies (collectively the "Debtor") to certain purchasers (the "Purchasers"), all of whom are

insiders of the Debtor.

2.    In a nutshell, the Notice proposes a sale of all of the assets of the Debtor to the

Purchasers for the sum of $300,000.00, payable over five years in $5,000.00 monthly

installments.  It also includes a release of the Purchasers from any and all claims of the Trustee.

3.    The sale shall be collateralized by (a) the assets of the Debtor, and (b) what

essentially amounts to personal guarantees by each of the Purchasers.





4.     Though the offer appears on its face to have an eventual net gain of $300,000.00 to the Trustee, because of the worth of some of the assets being purchased and the costs to be incurred by the Trustee in connection with the sale, this is not the case.

5.     The Purchasers, by purchasing the stock are purchasing the following eight categories of assets with respective values attached. The values have been determined through telephone conversations with counsel for the Trustee, the receiver's report and the letter dated September 16, 1995 by the Debtor's counsel to the Trustee explaining the assets. They are as follows:

| | | |
|---|---|---|
| a. | Vehicles | $ 4,500 |
| b. | Furniture/Equipment | 6,000 |
| c. | Accts. Receivable | 50,000 |
| d. | Cash on Hand | 10,000 |
| e. | Inventory | 4,000 |
| f. | Pre-paid Insurance | 0 |
| | SUB-TOTAL | $ 74,000 |
| g. | Name | Unknown |
| h. | Telephone Numbers | Unknown |

6.     Moreover, the Trustee has represented that if the Purchasers are permitted to purchase the stock and run the businesses in order to generate the cash to make the payments under the agreement, the Purchasers, because of their history of disregard for the Bankruptcy Code provisions and improprieties with respect to this case, shall have to continue to be monitored by the Receiver for the life of the outstanding indebtedness to assure that they do not simply purchase the business and deplete the assets, leaving the Trustee with nothing in the event of a default.

7.    The estimated cost for this is approximately $1,250.00 per month, or, a total of $75,000.00 for the life of the Note. This is in contrast to the cost to be incurred if a trustworthy third party were to purchase the assets, approximately $1,250.00 every six months, or, a total of $10,000 for four year Note.

8.    Thus, when this additional expenditure by the Trustee of $65,000 is factored in because of the particular buyers, the Purchasers are really offering the sum of $161,000 for the name and telephone numbers of Old Flood. They can easily convert the tangible assets and Accounts Receivable to cash.

9.    In response to this, Haislip & Seltzer offered the sum of $225,000 to purchase only the name and the telephone numbers. Said sum is to be payable with cash up front in the amount of $25,000, and the balance payable pursuant to a Promissory Note in equal monthly installments of $4,000.00 over fifty months.

10.    The Promissory Note shall be secured by the two assets purchased as well as any and all assets acquired by the corporation after the purchase. With respect to the purchased assets and the new company going forward, the offer was to include all of the "bells and whistles" required by the Trustee.

11.    A copy of a letter dated and sent via facsimile October 16, 1995 conveying this offer which was made orally to counsel for the Trustee on October 11, 1995 is attached hereto as Exhibit A.

12.     A comparison of the two offers reveals that if the Trustee accepts Haislip and Seltzer's offer, he will have $25,000 cash from them, relatively liquid assets of $74,000, a Note in the amount of $200,000 payable over 50 months and an additional liability (the monitor) of $10,000.  This leaves the Trustee with a value of $309,000 of which $119,000 is liquid and $190,000 he shall receive in 50 months.

13.     This is nearly double the offer from the Purchasers which, in effect, leaves the Trustee with $161,000 payable over a longer period of time, 60 months.

14.     The only element of the Purchaser's offer which Haislip & Seltzer's does not contain, is a personal guaranty of the payments.  This, however, is on even par with the Purchaser's offer as their personal guaranties, given their respective histories and Chapter 7's, are not worth the paper on which they are printed.  Additionally, with respect to the personal guaranties of the Smiley's, neither the Notice nor the Motion reveals what they are worth as the assets of the Smileys are not stated.

15.     Moreover, if the Trustee does not accept the offer of the Purchasers, it continues to have the right to pursue claims against all of them, including the Smileys, under the bankruptcy case.  They will not be entitled to releases.  Thus, the personal guarantees offered by the Smileys and the other Purchasers amount to nothing more than the Trustee already has.

16.     Finally, the Bankruptcy Court is one of equity.  It cannot allow those with unclean hands to reap the benefit of their own fraud.

17.     In the Trustee's own words, the "[Purchasers'] unconscionable acts, in blatant disregard of warnings of this Court and of the Chapter 11 Trustee it appointed [has caused the Debtor], already in a financial torpid state, to suffer irreparable harm." *See, Memorandum in*



*Support of Verified Motion for Ex Parte Appointment of a Receiver, or, in the Alternative, for*

*an Attachment Before Judgment with Levy and Seizure Thereon and for Temporary Restraining*

*Order and Preliminary Injunction,* Page 1.

    18.    The Trustee has also stated that the Purchasers:

        i.    have "ignored their obligations as officers and directors of the debtor;" *Id.* at 2;

        ii.    have designed a "complex, illegal scheme through which they have reaped" certain benefits; *Id.* at 2-3;

        iii.    have "pillaged the assets of the bankruptcy estate;" *Id.* at 4-5;

        iv.    engaged in "unconscionable and fraudulent post-petition conduct;" *Id.* at 5;

        v.    engaged in a "scheme of transfer, concealment and destruction of [the estate's] assets," . . . potentially destroying "the opportunity [of the Trustee] to ever recover its assets;" *Id.* at 5;

        vi.    challenged "the integrity and muscle of the Bankruptcy Code . . . [and] wilfully looted [the Debtor], have stolen its assets and transferred them to [themselves]. They believe that they are impervious to sanction and untouchable. They believe that the Bankruptcy Code is impotent and that nothing can threaten [the Purchasers'] brazen progression to profit without any debt." *Id.* at 6; and, finally,

        vii.    "raided bank accounts, stole inventory, and hid assets." *Id.* at 15.



19.    To allow these same people to purchase the stock of the company and run the very real risk that they will engage in these abhorrent acts yet again to the extreme detriment of the creditors, especially in the face of a higher and better offer from a reputable third party, is unconscionable.

20.    Thus, the motion to sell the stock of the Debtor should be denied and the assets should be sold to Haislip & Seltzer.

Respectfully submitted,

GARY F. WELTMANN, P.C.

By: _____
Gary F. Weltmann, Esquire
600 Jefferson Plaza, Suite 202
Rockville, Maryland 20852
(301) 279-0303
Counsel for Seltzer & Haislip

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was on this 20th day of October, 1995 mailed via first-class mail, postage pre-paid to:

John Morrisey, Esquire
4201 Northview Drive
Suite 407
Bowie, Maryland 20716

Paul-Michael Sweeney, Esquire
Linowes & Blocher
10th Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907

_____
Gary F. Weltmann

**Attachment "B-13"**

0621-001
1100695pms
motn.ord

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:                                      *

JOHN C. FLOOD, INC.                         *
MELVILLE R. DAVIS                           *      Substantively Consolidated
FLORENCE DAVIS                              *      under Case No. 91-4-3011SD
MARK CROOKS                                 *
LYDIA CROOKS                                *             Chapter 7

*    *    *    *    *    *    *    *         *

MICHAEL G. RINN, TRUSTEE FOR                *
JOHN C. FLOOD, INC.,                        *
MELVILLE R. DAVIS                           *                **ENTERED**
FLORENCE DAVIS                              *
MARK CROOKS and                             *              **OCT 27 1995**
LYDIA CROOKS                                *
                                            *            CLERK'S OFFICE
                                            *       U.S. BANKRUPTCY COURT
        Plaintiff                           *        DISTRICT OF MARYLAND
                                            *              GREENBELT
                                            *
v.                                          *   Adversary Proceeding No. 95A-215
                                            *
JOHN C. FLOOD OF MD, INC.                   *
et al.                                      *
                                            *
        Defendants.                         *

### ORDER GRANTING MOTION FOR ENTRY OF ORDER
### AUTHORIZING PRIVATE SALE OF STOCK AND OTHER ASSETS
### FREE AND CLEAR OF LIENS AND APPROVING SETTLEMENT

Upon consideration of the Motion for Entry of Order
Authorizing Private Sale of Stock and Other Assets Free and Clear
of Liens and for Approval of Settlement, filed by Michael G. Rinn,
Trustee ("Trustee"), and Roman P. Fedirka, Receiver ("Receiver")
for John C. Flood of Maryland, Inc., John C. Flood of D.C., Inc.
and MCMD, Inc. ("New Flood"), and notice having been given and a
hearing having been held on October 26, 1995, the objections and
higher and better bids having been considered, it is this ___ day
of October, 1995,



*Except to the extent that the motion and Notice called for a
sale of telephone numbers, it is hereby revised to cover a sale of any
right to use the telephone numbers which may arise or exist incident
to the sale of the stock.* (Rev.)

ORDERED, that the Motion for Entry of Order Authorizing

Private Sale of Stock and Other Assets Free and Clear of Liens and
*as modified below*

for Approval of Settlement be and is hereby granted; and it is

further

ORDERED, that the Trustee and the Receiver are hereby

authorized to convey stock in New Flood and the trade names of John

C. Flood, Inc. and Flood, Inc., and the goodwill associated

thereto to *Joanne and Robert Smiley* (the "Purchasers"), on the following

terms and conditions:

1.    The Purchasers will pay the sum of *Four Hundred Twenty-Five Thousand*

Dollars ($ *425,000.* 00 ) (the "Acquisition Price") in monthly
*Six Thousand Six hundred and Sixty-Six 66/100*
installments of _____ Dollars ($ *6,666.* 66 ) over a five-

year term *with a balloon payment of Twenty-Five Thousand Dollars ($25,000.00)*
*due and payable along with the Sixtieth (60th) payment due on the 60th month.* (Mod.)

2.    The Acquisition Price will be evidenced by a promissory

note and a security agreement, personal guarantees by Melville

Davis, Mark Crooks, Joanne Smiley and her husband Robert Smiley,

and the corporate entity (the "Corporate Entity") used for future

operations of New Flood (collectively, the "Obligors").    The

promissory note and security agreement will contain, inter alia, a

confession of judgment provision against all the Obligors in the

amount of the Acquisition Price.    The security agreement will

provide, inter alia,  for the consent to the appointment of an

immediate receiver upon any default, a blanket lien on all assets

and the imposition of a voting trust in favor of the Trustee on all

stock in the Corporate Entity, said stock not to be transferred by

the Trustee until payment in full is received from the Purchasers.

The promissory note will be further secured by a confessed judgment

in favor of the Trustee by Melville Davis and Mark Crooks in the

amount of all of the unsecured debts owing under the bankruptcy cases of John C. Flood, Inc., Melville Davis, Florence Davis, Mark Crooks and Lydia Crooks, less the obligations owing to Adams Bank and Citizens Bank of Maryland. The promissory note will be further secured by a confession of judgment in favor of the Trustee by Melville Davis and his wife Florence Davis, and Mark Crooks and his wife Lydia Crooks, all jointly and severally liable in the amount of $600,000.

3.    The promissory note will be further secured and protected by a covenant that no operating entities other than the Corporate Entity will be created or used by the Purchasers, Obligors, Debtors, or any of the Defendants in Adversary Proceeding No. 95A-215. All other corporate entities or business operations owned or operated by the Obligors, Purchasers, Debtors or any of the Defendants in Adversary Proceeding No. 95A-215, including, but not limited to JCF, Inc., John C. Flood of Maryland, John C. Flood of D.C., MCMD, Inc. and Plumcon will be immediately terminated and dissolved, and all future operations will be consolidated into and operated under the name John C. Flood, Inc.

4.    The Purchasers, Obligors, Debtors and the Defendants in Adversary Proceeding No. 95-A215 be and are hereby enjoined from operating any business other than the Corporate Entity, as John C. Flood, Inc., until the Acquisition Price is paid in full to the Trustee.

5.    Until the completion of all payments due on the Acquisition Price, the statute of limitations on the Complaint pending against all the named defendants in adversary proceeding Case No. 95A-215 will be tolled. The adversary proceedings filed

*[handwritten: and all further proceedings in Adversity proceeding 95A-215 will be deemed settled pending Completion of all payments owing by Purchasers.]*

by the Trustee against Melville Davis, Florence Davis, Mark Crooks and Lydia Crooks, to determine their discharge pursuant to 11 U.S.C. §727, will also be tolled until the completion of all payments due and owing under this purchase agreement, *and all further proceedings to determine discharge of the Debtors will be deemed settled pending completion of payments owing by Purchasers.* Upon completion of the Purchaser's' payment of the Acquisition Price, the Trustee will dismiss all of the above-referenced suits with prejudice. There will be no prepayment penalty.

7.    The Trustee, at his cost, retains the right to have oversight over the operations of the Corporate Entity after the purchase, said oversight not to be any more onerous than that presently being performed by the Receiver.

8.    This Order in no way impedes the Trustee's ability to continue to liquidate the assets of the bankruptcy estates of John C. Flood, Inc., Melville Davis, Florence Davis, Mark Crooks and Lydia Crooks; *other than the transfers herein.* and it is further

ORDERED, that the Trustee and the Receiver be, and are hereby authorized, to prepare and execute the necessary documents evidencing this sale; and it is further

ORDERED, that the approval of the settlement as encompassed in the Acquisition Price be and is hereby approved; *and it is further*

**     SO ORDERED this ___26th___ day of October, 1995.

_____
United States Bankruptcy Judge

Entered: _____, 1995

** ORDERED, that *subject to* the Trustee's ability to liquidate *and file suit as provided in paragraph* 8 above, this order is a full and final settlement of the actions brought by the Trustee against the Defendants herein and no further litigation will be initiated against these Defendants.

cc:  Paul-Michael Sweeney, Esquire
     1010 Wayne Avenue, Suite 1000
     Silver Spring, MD 20910

0621-001/1100695pms/motn.ord                    4

cc:  Michael G. Rinn, Esquire
     Suite 4
     111 Warren Road
     Cockeysville, MD   21030

     John Morrissey, Esquire
     4201 North View Drive
     Bowie, MD   20716

     Mr. Roman Fedirka
     1 Joanna Drive
     Malvern, PA   19355

     Ronald Greene, Esquire
     9500 Annapolis Road, #B5
     Lanham, MD   20706

**Attachment "B-14"**

LAW OFFICES

# LINOWES AND BLOCHER LLP

SUITE 1000

1010 WAYNE AVENUE

## SILVER SPRING, MARYLAND 20910-5600

(301) 588-8580

| | | |
|---|---|---|
| SUITE 302<br>1150 17TH STREET, N.W.<br>WASHINGTON, D.C. 20036<br>(202) 293-8510<br>TELECOPIER (202) 293-8513 | | 145 MAIN STREET<br>ANNAPOLIS, MARYLAND 21404<br>(410) 268-0881<br>TELECOPIER (410) 261-2603 |
| | TELECOPIER (301) 495-9044<br>TTY/TDD (301) 588-3380 | |
| SUITE 402<br>6411 IVY LANE<br>GREENBELT, MARYLAND 20770<br>(301) 982-3382<br>TELECOPIER (301) 982-0595 | | SUITE 102<br>226 W. PATRICK STREET<br>FREDERICK, MARYLAND 21701<br>(301) 695-0244<br>TELECOPIER (301) 663-6656 |

WRITER'S DIRECT DIAL NUMBER

SUITE 8215
10015 OLD COLUMBIA ROAD
COLUMBIA, MARYLAND 21046
(410) 312-5457
TELECOPIER (410) 290-5285

(301) 650-7122            February 5, 1996

**VIA FACSIMILE & MAIL**
279-7138

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland  20852

     Re:  <u>John C. Flood Co., Inc.</u>

Dear Gary:

     This letter serves as a follow-up to our conversation two
weeks ago in which we discussed the final payment due under your
client's Settlement Agreement with Michael G. Rinn, Trustee.  I
understood that you would be forwarding the remaining payment this
week.

     Thank you for your attention to this matter.

                         Very truly yours,

                         LINOWES AND BLOCHER LLP

                         Paul-Michael Sweeney

PMS:jmt

cc:  Michael G. Rinn, Trustee

0621.001\weltman.296

Flood/DCDC 2374

LAW OFFICES

# LINOWES AND BLOCHER LLP

SUITE 1000

1010 WAYNE AVENUE

## SILVER SPRING, MARYLAND 20910-5600

(301) 588-8580

SUITE 302
1150 17th STREET, N.W.
WASHINGTON, D.C. 20036
(202) 293-8510
TELECOPIER (202) 293-8513

SUITE 402
6411 IVY LANE
GREENBELT, MARYLAND 20770
(301) 982-3382
TELECOPIER (301) 982-0595

TELECOPIER (301) 495-9044
TTY/TDD (301) 588-3380

145 MAIN STREET
ANNAPOLIS, MARYLAND 21404
(410) 268-0881
TELECOPIER (410) 261-2603

SUITE 102
228 W. PATRICK STREET
FREDERICK, MARYLAND 21701
(301) 695-0244
TELECOPIER (301) 663-6656

SUITE 8215
10015 OLD COLUMBIA ROAD
COLUMBIA, MARYLAND 21046
(410) 312-5457
TELECOPIER (410) 290-5285

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122

January 19, 1996

<u>VIA FACSIMILE & MAIL</u>
279-7138

Gary Weltman, Esquire
Law Offices of Gary Weltman
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland  20852

    Re:   <u>John C. Flood Co., Inc.</u>

Dear Gary:

    Pursuant to the Trustee's agreement with your client, your client's final installment of $5,000 is now overdue.

    Please make payment immediately.

            Very truly yours,

            LINOWES AND BLOCHER LLP

            Paul-Michael Sweeney

PMS:lec

cc: Michael G. Rinn, Esq. (by facsimile)

0621.001\weltman.119

Flood/DCDC 2275

0621-001
3091495pms
spa.02

## STOCK PURCHASE AGREEMENT

Agreement made this ____ day of September, 1995, between JAMES L. SELTZER, JR. and CLINTON D. HAISLIP (collectively hereafter, the "PURCHASERS"), and MICHAEL G. RINN (hereafter, "SELLER"), Trustee for the Bankruptcy Estates of MELVILLE R. DAVIS, FLORENCE E. DAVIS, MARK J. CROOKS and LYDIA CROOKS (collectively hereafter, "CROOKS AND DAVIS").

### R E C I T A L S:

A.    On June 21, 1991, MARK J. CROOKS and MELVILLE R. DAVIS filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

B.    On July 30, 1992, LYDIA CROOKS and FLORENCE E. DAVIS filed separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

C.    On April 2, 1993, all of the CROOKS AND DAVIS bankruptcy petitions were substantively consolidated.

D.    On September 21, 1993, all of the CROOKS AND DAVIS Chapter 11 petitions were converted to proceedings under Chapter 7 of the United States Bankruptcy Code.

E.    On November 29, 1993, SELLER was appointed Chapter 7 Trustee for the bankruptcy estates of CROOKS AND DAVIS.   The bankruptcy estates of CROOKS AND DAVIS includes some of the assets and stock of John C. Flood of Virginia, Inc. (hereafter "VIRGINIA FLOOD").

F.    VIRGINIA FLOOD is a corporation organized and existing under the laws of the Commonwealth of Virginia.   VIRGINIA FLOOD

Flood/DCDC 2132

maintains its principal office at 2870 Hartland Road, Falls Church, Virginia 22043.

G.   PURCHASERS presently are collectively 50% shareholders of Virginia Flood.

H.   On March 28, 1995, SELLER filed with the United States Bankruptcy Court for the District of Maryland (Southern Division), a "Notice of Settlement" to settle any and all claims, causes of action and disputes that SELLER has against PURCHASERS or VIRGINIA FLOOD.  The "Notice of Settlement" provides that PURCHASERS agree to pay the sum of Fifty-Five Thousand Dollars ($55,000.00) in exchange for any and all shares of stock that SELLER owns in VIRGINIA FLOOD.  The "Notice of Settlement" is incorporated herein by reference.  On April 20, 1995, SELLER obtained a "Clerk's Certificate of No Objections to Notice", that certified that no objections were filed to the Notice of Settlement between the SELLER and PURCHASERS and Virginia Flood.

In consideration of the recitals set forth above and the mutual covenants and obligations set forth below, the parties agree as follows:

1.   SELLER hereby warrants, with such warranty being a material part of this Agreement, that by virtue of his appointment as Chapter 7 Trustee of the CROOKS AND DAVIS bankruptcy estates, he owns Five Thousand (5,000) shares of common stock of VIRGINIA FLOOD.

2.   SELLER hereby warrants, with such warranty being a material part of this Agreement, that by virtue of his appointment as Chapter 7 Trustee of the CROOKS AND DAVIS bankruptcy estates, he

0621-001/3091495pms/spa.02                    2

has the authority to sell any and all stock in VIRGINIA FLOOD formerly owned by CROOKS AND DAVIS and now owned by the estates of CROOKS AND DAVIS.

3.    To effectuate the terms of the "Notice of Settlement," PURCHASERS hereby agree to purchase from SELLER, and SELLER hereby agrees to sell to PURCHASERS, Five Thousand (5,000) shares of common stock in VIRGINIA FLOOD for consideration of Fifty-Five Thousand Dollars ($55,000.00) being paid by PURCHASERS to SELLER.

4.    SELLER shall pay PURCHASERS the sum of Fifty-Five Thousand Dollars ($55,000.00) in the following disbursements:

(a)    Fifty Thousand Dollars ($50,000.000) shall be payable to SELLER upon delivery by SELLER of a Certificate of No Objections of other court order evidencing approval of the settlement agreement between the parties and delivery by Seller of this Agreement;

(b)    a final payment of Five Thousand Dollars ($5,000.00) on the 30-day anniversary of the execution of this Agreement.

In witness whereof, the parties have executed this Stock Purchase Agreement as follows:

PURCHASERS:

JAMES L. SELTZER, JR.

By: _____
    James L. Seltzer, Jr.

CLINTON D. HAISLIP

By: _____
    Clinton D. Haislip

Flood/DCDC 2134

SELLER:

MICHAEL G. RINN, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY
ESTATES OF MELVILLE R. DAVIS,
FLORENCE E. DAVIS, MARK J.
CROOKS and LYDIA CROOKS

By: _Michael G. Rinn_____
       Michael G. Rinn, Trustee

COUNTY OF ~~FAIRFAX~~ FREDERICK       )
~~COMMONWEALTH OF VIRGINIA~~ STATE oF MARYLAND       )  ss.

I, the undersigned Notary Public in and for the ~~Commonwealth~~ STATE of ~~Virginia~~ Maryland aforesaid, DO HEREBY CERTIFY that JAMES L. SELTZER, JR., whose name is subscribed to the foregoing instrument, appeared before me this day in person and severally acknowledged that he signed and delivered the said instrument of writing as his free and voluntary act and deed for the uses and purposes herein set forth.

GIVEN under my hand and Notarial Seal this _11th_ day of October, 1995.

_Sharon B. Hauptfuhrer_____
Notary Public

My Commission Expires:_____

Flood/DCDC 2135

COUNTY OF ~~FAIRFAX~~ FREDERICK )
~~STATE OF MARYLAND~~ )  ss.
~~COMMONWEALTH OF VIRGINIA~~ )

I, the undersigned Notary Public in and for the ~~Commonwealth~~ State of
Maryland ~~Virginia~~ aforesaid, DO HEREBY CERTIFY that CLINTON D. HAISLIP,
whose name is subscribed to the foregoing instrument, appeared
before me this day in person and severally acknowledged that he
signed and delivered the said instrument of writing as his free and
voluntary act and deed for the uses and purposes herein set forth.

GIVEN under my hand and Notarial Seal this 11th day of October,
1995.

_Sharon B. Hauser_
Notary Public

My Commission Expires: 2/6/99

*  *  *

STATE OF MARYLAND                  *
                                   *  to wit:
COUNTY OF Baltimore                *

I HEREBY CERTIFY that on this 18th day of September,
1995, before me, a Notary Public in and for the State and County
aforesaid, personally appeared MICHAEL G. RINN, Trustee known to me
(or satisfactorily proven) to be the person whose name is
subscribed to the foregoing and annexed instrument and acknowledged
that said individual executed the same for the purposes therein
contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Cynthia B. Younger_
Notary Public

My Commission Expires: _____

[NOTARIAL SEAL]

CYNTHIA B. YOUNGER
NOTARY PUBLIC
BALTIMORE COUNTY, MD
COMMISSION EXPIRES December 29, 1997

Flood/DCDC 2136

0621-001
2081795rms
affid.02

**AFFIDAVIT OF FACTS FOR ISSUANCE OF NEW CERTIFICATE**

County of Baltimore     )
                             )  ss:
State of Maryland       )

    MICHAEL G. RINN TRUSTEE ("Trustee") FOR THE BANKRUPTCY ESTATES OF MELVILLE R. DAVIS, FLORENCE E. DAVIS, MARK J. CROOKS and LYDIA CROOKS (hereinafter collectively referred to as "CROOKS AND DAVIS"), an individual residing in the State of Maryland, being duly sworn, deposes and says that:

    1.    On or about the 21st day of June, 1991 MARK J. CROOKS and MELVILLE R. DAVIS filed Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code.

    2.    On or about the 30th day of July, 1992 LYDIA CROOKS and FLORENCE E. DAVIS filed Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code.

    3.    The cases were subsequently consolidated.

    4.    On or about September 21, 1993 the DAVIS' AND CROOKS' cases were converted to ones under Chapter 7 of the United States Bankruptcy Code.

    5.    On or about the 29th day of November, 1993, the Trustee was appointed Chapter 7 Trustee for the estates of CROOKS AND DAVIS.

    6.    By virtue of his being appointed Chapter 7 Trustee, the Trustee owns a fifty percent (50%) interest in John C. Flood of Virginia ("Virginia Flood") represented by Five Thousand (5,000) shares of common stock.

Flood/DCDC 2137

7.  Said ownership is represented by certain stock certificates.

8.  Neither the certificates nor the rights of the stockholder named therein have, in whole or in part, been assigned, transferred, hypothecated, pledged or otherwise disposed of.

9.  The Trustee, as Trustee of the estates of CROOKS AND DAVIS, is entitled to the full and exclusive possession of the certificates.

10.  The Trustee, as Trustee of the estates of CROOKS AND DAVIS, states that this number of shares represents all shares in which he has an ownership interest.

11.  The Trustee is of the belief that the certificates have been lost or destroyed.

12.  The Trustee has made all diligent efforts to locate the certificates but has not been able to do so.

13.  This affidavit is made for the purpose of inducing Virginia Flood to issue new certificates in lieu of those alleged to have been lost or destroyed, and the Trustee does hereby agree to surrender immediately to Virginia Flood such lost certificates should they hereafter come into his possession or control.

MICHAEL G. RINN, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF MELVILLE R. DAVIS, FLORENCE E. DAVIS, MARK J. CROOKS and LYDIA CROOKS

By: _____
Michael G. Rinn, Trustee

0621-001/2081795pms/affid.02                    2

Flood/DCDC 2138

\* \* \*

STATE OF MARYLAND        \*
       \*   to wit:
COUNTY OF *BALTIMORE*      \*

    I HEREBY CERTIFY that on this _18th_ day of _SEPTEMBER_ , 19_95_, before me, a Notary Public in and for the State and County aforesaid, personally appeared MICHAEL G. RINN, TRUSTEE known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing and annexed instrument and acknowledged that said individual executed the same for the purposes therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:     CYNTHIA B. YOUNGER
                NOTARY PUBLIC
[NOTARIAL SEAL]     BALTIMORE COUNTY, MD
         COMMISSION EXPIRES _DECEMBER 29, 1997_

0621-001/2081795pms/affid.02           3

Flood/DCDC 2139

LAW OFFICES

# LINOWES AND BLOCKER

TENTH FLOOR
1010 WAYNE AVENUE

## SILVER SPRING, MARYLAND 20910-5600

(301) 588-8580

SUITE 840
800 H STREET, N.W.
WASHINGTON, D.C. 20001
(302) 408-3420
TELECOPIER (202) 408-1719

SUITE 402
841 W. LANE
GREENBELT, MARYLAND 20770
(301) 982-3362
TELECOPIER (301) 982-0695

TELECOPIER (301) 495-9044
*-*-TDD (301) 589-4386

148 MAIN STREET
ANNAPOLIS, MARYLAND 21404
(410) 268-0686
TELECOPIER (301) 280-3003

SUITE 102
226 W. PATRICK STREET
FREDERICK, MARYLAND 2701
(301) 695-0244
TELECOPIER 301 662-0078

SUITE 621
1005 F O. COLUMBIA 100
COLUMBIA, MARYLAND 21045
(410) 312-9497
TELECOPIER 410 290-5682

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122                                   April 20, 1995

Gary Weltmann, Esquire                           <ins>**VIA FACSIMILE &**</ins>
Suite 202, Jefferson Plaza                       <ins>**VIA FIRST CLASS MAIL**</ins>
600 E. Jefferson Street
Rockville, Maryland 20852

     Re:    <ins>In re: John C. Flood, Inc.</ins>
           Case No. 914-3011-SD

Dear Gary:

    Enclosed please find a certified copy of the Clerk's Certification of No Objections to Notice with respect to the Trustee's settlement with John C. Flood of Virginia, Inc., James L. Seltzer, Clinton D. Harslip.

    In accordance with the terms of the settlement, the sum of $55,000.00 is due and payable as follows:

    1.    $45,000.00 payable upon delivery by the Trustee of a Certificate of No Objections or other order resolving and evidencing court approval of this settlement;

    2.    $5,000.00 payable on the 30-day anniversary of such approval; and

    3.    a final payment of $5,000.00 payable on the 60th-day anniversary of said approval.

Please make the check(s) payable to Michael G. Rinn, Chapter 7 Trustee of J.C. Flood of Virginia, Inc., and forward them directly to Mr. Rinn.

    If you have any questions regarding this matter, please do not hesitate to contact me.

Flood/DCDC 1817

04-20-95    01:22PM

LINOWES AND BLOCHER

Gary Weltmann, Esquire
April 20, 1995
Page Two

Very truly yours,

LINOWES AND BLOCHER

Paul-Michael Sweeney

PMS:lec
Enclosure

cc:    Michael G. Rinn, Esq. (w/encl.; via fax)

0621.001\weltman.420

Flood/DCDC 1818

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

IN RE: John C. Flood                    :     Case No. 914-3011 SD
                                        :
                                        :     Chapter
                                        :

CLERK'S CERTIFICATION OF NO OBJECTIONS TO NOTICE

I, the undersigned Deputy Clerk of the United States
Bankruptcy Court for the District of Maryland at Greenbelt   for and
on behalf of the Clerk, do hereby certify that I have examined the
records of the Court relating to the above-captioned matter and
have discovered no objections filed to the Notice  of Settlement between

the Trustee and the John C. Flood Company of Virginia, Inc., James L. Seltzer
and Clinton D. Harslip,
and that the time for objection has expired.

                                    FRANK L. MONGE, Clerk


                            By: _____
                                    Deputy Clerk


Dated:    April 20, 1995


cc:

I hereby certify that the
foregoing is a true copy of the
original thereof now on file in
this office.
Dated this 20th day of
April 19 95
_____
Clerk, Bankruptcy Court

(Rev. 7/93)



LAW OFFICES
# LINOWES AND BLOCHER
Tenth Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907
(301) 588-8550
Telecopier (301) 495-9044



## FACSIMILE TRANSMITTAL SHEET

TO:       Gary Waltmann, Esq.                    FAX NO.:  279-7138

FROM:     Paul-Michael Sweeney, Esq.

CC:       Michael G. Rinn, Esq.

DATE:     April 20, 1995

RE:       J.C. Flood, Inc. -- Copy of Owner's Certification
          of No Objections No Notice

---

This transmittal consists of _____ pages, including cover
sheet. If you do not receive all pages enclosed or have any other
problems with reception please call us regarding at (301) 680-7122.

Indicate below if an original document or a copy will be sent
and if so, by what method:

          Yes ___X___ /No _____     Original _____/Copy _____

By:       Overnight Service _____   U.S. Postal Service _____
          Other _____

Comments/Instructions:


Confidentiality Notice: This facsimile contains confidential information
which may also be legally privileged and which is intended only for the use of
the addressee(s) named above. If you are not the intended recipient, you are
hereby notified that any dissemination or copying of this facsimile, or the
taking of any action in reliance on the contents of this telecopied information,
may be strictly prohibited. If you have received this facsimile in error, please
notify us immediately by telephone and return the entire facsimile to us at the
above address via the U.S. Postal Service. Thank you.

Flood/DCDC 1820

LAW OFFICES

# LINOWES AND BLOCHER

TENTH FLOOR

1010 WAYNE AVENUE

## SILVER SPRING, MARYLAND 20910-5600

(301) 588-8580

SUITE 840
800 K STREET, N.W.
WASHINGTON, D.C. 20001
(202) 408-3280
TELECOPIER (202) 408-1719

SUITE 402
641 IVY LANE
GREENBELT, MARYLAND 20770
(301) 982-3382
TELECOPIER (301) 982-0595

TELECOPIER (301) 455-9044
TTY/TDD (301) 588-3380

145 MAIN STREET
ANNAPOLIS, MARYLAND 21404
(410) 268-0881
TELECOPIER (301) 261-2603

SUITE 102
228 W. PATRICK STREET
FREDERICK, MARYLAND 21701
(301) 695-0244
TELECOPIER (301) 663-6656

SUITE B215
10015 OLD COLUMBIA ROAD
COLUMBIA, MARYLAND 21046
(410) 312-3497
TELECOPIER (410) 290-5285

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122                    March 16, 1995

## PRIVILEGED AND CONFIDENTIAL
## FOR SETTLEMENT PURPOSES ONLY

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland 20852

          Re:   Settlement

Dear Gary:

    This letter serves to set forth the general terms of the agreement that was reached at the February 14, 1995, meeting between Michael G. Rinn, Trustee ("Trustee") and your clients, John C. Flood of Virginia, Inc. ("VA Flood"), and Mr. Seltzer and Mr. Haislip. The agreement provides that Mr. Seltzer and Mr. Haislip will pay the total sum of $55,000.00 to the Trustee in full and final settlement of all claims, causes of action, or any disputes which the Trustee may hold against VA Flood, Mr. Seltzer and Mr. Haislip. The sum of $55,000.00 shall be payable as follows:

    1.   $45,000.00 payable upon delivery by the Trustee of a Certificate of No Objections or other order resolving and evidencing court approval of this settlement;

    2.   $5,000.00 payable on the 30-day anniversary of such approval; and

    3.   a final payment of $5,000.00 payable on the 60th-day anniversary of said approval.

    Upon final payment, the Trustee and Va Flood, Mr Haislip and Mr. Seltzer agree that they will mutually release any and all claims and causes of action, known or unknown, which they may have against each other or the bankruptcy estates. The trustee agrees

Flood/DCDC 2437

LINOWES AND BLOCHER
Gary Weltmann, Esquire
March 16, 1995
Page 2

to give to VA Flood, Mr Haislip and Mr. Seltzer any and all shares
of Stock which the trustee may own in John C. Flood of Virginia,
Inc.   The trustee also agrees to do all that is reasonably
necessary to effectuate the transfer of the stock.  To the extent
necessary, VA Flood will assign any and all claims and causes of
action it may have against the Trustee or the bankruptcy estates.
If, however, the Trustee fails to commence a legal proceeding with
respect to these assigned claims and causes of action within a
reasonable period of time, which shall not be less than one year
from today's date, the assigned claims and causes of action may be
pursued by VA Flood, Mr. Haislip or Mr. Seltzer and the Trustee
shall reassign said claims and causes of action to them upon
receipt of written request to do so.

     The parties' release will in no way release or impair the
causes of action being assigned.

     Finally, the parties agree to assist one another in such other
and further endeavors as are necessary to implement the oral
agreement reached on February 14, 1995.

     If this generally sets forth the understanding which we
reached on February 14, 1995, please execute the signature block
below and return a signed copy to me at your earliest convenience.
A proposed Notice of Settlement is attached.

                              Very truly yours,

                              LINOWES AND BLOCHER


                              Paul-Michael Sweeney

PMS:jmt

cc: Michael G. Rinn, Esquire

ACKNOWLEDGED AND AGREED TO:

By: _____
   Gary Weltmann, Esquire
   Suite 202, Jefferson Plaza
   600 E. Jefferson Street
   Rockville, MD  20852

Dated: March 28 , 1995

Flood/DCDC 2438

MAR-28-95 09:32A JOHN   FLOOD OF VA, INC. 703-641-8964          P.02
MR 16 '95 18:39 BLANK  DORSTEIN                        P.2

LAW OFFICES
# LINOWES AND BLOCHER
TENTH FLOOR
1010 WAYNE AVENUE
SILVER SPRING, MARYLAND 20910-5600
(301) 588-8580

SUITE 640                    TELECOPIER (301) 408-1044
600 S STREET, N.W.           TTY/TDD (301) 588-3380
WASHINGTON, D.C. 20001
(202) 408-3720
TELECOPIER (202) 408-1740

SUITE 402
641 IVY LANE
GREENBELT, MARYLAND 20770
(301) 982-3387
TELECOPIER (301) 982-0589

145 MAIN STREET
ANNAPOLIS, MARYLAND 21401
(410) 268-0881
TELECOPIER (301) 261-2603

SUITE 102
228 W. PATRICK STREET
FREDERICK, MARYLAND 21701
(301) 695-0244
TELECOPIER (301) 663-8936

SUITE 525
100-B OLD COLUMBIA ROAD
COLUMBIA, MARYLAND 21045
(410) 312-8457
TELECOPIER (410) 730-3265

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122          March 16, 1995

**PRIVILEGED AND CONFIDENTIAL**
**FOR SETTLEMENT PURPOSES ONLY**

Gary Weltmann, Esquire
Law Offices of Gary Weltmann
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland  20852

Re:  **Settlement**

Dear Gary:

This letter serves to set forth the general terms of the agreement that was reached at the February 14, 1995, meeting between Michael G. Rinn, Trustee ("Trustee") and your clients, John C. Flood of Virginia, Inc. ("VA Flood"), and Mr. Seltzer and Mr. Haislip. The agreement provides that Mr. Seltzer and Mr. Haislip will pay the total sum of $55,000.00 to the Trustee in full and final settlement of all claims, causes of action, or any disputes which the Trustee may hold against VA Flood, Mr. Seltzer and Mr. Haislip. The sum of $55,000.00 shall be payable as follows:

1.  $45,000.00 payable upon delivery by the Trustee of a Certificate of No Objections or other order resolving and evidencing court approval of this settlement;

2.  $5,000.00 payable on the 30-day anniversary of such approval; and

3.  a final payment of $5,000.00 payable on the 60th-day anniversary of said approval.

Upon final payment, the Trustee and VA Flood, Mr. Haislip and Mr. Seltzer agree that they will mutually release any and all claims and causes of action, known or unknown, which they may have against each other or the bankruptcy estates.  The trustee agrees

Flood/DCDC 2442

Mar-28-95 09:32A JOHN    FLOOD OF VA, INC. 703 541-8964    P.03
MAR 16 '95 18:40 BLANK JORSTEIN    P.3    P.03

**LINOWES AND BLOCHER**

Gary Weltmann, Esquire
March 16, 1995
Page 2

to give to VA Flood, Mr Haislip and Mr. Seltzer any and all shares
of Stock which the trustee may own in John C. Flood of Virginia,
Inc.   The trustee also agrees to do all that is reasonably
necessary to effectuate the transfer of the stock.   To the extent
necessary, VA Flood will assign any and all claims and causes of
action it may have against the Trustee or the bankruptcy estates.
If, however, the Trustee fails to commence a legal proceeding with
respect to these assigned claims and causes of action within a
reasonable period of time, which shall not be less than one year
from today's date, the assigned claims and causes of action may be
pursued by VA Flood, Mr. Haislip or Mr. Seltzer and the Trustee
shall reassign said claims and causes of action to them upon
receipt of written request to do so.

    The parties' release will in no way release or impair the
causes of action being assigned.

    Finally, the parties agree to assist one another in such other
and further endeavors as are necessary to implement the oral
agreement reached on February 14, 1995.

    If this generally sets forth the understanding which we
reached on February 14, 1995, please execute the signature block
below and return a signed copy to me at your earliest convenience.
A proposed Notice of Settlement is attached.

                            Very truly yours,

                            LINOWES AND BLOCHER

                            Paul-Michael Sweeney

PMS:jmt

cc: Michael G. Rinn, Esquire

ACKNOWLEDGED AND AGREED TO:

By:
    Gary Weltmann, Esquire
    Suite 202, Jefferson Plaza
    600 E. Jefferson Street
    Rockville, MD 20852

Dated: _____, 1995

Flood/DCDC 2443

 

LAW OFFICES

# GARY F. WELTMANN, P.C.

JEFFERSON PLAZA, SUITE 202
600 EAST JEFFERSON STREET
ROCKVILLE, MARYLAND 20852

ADMITTED TO PRACTICE IN MARYLAND,
THE DISTRICT OF COLUMBIA & VIRGINIA

PHONE: 301-279-0303
FACSIMILE: 301-279-7138

December 29, 1994

VIA FACSIMILE (301) 495-9044

Paul-Michael Sweeney, Esquire
Linowes & Blocher
10th Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907

Re: In Re John C. Flood, Inc.

Dear Paul:

Following our meeting several weeks ago, and in consideration of the issues raised therein, my clients have decided to revise their last offer. I have now sent you all of the documents which you requested so that you may make an informed decision. Rather than repeat all of the relevant facts previously forwarded, I refer you to my letter of July 30, 1993 to Brian E. Barkley, former Trustee, a copy of which, for your convenience, is attached.

Given this information and the fact that my clients possess a good deal of information regarding the Debtors' post-petition actions which could lead the estate to additional funds, my clients offer the following:

1. The sum of $20,000.00 to purchase whatever portion of John C. Flood of Virginia, Inc. which the Trustee may own (this has never definitively been figured out). Said payment shall be made at the monthly rate of $2,000.00, which monthly payment shall begin fifteen days after the deal is finalized.

2. My clients will fully cooperate with the Trustee in providing information and leads as to the Debtors' past actions or actions going forward. Of course the Trustee must be reasonable with his requests. This cooperation includes court or deposition testimony if necessary.

My clients realize that you are in the position to get information from them through the use of deposition testimony even without any deal. However, we hope that you will recognize there forthright behavior all throughout this case as a factor in making your decision. This has been a tough process for them through no fault of their own and they would like to put it behind them. As you know, none of the Debtors have given them one iota of help with John C. Flood of Virginia, Inc. in recent years, and have actually greatly hindered its progress.

Flood/DCDC 1848

Gary F. Weltmann, P.C.

Paul Sweeney, Esquire
December 29, 1994
Page Two

     Thank you for your continuing attention to this matter. I look forward to hearing from you at your earliest convenience. I wish you and your family a healthy and happy New Year.

Very truly yours,

Gary F. Weltmann

Enclosures

cc: James Seltzer/Mo Haislip
    (via facsimile)

Flood/DCDC 1849

*Law Offices*

# GINS & SEEBER, P.C.

SUITE 200
2021 L STREET, N.W.
WASHINGTON, DC 20036-4909
202/785-9123
FAX 202/785-9678

RICHARD H. GINS
BRIAN R. SEEBER*
JANET M. NESSE*

STEVEN H. GREENFELD*
GARY F. WELTMANN*
* ADMITTED IN DC, MD AND VA

MARYLAND OFFICE:
SUITE 505
451 HUNGERFORD DRIVE
ROCKVILLE, MARYLAND 20850

(301) 762-9123

July 30, 1993

Brian E. Barkley, Esq.
Barkley & Kennedy
51 Monroe Street
Rockville, MD  20850

Re:  <u>In re: John C. Flood of Virginia, Inc.</u>

Dear Brian:

As you know, this firm represents John C. Flood of Virginia, Inc. whose shareholders would like to purchase the stock that you, as trustee for Mr. Crooks and Mr Davis, hold in same.  In response to our request, you had asked me to compile a list of the funds which have been paid for the 50% of the stock which our clients currently hold and, for the 50% of the stock which you, as trustee, may hold.

Enclosed please find two letters of March 5, 1992 to each James L. Seltzer and Moe Haislip stating that as of that date the sum of $25,500.00 was owed by each for the initial 50% of stock. As you know, Mr. Crooks and Mr. Davis were receiving several payments per month from my clients.  Each of these payments were to be applied to the balance owed to them on the first 50% of stock.

There were 2 types of payments: that of $700.00 per month, which was actually taken out of checks submitted by Crooks and Davis to my clients, and payments of $500.00 per week, which were given by my clients to Crooks and Davis directly.  Between the time of March 5, 1992 and the time when the trustee was appointed, my clients each made 12 payments of the $700.00 variety for a total payment of $16,800.00.  Additionally, my clients made approximately 52 payments each of the $500.00 variety for a total payment of $25,000.00 each.  These payments alone total $15,800.00 more than what they were supposed to pay for the first 50% of the stock.

However, these were not their only payments.  John C. Flood, Inc. also received payment in the form of equipment which they were unable to purchase because of their poor credit.  It was agreed between the parties that these funds too would be applied toward the purchase of stock in John C. Flood of Virginia, Inc.  Enclosed

Flood/DCDC 2025

Brian E. Barkley, Esq.
Page 2
July 30, 1993

you will find invoices totalling approximately $20,000.00 for
equipment which was purchased by my clients for the sole benefit of
John C. Flood, Inc.  You will note that all of this equipment has
been purchased since March 5, 1992.

Moreover, there existed an agreement that John C. Flood would
purchase advertising for all three locations (Maryland, Virginia
and D.C.) (this also was done because John C. Flood could not
obtain credit) and any money laid out in that regard was to be
credited against the moneys to be paid for the purchase of stock.
Enclosed you will find invoices from News Channel 8 for $6,000.00
worth of advertising since March 5, 1992.  Of course, $2,000.00 of
this must be attributable to John C. Flood of Virginia, Inc. and
should not be viewed as a payment toward the stock.

Adding up all of the above figures, it is obvious that the
first 50% of stock has been paid for in full.  In fact, an
additional $42,800.00 extra has been paid to Crooks and Davis and
John C. Flood, presumably toward the purchase of the rest of the
stock.  You will be advised that this does not include sums in
excess of $20,000.00 which would probably be regarded as pre-
petition loans.

Brian, my guys have been swindled too.  They have run John C.
Flood of Virginia, Inc. since its inception without any help from
John C. Flood, Inc. or Crooks and Davis.  No cash has been put into
the business by either Crooks or Davis and their consultations have
been minimal.  Jim Seltzer and Moe Haislip are just trying to get
out of this situation as cleanly as possible, despite the fact that
they have been dirtied by the presence of Crooks and Davis.  They
have paid over far too much money for this company as it stands
today, and would like to stop the bleeding.  It is only a result of
their perseverance  and hard work that John C. Flood of Virginia,
Inc. even exists today.  Additionally, it is only because of my
clients' full cooperation in connection with the bankruptcy cases
that a Trustee was appointed in the first place.   They should
certainly be rewarded in some fashion for that.

Also enclosed, please find a tax return for John C. Flood for
1992 as well as accompanying income statements and balance sheets.
As you can see, there is no real net worth to this company to any
body, except for Seltzer and Haislip who have put their life blood
into it.  However, they do recognize that the phone numbers may be
worth something and that they have been placed in a bit of a bind
with you holding a few cards.  Accordingly, they would like to
offer you the sum of $10,000.00 to purchase whatever portion of the
business that you may own.  My clients propose to make five monthly
payments of $2,000.00 each and will be happy to commence those
payments on September 1, 1993 if we can make a deal by then.

Flood/DCDC 2026

Brian E. Barkley, Esq.
Page 3
July 30, 1993

Please review the enclosed and get back to me at your earliest
convenience to discuss this matter.  Also, we would be happy to
meet with you at your convenience to further discuss.  With
regards, I remain

Very truly yours,

GINS & SEEBER, P.C.

Gary F. Weltmann

Flood/DCDC 2027

 

LAW OFFICES

# GARY F. WELTMANN, P.C.

JEFFERSON PLAZA, SUITE 202
600 EAST JEFFERSON STREET
ROCKVILLE, MARYLAND 20852

ADMITTED TO PRACTICE IN MARYLAND,
THE DISTRICT OF COLUMBIA & VIRGINIA

PHONE: 301-279-0303
FACSIMILE: 301-279-7138

October 26, 1994

VIA FACSIMILE (301) 495-9044

Paul-Michael Sweeney, Esquire
Linowes & Blocher
10th Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland  20907

Re:  In Re John C. Flood, Inc.

Dear Paul:

Pursuant to your request in our meeting last week, enclosed please find documents which were attached as back up to my July 30, 1993 correspondence to Brian Barkley, the former trustee. Specifically, you will find the two letters of March 5, 1992 and invoices totalling approximately $20,000.00 for equipment which was purchased by my clients for the sole benefit of John C. Flood, Inc. since March 5, 1992.

Regarding the other items which we discussed, copies of tax returns filed by John C. Flood of Virginia, Inc. since its inception shall be forwarded to you directly by my clients under separate cover; we have already given you the good standing certificate; and at our meeting you made a copy of the advertising bills. You still owe me a copy of a "Buy/Sell Agreement" which you have told me is related to this matter.

Should you have any questions or comments, give me a call. I look forward to hearing from you soon regarding my clients' offer of $10,000.00 and seeing you at your office on November 11, 1994. With regards, I remain,

Very truly yours,

Gary F. Weltmann

Enclosures

Flood/DCDC 1879

March 05, 1992

To Whom It May Concern:

As of this date, it is resolved that James L. Seltzer in full
and final consideration, owes $25,500.00. Balances to be paid in
consecutive monthly installments.

MoE

① Pd 500.⁰⁰  clk # 664  -3642
② Pd 700. - clk #1079 - 4-24-92
③ Pd 700                5-23-92
④ Pd 700                6-19-92
⑤ Pd 700                7-17-92
⑥ Pd 700                8-14-92
⑦ Pd 700                9-12-92
⑧ Pd 700                10-16-92
⑨ Pd 700                11-13-92
⑩ Pd 700                12-11-92
⑪    700                1-8-93
⑫    700                2-12-93
      200                3/93

Next we will Pay Flood Ins on $1,000-

Flood/DCDC 1880

March 05, 1992

To Whom It May Concern:

As of this date, it is resolved that James L. Seltzer in full
and final consideration, owes $25,500.00. Balances to be paid in
consecutive monthly installments.

① Pd 500.⁰⁰  clk # 604 - 3-6-92
② Pd 700.- clk #1071 - 4-24-92
③ Pd 700     5-23-92
④ Pd 700     6-19-92
⑤ 11 700     7-17-92
⑥ Pd 700     8-14-92
⑦ Pd 700     9-12-92
⑧ Pd 700     10-16-2
⑨ Pd 700     11-1-92
⑩ Pd 700     12-11-92

Next week we will pay
$1000 on Flood Inc Acc



Flood/DCDC 1882

ORIGINAL INVOICE

F NURTHERN VA.
. BOX 10813
NTILLY, VA. 22021-0813

PHONE 703-968-4500
4100 WESTFAX DR.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT – NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| OICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | B/L NO. |
|---|---|---|---|---|---|
| 6645 | 05 05 92 | DLM | 6080-00 PU | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

IS=C
IA=I
AI=C

REFERENCE DOCUMENT: S036771

REC'D BY

MER INO ► PMW6484

| QUANTITY | | DESCRIPTION | UNIT PRICE | |
|---|---|---|---|---|
| 1 | 01319850 | 3BTG 036 3 COND UNIT | 474.00 | 474.00 |
| | | S E R I A L   N U M B E R S | | |
| | 01319850 | 1091E01776 | | |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| | NET 10TH OF MONTH FOLLOWING PURCHASE | | SUB-TOTAL | STATE SALES TAX | | INVOICE TOTAL |
|---|---|---|---|---|---|---|
| | | | 474. | 21.53 | 0.00 | 495.53 |

PAY THIS AMOUNT

Flood/DCDC 1883

NORTHERN VA.
BOX 646
ON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT → NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| NO | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | BAL NO. |
|----|-----|-----|-----|----|----|----|
| 14 | 10 07 92 | RHH | 6080-00 | P | | |

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TS=0
TA=T
AI=0

PMW7331

REC'D BY

| QUANTITY BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|----|----|----|----|----|
| | 32075680 | 30B597-801 HARDWARE PKG | 13.20 | 13.20 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| NET 10th OF MONTH FOLLOWING PURCHASE | 13.20 | VA | 0.4% | 0.00 | 13.79 |
|----|----|----|----|----|----|
| TERMS | SUB-TOTAL | STATE SALES TAX | | TRANSPORTATION CHARGE | PAY THIS AMOUNT |

INVOICE TOTAL

Flood/DCDC 1884

...ERN VA.
...646
...VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION    NON-ORIGINAL INVOICE
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1-- PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT. — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | O.I. NO. |
|---|---|---|---|---|---|
| 10 01 92 | AHR | 6080-00 | P/U | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
IA=T
AI=0

▶ PMW729B

REC'D BY  _Ida Reynolds_

| QUANTITY | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 34012142 | HR 61GA 002 CIRCUIT BOARD | 220.35 | 220.35 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE D.P. | INVOICE TOTAL |
|---|---|---|---|---|---|
| 1 | NET 10th OF MONTH FOLLOWING PURCHASE | 220.35 | VA 9.92 | 0.00 | 230.27 |
| UNITS | | | | | PAY THIS AMOUNT |

Flood/DCDC 1885



NORTHERN VA.
BOX 646
, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1¼% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO | VIA | IIA NO |
|---|---|---|---|---|---|
| 7604 | 10 08 92 | BLS | 60E0-00 | W/C | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
TA=T
AI=0

REFERENCE DOCUMENT: 5041840

OWER
ER NO. ► PMW7324

REC'D BY

IMENT ►

| QUANTITY SHIPPED | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 01320830 | SETR NG 3 COND UN! | 964.00 | 964.00 |
| 1 | | 00807215 | CC5AXA036000AAAA U-CS/P1S17VER | 132.00 | 132.00 |
| 1 | | 32075450 | 308264-301/5B5X308264301 RED | 3.77 | 3.77 |
| | | | S E R I A L   N U M B E R S | | |
| | | 01320830 | 2693E02616 | | |
| | | 00807215 | 3893X13454 | | |

| | | INVOICE TOTAL |
|---|---|---|
| 3 | NET 10th OF MONTH FOLLOWING PURCHASE | 1,149.26 |

| ACUNTS | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 3 | NET 10th OF MONTH FOLLOWING PURCHASE | 1,099.77 | VA    49.49 | 0.00 | 1,149.26 |

Flood/DCDC 1886



F NORTHERN VA.
. BOX 646
NDUN, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| ICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|---|
| 159 | 09 16 92 | BLS | 6080-00 | O/T | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
TA=T
AI=0

REFERENCE DOCUMENT: S041327

PMW7237

REC'D BY   Buck David Davis

SMITH

| QUANTITY ED | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | 1 | 08461530 | 697ANX030 PREMIUM 12 SEER H P | 1,018.00 | 1,018.00 |
| 3 | | 00809960 | KSASF0101AAA SUPPORT FEET (THI | 12.00 | 36.00 |
| 2 | | 01981792 | FK4ANF003000AAAA FAN COIL | 549.00 | 1,098.00 |
| 1 | | 01981796 | FK4ANF004000AAAA FAN COIL | 590.00 | 590.00 |
| 2 | | 00808060 | KFAEH0601F20 20KW/1PH/FUSED | 81.00 | 162.00 |
| 1 | | 00808040 | KFAEH0401N10 10KW/1PH/NO-PROT | 36.00 | 36.00 |
| 0 | 3 | 44001000 | 3/80DX50 REF CPR COIL (6.7) | 16.62 | |
| 3 | | 44001400 | 3/40DX50 REFRG CPR COIL (15.25) | 33.47 | 100.41 |
| 1 | 1 | 08819781 | 913BAX000084 HUMIDIFER | 120.00 | 120.00 |
| 3 | | 35040100 | **Y594R 1243 MAN HP STAT-BASE | 39.92 | 119.76 |

S E R I A L   N U M B E R S

08461530  5291E14291
01981792  2292H15251, 2292H15252

| | | | | | INVOICE TOTAL |
|---|---|---|---|---|---|
| 17 | NET 10th OF MONTH FOLLOWING PURCHASE | 3,280.17 | VA 147.61 | 0.00 | 3,427.78 |
| NITS | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGES | PAY THIS AMOUNT |

JOHN DEAN...
BOX  646
N, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE  703-934-5200
2776 TOWE VIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B.L. NO. |
|---|---|---|---|---|---|
| 09 08 92 | DLM | 6080-00 | DIRECT SHIPMENT | | |

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)
TS=0
TA=T
AI=A6

| 7134 | REC'D BY |
|---|---|

AES BELTSVILLE INVOICE 249568

| ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 34002920 | CES0110019 CIRCUIT BOARD | 63.57 | 63.57 |

| | | | | | INVOICE TOTAL |
|---|---|---|---|---|---|
| T 10th OF MONTH LLOWING PURCHASE | 63.57 | VA | 2.86 | 0.00 | 66.43 |
| TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGES | PAY THIS AMOUNT |

Flood/DCDC 1888



ORIGINAL INVOICE

F NORTHERN VA.
. BOX 646
ANDON, VA. 22071-0646

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| VOICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | BA. NO. |
|---|---|---|---|---|---|
| 6851 | 08 27 92 | DLM | 6080-00 | W/C | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
T/=T
AI=0

REFERENCE DOCUMENT: 3040871

TOWER E.R NO. ► PMW 7165

RECD BY *Richard Wolfe*

AMENT ►

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | |
|---|---|---|---|---|
| 1 | 00807260 | CC5AXC048000AAAA U-CS/PIST/VER | 152.00 | 152.00 |
| 1 | 08315048 | 561AJX048000 COND UNIT | 774.00 | 774.00 |
| 1 | 01981225 | FB4ANA048000AAAA FAN COIL | 469.00 | 469.00 |

S E R I A L   N U M B E R S

| | 00807260 | 2B92X46176 |
| | 08315048 | 2B92E03151 |
| | 01981225 | 1B92H02566 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

INVOICE TOTAL

| TAX LIMIT | TERMS | SUB-TOTAL | STATE SALES TAX | | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| | NET 10th OF MONTH FOLLOWING PURCHASE | | VA    82.78 | 0.00 | 1,457.78 |

Flood/DCDC 1889



ORIGINAL INVOICE

NORTHERN VA.
BOX 646
ON, VA. 22071-0646

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| OICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | | BA NO. |
|---|---|---|---|---|---|---|
| 3297 | 07 17 92 | BLB | 6080-00 | W/C | | |

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

IS=0
IA=T
AI=0

REFERENCE DOCUMENT: S039637

PMW/026

REC'D BY  John Weaver

| | | | | | 952.00 | 952.00 |
|---|---|---|---|---|---|---|
| 1 | | 0B457040 661AJX04B000 HEAT PUMP | | | 952.00 | 952.00 |
| | | S E R I A L   N U M B E R S | | | | |
| | | 0B457048 0B92E34746 | | | | |

THANKS FOR BUYING FROM ALS of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| 1 | NET 10th OF MONTH FOLLOWING PURCHASE | | 952.00 | VA | 42.84 | 0.00 | 994.84 |
|---|---|---|---|---|---|---|---|
| | | | | | | INVOICE TOTAL PAY THIS AMOUNT | |

Flood/DCDC 1890



ORIGINAL INVOICE

NORTHERN VA.
BOX 646
ON, VA. 22071-0646

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1¼% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| ICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | BAL NO. |
|---|---|---|---|---|---|---|
| 13935 | 07 23 92 | DLM | 6080-00 | DIRECT SHIPMENT | | |

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TS=0
TA=T
AI=A5

OMER
ER NO. ▶ JLS7001

REC'D BY

MENT ▶ P/U AES ALEX. INVOICE 239243

| QUANTITY SHIPPED | ITEM CODE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 34007786 | HC680005/P251-2502 MOTOR | 80.60 | 80.60 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

INVOICE TOTAL

| COUNT | | WEIGHT | | SUB-TOTAL | STATE TAX SALE TAX | FREIGHT | PAY THIS AMOUNT |
|---|---|---|---|---|---|---|---|
| NET 10th OF MONTH FOLLOWING PURCHASE | | | | | | | |
| 1 | | | | 80.60 | VA 3.53 | 0.00 | 84.23 |

Flood/DCDC 1891

ORIGINAL INVOICE

...THERN VA.
...646
...VA. 22071-0646

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|
| 06 29 93 | DLM | 6080-00 | DIRECT ...MENT | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

TS=0
TA=T
A1=A5

...MER NO. ► JLS6655

REC'D BY

...MENT ► P/U AES ALEX. INVOICE 237360

| | | | DESCRIPTION | | | | |
|---|---|---|---|---|---|---|---|
| 1 | | 35102960 | DERA-MITE 305C15ROZ PIG PIT | | | 17.81 | 17.81 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:50 to 12:00

| | NET 10th OF MONTH FOLLOWING PURCHASE | | | | | INVOICE TOTAL |
|---|---|---|---|---|---|---|
| 1 | | | 17.81 | VA | 0.80 | 0.00 | 18.61 |
| | | | | | | PAY THIS AMOUNT |

Flood/DCDC 1892



NOLAND

506 R   11/04/92   1

INVOICE
N-013940

Shipped Via
CUSTOMER

Date Shipped
10/30/92

1R

JOHN C FLOOD OF VIRGINIA INC
2870 HARTLAND ROAD
FALLS CHURCH, VA 22043

C- 10955
Branch 4101   Item 251

| Quantity Shipped | Your P.O. Number | National Std. Number | Basic Ord. No. | Item Description | Job Code | Job Name | Unit Sold | Unit Price | Disc. | Total Price |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 198-8054 | RUUD 70-18629-01 | BLOWER WHEEL | | SHOP | EA | 20.5429 NET | 33 | 2054 |

*Hyattsville*

Total Before Tax   2054
City Tax
County Tax
State Tax

TOTAL DUE   $21.46

NOLAND COMPANY
6607 WILSON BLVD
FALLS CHURCH 22044 VA
CALL /703/241-5000 FOR ASSISTANCE.

NOLAND COMPANY APPRECIATES YOUR BUSINESS.
SEE TERMS AND CONDITIONS ON THE REVERSE SIDE.

FED. ID #54-0000170

-.04

Flood/DCDC 1893



NORTHERN VA.
BOX 10813
ILLY, VA. 22021-0813

ORIGINAL INVOICE

PHONE 703-968-4500
4100 WESTFAX DR.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | BA. NO. |
|---|---|---|---|---|---|
| 05 22 92 | DLM | 6060-00 | P/U R595 | | |

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)
TS=0
TA=T
A1=0

REFERENCE DOCUMENT: 6036408

NO. ► JLS6444

REC'D BY

INT ►

| | | DESCRIPTION | | | |
|---|---|---|---|---|---|
| 1 | 01320462 | SBTR USO 3 LONG GR | | 1,036.00 | 1,036.00 |
| | | S E R I A L   N U M B E R S | | | |
| | 01320462 | 1092E01458 | | | |

THANKS FOR BUYING FROM A&D OF NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| | NET 10th OF MONTH FOLLOWING PURCHASE | | | | INVOICE TOTAL |
|---|---|---|---|---|---|
| 1 | | 1,036.00 | VA | 46.62 | |
| | | | | 0.00 | 1,082.62 |
| | | | | | PAY THIS AMOUNT |

Flood/DCDC 1894



NORTHERN VA.
X 646
, VA. 22071-0646

ORIGINAL INVOICE

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE
ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL
PERCENTAGE RATE

IMPORTANT - NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION.
CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO
DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO | | VIA | B/L NO. |
|---|---|---|---|---|---|
| 06 22 92 | DLM | 5080-00 | DIRECT SHIPMENT | | |

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

18=0
1A=T
A1=A5

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

NO ► JL56623

REFERENCE DOCUMENT: SO38360

REC'D BY

P/U AES ALEX. INVOICE 236277

| QUANTITY SHIPPED / BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 08356339 | S97BNX036 12 SECR COND UNIT | 890.00 | 890.00 |
| | | S E R I A L   N U M B E R S | | |
| | 08356339 | 1692E38339 | | |

JOIN AES of NORTHERN VA AT OUR OPEN HOUSE WEDNESDAY JUNE 24th
12 NOON TILL 7 p.m.

NET 10th OF MONTH
FOLLOWING PURCHASE

| TERMS | SUB-TOTAL | VA STATE SALES TAX | TRANSPORTATION | INVOICE TOTAL |
|---|---|---|---|---|
| | 890.00 | 40.05 | 0.00 | 890.05 |
| | | | | PAY THIS AMOUNT |

Flood/DCDC 1895



NORTHERN VA.
BOX 646
DON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION—ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | UA NO. |
|---|---|---|---|---|---|
| 7000 | 02 03 93 | AMA | 6080-00 | DIRECT SHIPMENT | |

SHIP TO (SAME AS SOLD UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=O
TA=T
AI=A5

MER NO. ► KLF8175

REC'D BY

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 34083540 | 309868-753\752\751/588X308196 | 162.50 | 162.50 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

INVOICE TOTAL

| | NET 10th OF MONTH FOLLOWING PURCHASE | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 1 | | 162.50 | VA 7.31 | 0.00 | 169.81 |

Flood/DCDC 1896



OF NORTHERN VA.
. BOX 646
NDON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN, 10 DAYS AFTER, DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|---|
| 28998 | 02 03 93 | AMA | 6080-00 | DIRECT SHIPMENT | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

SOLD TO ►
JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=O
TA=T
AI=A5

CUSTOMER ORDER NO. ► KLFB175

REC'D. BY

COMMENT ►

| QUANTITY SHIPPED | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 32063600 | P771-9003 RTV SEALANT | 16.25 | 16.25 |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:50 to 12:00

INVOICE TOTAL

| TOTAL UNITS | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 1 | NET 10th OF MONTH FOLLOWING PURCHASE | 16.25 | VA 0.73 | 0.00 | 16.98 |

Flood/DCDC 1897



NORTHERN VA.
BOX 646
DON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18 ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| DICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|---|
| 035 | 02 03 93 | AMA | 6080-00 | P/U | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
TA=T
AI=0

MER NO ► MOE8190

REC'D BY

ENT ►

| QUANTITY | ITEM/GOOD PRICE | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 08600262 | 235CAW002070 GAS BLR W/SP HD D REPLACES SO #44948 | 686.00 | 686.00 |
| | | S E R I A L   N U M B E R S | | |
| | 08600262 | 0293V00119 | | |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| NET 10th OF MONTH FOLLOWING PURCHASE | | | INVOICE TOTAL |
|---|---|---|---|
| 1 | 686.00 | VA 30.87 | 0.00 | 716.87 |

PAY THIS AMOUNT

PAY THIS AMOUNT

Flood/DCDC 1898



F NORTHERN VA.
BOX 646
DON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE

PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT. — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM

| ICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO | VIA | B/L NO. |
|---|---|---|---|---|---|
| 7095 | 01 13 93 | AMA | 6080-00 | PU | |

TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

TS=0
TA=7
AI=0

REFERENCE DOCUMENT: SU14345

WER
NO ► MOEB075

RECD
BY

ENT ►

| QUANTITY | | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| SHIPPED | BACK ORDERED | | | | |
| 1 | | 00806024 | HA1AJX024000ABAA HEAT PUMP | 565.00 | 565.00 |
| | | | S E R I A L   N U M B E R S | | |
| | | 00806024 | 3192E04313 | | |

THANKS FOR BUYING FROM AES of NORTHERN VIRGINIA
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | INVOICE TOTAL |
|---|---|---|---|---|
| NET 10th OF MONTH FOLLOWING PURCHASE | 565.00 | VA 25.43 | 0.00 | PAY THIS AMOUNT 590.4 |

Flood/DCDC 1899



NORTHERN VA.
BOX 646
DON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2276 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|---|
| 5708 | 01 07 93 | JNP | 6080-00 | DIRECT SHIPMENT | | |

TO
JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)
TS=O
TA=T
AI=A1

REFERENCE DOCUMENT: S044126

VER NO. ► PMW8022

REC'D BY

| QUANTITY SHIPPED / BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 08220172 | 580/584 ANW036100AAAG GAS/ELEC | 1,356.75 | 1,356.75 |
| | | S E R I A L   N U M B E R S | | |
| | 08220172 | 4591C48160 | | |

NET 10th OF MONTH FOLLOWING PURCHASE

| TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | INVOICE TOTAL / PAY THIS AMOUNT |
|---|---|---|---|---|
| | 1,356.75 | VA 61.05 | .00 | 1,417.80 |

Flood/DCDC 1900



NORTHERN VA.
BOX 646
UN, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE
ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL
PERCENTAGE RATE

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION.
CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO
DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM

| E. NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | U.I. NO. |
|---|---|---|---|---|---|
| 24 | 12 07 92 | JNP | 6080-00 | DIRECT SHIPMENT | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

TB=U
1A=T
A1=A5

REFERENCE DOCUMENT: S043455

► PMW7591

REC'D
BY

| QUANTITY | | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| PED | BACK ORDERED | | | | |
| 1 | | 08461824 | 697BNX02400Q  HEAT PUMP | 915.00 | 915.00 |
| 1 | | 01981790 | FK4ANF002000AAAA  FAN COILS | 525.00 | 525.00 |
| 1 | | 00808004 | KFADLC02015LP DN FLW KT SL/COIL | 24.00 | 24.00 |
| | | 00808050 | KFAEH0 01F15 15KW/1PH/FUSED | 85.00 | 85.00 |
| | | 00807350 | CD5AXAO 50000AAAA CSLD/P1ST/VEN | 129.00 | 129.00 |
| | | | S E R I A L   N U M B E R S | | |
| | | 08461824 | 2192E15075 | | |
| | | 01981790 | 4192A01275 | | |
| | | 00807350 | 2792XX1645 | | |

INVOICE TOTAL

| | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 5 | NET 10th OF MONTH FOLLOWING PURCHASE | 1,658.00 | VA   74.61 | 0.00 | 1,732.61 |

UNITS

Flood/DCDC 1901

NORTHERN VA.
BOX 646
UN, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| NO. | INVOICE DATE | CONTROL NO | ACCOUNT NO | | VIA | U.L. NO |
|---|---|---|---|---|---|---|
| 744 | 12 11 92 | JNP | 6060-00 | DIRECT SHIPMENT | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=0
1A=T
AI=A5

► PMW7615

REC'D BY

| QUANTITY SHIPPED | BACK ORDERED | ITEM CODE NO/ | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 34006318 | EI 52LW1B3/5BB5A501E0 3704 GAS VL | 62.05 | 62.06 |
| 1 | | 34041129 | LH53W2510/P771-1671 IGNITOR | 29.84 | 29.84 |

| | NET 10th OF MONTH FOLLOWING PURCHASE | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 2 | | 92.70 | VA 4.77 | 0.00 | 96.8 |

Flood/DCDC 1902

PMW7616



OF NORTHERN VA.
U. BOX 646
RNDON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION: ORIGINAL INVOICE
PHONE 703-854-5200
2776 FUNERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO | ACCT. NO | VIA | UA. NO. |
|---|---|---|---|---|
| 24758 | 12 11 92 | JNP | 6080-00 | DIRECT SHIPMENT | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

FS=0
TA=T
AI=AS

REFERENCE DOCUMENT : SO43578

ORDER NO ► PMW7616

REC'D BY

| QUANTITY SHIPPED / BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 00B07505 | CE3AXA0S0000AAAA USED/P1S1/HD2 | 158.00 | 158.00 |
| | | S E R I A L   N U M B E R S | | |
| | 00B07505 | 0S72X2749/B | | |

| | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | |
|---|---|---|---|---|---|
| 1 | NET 10th OF MONTH FOLLOWING PURCHASE | 158.00 | VA | 0.00 | INVOICE TOTAL |
| UNITS | | | | | PAY THIS AMOUNT |

Flood/DCDC 1903

PMW7616



OF NORTHERN VA.
O. BOX 646
NIDON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION  ORIGINAL INVOICE
PHONE  703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE
ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL
PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION.
CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO
DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTR. NO. | SALES REP. | | VA | VA NO |
|---|---|---|---|---|---|
| 4028 | 12 03 92 | DLM | 6080-00 W/C | | |

SOLD TO:

JOHN C. FLOOD OF VIR-
GINIA, INC.
2970 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

FS=0
TA=T
A1=0

REFERENCE DOCUMENT:  SO43416

NO. ► PMW7582

REC'D BY _____

| QUANTITY | | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 08461828 | 697BNX0J0000 HEAT PUMP | 1,018.00 | 1,018.00 |
| 1 | | 01981792 | FK4ANF00S000AAAA  FAN COIL | 549.00 | 549.00 |
| 1 | | 00808050 | KFAEH0501F15 15KW/1PH/FUSED | 65.00 | 65.00 |
| 1 | | 02080030 | 99TZ 900 411 T/STAT W/SUBBASE | 50.00 | 50.00 |
| | | | S E R I A L   N U M B E R S | | |
| | | 08461828 | 2992E02119 | | |
| | | 01981792 | 4492A00206 | | |

THANKS FOR BUYING FROM AES OF NORTHERN VIRGINIA.
REMEMBER, WE'RE OPEN EVERY SATURDAY FROM 7:30 to 12:00

| UNITS | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | PAY THIS AMOUNT |
|---|---|---|---|---|---|
| 4 | NET 10th OF MONTH FOLLOWING PURCHASE | 1,682.00 | VA    75.67 | 0.00 | 1,757.67 |

INVOICE TOTAL

Flood/DCDC 1904

JRTHERN VA.
JX 646
, VA. 2207?-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION. ORIGINAL INVOICE

PHONE 703- 834-5200
7776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | B/L NO. |
|---|---|---|---|---|---|
| 11 11 92 | DLM | 6080 | | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  2204?

TA=T
AI=A5

REFERENCE  CONTROL  96-2789

MMW/473

REC'D
BY

P/U ALB ALEX, INVOICE 251241

| QUANTITY BACK ORDERED | PRODUCT CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 34041129 | | 25.64 | 25.64 |
| | 34082475 | | 6.18 | 6.18 |

*Hyattsville*

NET 10th OF MONTH FOLLOWING PURCHASE

| | | TOTAL | VA | STATE SALES TAX | | INVOICE TOTAL PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| | | 36.0? | VA | 1.?? | | |

Flood/DCDC 1905

NORTHERN VA.
BOX 646
DUN, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION · ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| | INVOICE DATE | CONTROL NO | ACCOUNT NO | | VIA | B. L. NO |
|---|---|---|---|---|---|---|
| /618 | 11 13 92 | DLN | 6080-00 | DIRECT SHIPMENT | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

FSCD
TANT
ALEAS

REFERENCE DOCUMENT: 8042872

PMW7478

REC'D BY

P/U ABS ALEX INVOICE 251267

| QUANTITY PACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 1 | 32063002 | P771-7002/CE501100018 CIR BD | 53.67 | 53.67 |
| 1 | 34041460 | LH680005/P671140S/P6711502 PLT | 30.10 | 30.10 |
| 1 | 34082475 | LH680512/P671-3923 ELECTRO | 6.18 | 6.18 |

Hyattsville

| | | | | | INVOICE TOTAL |
|---|---|---|---|---|---|
| NET 10th OF MONTH FOLLOWING PURCHASE | | 89.77 | 4.20 | .00 | 94.0 |
| | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | PAY THIS AMOUNT |

Flood/DCDC 1906



NORTHERN VA.
BOX 646
ON, VA. 22071-0646

SEE OTHER SIDE FOR IMPORTANT INFORMATION: ORIGINAL INVOICE
PHONE 703-834-5200
2776 TOWERVIEW RD.

A SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE NO. | INVOICE DATE | CONTROL NO. | ACCOUNT NO | VIA | B/L NO. |
|---|---|---|---|---|---|
| 21457 | 10 29 92 | JNP | 6080-00 | DIRECT SHIPMENT | |

SHIP TO (SAME AS SOLD UNLESS INDICATED)

SOLD TO

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA 22043

TS=D
TA=T
AI=A5

CUSTOMER ORD NO. ► JLS7419

REC'D BY

| QUANTITY SHIPPED | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 54041129 | LH33W2510/P771-1031 IGNITOR | 29.84 | 29.84 |

| TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | INVOICE TOTAL PAY THIS AMOUNT |
|---|---|---|---|---|
| NET 10th OF MONTH FOLLOWING PURCHASE | 29.84 | VA 1.34 | 0.00 | 31.18 |

Flood/DCDC 1907

**ORIGINAL INVOICE**

ERN VA.
6
A. 22071-0646

PHONE 703-834-5200
2776 TOWERVIEW RD.

SERVICE CHARGE OF 1½% PER MONTH WILL BE MADE ON ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL PERCENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION. CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | | VIA | BA NO. |
|---|---|---|---|---|---|
| 06 18 92 | DLM | 6030-00 | JLS6623 | | |

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  2204?

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

19=0   597BNX036 PU AT ALEX BRANCH
1A=T
A1=0

REFERENCE DOCUMENT: 9038360

JLS6623     REC'D BY _____

| QUANTITY | BACK ORDERED | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | | 08646442 | 395CAV...H5110 HI-EF DWN-FLOW FURN | 615.00 | 615.00 |
| 0 | 1 | 08356339 | 597BNX036 12 SEER COND UNIT | 890.00 | |
| 1 | | 00807385 | CD5AXW036000AAAA CSED/PIST/VER | 145.00 | 145.00 |
| 1 | | 05601155 | DIV 32X37X2 LIGHT WT PAD | 23.20 | 23.20 |
| 1 | | 02139418 | HLS018/311418 TUB PKG 3/4-30FT | 51.30 | 51.30 |

S E R I A L   N U M B E R S

08646442   1592A03032
00807385   1992X40111

JOIN AES of NORTHERN VA AT OUR OPEN HOUSE WEDNESDAY JUNE 24th
12 NOON 'til 7 p.m.

| | TERMS | SUB-TOTAL | STATE SALES TAX | TRANSPORTATION CHARGE | INVOICE TOTAL |
|---|---|---|---|---|---|
| 4 | NET 10th OF MONTH FOLLOWING PURCHASE | 834.50 | 37.55 | 0.00 | 872.05 |
| | | | | | PAY THIS AMOUNT |

Flood/DCDC 1908



ORIGINAL INVOICE

PHONE 703-834-5200
2776 TOWERVIEW RD.

...N VA.
22071-0646

...VICE CHARGE OF 1¼% PER MONTH WILL BE MADE
...ALL OVERDUE AMOUNTS WHICH IS AN 18% ANNUAL
...CENTAGE RATE.

IMPORTANT — NO CREDIT ALLOWED ON GOODS RETURNED WITHOUT OUR PERMISSION.
CLAIMS NOT ALLOWED UNLESS MADE WITHIN 10 DAYS AFTER DELIVERY. MAKE NO
DEDUCTIONS UNLESS ACCOMPANIED BY OUR CREDIT MEMORANDUM.

| INVOICE DATE | CONTROL NO. | ACCOUNT NO. | VIA | B/L NO. |
|---|---|---|---|---|
| 06.23 92 | MW1 | 6080-00 P/U | | |

SHIP TO (SAME AS SOLD TO UNLESS INDICATED)

JOHN C. FLOOD OF VIR-
GINIA, INC.
2870 HARTLAND ROAD
FALLS CHURCH, VIRGINIA  22043

TS=0
TA=1
AJ=0

LS6612

RECD
BY

| QUANTITY | ITEM CODE NO. | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| | 34008494 | HC 35M2 600 MOTOR | 97.50 | 97.50 |

JOIN AES of NORTHERN VA AT OUR OPEN HOUSE WEDNESDAY JUNE 24th
12 NOON TILL 7p.m.

INVOICE TOTAL

| NET 10th OF MONTH FOLLOWING PURCHASE | 97.50 | VA | 4.39 | 0.00 | 101.89 |
|---|---|---|---|---|---|
| TERMS | SUB-TOTAL | STATE SALES TAX | | | PAY THIS AMOUNT |

Flood/DCDC 1909

**GARY F. WELTMANN, P.C.**
**Jefferson Plaza, Suite 202**
**600 East Jefferson Street**
**Rockville, Maryland  20852**
**Facsimile Number: (301) 279-7138**
**Telephone Number: (301) 279-0303**

## FACSIMILE COVER SHEET

**DATE:**    September 19, 1994

**TO:**    Paul-Michael Sweeney, Esquire

**FACSIMILE NO.:** (301) 495-9044

**FROM:**   Gary F. Weltmann, Esq.

**NUMBER OF PAGES (INCLUDING THIS COVER SHEET): 2**

    *   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**COMMENTS:**

Paul –
    Please give me a call on your receipt.  I would like to talk
to you about one other matter. Thanks.

                          – Gary

**CONFIDENTIALITY NOTICE:**  The information contained in this facsimile transmittal is, unless otherwise indicated, attorney privileged and confidential information intended only for the above named recipient, or an employee or agent responsible for delivering it to the recipient. You are hereby notified that any dissemination, distribution or copying of this facsimile, or the taking of any action in reliance on its contents, is without our consent and is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the entire facsimile transmission to us at the above address via the U.S. Postal Service at our expense. Thank you.

Flood/DCDC 2004

LAW OFFICES

# GARY F. WELTMANN, P.C.

ADMITTED TO PRACTICE IN MARYLAND,
THE DISTRICT OF COLUMBIA & VIRGINIA

JEFFERSON PLAZA, SUITE 202
600 EAST JEFFERSON STREET
ROCKVILLE, MARYLAND 20852

PHONE: 301-279-0303
FACSIMILE: 301-279-7138

September 19, 1994

VIA FACSIMILE (301) 495-9044

Paul-Michael Sweeney, Esquire
Linowes & Blocher
10th Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland  20907

        Re:  In Re John C. Flood, Inc.

Dear Paul:

     As a follow up to our telephone conversation last week, this
is to confirm that you are presently analyzing a means for
resolving the outstanding issues with my clients.  Though you
originally said that you expected to be finished with this analysis
by August 31, 1994, I understand that it is taking you longer than
that.  Pursuant to our discussion, you expect to get back to me on
or before September 23, 1994 to discuss my original offer.

     Should you have any questions or comments, give me a call.

                                    Very truly yours,

                                    Gary F. Weltmann

Flood/DCDC 2002

LAW OFFICES

# LINOWES AND BLOCHER

TENTH FLOOR

1010 WAYNE AVENUE

P.O. BOX 6728

## SILVER SPRING, MARYLAND 20907-8728

(301) 588-8580

SUITE 840
600 K STREET, N.W
WASHINGTON, D.C. 20001
(202) 408-5220
TELECOPIER (202) 408-1718

SUITE 402
6411 IVY LANE
GREENBELT, MARYLAND 20770
(301) 662-3382
TELECOPIER (301) 931-0966

TELECOPIER (301) 495-6044
TTY/TDD (301) 588-3380

145 MAIN STREET
P.O. BOX 51
ANNAPOLIS, MARYLAND 21404
(410) 268 0661
TELECOPIER (301) 261-2605

SUITE 102
280 W. PATRICK STREET
FREDERICK, MARYLAND 21701
(301) 695-0244
TELECOPIER (301) 663-8686

8175 GUILFORD ROAD
COLUMBIA, MARYLAND 21046
(410) 740-3337
TELECOPIER (410) 740-3432

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122                    September 14, 1994

VIA FACSIMILE
279-7138

Gary Weltman, Esquire
Law Offices of Gary Weltman
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland 20852

        Re:    In re: J.C. Flood, Inc.

Dear Gary:

        This letter serves as a follow up to your telephone calls to my office and your letter
concerning your clients' desire to resolve certain outstanding issues with Michael G. Rinn,
Trustee, for John C. Flood, Inc.

        I have discussed this matter with Mr. Rinn and we have been analyzing a means for
resolving the outstanding issues with your clients.

        I expect that we will be able to discuss the details of a resolution shortly. In the
meanwhile, please be advised that Mr. Rinn is interested in trying to reach a nonjudicial
resolution of these outstanding issues and appreciates the overtures that you have made.
We will contact you in the near future.

                            Sincerely,

                            LINOWES AND BLOCHER

                            Paul-Michael Sweeney

PMS:lec

cc:  Michael G. Rinn, Esq.

0621.001\weltman.914

Flood/DCDC 2005

LAW OFFICES
**LINOWES AND BLOCHER**
Tenth Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland  20907
(301) 588-8580
Telecopier (301) 495-9044

## FACSIMILE TRANSMITTAL SHEET

TO:     Gary Weltman, Esq.                    FAX NO.:   279-7138

FROM:   Paul-Michael Sweeney, Esq.

DATE:   September 14, 1994

RE:     J.C. Flood, Inc.

---

This transmittal consists of _2_ page(s), including cover sheet.  If you do not receive all pages indicated or have any other problems with reception please call our office at (301) 650-7122.

Indicate below if an original document or a copy will be sent and if so, by what method:

        Yes ____/No ___     Original ____/Copy ____

By:     Overnight Service ____    U.S. Postal Service ____
        Other ____

**Comments/Instructions:**

**Confidentiality Notice:** This facsimile contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above.  If you are not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited.  If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via the U.S. Postal Service.  Thank you.

Flood/DCDC 2006

**Attachment "B-15"**

0621-001
021595pms
08

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

In re:

JOHN C. FLOOD, INC.

        Debtor.

Case No. 91-43011-SD
(Chapter 7)

\* \* \* \* \* \* \* \*

In re:

MELVILLE DAVIS,

        Debtor.

Case No. 91-43015-SD
(Chapter 7)

\* \* \* \* \* \* \* \*

In re:

FLORENCE DAVIS,

        Debtor.

Case No. 92-14504-SD
(Chapter 7)

\* \* \* \* \* \* \* \*

In re:

MARK CROOKS,

        Debtor.

Case No. 91-43016-SD
(Chapter 7)

\* \* \* \* \* \* \* \*

In re:

LYDIA CROOKS,

        Debtor.

Case No. 92-14503-SD
(Chapter 7)

\* \* \* \* \* \* \* \* SUBSTANTIVELY CONSOLIDATED under
Case No. 91-43011-SD

## NOTICE OF SETTLEMENT

Notice is hereby given that Michael G. Rinn, Trustee ("Trustee") has reached a settlement with the John C. Flood Company of Virginia, Inc. ("VA Flood"), James L. Seltzer and Clinton D. Harslip. The terms of which are summarized as follows:

Flood/DCDC 2506

1.    Mr. Harslip and Mr. Seltzer have agreed to pay the sum of $55,000.00 in full and final settlement of any and all causes of actions, claims and disputes which the Trustee may have against VA Flood, Mr. Harslip or Mr. Seltzer, and in exchange for any and all shares of stock which the Trustee may own in VA Flood.  VA Flood also agrees to mutually release and assign to Trustee any and all claims, causes of action and any disputes it may have with respect to these consolidated cases.

2.    Any creditor or party-in-interest wishing to file an objection to this settlement must do so by filing it within twenty (20) days of the date of this Notice with the United States Bankruptcy Court for the District of Maryland (Southern Division), 6500 Cherrywood Lane, Greenbelt, Maryland 20770, and by serving a copy upon the undersigned council and upon the Office of the United States Trustee, Office of the United States Trustee, Suite 600, 6305 Ivy Lane, Greenbelt, Maryland 20770.

3.    Any creditor or party-in-interest with any questions concerning the settlement is encouraged to contact counsel at the address listed below.

LINOWES AND BLOCHER

Dated: March 28th, 1995

Paul-Michael Sweeney
Federal Bar No. 07072

LINOWES AND BLOCHER
Suite 1000
1010 Wayne Avenue
Silver Spring, MD   20910
(301) 650-7122

0621-001/1021595pms/nos                          2

Flood/DCDC 2507

<u>CERTIFICATION OF MAILING</u>

I HEREBY CERTIFY that on this _25th_ day of March, 1995 a copy of the foregoing Notice of Settlement was delivered via first-class mail, postage prepaid, to:

Michael G. Rinn, Esquire
30 E. Padonia Road
Timonium, MD  21093

David C. Barcley, Esquire
Simcos & Barclay
2661 Riva Road, Suite 620
Annapolis, MD  21401

Robert J. Morrisey, Esquire
Morrisey Brothers, P.C.
4201 Northview Drive, #407
Bowie, MD  20716

Citizens Bank of Maryland
Attn: Alan Lancaster
14401 Sweitzer Lane
Laurel, MD  20707

Ronald E. Deedrick, Esquire
13220 Belview Street
Silver Spring, MD  20904

Theresa M. Hall, Esquire
Suite 800
4800 Montgomery Lane
Bethesda, MD  20814

Mr. Lief Hansen
2613 Fontaine Street
Rockville, MD  20857

Mr. Francis L. Hunt
Suite 309
1104 Kenilworth Drive
Towson, MD  21204-2109

Laurance J. Ochs, Esquire
1748 N Street, N.W.
Washington, D.C.  20036

Jeffrey M. Orenstein, Esquire
Coggins & Harman, P.A.
8905 Fairview Road, #600
Silver Spring, MD  20910

Roger Schlossberg, Esquire
Schlossberg & Associates
134 W. Washington Street
Hagerstown, MD  21740

Office of the U.S. Trustee
Suite 600
6305 Ivy Lane
Greenbelt, Maryland 20770

Paul-Michael Sweeney

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

IN RE: John C. Flood                    :
                                        :        Case No.  914-3011 SD
                                        :
                                        :        Chapter
                                        :

CLERK'S CERTIFICATION OF NO OBJECTIONS TO NOTICE

I, the undersigned Deputy Clerk of the United States Bankruptcy Court for the District of Maryland at Greenbelt for and on behalf of the Clerk, do hereby certify that I have examined the records of the Court relating to the above-captioned matter and have discovered no objections filed to the Notice _of Settlement between the Trustee and the John C. Flood Company of Virginia, Inc. James L. Seltzer and Clinton D. Harslip. and that the time for objection has expired.

FRANK L. MONGE, Clerk

By: _Sophia D. Ward_
         Deputy Clerk

Dated:    April 20, 1995

cc:

I hereby certify that the
foregoing is a true copy of the
original thereof now on file in
this office.
Dated this 20th day of
April 19 95
_Jane Gardner_
Clerk, Bankruptcy Court

(Rev. 7/93)

Flood/DCDC 2509

LAW OFFICES
## LINOWES AND BLOCHER
TENTH FLOOR
1010 WAYNE AVENUE
SILVER SPRING, MARYLAND 20910-5880
(301) 588-8580

WRITER'S DIRECT DIAL NUMBER

(301) 650-7122

April 20, 1995

Gary Weltmann, Esquire
Suite 202, Jefferson Plaza
600 E. Jefferson Street
Rockville, Maryland 20852

**VIA FACSIMILE &
VIA FIRST CLASS MAIL**

Re:    *In re: John C. Flood, Inc.*
       *Case No. 914-3011-SD*

Dear Gary:

Enclosed please find a certified copy of the Clerk's Certification of No Objections to Notice with respect to the Trustee's settlement with John C. Flood of Virginia, Inc., James L. Seltzer, Clinton D. Harslip.

In accordance with the terms of the settlement the sum of $55,000.00 is due and payable as follows:

1.    $45,000.00 payable upon delivery by the Trustee of a Certificate of No Objections or other order resolving and extending court approval of this settlement;

2.    $5,000.00 payable on the 30-day anniversary of such approval; and

3.    a final payment of $5,000.00 payable on the 60th-day anniversary of said approval.

Please make the check(s) payable to Michael G. Rinn, Chapter 7 Trustee of J.C. Flood of Virginia, Inc., and forward them directly to Mr. Rinn.

If you have any questions regarding this matter, please do not hesitate to contact me.

'04 20 95  01:22PM                                                                    P03

LINOWES AND BLOCHER

Gary Weltmann, Esquire
April 20, 1995
Page Two

                              Very truly yours,

                              LINOWES AND BLOCHER

                              Paul-Michael Sweeney

PMS:lec
Enclosure

cc:    Michael G. Rinn, Esq. (w/encl.; via fax)

0621.001\weltman.420

Flood/DCDC 1818

04-20-95  03:22PM

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

IN RE: John C. Flood                  :     Case No. 914-3011 SD
                                      :
                                      :     Chapter
                                      :

CLERK'S CERTIFICATION OF NO OBJECTIONS TO NOTICE

I, the undersigned Deputy Clerk of the United States
Bankruptcy Court for the District of Maryland at Greenbelt   for and
on behalf of the Clerk, do hereby certify that I have examined the
records of the Court relating to the above-captioned matter and
have discovered no objections filed to the Notice  of Settlement between
the Trustee and the John C. Flood Company of Virginia, Inc., Janet L. Saltzer
and Clinton D. Harslip,
and that the time for objection has expired.

FRANK L. MONGE, Clerk

By: _____
            Deputy Clerk

Dated:    April 20, 1995

cc:

I hereby certify that the
foregoing is a true copy of the
original thereof now on file in
this office.

Dated this 20th  day of
April      19 95

_____
Clerk, Bankruptcy Court

(Rev. 7/93)

Flood/DCDC 1819



LAW OFFICES
## LINOWES AND BLOCHER
Tenth Floor
1010 Wayne Avenue
P.O. Box 8728
Silver Spring, Maryland 20907
(301) 588-8580
Telecopier (301) 495-9044



### FACSIMILE TRANSMITTAL SHEET

**TO:**     Gary Weltmann, Esq.                **FAX NO.:** 279-7138

**FROM:**   Paul-Michael Sweeney, Esq.

**CC:**     Michael G. Rinn, Esq.

**DATE:**   April 20, 1995

**RE:**     J.C. Flood, Inc. -- Copy of Rinn's Certification
            of No Objections to Notice

This transmittal consists of ___ page(s), including cover sheet. If you do not receive all pages transmitted or have any other problems with reception please call us office at (301) 588-8122.

Indicate below if an original has or will not a copy will be sent and if so, by what method:

            Yes  _X_ /No _____    Original _____ /Copy _____

**By:**     Overnight Service _____    U.S. Postal Service _____
            Other _____

**Comments/Instructions:**

**Confidentiality Notice:** This facsimile contains confidential information which may also be legally privileged and which is intended only for the use of the addressee(s) named above. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile, or the taking of any action in reliance on the contents of this telecopied information, may be strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the entire facsimile to us at the above address via the U.S. Postal Service. Thank you.

**<u>Attachment "B-16"</u>**

OCT-04-1995  16:05      MICHAEL G. RINN                    410 683 1044   P.02 02

LAW OFFICES
## MICHAEL G. RINN
SUITE 4
111 WARREN ROAD
COCKEYSVILLE, MARYLAND 21030-2429

FACSIMILE
(410) 683-1044

TELEPHONE
(410) 683-1040

October 4, 1995

<u>BY TELECOPY</u>
Gary F. Weltmann, Esquire
Jefferson Plaza, Suite 2002
600 East Jefferson Street
Rockville, Maryland 20852

RE: John C. Flood, Inc., et al

Dear Mr. Weltmann:

Two issues concerning your client have recently come to my attention and need immediate action.

First, it appears your client, John C. Flood of Virginia, Inc. has placed advertisements in the Maryland Yellow Pages which fail to contain any reference to John C. Flood of Virginia, Inc. and in fact, specifically have a "John C. Flood" truck in the ad as well as in the written copy. Without belaboring the point, I consider your client's use of the Flood name, without clarification as John C. Flood of Virginia, in the same category as the issues which led to litigation of the received entities. In short, if your clients choose to continue advertising in the Maryland/D.C. area, it is my position they <u>must</u> use the appropriate identification as John C. Flood of Virginia.

Additionally, it has come to my attention that John C. Flood of Virginia, Inc. has apparently received and cashed a number of PEPCO checks although the same were made payable to John C. Flood of D.C., Inc. I would appreciate an antixipated and immediate accounting of any and all PEPCO checks which may have been erroneously deposited and, would again request immediate receipt of the monies representing these proceedings.

I would appreciate you calling me upon receipt of this correspondence as soon as your schedule will allow, so these and other substantive issues may be discussed.

Very truly yours,

Michael G. Rinn, Esquire

MGR:cy

Flood/DCDC 2554

TOTAL P.02