IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN C. FLOOD OF VIRGINIA, INC., et al.    )
              )
   Plaintiffs and Counter-Defendants,    )
              )
              )
v.              )  Judge Richard J. Leon
              )  Case No.: 1:06CV01311
JOHN C. FLOOD, INC., et al.    )  Deck Type:  General Civil
              )
   Defendants and Counter-Plaintiffs. )
              )

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and pursuant to the

Local Rules of the United States District Court for the District of Columbia, by and through

their undersigned counsel, each of the parties hereby stipulate to the issuance of the following

Protective Order ("Order") limiting the disclosure of discovered information and agree to be

bound by the restrictions of this Order limiting the use of such information as hereinafter

provided.

The parties to the above-captioned action, possess trade secrets and certain commercial

information which is confidential, proprietary, and protectable to them, the disclosure, use, or

dissemination of which may be the cause of damage, disadvantage, and prejudice to them.  This

data constitutes trade secrets or other commercial information within the meaning of Rule 26(c)

of the Federal Rules of Civil Procedure.

Each of the undersigned parties recognizes that in the course of the discovery

proceedings, it may be necessary to disclose such information, but each party wishes to ensure

that such information obtained from the other party shall not be used for any purpose other than

in good faith and solely in connection with the litigation in this action.  Each party to this action

{00211827.2}



EXHIBIT

A

represents that it has no wish or intention to use trade secrets or certain commercial information obtained from the other party for any purpose other than to the extent necessary and in good faith for the litigation of this action.

Accordingly, pursuant to the Federal Rules of Civil Procedure the following procedures shall be and are adopted for the protection of the trade secrets and certain commercial information possessed by each party and that the following procedures shall be applicable to all such data and information to be disclosed by said parties.

1.    Upon the signing of this Order, all documents produced in this action and all depositions, interrogatory responses, and other information and documents given or exchanged in this action which the designated party reasonably believes in good faith contains or refers to proprietary commercial business, financial, or other information which the party has an interest in protecting from unrestricted disclosure (hereinafter collectively referred to as "Confidential" information) may be designated as protected within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and all use thereof shall be subject to this Order.  Information or documents that either party reasonably believes would qualify as trade secrets pursuant to the Uniform Trade Secrets Act may be further designated "Attorney's Eyes Only."  The Attorney's Eyes Only designation should only be used in rare circumstances for documents the invoking party reasonably believes requires such designation.

2.    Each and every document, deposition or portion thereof (specified by page and line number), interrogatory response, and other information produced, at the time it is produced or shortly thereafter, may, at the producing party's sole discretion, be designated as "Confidential" or "Attorney's Eyes Only."  Any copies of such documents, portions of depositions, discovery responses, or other information, so designated which are thereby supplied

shall, when supplied, be marked "Confidential" or "Attorney's Eyes Only" and be subject to the following provisions of this Order.

3.     Pursuant to this Order, the documents so designated as "Confidential" copies thereof, and information contained therein shall be made available only to and inspected by the parties, designated counsel, and outside experts as defined herein, and shall be used only for the purpose of preparation for trial and trial of this case and any appeal.  Documents designated "Confidential" may also be available to the following:

(a)     Outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents;

(b)     Officers, managerial, executive employees, and other employees of any party who have responsibilities for managing, monitoring, or assisting with this litigation or for making settlement decisions or settlement recommendations regarding this action;

(c)     The Court and its staff;

(d)     Court reporters and witnesses in the course of and to the extent necessary to conduct or prepare for depositions, hearings or trial, provided that (i) such witnesses are then current employees of the producing party or (ii) are indicated on the document as being its author, direct recipient, or copy recipient, but witnesses who are not within the scope of any provision of this Section 3 may not be permitted to retain copies of Confidential Information shown to them in the deposition;

(e)     Such other persons as may be necessary to conduct the trial of this action if disclosure to such person is ordered by the Court or agreed to by the parties.

4.     Pursuant to this Order, the documents so designated as "Attorney's Eyes Only," copies thereof, and information contained therein shall be made available only to and inspected only by designated counsel and outside experts and to those individuals listed in paragraph 3(a), 3(c), 3(d), and 3(e) after such person has executed a Certification in substantially the form attached hereto as Exhibit A, and shall be used only for the purpose of preparation for trial and trial of this case and any appeal.

5.     Designated counsel shall be understood to mean lawyers of record for the parties hereto, and their associated and clerical personnel.

6.     An outside expert shall be understood to mean a person employed specifically for purposes of this litigation either as an expert, advisor, or consultant regardless of whether or not that expert, advisor, or consultant is expected to testify at trial; and said expert, advisor, or consultant shall not be connected or affiliated with (except for this litigation) the party receiving the information to be reviewed. Before giving any "Confidential" or "Attorneys' Eyes Only" information to any expert, advisor, or consultant, the expert, advisor, or consultant will sign a writing to agree to be bound by the terms of this Order.

7.     If and to such extent that a party may supply or produce in this action by deposition, testimony, exhibits, documents, or otherwise, any information designated at the time it is supplied as "Confidential" or "Attorney's Eyes Only," such documents or such "Confidential" or "Attorney's Eyes Only" information shall be subject to the provisions of this Order. The portions of transcripts and records of any depositions or other testimony, exhibits, and documents denoted as "Attorney's Eyes Only" shall be handled in accordance with the provisions of this Order.

8.     If during a deposition any such "Confidential" or "Attorney's Eyes Only" information or testimony is produced, the portion of transcripts and records of any deposition or other testimony, exhibits and documents containing any such "Confidential" or "Attorney's Eyes Only" information shall be handled in accordance with the provisions of this Order.

9.     Notwithstanding any of the foregoing, this Order shall not be construed as preventing any party from using relevant, evidentiary material in good faith at the time of motion or trial, subject to the above provisions.

10.    Notwithstanding the foregoing provision of this Order, this Order shall not be construed as preventing any party from raising any objections to the admissibility at trial of any material.  This Order is further without prejudice to the right of any party to make any objection to any discovery request.

11.    If and to such extent as a party may in this action supply any information or document or make any information or document available for inspection, copying, or recording, the same shall not constitute or have the effect of a waiver of any claim or privilege or other ground of immunity from discovery as to any other information or document.

12.    Any party hereto that disagrees with a party's designation of any documents or information as "Confidential" or "Attorney's Eyes Only" shall nonetheless treat such information in accordance with this Order until the following occurs:

(a)    The party which disagrees with another party's designation shall provide to counsel of record for the other parties a written statement identifying the specific documents and/or information in dispute (hereinafter referred to as "the disputed documents and information");

(b)    The parties attempt in good faith to reconcile their differences with respect to the disputed documents and information; and

(c)    The party objecting to protection of the disputed documents and information shall be given the opportunity to apply to this Court for an appropriate order in accordance with Rule 26 of the Federal Rules of Civil Procedure.  All parties agree that all disputed documents and information shall be held in accordance with the terms of this Order until the Court rules on the request for an order of protection and the time for appeal therefrom has expired.

13.    All documents and materials filed with the Court containing or reflecting the contents of Confidential and/or Attorneys Eyes Only shall, without the necessity of a further motion or Order by the Court, be packaged, marked and filed as documents subject to an existing Order that they be filed under seal, in accordance with Rule 5.1(j) of the Rules of the United States District Court for the District of Columbia.  This Order shall constitute such an Order.  No

person other than counsel of record in this case may have access to any sealed document from the files of the Court without a further Order of the Court. Any document filed under seal may be opened and used by the presiding Judge, law clerks and other Court personnel without further Order of the Court. Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered or (2) within 30 days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party which filed a sealed document fails to remove the document within the appropriate time frame, then, after notice from the Clerk of Court, the document shall be destroyed by the Clerk.

14. All "Confidential" or "Attorney's Eyes Only" information and any and all tangible things produced as such by any party shall be used solely for the purpose of this action and not for any business or other purpose whatsoever. Each party must maintain the strict confidentiality of such "Confidential" or "Attorney's Eyes Only" information. Within 30 days of the conclusion of the within action and subject to the provisions of Paragraph Nos. 12 and 13 above, all documents and all copies made of such "Confidential" or "Attorney's Eyes Only" information shall be returned to the producing party or destroyed, and each party will certify to the others in writing that it has fully complied with the provisions in this paragraph. In addition, any party providing "Confidential" or "Attorney's Eyes Only" materials to an outside expert in accordance with Paragraph No. 5 above shall obtain from such expert(s) a similar written certification that the expert has fully complied with the provisions of this paragraph and shall provide a copy of the expert's written certification to the other parties.

15. The inadvertent or unintentional disclosure by the producing party of Confidential information or Attorneys Eyes Only information, (an "Inadvertently Produced Protected

Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.   Upon learning of an inadvertent or unintentional disclosure of an Inadvertently Produced Protected Document, the producing party shall within 10 days designate such information as Confidential or Attorneys Eyes Only. Nothing contained within this paragraph prevents a party from challenging such a designation of documents or information as Confidential or Attorneys Eyes Only pursuant to the above procedures.

16.    Except as set forth below, this Order may only be amended by the Court.  The parties may, however, agree to give less restrictive treatment to "Confidential" or "Attorney's Eyes Only" material or information by a written agreement of the attorneys of record for the parties.

17.    For material or information designated as "Confidential" or "Attorney's Eyes Only," the restrictions herein shall not apply to information or material that the non-producing party presently lawfully possesses, or which lawfully comes into its possession outside the discovery process in this action; provided, however, that the requirements of this Order shall apply to all documents and written information provided by the parties in connection with this action.

18.    The terms of this Order shall survive and remain in full force and effect after the termination of this action.

ON THIS, the _____ day of July, 2007,  IT IS SO STIPULATED BY:

Plaintiff John C. Flood of Virginia, Inc.; and
Counterclaim Defendants John C. Flood, Inc.
John C. Flood Contractors, Inc., Clinton Haislip,
and James Seltzer, by their counsel:

Defendants/Counterclaim Plaintiff
John C. Flood, John C. Flood of
D.C., Inc., Robert Smiley, Joanne
Smiley, Mark Crooks, and
Mel Davis, by their counsel:

_____

Stephen J. Zralek, *appearing pro hac vice*

BONE McALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
Tel: (615) 238-6300
Fax: (615) 238-6391
szralek@bonelaw.com

and

_____

Benjamin J. Lambiotte
D.C. Bar No. 421288
GARVEY SCHUBERT BARER
1000 Potomac Street, N.W.
Fifth Floor
Washington, D.C. 20007
Tel:  (202) 965-7880
Fax:  (202)965-1729
blambiotte@gsblaw.com

_____

Lisa Dunner, DC Bar #452004
DUNNER LAW
1010 Wisconsin Avenue, N.W.
Washington, DC 20007
Tel: (202) 298-2002
Fax: (202) 403-3030
ldunner@dunnerlaw.com

AND ON THIS, THE _____ day of _____, 2007, IT IS SO ORDERED BY:

_____

Hon. Richard J. Leon
United States District Court Judge

{00211827.2}

EXHIBIT A

FORM OF CERTIFICATION

1.   My name is _____. I live at

_____. I am employed as

(state position) _____ by (state name and address of

employer) _____.

2.   I have read the Protective Order that has been entered in this case, and a copy of it

has been given to me. I understand the provisions of this Order, and agree to comply with and to

be bound by its provisions.

3.   I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___ day of _____2007/08.


By:   _____