**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOHN C. FLOOD OF VIRGINIA, INC., et al.** | ) | |
| | ) | |
| **Plaintiffs and Counter-Defendants,** | ) | |
| | ) | |
| **v.** | ) | **Judge Richard J. Leon** |
| | ) | **Case No.: 1:06CV01311** |
| **JOHN C. FLOOD, INC., et al.** | ) | **Deck Type: General Civil** |
| | ) | |
| **Defendants and Counter-Plaintiffs.** | ) | |

# EXHIBIT "A"

# TO REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OF DEFENDANT/COUNTERCLAIM-PLAINTIFF AND DEFENDANTS

**Steven Varholik**

---

**From:** Benjamin Lambiotte
**Sent:** Friday, July 06, 2007 4:42 PM
**To:** 'Stephen Zralek'
**Cc:** 'Erica Stiff-Coopwood'
**Subject:** Your Fax and E-mails
**Importance:** High

Stephen:

I did not receive the e-mails you sent last week and today. I have checked and despite designating your firm as an allowed user before, the e-mails to which you refer in your fax were blocked by our spam blocker. I have now, once again, authorized receipt of e-mails from your address. Let's try an exchange of e-mails to see if it works. Otherwise, I agree that we will have to find an alternate means of communicating.

Let me respond to your queries now.

As to certain very sensitive confidential commercial and personal financial information, relevant, if at all, primarily to monetary relief, as I said in my e-mail today, we have thought long and hard, consulted with our clients, and continue to be of the view that the level of intrusion and sensitivity associated with disclosure of such information, even with counsel's eyes only protection, weighed against the distinct possibility that monetary relief under Section 1117 will simply be unavailable in this case, means that the most efficient way of dealing with those requests is to defer disclosures of that nature until it becomes necessary to have an accounting for profits and benefits.

As to that category of information (including information and documents showing profits, compensation, revenues, taxes, expenses, prices, and the like) I urge you again to consider agreeing to defer exchanging such information unless and until it becomes necessary calculate to calculate profits, sales, etc., recognizing that this is a relatively narrow category, and in all likelihood, there will be dispositive motions following the main body of discovery that will likely resolve the issue one way or another. I honestly think that is in the interests of both sides, given where we are in the case. If you will not agree, then I'm afraid we'll have to put the matter before the Court.

However, as to other confidential information, including, for example, advertising invoices and checks for payment for the assets out of bankruptcy, and that sort of thing, we still need to come up with a stipulated protective order. I think that a two-tiered confidentiality stipulation still makes sense, and that we can work within the framework of that approach. I need to review your draft, though, which I have not yet had an opportunity to do. I will look at it over the weekend, and let you know what I think Monday.

Finally, on the building permits, I have verified what I told you in the conference: locating, segregating and producing all the building permits you request is oppressive and unduly burdensome and expensive an undertaking. It would requiring retrieving and searching thousands of files, and an expenditure of hundreds of hours. As you point out, permits are public records, and are available to you through third party subpoenas to the issuing authorities. I also still fail to understand the factual basis of your apparent belief that my clients are using your client's licenses in applying for building permits, having seen no evidence of that in the documents produced thus far.

By all means, let's discuss these issues. As to your depositions, I am certainly amenable to your proceeding as planned based on the documents produced thus far, and leaving to the side for the moment inquiries on open issues. Subject to discussion with my clients, I think that if we cannot reach agreement, or we do not prevail in our discovery motions regarding the open issues, should that become necessary, limited deposition rexamination of the witnesses concerning those matters could be done down the line, as you suggest.

As to your settlement concept, I am pleased to learn your clients are interested. Without discouraging you from suggesting further creative modes of settlement, the reaction of our clients was that without more details concerning terms, it is hard to evaluate whether this is a viable approach to resolving this case. If your clients want to make a firm offer, let me know, and I will certainly take it back to our folks.

Stephen, I look forward to continuing to resolve these issues with you as we move forward.

As to us copying Lisa, as lead counsel sponsoring your guys' appearance, we have to give her notice, so that's why she's copied on everything. We know who makes the decisions.

Unless expressly stated otherwise, any federal tax advice contained in this communication (including attachments) is not intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

<BENJAMIN J. LAMBIOTTE>
*blambiotte@gsblaw.com*

GARVEY SCHUBERT BARER
GSBLAW.COM
*fifth floor*
*1000 potomac street nw*
*washington, dc 20007-3501*
TEL 202 965 7880 x<2525> FAX 202 965 1729
MOBILE <301 254 9941>

**Steven Varholik**

---

| | |
|---|---|
| **From:** | Stephen Zralek [szralek@bonelaw.com] |
| **Sent:** | Friday, July 06, 2007 1:27 PM |
| **To:** | Benjamin Lambiotte; Steven Varholik |
| **Cc:** | Erica Stiff-Coopwood |
| **Subject:** | Please respond that you have received this |
| **Importance:** | High |
| **Attachments:** | Second Draft Protective Order & 408 communication; Protective Order, Outstanding production and Permits |

**I'm concerned that my emails have gone through successfully, but that you have overlooked them. If they are not making it through, then we need to resort to other forms of communication. Will you let me know that you've received this? If I don't hear from you shortly, I will try to track one of you down by telephone.**

**Thank you,**

**Stephen**

---

**From:** Stephen Zralek
**Sent:** Friday, July 06, 2007 12:13 PM
**To:** Benjamin Lambiotte
**Cc:** Erica Stiff-Coopwood
**Subject:** RE: Timing and Sequence of Discovery -- Discussion Draft of Stipulated Protective Order Withdrawn

**Ben, I am a little confused by your email. Please see the email I sent you this past Monday, attaching a draft two-tiered protective order. I believe you may have been out of town.**

**Please also see the email I sent you earlier this morning, prior to this email you just sent me. It appears that you had not read either email prior to sending this one to me, of 11:38am this morning.**

**Why don't you take a look at both of those, then give me a call?**

**PS: Lisa Dunner is serving as local counsel only; all matters of substance should be directed solely to Erica or me.**

**With best regards,**

**Stephen J. Zralek**
**Bone McAllester Norton PLLC**
**511 Union Street, Suite 1600**
**Nashville, TN 37219**
**615.238.6305 -- direct phone**
**615.687.2763 -- direct fax**
**szralek@bonelaw.com**
**www.bonelaw.com**

---

**From:** Benjamin Lambiotte [mailto:BLAMBIOTTE@gsblaw.com]
**Sent:** Friday, July 06, 2007 11:38 AM
**To:** Stephen Zralek; ldunner@dunnerlaw.com
**Cc:** Erica Stiff-Coopwood
**Subject:** Timing and Sequence of Discovery -- Discussion Draft of Stipulated Protective Order Withdrawn
**Importance:** High

Dear Stephen et al:

I write to follow up on my e-mail to you of June 19, 2007, and our subsequent discovery conference on June 21, 2007. My e-mail offered several possible methods of dealing with the discovery of competitively sensitive and confidential information relevant to monetary recovery issues, of which a draft Stipulated Protective Order attached for your review and discussion was one such method. Others involved deferring discovery on the measure of any monetary recovery, unless and until it is determined whether any party is entitled to such relief. Another option would be to defer discovery on such matters at this time, and stipulate that, if such relief is determined to be available to any party, the matter will be submitted to a Special Master, and parties will submit the information he requests to him and each other under an appropriate protective order.

In our conference, our discussion focused mainly on problems you had with the complexity and two-tiered nature of the draft form of stipulated protective order, which you indicated you had not had an opportunity to review in detail. In particular, you expressed concern that the classification of certain information and documents as "counsel's eyes only" would compromise counsels' ability to freely discuss the case with their clients, and also over the cumbersomeness of the process for submitting documents and testimony to the Court under seal. As I recall, as we left the matter, you were going to review the draft, and let me know what if any changes you proposed to make. We have received no further communication from you regarding this matter since the conference, and no party has executed the discussion draft.

Upon further reflection, discussion with our clients, and additional consideration of the issues you raised concerning the complexity and relative inefficiency of the stipulated protective order method we discussed, the level of resources the parties are expending on discovery, and given the rare and extraordinary nature of monetary remedies in cases like this, as well as the significant issues concerning their availability on both sides, we are now of the view that approaching the issue from a basic case management standpoint and deferring exchanges of competitively sensitive financial and business information relevant to monetary relief unless and until a party's right to such relief is established, in the manner we previously proposed, is the most efficient course.

Accordingly, the draft stipulated protective order is hereby withdrawn.

Unless you will agree to defer discovery of competitively sensitive financial and commercial information relevant to monetary recovery, until such time as it is determined whether any party is entitled to such relief, whereupon the matter would be submitted to a Special Master, and the partie(s) to be charged would submit the information the Master requests to the Master and to each other under an appropriate protective order, we intend to file an appropriate motion for a protective order controlling the timing and sequence of this type of discovery with the Court as soon as possible.

We also intend to address any further discovery issues upon which we were unable to reach agreement in our conference in such motion.

Please let me know your position on this matter as quickly as you are able.

Regards,

Ben

Unless expressly stated otherwise, any federal tax advice contained in this communication (including attachments) is not intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

<BENJAMIN J. LAMBIOTTE>
*blambiotte@gsblaw.com*

GARVEY SCHUBERT BARER
GSBLAW.COM
*fifth floor*
*1000 potomac street nw*
*washington, dc 20007-3501*
TEL 202 965 7880 x<2525> FAX 202 965 1729
MOBILE <301 254 9941>

**Benjamin Lambiotte**

**From:** Benjamin Lambiotte
**Sent:** Friday, July 06, 2007 12:38 PM
**To:** 'Stephen Zralek'; 'ldunner@dunnerlaw.com'
**Cc:** 'Erica Stiff-Coopwood'
**Subject:** Timing and Sequence of Discovery -- Discussion Draft of Stipulated Protective Order Withdrawn
**Importance:** High

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'Stephen Zralek' | | |
| 'ldunner@dunnerlaw.com' | | |
| 'Erica Stiff-Coopwood' | | |
| Steven Varholik | Delivered: 7/6/2007 12:38 PM | Read: 7/6/2007 1:22 PM |
| Bob Boraks | Delivered: 7/6/2007 12:38 PM | |

)ear Stephen et al:

I write to follow up on my e-mail to you of June 19, 2007, and our subsequent discovery conference on June 21, 2007. My e-nail offered several possible methods of dealing with the discovery of competitively sensitive and confidential information relevant o monetary recovery issues, of which a draft Stipulated Protective Order attached for your review and discussion was one such nethod. Others involved deferring discovery on the measure of any monetary recovery, unless and until it is determined whether ıny party is entitled to such relief. Another option would be to defer discovery on such matters at this time, and stipulate that, if ıuch relief is determined to be available to any party, the matter will be submitted to a Special Master, and parties will submit the nformation he requests to him and each other under an appropriate protective order.

In our conference, our discussion focused mainly on problems you had with the complexity and two-tiered nature of the draft orm of stipulated protective order, which you indicated you had not had an opportunity to review in detail. In particular, you ›xpressed concern that the classification of certain information and documents as "counsel's eyes only" would ;ompromise counsels' ability to freely discuss the case with their clients, and also over the cumbersomeness of the process for ıubmitting documents and testimony to the Court under seal. As I recall, as we left the matter, you were going to review the draft, ınd let me know what if any changes you proposed to make. We have received no further communication from you regarding this natter since the conference, and no party has executed the discussion draft.

Upon further reflection, discussion with our clients, and additional consideration of the issues you raised concerning the ;omplexity and relative inefficiency of the stipulated protective order method we discussed, the level of resources the parties are ›xpending on discovery, and given the rare and extraordinary nature of monetary remedies in cases like this, as well as the ıignificant issues concerning their availability on both sides, we are now of the view that approaching the issue from a basic case nanagement standpoint and deferring exchanges of competitively sensitive financial and business information relevant to nonetary relief unless and until a party's right to such relief is established, in the manner we previously proposed, is the most ›fficient course.

Accordingly, the draft stipulated protective order is hereby withdrawn.

Unless you will agree to defer discovery of competitively sensitive financial and commercial information relevant to monetary ecovery, until such time as it is determined whether any party is entitled to such relief, whereupon the matter would be submitted ɔ a Special Master, and the partie(s) to be charged would submit the information the Master requests to the Master and to each ›ther under an appropriate protective order, we intend to file an appropriate motion for a protective order controlling the timing and ‹equence of this type of discovery with the Court as soon as possible.

We also intend to address any further discovery issues upon which we were unable to reach agreement in our conference in ‹uch motion.

Please let me know your position on this matter as quickly as you are able.

Regards,

Ben

Jnless expressly stated otherwise, any federal tax advice contained in this communication (including attachments) is iot intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the nessage. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient s prohibited.

<BENJAMIN J. LAMBIOTTE>
*blambiotte@gsblaw.com*

GARVEY SCHUBERT BARER
GSBLAW.COM
*fifth floor*
*1000 potomac street nw*
*washington, dc 20007-3501*
TEL 202 965 7880 x<2525> FAX 202 965 1729
MOBILE <301 254 9941>

**Steven Varholik**

**From:** Stephen Zralek [szralek@bonelaw.com]
**Sent:** Friday, July 06, 2007 11:31 AM
**To:** Benjamin Lambiotte; Steven Varholik
**Cc:** Erica Stiff-Coopwood
**Subject:** Protective Order, Outstanding production and Permits

**Dear Ben and Steve, I hope you have had a good week. Ben, I'm not sure if you are still out of the office or not.**

**We wanted to check in on the protective order to see if you had reviewed our draft and if we could agree to its terms. I understand that you are waiting to enter into the protective order before producing your clients' sensitive business information that is responsive to our written discovery requests. That approach is reasonable to me, and we have taken the same approach. Unfortunately, I am the only one who has noticed depositions, and these are right around the corner beginning on July 17. I have already made travel arrangements, and have some concern that we have run out of time for me to fully review all of your clients' responsive information that is currently being withheld. I would like to go forward with the depositions as scheduled, based on the documents you have produced to date, but I may want to reopen their depositions later for the limited purpose of asking questions relating to/stemming from information yet to be produced. Please let me know your thoughts on this.**

**Also, have you made any decision on whether you will agree to produce the permits we requested?**

**Thank you for your kind offer to send me the name of your favorite court reporter. Since the depositions are fast approaching, I went ahead and booked the court reporter that I used in depositions in DC last year.**

**With best regards,**

**Stephen J. Zralek**
**Bone McAllester Norton PLLC**
**511 Union Street, Suite 1600**
**Nashville, TN 37219**
**615.238.6305 -- direct phone**
**615.687.2763 -- direct fax**
**szralek@bonelaw.com**
**www.bonelaw.com**

**Steven Varholik**

---

**From:** Stephen Zralek [szralek@bonelaw.com]
**Sent:** Monday, July 02, 2007 12:27 PM
**To:** Benjamin Lambiotte; Steven Varholik
**Cc:** Erica Stiff-Coopwood; Tonya Mastin
**Subject:** Second Draft Protective Order & 408 communication
**Attachments:** 00211827.DOC

**Dear Ben and Steve,**

**I hope you had a good weekend. I have attempted to cobble together a compromise protective order, one that incorporates the concept of attorneys eyes only but remains shorter in total length. I have copied paragraphs 2(f) and 12 almost verbatim from your draft, and have also copied your Exhibit A. Please let me know if we can agree to this version.**

**I will try to get our first set of deposition notices to you this afternoon.**

**Also, I wanted to let you know that our clients were excited and open to the idea Erica and I had of discussing a possible sale or purchase of our respective clients' businesses. I am interested to hear your clients' reaction to that potential idea.**

**Thank you very much, and take care,**

**Stephen J. Zralek**
**Bone McAllester Norton PLLC**
**511 Union Street, Suite 1600**
**Nashville, TN 37219**
**615.238.6305 -- direct phone**
**615.687.2763 -- direct fax**
**szralek@bonelaw.com**
**www.bonelaw.com**

**Benjamin Lambiotte**

**From:** Benjamin Lambiotte
**Sent:** Tuesday, June 19, 2007 5:30 PM
**To:** 'Stephen Zralek'; 'ldunner@dunnerlaw.com'
**Cc:** 'Erica Stiff-Coopwood'; 'pkruse@bonelaw.com'
**Subject:** Flood -- Proposed Draft Form of Stipulated Protective Order
**Importance:** High
**Attachments:** Flood -- Draft Proposed Form of Stipulated Protective Order.doc

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'Stephen Zralek' | | |
| 'ldunner@dunnerlaw.com' | | |
| 'Erica Stiff-Coopwood' | | |
| 'pkruse@bonelaw.com' | | |
| Steven Varholik | Delivered: 6/19/2007 5:30 PM | Read: 6/19/2007 5:30 PM |

ꞩtephen:

Ve still have not heard from you all concerning setting a date and time for a conference to discuss outstanding discovery issues on ›oth sides, as defined in our letters of June 7 and 8, nor have we received the missing documents to which you referred in your liscovery responses, for which I have asked, in the meantime, on several ocassions.

ꞩtill, in the spirit of making the conference as productive as possible when it occurs, I have taken the liberty of preparing the ıttached proposed form of stipulated protective order for review and discussion.

ˉo throw out some other ideas to consider regarding competitively sensitive information relevant only to the amount monetary ecovery, I am also amenable to discussing deferring discovery on the measure of any monetary recovery, unless and until it is letermined whether any party is entitled to such relief. Another option would be to defer discovery on such matters at this time, ınd stipulate that, if such relief is determined to be available to any party, the matter will be submitted to a Special Master, and ›arties will submit the information he requests to him and each other under an appropriate protective order. I think it likely that if ıny party is found to be entitled to monetary relief, the Judge will refer that to a Special Master for calculation in any event.

ꞩs you can see, we are somewhat flexible, but we cannot delay addressing these issues indefinitely.

)ue to the number, complexity and sensitivity of the issues, I continue to believe that it is imperative that lead counsel for both ides familiar with the case and experienced in trademark matters (meaning you and me, not to put too fine a point on it) ›articipate in a meaningful way in the conference I am requesting. Any other counsel of record is welcome to join, of course.

ʾlease let me know when you are available, and let's try to get this on the calendar.

Jnless expressly stated otherwise, any federal tax advice contained in this communication (including attachments) is ıot intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

ˉhis e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally ›rivileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the nessage. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient s prohibited.

<BENJAMIN J. LAMBIOTTE>
*blambiotte@gsblaw.com*

GARVEY SCHUBERT BARER



GSBLAW.COM
*fifth floor*
*1000 potomac street nw*
*washington, dc 20007-3501*
TEL 202 965 7880 x<2525>  FAX 202 965 1729
MOBILE <301 254 9941>

**Steven Varholik**

**From:** Stephen Zralek [szralek@bonelaw.com]
**Sent:** Friday, June 15, 2007 6:04 PM
**To:** Benjamin Lambiotte; Erica Stiff-Coopwood; Paul W. Kruse; ldunner@dunnerlaw.com
**Cc:** Steven Varholik
**Subject:** Re: Flood -- Counterclaim Plaintiff's/Defendants Second Set of Discovery Requests

Ben, thank you for your email. Erica has looked at your letter, and we will be in touch at the first part of next week. Have a good weekend,

Stephen J. Zralek
Bone McAllester Norton PLLC
511 Union, Suite 1600
Nashville TN 37219
615. 238.6305 (direct phone)
615.687.2763 (direct fax)
szralek@bonelaw.com
www.bonelaw.com

--------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Benjamin Lambiotte <BLAMBIOTTE@gsblaw.com>
To: Stephen Zralek; Erica Stiff-Coopwood; Paul W. Kruse; ldunner@dunnerlaw.com <ldunner@dunnerlaw.com>
CC: Steven Varholik <svarholik@gsblaw.com>
Sent: Fri Jun 15 16:07:49 2007
Subject: Flood -- Counterclaim Plaintiff's/Defendants Second Set of Discovery Requests

Stephen et al.:

As I mentioned in my letters of Tuesday and Wednesday of this week, attached is our second set of discovery requests to the Virginia Flood Parties.

Also, Steve is today sending you a CD with the latest installment of our document production, and we will continue to roll out documents to you as they are received, reviewed and processed.

I hope to hear from you soon regarding your availability for a conference on outstanding discovery issues, as requested in my letters.

In the meantime, may we please have the missing documents referenced in your responses to our first set of requests, as we requested in my letter of Tuesday, June 12?

Perhaps they could be e-mailed?

Unless expressly stated otherwise, any federal tax advice contained in this communication (including attachments) is not intended to be used, and cannot be used, for the purpose of avoiding federal tax penalties.

This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.

<http://www.gsblaw.com/img/email_logo.gif>

<BENJAMIN J. LAMBIOTTE>
blambiotte@gsblaw.com

GARVEY SCHUBERT BARER
GSBLaw.com <http://www.gsblaw.com/>
fifth floor
1000 potomac street nw
washington, dc 20007-3501
TEL 202 965 7880 x<2525> FAX 202 965 1729 MOBILE <301 254 9941>



WASHINGTON, D.C. OFFICE
fifth floor
flour mill building
1000 potomac street nw
washington, d.c. 20007-3501
TEL 202 965 7880 FAX 202 965 1729

OTHER OFFICES
beijing, china
new york, new york
portland, oregon
seattle, washington
GSBLAW.COM

GARVEY SCHUBERT BARER

Please reply to BENJAMIN J. LAMBIOTTE
blambiotte@gsblaw.com TEL EXT 2525

June 12, 2007

*Via Electronic Mail*

Stephen J. Zralek, Esquire
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, TN 37219

*John C. Flood of Virginia, et alia* v. *John C. Flood, Inc, et alia,*
Case No. 1:06CV01311 (D.D.C.): Response to E-Mails Regarding
Discovery of June 7 and 8, 2007

Dear Stephen:

I write in response to Erica Stiff-Coopwood's e-mail of June 7, 2007, regarding our June 1, 2007, Responses to Virginia Flood's Request for the Production of Documents and Things, and in response to Stephen's e-mail of June 8, 2007, regarding scheduling of depositions.

We submit this letter for the purposes of explaining our objections to the requests, indicating where and on what conditions we are willing to produce documents which may be responsive, to the extent they exist, and are in the possession, custody or control of 1996 Flood, and can be produced without undue burden. Our goal is to endeavor to identify and consensually resolve certain discovery disputes in a conference to follow this letter. As you are aware, the rules of the Court require such a conference before pursuit by any party of either a motion to compel or for a protective order. I will address each topic in turn below.

*1996 Flood's Production Responses*

Erica identified certain perceived deficiencies in our responses to Production Requests 14, 30, 31, 34, 47, and 49. As you know, we objected to those particular requests on various general and specific bases.

*Request Number 14*

This request called for "All documents indicating [sic] identity, the dates of employment, and job responsibilities of 1996 Flood employees or agents who have had, or will have, any responsibility for

advertising the goods and or services provided under the John C. Flood Marks." We objected specifically on the grounds, among others, that the request was so overbroad, overly general, vague and ambiguous as to be burdensome and oppressive, and that it called for documents that do not exist.

Fairly read, the request calls for any and all documents which contain any information identifying any employee or agent of 1996 Flood who has ever had, or will have in the future, any responsibility of any kind for advertising. Further, it calls for all documents which "indicate" the dates of employment of such persons, and their job responsibilities. The request is not delimited by time, and, on its face, calls for documents that look to the future. The nature of the subject persons' responsibilities as to advertising is not defined or specified; the request says "any responsibility."

Insofar as we are aware, as we indicated in our objection, there is no existing document that contains each and every element of the information called for by the request. Under Federal Rule of Civil Procedure 34, a party is obliged to produce existing documents in its possession, custody, or control, and not to create new documents compiling the requested information. Indeed, this document request reads like an Interrogatory, in that its primary function is to call for an identification of persons, and certain information about them.

Of course, you are aware from our general and specific objections to your interrogatories of our position that the Virginia Flood Parties have already exceeded the stipulated number of interrogatories permissible in this case. To the extent that this request is a "back door" means of posing such an interrogatory, it is objectionable because it calls for creation of a compilation of information that is not present in any existing document we have found.

That being so, to meet the terms of this particular request, 1996 Flood would have to first identify all employees who, in the past or present, have ever had any responsibility whatsoever as to advertising, or who may have such duties in the future, review every document or record it has to see if there was any reference in any one of them that would identify such person, and then search every document or record to see if any indicated their dates of employment and responsibilities. In general, a party is obliged under Rule 34 to produce documents available without undue burden or expense, and requests such as this that require unreasonable amounts of research, compilation or evaluation of documents are objectionable.

Then, each such document would have to be produced, regardless of whether or not it contained other, possibly irrelevant, confidential or private, information. For example, hypothetically, payroll records of employees who placed advertisements might indicate their dates of employment and other documents might contain information as to duties, including those other than advertising. In each example, the document would contain information having nothing to do with the issues in this case. When a document request is written so broadly that it extends to documents not relevant to the time period or events relevant to the issues framed by the pleadings, it is overbroad, and objectionable for that reason.

We are amenable to discussing the information you are seeking by this request, and suggest that perhaps a more reasonable scope, and a better focused, clearer and more precise formulation of the



request would help. As it is, we do not think the Magistrate Judge who would review any motion to compel you may file would disagree with our objections to this request, or the reasoning behind them.

*Requests Number 30 & 31*

Among others, we objected to these requests on the grounds that they were so vague and ambiguous that we could not frame a response, that they were overbroad and called for irrelevant documents, and that the were predicated on assumptions which may not be correct. In response to Erica's premise that Request 30 must have been intelligible because we responded to Request Number 31, I can only respectfully observe that we raised the same objections to both requests.

In any event, to the extent that you are requesting evidence of payment of the debt of the 1996 Flood Defendants for the assets, including the JOHN C. FLOOD and FLOOD, INC., trade names and goodwill, purchased out of the bankruptcy and used in the business of 1996 Flood, we are in the process of attempting to locate such records. These could include, as Erica suggests, cancelled checks, or there may be other records evidencing such payment.

But your requests, as framed, call for documents "to support" [sic] payments from specific individuals, and your assumptions in that regard may be incorrect. Depending on what we find, and subject to appropriate protections of confidential financial and business information, and other appropriate general and specific objections which we have reserved, we would be willing to produce records of payments to the Trustee for the assets including the trade name and goodwill, and other evidence of payment of that indebtedness, to the extent they exist, and are in the possession, custody or control of 1996 Flood, and can be produced without undue burden.

*Request Number 34*

This request calls for "the tax returns for the years in which the Defendants filed on behalf of their named companies and employees." We objected on the grounds, among others, of overbreadth, vagueness and ambiguity, and relevance. We also objected on the grounds that this request calls for highly sensitive confidential financial and business information, which may invade the privacy rights of employees (including individual defendants), and which may confer a competitive advantage on your clients. Frankly, we are still having difficulty understanding exactly what documents this request was intended to cover. To be clear, we object to production of any corporate employee's and the individual defendants' tax records, on the grounds of overbreadth, relevance, privacy and confidentiality.

To the extent that you seek tax returns of the 1996 Flood corporations as relevant to the issue of damages, it remains to be seen whether the Virginia Flood Parties can recover damages in this case at all as a matter of law. There are no claims for damages pending against the individual 1996 Flood Defendants. Stephen, you will recall that our consent to your amendment to the Complaint to join them was predicated on your correction of an earlier draft purporting to assert damages claims against them. Mr. and Mrs. Smiley, and Messrs. Crooks and Davis were joined on the same basis that we joined



Messrs. Haislip and Seltzer to our counterclaim -- a theory with which Judge Leon agreed in denying your early Motion to Dismiss the declaratory judgment counterclaim against Haislip and Seltzer.

Moreover, unlike many types of cases, under the law as applied in the D.C. federal court, damages per se, indeed, any monetary relief -- are not always available in a trademark infringement/unfair competition case. There are significant issues in this case as to the availability of damages. The 26(f) Joint Report we both filed recognizes this, and indicates that, while there is to be no formal bifurcation of trial, damages will be determined if and when liability for them is established. Weighing the uncertainty of your clients' entitlement to any damages against the burden and potential for harm in disclosing to our clients' arch competitors sensitive confidential financial information, particularly without the benefit of an agreed protective order regarding the conditions, timing, use and of disclosure of such information, we objected to this request.

As it appears that discovery is now focusing on issues relating to monetary relief, we advise you that we anticipate shortly serving on you additional requests relating to such issues. We assume that you and your clients will have the same concerns we have about producing otherwise confidential, proprietary, and competitively-sensitive business and financial information.

I recall raising the matter of a stipulated protective order regarding confidentiality with you previously. We apparently need to address that now.

*Request Number 47*

Your request called on us to produce "licenses and permits for every jurisdiction in which each of the Counterclaim Defendants is [sic] licensed to do business." The request does not specify which particular licenses and permits, or the identity of the person or the entities who hold them. Essentially, the most basic subject matter of the request is missing. Also, you represent the Counterclaim Defendants, not us. How are we supposed to know every jurisdiction where they do business?

While we are willing to indulge in some degree of liberality in interpreting discovery requests, there are limits. Rule 34 requires the propounding party to specify the requested documents with "reasonable particularity." This request fails that threshhold test.

*Request Number 49*

You asked for witness statements, including affidavits and declarations we have obtained related to or regarding this case. We objected to this request on the grounds that the request called for trial preparation work product, and that you have not made a proper showing or obtained leave of court necessary to obtain such materials.

In Erica's e-mail, she takes the rather surprising position that witness statements taken from individuals not represented by us are discoverable. (". . . however, witness statements relating to this matter taken by 1996 Flood from individuals not represented by 1996 Flood are documents within the



GSB
GARVEY SCHUBERT BARER

purview of discoverable documents, and, as such, if you have any such statements in your possession, you need to produce them.").

That is simply a gross misstatement of applicable law. I direct your attention to Federal Rule of Civil Procedure 26(b)(3) and cases applying it, including the seminal *Upjohn* decision and its progeny. I must caution that, were you to pursue a motion to compel on the grounds that written statements we obtain from non-client witnesses in the course of our preparation of this case are discoverable absent a showing of substantial need, we would certainly seek to strike it and obtain sanctions for pursuing such a frivolous argument.

*Depositions During the Week of July 16, 2007*

As I indicated in my e-mail to you of June 12, 2007, Mr. Crooks is not available for deposition during the week of July 16-20, 2007. The Smileys are available on Tuesday, Wednesday and Thursday (July 17, 18 and 19) of that week, and I am trying to confirm Mr. Davis's availability. Given where we are in discovery, I will not be ready to depose Messrs. Haislip or Seltzer that week.

*Deficiencies in the Virginia Flood Parties' Discovery Responses*

Tomorrow, I will be sending under separate cover another letter identifying certain deficiencies in your responses to our first round of discovery requests.

*Conference Regarding Discovery Issues*

Once we have identified the issues on both sides, I respectfully suggest that we have a telephonic discovery conference as soon as possible to see if we can resolve some or all of them. I think it particularly important that the lead attorneys participate in the conference, so let me know when you are available for it.

Very truly yours,

Benjamin J. Lambiotte

cc (via e-mail):

Erica Stiff-Coopwood, Esq.
Paul Kruse, Esq.
Steven Varholik, Esq.
Mr. R. Smiley