Westlaw.

MCCARTHY § 26:5                                                                 Page 1
5 McCarthy on Trademarks and Unfair Competition § 26:5 (4th ed.)

McCarthy on Trademarks and Unfair Competition, Fourth Edition
Database updated August 2008

J. Thomas McCarthy

Chapter 26. The Territorial Extent of Trademark Rights
I. COMMON LAW RIGHTS
A. GEOGRAPHICALLY REMOTE USE

References

§ 26:5. Finding the "senior user"

**West's Key Number Digest**

West's Key Number Digest, Trademarks⚷ 1037

In using the term "senior user" it is assumed that such a seller was, in fact, the first to use the mark. It is also assumed that this use and adoption was within the United States, since first use outside the United States does not count.[1]

Additionally, the "senior user" must trace its chain of title: an unbroken line of use and good will going back to the date of initial adoption and use.[2] If the alleged "senior user" traces rights through an assignment, the assignment is subject to judicial scrutiny to be sure it was in fact a valid assignment.[3] Even if the assignment is valid, it must be determined exactly what rights were assigned—in terms of territorial scope, product scope, and time.[4] Defects in the chain of title to the mark may interrupt the claim of priority of a party. The assignee of a mark must "take the bitter with the sweet," in his attempt to trace title and use back to a date prior to its adversary.[5]

Of course, any actions constituting abandonment of the mark may demolish the "senior user's" rights, or at least break the chain of title so as to start the date of initial use running anew.[6] These factors of continuity, scope of rights, and possible abandonment will be crucial, for they may determine which party, in fact, is entitled to that coveted title: senior user.

A good faith junior user may also be allowed to tack its use onto that of a predecessor in order to predate a senior user's application, registration or use in a certain territorial area.[7]

> [FN1] The concept of territoriality is basic to trademark law. Rights accrue in each nation only by use or fame of the mark in that nation. *See* §§ 29:1

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT N

Case 1:06-cv-01311-RJL-JMF   Document 64-2   Filed 09/12/2008   Page 2 of 2

MCCARTHY § 26:5                                                                    Page 2
5 McCarthy on Trademarks and Unfair Competition § 26:5 (4th ed.)

to 29:7. *See, e.g.,* Person's Co. v. Christman, 900 F.2d 1565, 14 U.S.P.Q.2d 1477 (Fed. Cir. 1990) (The *Tea Rose-Rectanus* rules apply only to territorial conflicts within the United States, not to international territorial conflicts. The senior user is the one whose mark was first used or achieved fame in the United States. Use of a mark in the U.S. where one was aware of prior use solely abroad is not a bad faith use by a "junior user.").

[FN2] *See* §§ 2:15, 2:16 to 2:20, and 16:3 to 16:10. *See* Lone Star Steakhouse & Saloon v. Alpha of Virginia, 43 F.3d 922, 33 U.S.P.Q.2d 1481, 1487 (4th Cir. 1995) (while defendant had seniority over plaintiff's own use, plaintiff obtained an assignment of rights from a third user who was senior to defendant; hence, plaintiff became the senior user). Regarding assignments to acquire priority, *see* § 18:16.50.

[FN3] *See* Hot Shoppes, Inc. v. Hot Shoppe, Inc., 203 F. Supp. 777, 133 U.S.P.Q. 252 (M.D.N.C. 1962). *See* §§ 18:15 to 18:16.

[FN4] *See* Alexander's Dep't Stores, Inc. v. Rapoport, 113 N.Y.S.2d 718, 93 U.S.P.Q. 310 (Sup. Ct. 1952), aff'd, 281 A.D. 867, 120 N.Y.S.2d 239 (1953).

[FN5] Southland Corp. v. Schubert, 297 F. Supp. 477, 160 U.S.P.Q. 375 (C.D. Cal. 1968).

[FN6] *See* §§ 17:1 to 17:4.

[FN7] C.P. Interests, Inc. v. California Pools, Inc., 238 F.3d 690, 57 U.S.P.Q.2d 1690 (5th Cir. 2001) (junior user in Houston, Texas could tack on its use in that area to the use of a predecessor).

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

MCCARTHY § 26:5

END OF DOCUMENT