UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. FLOOD OF VIRGINIA, INC., *et al.*, | )<br>)<br>) |
| Plaintiff/Counter-Defendants, | )<br>) |
| v. | ) Civil Case No. 06-1311 (RJL)<br>) |
| JOHN C. FLOOD, INC., *et al.*, | )<br>) |
| Defendants/Counter-Plaintiffs. | ) |

## MEMORANDUM ORDER
(June 3̶0̶, 2010) [#89]

The parties in this case are back before the Court requesting clarification of the Court's March 31, 2010 Order granting judgment to 1996 Flood on Virginia Flood's trademark infringement and unfair competition claims. With the exception of 1996 Flood's counterclaim seeking a declaration that its right to the disputed trademarks has priority over Virginia Flood, the Court has otherwise reserved judgment on 1996 Flood's counterclaims. In granting declaratory relief to 1996 Flood, the Court specified that "no Virginia Flood party has the right to register or to use beyond the terms of its license the name and mark JOHN C. FLOOD or its abbreviated version FLOOD." (Order and Partial Final Judgment [#87]). Virginia Flood now moves for certification that the partial judgment entered in favor of 1996 Flood is in fact a final judgment under Federal Rule of Civil Procedure 54(b) for purposes of appeal. The parties also request that the Court clarify its declaration that no Virginia Flood party has a right to use the FLOOD marks

1

"beyond the terms of its license." (*Id.*). Virginia Flood takes that to mean that its license to use the FLOOD marks is irrevocable. 1996 Flood, of course, disagrees.

Whether or not the license is irrevocable depends on its terms, about which the parties are sure to disagree. In any event, nothing in the Court's Order or Memorandum Opinion purports to convert an otherwise revocable license into an irrevocable one. Even though a licensor's failure to exercise adequate control and supervision of the licensee *may* estop the licensor "from challenging the use of the mark and business which the licensee has developed *during the period of such unsupervised use,*" *Sheila's Shine Prods., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 124 (5th Cir. 1973) (emphasis added), nothing prevents the licensor from reasserting control over the licensee's use of the mark (consistent, of course, with the terms of the license), nor is the licensor precluded from properly revoking a revocable license. In sum, if the Court were to accept Virginia Flood's position that it is somehow entitled to perpetual use of the FLOOD marks regardless of the terms of its license, then the unhappy state of affairs between the two parties would persist. The Court has no intention of allowing that to happen. One side must prevail. In this case, it is 1996 Flood.

Having denied Virginia Flood's claims and having granted 1996 Flood's counterclaim for declaratory relief, the Court concludes that there is no just reason to delay the entry of final judgment on those claims pursuant to Rule 54(b). Accordingly, it is hereby

**ORDERED** that Virginia Flood's Motion for Certification is **GRANTED**; and it is further

**ORDERED** that the Court's March 31, 2010 Order and Partial Final Judgment is indeed a final judgment under Rule 54(b) and that "there is no just reason for delay" regarding the claims adjudicated therein.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge